IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § § § | |
| *Plaintiff*, | § § § | 5-19-CV-00834-DAE |
| vs. | § § § | |
| JOHN DOE, INFRINGER USING IP ADDRESS 70.121.72.191; | § § § § | |
| *Defendant*. | § § | |

# **ORDER**

This Order addresses Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. *See* Dkt. No. 5. On July 24, 2019, the District Court referred this matter for disposition pursuant to 28 U.S.C. § 636(b).

Plaintiff Malibu Media makes adult films, viewable with a subscription to a website. Malibu Media alleges its films are frequently infringed upon by free distribution on the BitTorrent network. As part of an effort to stop this alleged infringement, this case is one of many copyright-infringement cases brought by Malibu Media against John Doe defendants. Malibu Media alleges Defendant John Doe, identified only by an Internet Protocol ("IP") address, has been recorded infringing Malibu Media's content through the Bit Torrent protocol. Here, Malibu Media seeks leave to serve limited discovery in the form of a Rule 45 subpoena on Defendant's internet service provider ("ISP"). Malibu Media's proposed subpoena would demand that the ISP provide the name and address of the subscriber assigned the IP address.

*Legal Standards.* Although a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," the Court can authorize expedited discovery. Fed. R. Civ. P. 26(d)(1). The Federal Rules don't provide a standard for determining whether expedited discovery should be ordered, and the Fifth Circuit has not specifically stated one, but many district courts in the Fifth Circuit use a multi-factor "good cause" standard. *Accruent, LLC v. Short*, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

"In order to seek a subpoena for identifying information of users, courts have weighed several factors to balance the need for disclosure against First Amendment interests." *Well Go USA, Inc. v. Unknown Participants*, No. 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012). "These factors include: (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Id.*

*Good Cause for the Subpoena.* I find, in line with many other courts, that Plaintiff satisfies the good cause standard. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15 Civ. 4381(JFK), 2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015) (collecting cases) ("This is well-worn territory for Malibu and similar plaintiffs alleging copyright infringement of erotic movies by John Doe defendants. . . . As these other courts have concluded in analogous situations, Plaintiff has satisfied the 'flexible standard of reasonableness and good cause,' and therefore will be allowed to subpoena [the ISP]."); *see also Malibu Media, LLC v. Doe*, 316 F. Supp. 3d 120 (D.D.C. 2018).

Plaintiff has met all four factors identified in *Well Go USA*. First, it has established a prima facie case. To establish a prima facie case of copyright infringement, a copyright owner must prove "(1) ownership of a valid copyright, and (2) copying [by the Defendant] of

constituent elements of the work that are original." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 361 (1991)).

Here, Plaintiff alleges it's the owner of the adult films at issue; by using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by Plaintiff's copyrights; and Plaintiff did not authorize this distribution. Dkt. No. 5 at 16. Plaintiff provides the IP address from which the films were accessed and the date and time of the infringement. Thus, Plaintiff has stated a prima facie case. *See Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) ("Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement.").

Second, the subpoena meets the specificity factor. It seeks the "name and address of the subscriber to the ISP account that was assigned the subject IP address during the period of recorded infringement." Dkt. No. 5 at 19. As Plaintiff argues, this information "only [ ] that which is necessary to enable Plaintiff to effectuate service on a proper Defendant and proceed with this lawsuit." *Id*.

Third, Plaintiff has no other means to identify Defendant, known only by his or her IP address. *See Malibu Media, LLC v. Doe*, No. 15 Civ. 1834(JGK), 2015 WL 4403407, at *2 (S.D.N.Y. July 20, 2015) ("Because the use of BitTorrent is wholly anonymous with the mere exception that the user must reveal the user's IP address, subpoenaing the ISP, which can use its subscriber logs to connect the identity of one subscriber and a particular IP address, is the only means to obtain identifying information under these circumstances.").

Fourth, Plaintiff has shown that the identifying information is centrally needed. Plaintiff can't advance its infringement claim without the ability to serve process.

Finally, Plaintiff's interests in Defendant's identity outweigh Defendant's interest in anonymity. Courts have "held that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1–11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, at *6 ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.") (citing *Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010)). Thus, all "good cause" factors weigh in favor of Plaintiff's subpoena.

*Conditions and Limits on the Subpoena.* "Normally, the Court would stop there. But Courts . . . have expressed concern, implicitly acknowledged by Plaintiff, that disclosure of a defendant's name or other identifying information in cases involving infringement of adult films could lead to abusive litigation through coercion. Courts, aware of this potential for unfairness, have fashioned appropriate protective orders to preserve Plaintiff's and Defendant's rights to litigate (or settle) the claims free from coercion." *Malibu Media, LLC v. Doe*, 2015 WL 4923114, at *1; *see also Malibu Media, LLC v. Doe*, 316 F. Supp. 3d at 123-24.

To address this concern, Plaintiff's *ex parte* motion is granted to the following extent and with the following conditions and limits:

(1) Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the subscriber of the ISP who was assigned the indicated IP address. Plaintiff may subpoena an ISP only to obtain the name and address of the subscriber of the ISP account, but not any e-mail address or telephone numbers.

(2) Plaintiff must attach a copy of this Order to any such subpoena.

(3) Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the subscriber of the ISP account.

(4) If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it must comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the subscriber. Section 551(c)(2)(B) states in relevant part: "A cable operator may disclose such [personally identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

(5) Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint, in compliance with this Order.

(6) The ISP must provide the subscriber of the ISP account with copies of the subpoena and this Order within sixty (60) days after receiving the subpoena from Plaintiff. The ISP may use reasonable means to do so, including written notice sent to the last known address using either first-class mail or overnight service.

(7) Within sixty (60) days after receiving a copy of the subpoena and this Order, the subscriber of the ISP account may file any motion with the District Court assigned to this case number to quash the subpoena or to proceed anonymously. The ISP may not turn over any information to Plaintiff until this 60-day period expires. If the subscriber of the ISP account files a motion to quash or modify the subpoena, the ISP may not turn over any identifying information to Plaintiff until the District Court assigned to this case, or the undersigned if referred to by the District Court, rules on such motion. If the subscriber of the ISP account moves

to quash or proceed anonymously, he or she must immediately notify the ISP so that the ISP is on notice not to release any information until the Court rules on such motion.

(8) If the 60-day period lapses without the subscriber of the ISP account contesting the subpoena, the ISP will have fourteen (14) days to produce the subpoenaed information to Plaintiff.

(9) Plaintiff must serve the subscriber of the ISP account with copies of all materials and information obtained about him or her.

(10) Upon receipt of the subpoena, the ISP must preserve all subpoenaed information pending the resolution of any timely filed motion to quash.

(11) Plaintiff may not solicit settlement of this case prior to service of the Complaint upon Defendant. The Court imposes this condition to avoid the danger that Defendant may feel coerced to settle to avoid a risk of public embarrassment

## Conclusion

For the foregoing reasons, and subject to the foregoing conditions, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Third Party Subpoena. Dkt. No. 5.

**IT IS SO ORDERED.**

SIGNED this 12th day of August, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE