UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | SA-19-CV-00834-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN DOE infringer using, | § | |
| IP Address 70.121.72.191, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO EXTEND TIME AND
ADMINISTRATIVELY CLOSING CASE

Before the Court is Plaintiff Malibu Media, LLC's Motion for Extension of Time to Serve Defendant with a Summons and Amended Complaint. (Dkt. # 11.)  After careful consideration, the Court **GRANTS** Plaintiff's motion and orders Plaintiff to notify this Court of the status of service on or before February 20, 2020.

Plaintiff lodged a complaint against Defendant John Doe on July 15, 2019.  (Dkt. # 1.)  Plaintiff alleges that Defendant is a "persistent online infringer of Plaintiff's copyrights" to the adult films distributed through Plaintiff's subscription-based website.  (See id.)  As Defendant can only be identified by an Internet Protocol ("IP") address, Plaintiff was granted leave to serve a third-party

subpoena on the Internet Service Provider ("ISP") associated with the IP address that allegedly downloaded Plaintiff's copyrighted works.  (Dkt. # 7.)

In the current pending motion, Plaintiff seeks leave to extend the time for service.  (Dkt. # 11.)  Plaintiff requests an extension of time to February 20, 2020, as Plaintiff expects to receive the ISP's response on or about February 10, 2020, and Plaintiff alleges it will need time to conduct an investigation, amend the complaint, and serve Defendant.  (See id.)

The Court finds good cause to extend the time for service.  Under Rule 4(m) of the Federal Rules of Civil Procedure, a court "must extend the time for service for an appropriate period" if there is good cause underlying why a plaintiff failed to serve on time.  See also Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) ("If good cause is present, the district court *must* extend time for service." (emphasis in original)).  Thus, Plaintiff's motion is **GRANTED** and the time for service is extended until February 20, 2020.  Should Plaintiff require additional time, Plaintiff must request another extension of time.  This Court also **ORDERS** Plaintiff to provide a status update on or before February 20, 2020, and to provide proof of service.

Upon review, the Court also finds that an administrative closure of the case is appropriate.  An administrative closure postpones the proceedings in a case, much like the effect of a stay.  See S. La. Cement, Inc. v. Van Aalst Bulk

Handling, B.V., 383 F.3d 297, 301 (5th Cir. 2004); Mire v. Full Spectrum Lending, Inc., 389 F.3d 163, 167 (5th Cir. 2014).  A case that has been administratively closed "still exists on the docket . . . and may be reopened upon request of the parties or on the court's own motion."  Mire, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court.  The case may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED**.

**SIGNED** on October 15, 2019.

_____
David Alan Ezra
Senior United States Distict Judge