## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834- |
| | ) | DAE |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby moves for the entry of an order striking Affirmative Defenses filed by Defendant, John Doe, ("Defendant"), and files this memorandum in support.

### I.    INTRODUCTION

Defendant's Answer was filed on December 19, 2019 asserting fourteen (14) Affirmative Defenses against Plaintiff's Amended Complaint.  *See,* Answer, CM/ECF 14, and Complaint, CM/ECF 1.  Defendant's Affirmative Defenses are insufficient and/or improper for the reasons stated herein.  Defendant's defenses also fail as a matter of law.  For the foregoing reasons, as set forth below, Plaintiff respectfully requests the Court strike Defendant's affirmative defenses.

### II.   LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig*., 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006).  "A defendant must plead an affirmative defense with enough specificity or factual

particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); see also *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

## III.   ARGUMENT

### A. Defendant's First Affirmative Defense (Failure to State a Claim) Should be Stricken

Defendant's First Affirmative Defense fails as a matter of law and will not withstand a Rule 12(b)(6) challenge as Plaintiff does sufficiently state a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's copyrights. A claim of copyright infringement has two elements: (1) ownership of a valid copyright; and (2) infringement of that copyright by the defendant. *Geophysical Serv. v. TGS-NOPEC Geophysical Co.*, 2017 U.S. App. LEXIS 4286, *7–8 (5th Cir. Mar. 10, 2017) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003)); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff has adequately pled both elements. First, Plaintiff owns certificates of registration from the Copyright Office in the copyrighted works at bar. The certificates "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Malibu Media, LLC v. Knight*, 2013 U.S. Dist. LEXIS 195893, *7 (M.D. Fla. May 9, 2013). Defendant's Motion has not called into question the validity of these certificates.

Second, Plaintiff sufficiently alleged copying of copyrightable elements. Plaintiff's Complaint describes in detail Plaintiff's methods for discovering BitTorrent infringers as well as how it detects and records Defendant's infringement. (CM/ECF 1, at ¶¶ 11–26). The Complaint ultimately concludes, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibit A" *Id.* at ¶ 24. This level of information far surpasses the low bar set by *Iqbal* and *Twombly* for Rule 12(b)(6). *See e.g.*, *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 99332, *9 (S.D.N.Y. July 16, 2013) (noting that Plaintiff's adequately pled a claim for copyright infringement.)

Further, Courts addressing these issues find that Plaintiff's complaints state a plausible claim for relief. *See e.g. In re Malibu Media Copyright Infringement Litig.,* No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at *11-12 (N.D. Cal. Mar. 10, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Media, LLC v. Bowser*, No. 5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at *8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at *4 (E.D. Pa. 2013) ("Accepting all factual allegations in the Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because

the Complaint adequately states a claim for copyright infringement."). Therefore, Defendant's First Affirmative Defense should be stricken.

### B. Defendant's Second Affirmative Defense (Misuse of Copyright) Should be Stricken

Defendant's Affirmative Defense for misuse of copyright should be stricken as conclusory and inapplicable to this case. "To establish copyright misuse, a defendant must establish either '(1) that [the plaintiff] violated the antitrust laws, or (2) that [the plaintiff] illegally extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws'" *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000). The doctrine of copyright misuse, "which has its historical roots in the unclean hands defense—"bars a culpable plaintiff from prevailing on an action for the infringement of the misused copyright."" *Alcatel USA, Inc. v. DGI Techs., Inc.,* 166 F.3d 772, 792 (5th Cir. 1999) (citing *Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 972 (4th Cir.1990). It "forbids the use of the [copyright] to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which it is contrary to public policy to grant." *Id.* In the instant matter, Defendant cannot point to a single instance in which the Plaintiff has used its copyrights to secure a right or limited monopoly not granted by the Copyright Office or Copyright Act.

