**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7, hereby moves for entry of an order dismissing Defendant's ("Defendant"), Counterclaims [CM/ECF 14] ("Counterclaims") with prejudice, and files this memorandum in support.

## I.    INTRODUCTION

This case involves a claim of copyright infringement by means of BitTorrent file sharing technology. In its Complaint [CM/ECF 1], Plaintiff alleges that Defendant used BitTorrent technology to illegally obtain and distribute Malibu's copyrighted movies. This allegation is based on evidence that Defendant accessed and shared these copyrighted movies using Defendant's IP address. Plaintiff has identified nine (9) movies that are at issue in this case. *See* Exhibits A and B to the Original Complaint [CM/ECF 1-1 and 1-2].

In his Answer, Affirmative Defenses, and Counterclaims [CM/ECF 14], Defendant asserts three counterclaims: a request for a declaratory judgment that he did not infringe Plaintiff's copyrights, an abuse of process claim, and a harmful access by computer claim. In support of his

declaratory judgment of non-infringement counterclaim, Defendant alleges that an IP address is insufficient to identify an infringer.  Defendant's counterclaims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 12(b)(6) mandates the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss a counterclaim is evaluated under the 12(b)(6) standard. *RBC Bank (USA) v. Petrozzini*, 2012 U.S. Dist. LEXIS 75845, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012); *PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011).  In interpreting Rule 12(b)(6), the Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief."  *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal quotation omitted).  "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  A complaint "does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assume to be true raise a right to relief above the speculative level."  *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as truce, to state a claim to relief that is plausible on its face." *Ashcroft v.* Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (*quoting Twombly*, 550 U.S. at 557).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (*citing Twombly*, 550 U.S. at 556 ). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Id.* at 679.

### III.   ARGUMENT

#### A. Defendant Fails to State a Claim for Declaratory Judgment of Non-Infringement of the Works

Defendant's First Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in Plaintiff's Complaint.  Further, declaratory judgment plaintiffs in copyright actions must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity.  *Red Hat, Inc. v. SCO Grp., Inc.*, No. 03-772-SLR, 2004 U.S. Dist. LEXIS 7077, at *3 (D. Del. Apr. 6, 2004) (Holding plaintiff must have engaged in allegedly infringing acts or possessed the capability and definite intention to engage immediately in such acts as declaratory judgment plaintiffs are prohibited from seeking advisory opinions on their potential liability for copyright infringement.)  In the instant matter through his Answer, Affirmative Defenses, and Counterclaims, Defendant has expressly denied he has engaged in any infringing acts [CM/ECF 14 p. 5].  Therefore, the relief sought is both redundant of his denials set forth in the Answer and Affirmative Defenses, and is an improper attempt to seek an advisory opinion on liability for acts he claims did not take place.

The decision to grant a declaratory judgment is entirely within the Court's discretion.  "[T]he Federal Declaratory Judgment Act does not create a substantive cause of action, it is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under

other substantive law." *Perez v. Ocwen Loan Servicing, LLC*, 4:15-CV-1751, 2015 U.S. Dist. LEXIS 156895, 2015 WL 7430920, at \*5 (S.D. Tex. Nov. 20, 2015).  "[T]he availability of such relief presupposed the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 667, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960).  "A Plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas Cnty.*, 805 F. Supp, 2d 322, 339 (S.D. Tex. 2011).  The Court must use a three-step test to consider a declaratory judgment: (1) "whether the declaratory action is justiciable"; (2) "whether it has the authority to grant declaratory relief"; and (3) how to exercise its broad discretion to decide or dismiss a declaratory judgment action."  *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). When considering the first prong, the question of justiciability "boils down to a question of ripeness." *Total Gas & Power N. Am., Inc. v. FERC*, 859 F.3d 325, 332 (5th Cir. 2017).  "If the action is not ripe, the court must dismiss it." *Id.*  Here, the action is not ripe because the question of whether or not the Defendant was the infringer will be addressed in the principal case.  Stating that Defendant did not infringe is merely a defense to Plaintiff's original complaint, not a counterclaim.