Indeed, Defendant makes the allegation that "Plaintiff filed this lawsuit to advance it coercive and improper enforcement efforts." *See* Answer, p. 7  ¶ 47. This allegation is conclusory and fails to allege any element of the defense. Defendant has not alleged that Plaintiff violated the antitrust laws, attempted to illegally extend its monopoly beyond the scope of the copyright, or otherwise sought to violate the public policies underlying the copyright laws. *Compusource Distributors*, *supra*. Significantly, all Plaintiff has ever done with respect to its copyrights is bring

4

suits to enforce them; as a matter of law, doing so is not copyright misuse. *See, e.g., Advanced Computer Services of Michigan, Inc. v. MAI Sys. Corp.*, 845 F. Supp. 356, 370 (E.D. Va. 1994) (finding no misuse where company infringed copyright in software and copyright holder merely sought to enforce its copyright.) See also *Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 690 (4th Cir. 1992) (finding no misuse where "[defendant] did [nothing] beyond . . . activity that is protected as an exclusive right of a copyright owner [under] 17 U.S.C. § 106."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.").  A sister Court in this Circuit has recently held that "Nothing suggests that Malibu Media was derelict with its videos, that it encourages illegal distribution, or that it fraudulently induced people into watching it. [Defendant] may not do discovery on wild, unfounded speculation that is completely unsupported." *Malibu Media, LLC v. Johnston*, 4:19-cv-01720 (S.D. T.X.), CM/ECF 39 at 3.

Accordingly, Defendant's Affirmative Defense fails as a matter of law and should be stricken.

### C. Defendant's Third Affirmative Defense (Unconstitutionally Excessive Damages) Should be Stricken

Defendant's Third Affirmative Defense should be stricken as contrary to established precedent and legal reasoning supporting the imposition of statutory damages.  Defendant's Third Affirmative Defense argues that awarding Plaintiff the amount of damages sought is excessive and disproportionate to any actual damages that may have been sustained" [CM/ECF 14, p. 8, ¶ 52].

First, "the defense is not properly asserted as an 'affirmative defense,' which is defined as

'[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Malibu Media, LLC v. Ryan Geary*, 1:12-cv-01876-REB-MEH, Recommendation [CM/ECF 33] at p. 14 quoting *Black's Law Dictionary* (9th ed. 2009). Plaintiff's claim is for copyright infringement and "[p]roof of statutory damages is not an element of a copyright infringement claim." *Id.* citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). Accordingly, "because the defense, as stated, 'cannot succeed' in defeating any portion of the Plaintiff's claim for direct infringement, the Court [should] . . . grant Plaintiff's motion to strike the . . . affirmative defense." *Id.*

Further, Defendant's argument is directly contrary to well-established law and precedent. Courts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935). The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often

be able to recover only nominal damages and the "ineffectiveness of the remedy encouraged willful and deliberate infringement." *Id.* The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106, 39 S.Ct. 194, 63 L.Ed. 499 (1919) (finding the language chosen by Congress "shows that something other than actual damages is intended—that another measure is to be applied in making the assessment").

*Tenenbaum*, 660 F.3d at 502. Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement.

In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by <u>increasing</u> the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added). By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent to permit copyright owners to sue on-line infringers. Ms. Peters explained that these types of suits are necessary to deter infringement[1]:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary,* 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. <u>While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation.</u> In short, if you break the law, you should be prepared to accept the consequences.

*Id.* (Emphasis added.).

Accordingly, Defendant's Third Affirmative Defense should be stricken.

### D.  Defendant's Fourth Affirmative Defense (de Minimis) Should be Stricken

For his Fourth Affirmative Defense, Defendant states that the pieces downloaded from the Defendant by Plaintiff's investigators "contain minimal or no elements of creativity and no constituent parts of the original work that would constitute protectable elements." *See* Answer CM/ECF 14 p. 9 ¶ 57.   A fundamental principle of copyright law is that copyright infringement may occur even if the entire work is not copied. "A de minimis defense does not apply where the *qualitative* value of the copying is material." *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (C.A.3 (N.J.),2002) (finding infringement when 27 of 525,000 lines were infringed.) "[T]he fact that the copying is alleged by the defendant to be de minimis does not alleviate liability, but is only relevant to the question of damages." *Central Tel. Co. of Virginia v. Johnson Pub. Co., Inc.*, 526 F.Supp. 838, 844 (D.C.Colo., 1981).