When a court must decide whether to dismiss a counterclaim as redundant, it should consider "whether the declaratory judgment serves a useful purpose by asking whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Keba Energy LLC v. ATP Oil & Gas Corp. (In re ATP Oil & Gas Corp.)*, Nos. 12-36187, 12-03517, 2013 Bankr. LEXIS 3905 (Bankr. S.D. Tex. 2013) (internal citations omitted).

Further, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. *C. Wright, A. Miller & M. Kane, Federal Practice and*

*Procedure,* § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot."); *See also e.g., Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (Affirming the District Court's dismissal of the declaratory judgment counterclaim identical to the one in the instant case where the counterclaim allegations track those made in Plaintiff's complaint and seek only a declaratory judgment that he did not infringe copyrighted works.); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982) (if a counterclaim merely restates the controversy set forth in the complaint it may be stricken as redundant); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")  This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint.  Also, it would confuse a jury if the matter proceeds to that stage.  Moreover, the declaration is simply unnecessary.  If Defendant wins at trial, the jury's verdict will find Defendant not liable and validate either the denial of liability or affirmative defenses already pleaded.  In this regard, Defendant's counterclaim does nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Finally, a valid counterclaim must seek affirmative relief that is different from a finding that the Plaintiff failed to meet its original claims.  *Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12-2189, 2013 U.S. Dist. LEXIS 13190 *11 (E.D. La. 2013).   Defendant's counterclaim does not contain

an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since he seeks only a declaration that he did not infringe Plaintiff's works and requests"[j]udgment denying Plaintiff any relief against Defendant and dismissing Plaintiff's claims with prejudice."  CM/ECF 14, p. 22, ¶ A.  As stated above, both of these goals will already be accomplished should Defendant prevail at trial with regard to Plaintiff's Complaint. Defendant's mere denials of liability provide no basis for an independent action and accordingly, Defendant's first counterclaim should be dismissed.

### B. Defendant's Counterclaim for Abuse of Process Fails to State a Claim for Relief

"To prevail on an abuse of process claim, [the plaintiff] must prove that 1) the defendant made an illegal, improper or perverted use of the process, 2) the defendant had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of the process, and 3) the plaintiff suffered damage as a result."  *Leader's Inst., LLC v. Jackson*, No. 3:14-CV-3572-B, 2017 U.S. Dist. LEXIS 193555 at *15 (N.D. Tex. Nov. 22, 2017).  Abuse means "that the process was properly issued, but later used for a purpose for which it was not intended."  *USHealth Grp., Inc. v. South*, No. 4:14-CV-757-A, 2015 U.S. Dist. LEXIS 69488 at *8 (N.D. Tex. May 29, 2015).  "To constitute an abuse of process, the process must be used to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do."  *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2015 U.S. Dist. LEXIS 135803 at *18 (N.D. Tex. Oct. 5, 2015).  "But when the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Id.* Plaintiff has not perverted any process and has no bad intentions; it merely filed a copyright infringement lawsuit to protect its copyrights and seek some redress for Defendant's multiple infringements.

There has been no abuse of process by Plaintiff in the instant matter.  All of Plaintiff's actions fall within regular and legitimate functions in relation to the cause of action stated in the Complaint.  Defendant's counterclaim fails to allege that the proceeding was perverted to accomplish an ulterior purpose for which it was not designed.  Defendant has pointed to no action by Plaintiff that was not proper in the normal context of the proceeding. The only actions taken by Plaintiff in this case to date were: (1) filing a complaint against a Doe Defendant for infringement of its copyrighted audiovisual works; (2) seeking leave to obtain early discovery in order to identify the Doe Defendant; and (3) subpoenaing Defendant's ISP to obtain his identity pursuant to this Court's Order authorizing Plaintiff to do so.  None of these actions are improper in the normal context of the proceeding.

To the extent Defendant alleges that Plaintiff's ulterior purpose is to use this litigation as a means to extort money, Defendant's allegations are conclusory and not supported by any plausible facts.  *See* Counterclaim, pp. 14-17.  Defendant states, without any conceivable basis, that Plaintiff has attempted to "extract money from defendant/counterclaimant by leveraging the lawsuit as a form of public disparagement and humiliation." CM/ECF 14 p. 19 ¶ 123.  Yet, Defendant has not and cannot allege evidence of abuse or harassment in this case.  "Inasmuch as defendant[] ha[s] done nothing more than recite the elements of a cause of action for abuse of process along with legal conclusions, dismissal is appropriate."  *USHealth Grp., Inc. v. South* at 9-10.