Likewise, numerous courts throughout the country have found infringement when only a small portion of the work had been copied. *See Henry Holt & Co., to Use of Felderman v. Liggett & Myers Tobacco Co.*, 23 F.Supp. 302, 304 (D.C.Pa. 1938) (three paraphrased sentences from a book found to be infringement); *Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132, 138 (C.A.2 (N.Y.),1998) (copying fragments from Seinfeld episodes found not to be de

minimis); *Higgins v. Baker*, 309 F. Supp. 635 (S.D. N.Y. 1969) (0.8% appropriation held infringing).

In this case the affirmative defense of de minimis copying or use should be stricken because Defendant is taking an exact piece of the movie and subsequently making it available to others through the BitTorrent platform almost immediately. Even if Defendant only stole a small portion, the movie would not be whole without that piece. And here, Defendant is not intentionally taking a small unrecognizable portion for his own use, the intent is to download and take the entire movie. Further, Defendant has physically taken a portion of Plaintiff's movie, not intellectually copied a small minute portion for his own personal use. The Sixth Circuit made this distinction finding infringement when a defendant copied a three note clip of a sound recording. "For the sound recording copyright holder, it is not the 'song' but the sounds that are fixed in the medium of his choice. When those sounds are sampled they are taken directly from that fixed medium. It is a physical taking rather than an intellectual one." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 802 (6th Cir. 2005). Judge Hughes in the Southern District of Texas, when Ordering the striking of a nearly identical "de minimis" affirmative defense, held that "[Defendant] has stolen and distributed 99 of Malibu Media's movies. This is more than a mere fragment of a part of a movie, but 99 distinct and complete titles – more than enough to be considered substantial infringing." *Malibu Media, LLC v. Johnston*, 4:19-cv-01720 (S.D. T.X.), CM/ECF 39 at 3.

As such, Defendant's Fourth Affirmative Defense fails as a matter of law and should be stricken.

### E. Defendant's Fifth Affirmative Defense (Failure to Mitigate Damages/Laches) Should be Stricken

Defendant's Fifth Affirmative Defense should be stricken as improper. For his Fifth Affirmative Defense, Defendant claims that Plaintiff has failed to mitigate its damages. However,

"a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to- mitigate defense." *Malibu Media, LLC v. Ryder,* 2013 WL 4757266, at *3 (D. Colo. Sept. 4, 2013). "Having elected statutory damages, Plaintiff has given up the right to seek actual damages . . . thereby making a failure-to mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. 2013) (striking affirmative defense of failure to mitigate damages).  "[V]arious courts have held that because statutory damages are penal in nature, the affirmative defense of mitigation of damages has no application to the imposition of such damages (including those recoverable under the Copyright Act)." *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2013 U.S. Dist. LEXIS 109298, *119–20 (E.D.N.Y. Aug. 2, 2013) (collecting cases); *see Malibu Media, LLC v. Weaver*, 2016 U.S. Dist. LEXIS 47747, *18–19 (M.D. Fla. Apr. 8, 2016) ("The defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages."); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 37588, *5 (D. Md. Mar. 25, 2015) ("Malibu has advanced this argument in similar litigation in other courts, and all agree that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure to mitigate defense."). As Plaintiff similarly only seeks statutory damages here, this Court should strike Defendant's Fifth Affirmative Defense.