Moreover, Defendant's allegations are further undermined by the fact that Plaintiff's policy is to not oppose a Defendant's request to proceed anonymously through close of discovery, which it has already agreed to in this case.  Defendant's allegations that Plaintiff leverages lawsuits "as a form of public disparagement" are not only conclusory, but they are simply not true.

Contrary to Defendant's baseless assertions, numerous courts throughout the country have expressly found that Plaintiff does not engage in improper litigation tactics. For example, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Other courts have also opined that the criticism Plaintiff receives is unwarranted. "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).

Defendant's counterclaim is nothing more than a conclusory and "formulaic recitation of [the] cause of action's elements." *Bell Atl. Corp. v. Twombly* at 545. The allegations have not "raise[d] a right to relief above the speculative level." *Id.* Accordingly, Defendant's counterclaim for Abuse of Process must be dismissed. Indeed, the Honorable Judge Ann E. Thompson reviewed a similar abuse of process counterclaim and dismissed it finding:

> The Court agrees with Plaintiff that Defendant has not sufficiently alleged an abuse of process. Aside from the difficulty in showing that either the discovery request or joinder was improper in this instance, the Court cannot find a "further act" demonstrating the perversion of the legitimate use of the process. Defendant has not convincingly pled that Plaintiff's settlement offer was outside the bounds of acceptable activity, and, absent some further support that such settlement offers

outweigh the congressional intent behind permitting such suits for the enforcement of copyrights…

*Malibu Media, LLC v. Lee*, Civ. No. 12-03900, 2013 U.S. Dist. LEXIS 72218 at *15-16

(D.N.J. May 22, 2013).  Further, in the Ricupero Matter, the Honorable Magistrate Judge

Kemp for the Southern District of Ohio reviewed the abuse of process counterclaim in that

case and dismissed it finding:

> In his counterclaim, Mr. Ricupero alleges that Malibu brought the claim to humiliate him and extract money from him.  But he pleads no facts to support either assertion.  Furthermore, even if Malibu brought the lawsuit with the intention of settling the case short of litigating it to conclusion, that purpose is not an ulterior motive because many claims are settled.  A successful copyright lawsuit would result in money damages, so seeking a settlement by filing a complaint does not qualify as an ulterior motive, *** Further, the counterclaim does not identify any act committed during the process that was improper in the normal context of the proceeding….

*Malibu Media, LLC v. Ricupero* at *5-6.

Defendant's counterclaim for abuse of process should therefore be dismissed.

### C. Defendant has Failed to Plead the Required Facts and Legal Elements to Recover on Its "Infringement of the Texas Harmful Access by Computer Statute" Claim.

Chapter 143 of the Texas Civil Practice and Remedies Code is known as the Harmful

Access by Computer statute. Under section 143.001, "a person who is injured or whose property

has been injured as a result of a violation under Chapter 33, Penal Code, has a civil cause of action

if the conduct constituting the violation was committed knowingly or intentionally." According to

Chapter 33 of the Penal Code, "[a] person commits an offense if the person knowingly accesses a

computer, computer network, or computer system without the effective consent of the owner."

Defendant has failed to plead the material legal and factual predicate required to state a cause of

action. Specifically, Defendant alleges that Plaintiff accessed Defendant's network, when in fact,

it was a third party, BitTorrent network where both parties were exchanging information.

9

Moreover, the cause of action requires "a violation under Chapter 33, Penal Code." Defendant cannot point to a single instance on Plaintiff or Plaintiff's agent knowingly accessing a computer, computer network, or computer system of Defendant as is required under Chapter 33, Penal Code. In fact, at no time did Plaintiff or its agent access any computer network, computer or computer system of Defendant. Without the allegation of a criminal violation, this cause of action fails to state upon which relief may be granted, and should be dismissed.

**IV.**   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaims with prejudice.

Dated: January 7, 2020                                 Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on January 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                          By: /s/ Paul S. Beik

                          PAUL S. BEIK