Defendant also has no grounds for asserting the affirmative defense of laches in this case. "To establish that a cause of action is barred by laches, the defendant must show (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant." *Goodman v. Lee*, 78 F.3d 1007, 1014 (5th Cir. 1996). "[L]aches . . . focuses on plaintiff's blame in sitting on its rights, [but] it is the harm to defendant from plaintiff's inaction and plaintiff's responsibility for that harm which forms the basis for defense.  Laches, therefore, requires proof not only of lack of diligence by plaintiff, but also resulting prejudice to

defendant.  Mere delay or passage of time is insufficient." *6 Patry on Copyright § 20:54*. Here, Defendant has no basis to assert that Plaintiff "sat on its rights" causing harm to Defendant. Indeed, Plaintiff has been vigilant in pursuing its claims against Defendant and Defendant cannot therefore demonstrate any harm or prejudice.  Laches cannot be invoked to preclude adjudication of a claim for damages that has been brought within the three year window provided by the Copyright Act.  *See Petrella v. MGM*, 572 U.S. 663, 667 134 S. Ct. 1962 (2014).  As shown in Exhibit A to Plaintiff's Complaint [CM/ECF 1-1], this claim was brought well within the statute of limitations.  Therefore, Plaintiff has not delayed this case and Defendant's Affirmative Defense of Laches should be stricken.

### F.  Defendant's Sixth Affirmative Defense (No Infringement) Should be Stricken

Defendant's Sixth Affirmative Defense simply denies infringement and argues that Plaintiff cannot prove infringement.  An affirmative defense is "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Black's Law Dictionary (9 ed.).  Defendant's Sixth Affirmative Defense is simply another denial and is therefore redundant.  Thus, Defendant's Sixth Affirmative Defense serves no purpose and should be stricken.

### G.  Defendant's Seventh Affirmative Defense (Failure to Join an Indispensable Party) Should be Stricken

Defendant's Seventh Affirmative Defense should be stricken as contrary to the law and facts and as conclusory.  For his defense, Defendant alleges that "Plaintiff has failed to join. . .other participants in the alleged BitTorrent networks from which its consultant is alleged to have downloaded the remainder of the whole copies of the works listed on Exhibit A to the Complaint other than the piece(s) allegedly received from Defendant." *See* Answer CM/ECF 14, p. 10 ¶ 68.

The joint tortfeasors in this copyright infringement action are not indispensable parties. Under Fed. R. Civ. P. 19(a)(1) a person required to be joined is:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here there are no persons required to be joined according to Rule 19 because the court is able to accord complete relief to Plaintiff upon the successful litigation of the copyright infringement claims brought against Defendant. Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations.

BitTorrent Peers are not necessary parties under Rule 19. To explain, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. *See also*, *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ("Copyright infringement is a . . . tort"); *TIG Ins. v. Nobel Learning Communities, Inc.,* 2002 WL 1340332 (E.D. Pa. 2002) ("tort of copyright infringement."); *Twentieth Century Fox Film Corp. v. iCraveTV*, 2000 WL 255989, * 6 (W.D. Pa. 2000) ("copyright infringement is a strict liability tort.") Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyright by: (a) downloading a complete copy of Plaintiffs' works from other

peers via BitTorrent; and (b) distributing pieces of Plaintiffs' works to other peers (as evidenced by its distribution of a piece to IPP, Ltd.)  If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

It is well settled, black letter, tort law that joint tortfeasors are *not* necessary parties.  *See Temple v. Synthes Corp*., Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not necessary for all joint tortfeasors to be named in a single lawsuit. . . .  The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases.  *See e.g., Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ  2006) ("Duty also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . .," citing *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F.Supp.2d 1131, 1142 (N.D.Okla.2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action against another with like liability. Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.")

Judge Hughes, in striking an identical affirmative defense in a sister District held that Plaintiff "may sue *anyone* who infringes its copyright. [Defendant's] infringing is a distinct, separate offense for which Malibu Media may recover." *Malibu Media, LLC v. Johnston*, 4:19-cv-01720 (S.D. T.X.), CM/ECF 39 at 3.

Thus, Defendant's Seventh Affirmative Defense should be stricken.

## H.  Defendant's Eighth Affirmative Defense (One Satisfaction) Should be Stricken

Defendant's Eighth Affirmative Defense fails as a matter of law and accordingly should be stricken.  For his Eighth Affirmative Defense, Defendant argues that Plaintiff has already received satisfaction in prior actions or settlements and is therefore barred from further recovery. *See* Answer CM/ECF 14, p. 10 ¶ 69.  Defendant's Affirmative Defense misconstrues the law.  17 U.S.C. § 504(c) states that there are maximum statutory damages per work, per case:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages <u>for all infringements involved in the action, with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.*  Defendant's argument "severely misreads the statute.  Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *2 (D. Colo. Apr. 5, 2013) *report and recommendation adopted*, 2013 WL 2115236 (D. Colo. 2013) (striking affirmative defense).  This "action" has not gone to trial.  Obviously, therefore, Plaintiff has not been "award[ed]" any statutory damages.  Any recovery that Plaintiff may have obtained against other defendants in other cases does not bar Plaintiff from recovering against this Defendant in this case.  To hold to the contrary would mean essentially that a copyright holder could only sue for the infringement of its work one time against one infringer and would have no recourse against other subsequent infringers if it received an award of statutory damages in the first case.  Clearly such result is not supported by the Copyright Act.  Defendant is individually liable for his infringement in this case and Plaintiff is entitled to pursue its claims against him.

Accordingly, Defendant's Eighth Affirmative Defense cannot succeed under any circumstances and should be stricken.

### I.   Defendant's Ninth Affirmative Defense (No Willful Infringement) Should be Stricken

For his Ninth Affirmative Defense, Defendant claims that "Any infringement by Defendant was innocent and not willful." *See* Answer CM/ECF 14, p. 11 ¶ 72. "Copyright infringement is a strict liability offense: a defendant is liable for infringement regardless of whether he intended to infringe." *Boehm,* 68 F. Supp. 3d 969, 977 (W.D. Wis. 2014) *citing Toksvig v. Bruce Pub. Co.,* 181 F.2d 664, 666 (7th Cir.1950) ( "Intention is immaterial if infringement appears."). The burden for this affirmative defense is on the defendant to establish that any infringement was innocent. Although "it is not sufficient for a defendant merely to claim such innocence, and then rely upon the plaintiff's failure to disprove the claim," 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.04[B][2][a], at 14–40 (1989).  It is important to note that "innocent infringement does not absolve the defendant of liability under the Copyright Act." *Fitzgerald Publishing Co. v. Baylor Publishing Co.,* 807 F.2d 1110, 1117 (2d Cir.1986).  In fact, "there is no basis to believe that the mere availability of Malibu's content on BitTorrent would have given Doe the impression that the content was unprotected by copyright law or that its downloading and redistribution was legal." *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 77929, *9 (N.D. Ill. June 9, 2014).

Since Defendant's Affirmative Defense provides no direct or inferential allegations as to all elements of the defense asserted, Defendant's Ninth Affirmative Defense should be stricken.

### J.   Defendant's Tenth Affirmative Defense (Acquiescence) Should be Stricken

Defendant's Tenth Affirmative Defense fails and should be stricken. "In copyright, waiver or abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to

surrender rights in his work.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (*citing* 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* ¶ 13.06 (2000)). "Waiver is the intentional relinquishment of a known right." *Gaffney v. Unit Crane & Shovel Corp.*, 117 F. Supp. 490, 491 (E.D. Pa. 1953). *See also Jackson v. MPI Home Video*, 694 F. Supp. 483, 490 (N.D. Ill. 1988) ("Abandonment of a copyright occurs if the owner intends to give up his copyright protection.) Here, Defendant does not, and cannot, allege any set of facts that would evince Plaintiff's intent to surrender its rights in the works or "acquiesce" to the alleged infringement. To the contrary, Plaintiff's lawsuit is an obvious manifestation of Plaintiff's desire and expansive efforts to protect its copyrights from widespread infringement. Therefore, Defendant's Tenth Affirmative Defense should be stricken.

### K. Defendant's Eleventh Affirmative Defense (Estoppel) Should be Stricken

Defendant's Eleventh Affirmative Defense should be stricken as contrary to the law and facts and as conclusory. [A] copyright defendant must prove four conjunctive elements to establish estoppel in such cases: (1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003). Here Plaintiff has not used any conduct or language amounting to a representation of material fact on which Defendant detrimentally relied in committing the alleged infringement. Indeed, the Parties had no contact and were complete strangers prior to the initiation of this lawsuit. Therefore, Defendant's Eleventh Affirmative Defense should be stricken.

**L.  Defendant's Twelfth Affirmative Defense (Unclean Hands) Should be Stricken**

Defendant's Twelfth Affirmative Defense fails and should be stricken. This is a defense that is rarely applicable in the copyright infringement context and which can preclude relief only when a copyright holder is itself "guilty of fraud, deceit, unconscionability, or bad faith related to the matter at issue." *Performance Unlimited, Inc. v. Questar Publisher's, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995); *see also Malibu Media v. Doe*, 2014 WL 2616902 at *3 (noting that the rarely-applicable unclean hands defense is viable to a copyright infringement claim only if the defendant asserts that plaintiff engaged in misconduct "directly related" to the defendant's alleged infringement); *FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 581–84 (E.D. Pa. 2005) ("The defense of unclean hands in a copyright infringement action is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action. [The defense] should be rejected when the plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature, or possibly when the defendant has been guilty of conduct more unconscionable and unworthy than the plaintiff's").  The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief". *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (U.S. 1945).

Further, in the context of claims for copyright infringement, an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). And, the defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations

between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). Here, Defendant has not alleged the necessary elements for a defense of unclean hands.

Defendant also claims that Plaintiff is involved in a "honeypot" scheme to seed its content on BitTorrent. There are no facts to support Defendant's blatant speculation. Plaintiff sends to websites thousands of takedowns under the Digital Millennium Copyright Act ("DMCA") to remove infringing links and files of its content. *See Malibu Media, LLC v. Winkler*, 2015 U.S. Dist. LEXIS 91305, *10 (D. Colo. June 24, 2015) ("Plaintiff sends thousands of DMCA notices per month."); *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 77929, *9 (N.D. Ill. June 9, 2014) ("[T]here is no basis to believe that the mere availability of Malibu's content on BitTorrent would have given Doe the impression that the content was unprotected by copyright law or that its downloading and redistribution was legal."). Other courts have stricken similar honeypot allegations as immaterial. Therefore, Defendant's Twelfth Affirmative Defense should be stricken.

### M. Defendant's Thirteenth Affirmative Defense (Intervening Causes) Should be Stricken

Defendant's Thirteenth Affirmative Defense is conclusory and merely argues that "the damages sought by the Plaintiff in this Complaint and each such separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control." *See* Answer CM/ECF 14, p. 13 ¶ 88. "[P]roximate causation is a notoriously slippery doctrine. 'In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond.'" *Id.* (quoting *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2642 (2011) (quoting W. Page Keeton et al., Prosser and Keeton on Torts § 42, at 264 (5th ed. 1984)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) (noting the "proximate-cause inquiry is

not easy to define"). To the best of Plaintiff's knowledge, there is only one case that has addressed

the affirmative defense of intervening causes in a copyright action.

> To establish a claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). By arguing that a third party engaged in any copyright infringement, Defendant denies that he copied the original work, which is the second element of Plaintiff's claim. Such a denial of Plaintiff's *prima facie* case and is not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc*., No. 10-CV-3253, 2011 U.S. Dist. LEXIS 140056, *6 (C.D. Ill. Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim). By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Id*.

*Malibu Media, LLC v. Butler*, 2014 U.S. Dist. LEXIS 129314, *6–7 (D. Colo. Aug. 13, 2014)

(striking the affirmative defense as redundant). Here, too, Defendant's defense amounts to nothing

more than a denial of Plaintiff's prima facie claim and is thus redundant. As a result, this Court

should strike it.

### N.  Defendant's Fourteenth Affirmative Defense (Fair Use) Should be Stricken

Defendant's final Affirmative Defense states that Plaintiff's claims are barred by the

doctrine of fair use in that "[n]either a portion of Plaintiff's works or the works as a whole had

meaningful actual or potential market value, given, inter alia, the wide availability of free, readily

available, and interchangeable alternatives." *See* Answer CM/ECF 14, p. 14 ¶ 91.  The "ultimate

test" of fair use is whether the progress of human thought "would be better served by allowing the

use than by preventing it." *Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 262 (4th Cir.

2019) citing *Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013) (internal quotation marks

omitted).  Section 107 of the Copyright Act sets forth specific instances of use of a copyrighted

work that, notwithstanding the provisions of sections 106 and 106A, is not an infringement of

copyright.   17 U.S.C.A. § 107.   Specifically, section 107 lists purposes "such as criticism, comment, news reporting, teaching, scholarship, or research" as fair uses not constituting copyright infringement.   *Id.* Yet, Defendant does not and cannot point to any such purpose here. Indeed, Defendant's sole purpose for infringing Plaintiff's copyright was to obtain Plaintiff's film without paying for it.

Further, to negate fair use one need only show that if the challenged use "should become widespread, it would adversely affect the *potential* market for the copyrighted work." *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S., at 451, 104 S.Ct., at 793 (emphasis added); *id.,* at 484, and n. 36, 104 S.Ct., at 810, and n. 36 (collecting cases) (dissenting opinion). This inquiry must take account not only of harm to the original but also of harm to the market for derivative works. See *Iowa State University Research Foundation, Inc. v. American Broadcasting Cos.,* 621 F.2d 57 (CA2 1980); *Meeropol v. Nizer, supra,* at 1070; *Roy Export v. Columbia Broadcasting System, Inc.,* 503 F.Supp., at 1146. "If the defendant's work adversely affects the value of any of the rights in the copyrighted work (in this case the adaptation [and serialization] right) the use is not fair." 3 Nimmer § 13.05[B], at 13–77—13–78 (footnote omitted).*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 568, 105 S. Ct. 2218, 2234, 85 L. Ed. 2d 588 (1985).  Here, Defendant's use is to deprive Plaintiff's ability to use its copyrights for commercial gain.  Indeed, if third parties were permitted to download Plaintiff's movies for free and such practice became widespread, there is no doubt such use would affect the potential market for the copyrighted work. As such, Defendant's affirmative defense of fair use fails and should be stricken.

## IV.    CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's

Motion to Strike Defendant's Affirmative Defenses.

Dated: January 7, 2020                    Respectfully submitted,

                                          By: /s/ Paul S. Beik
                                          PAUL S. BEIK
                                          Texas Bar No. 24054444
                                          S.D. Tex. ID No. 642213
                                          BEIK LAW FIRM, PLLC
                                          8100 Washington Ave., Suite 1000
                                          Houston, TX 77007
                                          T: 713-869-6975
                                          F: 713-868-2262
                                          E-mail: paul@beiklaw.com
                                          **ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF CONFERENCE

I hereby certify that, on January 7, 2020, I contacted opposing counsel of record, JT Morris,

via email to confirm whether Defendant is opposed to the relief requested in this motion.  Mr.

Morris requested the basis for the motion and the undersigned provided the basis of the motion.

Mr. Morris communicated that Defendant is opposed to the relief requested in this motion.

                                          By: /s/ Paul S. Beik
                                          PAUL S. BEIK

## CERTIFICATE OF SERVICE

I hereby certify that, on January 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK