UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
San Antonio Division

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>            Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT JOHN DOE'S OPPOSTION TO PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS**

**I.  Introduction.**

The Court should deny Plaintiff Malibu Media, LLC's ("Malibu") Motion to Dismiss Defendant's Counterclaims [Dkt. 17], because each of Defendant John Doe's ("Doe") counterclaims allege detailed facts, that when taken as true, establish plausible causes of action:[1]

1. Doe's counterclaim for declaratory judgment of noninfringement will protect Doe's right to pursue substantive relief. Malibu habitually sues for copyright infringement of its pornographic films on nothing more than an IP address. This often leads to Malibu suing an innocent person. Because the Copyright Act allows fee awards only for a "prevailing party," Doe's noninfringement counterclaim safeguards his[2] right to seek attorney's fees and clear his reputation if Malibu voluntarily dismisses its claim.

2. Doe focuses his counterclaim for abuse of process on detailed allegations drawing from the hundreds of cases that Malibu has filed across the country, as well as Malibu's reliance

---

[1] If the Court determines that any of Doe has not adequately pled any of his counterclaims, Doe requests leave to file an Amended Answer and Counterclaims to cure any deficiencies.

on outdated and sham affidavits when asking this Court for a subpoena to unmask Doe. These allegations are enough to show a plausible claim for abuse of process.

3. Doe's allegations, when taken as true, show a counterclaim for relief under Tex. Civ. Prac. & Rem. Code § 143. Malibu's chief argument in seeking dismissal of this counterclaim is that it did not "access" a computer system. But Malibu admitted in its complaint that it formed a direct connection with Doe's computer system and accessed information from it.

**II. Legal Standard.**

Fed. R. Civ. P. 8(a)(2) requires a plaintiff to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner v. Switzer,* 562 U.S. 521, 530, (2011). The "short and plain" statement does not "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014).

And so a court should grant a motion to dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the pleadings show the claim is not plausible. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 217 (5th Cir. 2012). "Plausible" means "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citation omitted). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

When evaluating a 12(b)(6) motion, a court must "accept all well-pleaded facts as true, and view those facts in the light most favorable to the [counterclaim] plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). And it follows that "[t]he factual allegations in the

---

[2] For readability, this opposition uses generic male pronouns to refer to John Doe, without

complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

**III. The Court should deny Malibu's motion to dismiss.**

    **A. Doe's declaratory judgment counterclaim for noninfringement is well-pled and necessary for Doe's right to seek attorney's fees under the Copyright Act.**

Defendant's counterclaim for a declaratory judgment of noninfringement is neither redundant nor unrelated to the present copyright infringement controversy. Rather, it is necessary to protect Doe's right to seek attorney's fees if he is the prevailing party. If Malibu dismisses its suit, declaratory relief will render Doe a prevailing party and let him recover attorney's fees. *See* 17 U.S.C. § 505; *Lightsource Analytics, LLC v. Great Stuff, Inc.*, No. A-13-CV-931 LY, 2014 U.S. Dist. LEXIS 133007, at *12-14 (W.D. Tex. 2014) (concluding that when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a "prevailing party" under the Copyright Act). Declaratory relief will also safeguard Doe's opportunity to clear his name and preserve his reputation should Malibu dismiss its claim.

This rationale has persuaded other district courts to deny Malibu's requests to dismiss noninfringement counterclaims:

> Malibu Media's motion [to dismiss defendant's noninfringement counterclaim] seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless. Section 505 of Title 17 of the United States Code provides that a 'prevailing party' may be awarded attorney's fees in a copyright infringement action; however, when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. Absent defendant's counterclaim, if events reveal that this case is meritless, Malibu Media could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however,

---

implying anything about John Doe's actual gender.

3

>  defendant's counterclaim remains alive, he will be able to press his counterclaim.

*Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 U.S. Dist. LEXIS 80003, at *4-5 (N.D. Cal. June 20, 2016) (internal citations omitted); *Malibu Media, LLC v. Peterson*, No. 16-cv-00786-JLS, 2017 U.S. Dist. LEXIS 66170, at *2 (S.D. Cal. May 1, 2017); *Malibu Media v. Khan*, No. 18 C 3028, 2019 U.S. Dist. LEXIS 51014, at *1-2 (N.D. Ill. Mar. 27, 2019). *But see Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (affirming dismissal of a declaratory judgment counterclaim for non-infringement). In sum, Doe's noninfringement counterclaim serves the indispensable purpose of preserving grounds for substantive relief for which he would lack other recourse.

The prejudice Doe will suffer from dismissal of this counterclaim is significant, because there is a real likelihood that Malibu will dismiss its claim after discovery shows it meritless. Malibu has filed hundreds of lawsuits across the country based solely on IP addresses—a methodology with well-established flaws. [Dkt. 14, Answer ¶¶ 100-111]. Malibu knows that the IP addresses identified by its consultants are not reliable in identifying the internet user accused of infringement. *See, e.g.*, *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798, at *18-19 (N.D. Ill. Feb. 8, 2016); *see also* Dkt. 14, Answer ¶¶ 107. In other words, Malibu cannot deny that the ISP subscriber associated with an IP address often is not the BitTorrent user alleged in Malibu's complaints. *In re BitTorrent Adult Film Copyright Infringement Claims*, 296 F.R.D 80, 85 (E.D.N.Y. 2012) (noting another judge's observation "that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.") So unsurprisingly, Malibu has dismissed cases after basic discovery showed Malibu's infringement claim meritless. [*E.g.*, *id.* at ¶¶ 108].

This real possibility of Malibu's voluntary dismissal shows why Doe's noninfringement

counterclaim should proceed. And given that Malibu's asserted works are pornographic films, Doe's counterclaim also provides the opportunity to protect his reputation after a voluntary dismissal. Doe's anonymity here is not indefinite. And Malibu's accusations have likely affected Doe's family, business, and finances.

Finally, even if Doe's noninfringement counterclaim is redundant, the Court should exercise its broad discretion over declaratory judgment actions and not dismiss the counterclaim. As other courts have observed, there is minimal prejudice to Malibu from litigating a noninfringement counterclaim. *Khan*, 2019 U.S. Dist. LEXIS 51014, at *5; *see also Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 U.S. Dist. LEXIS 80003, at *4-5 (N.D. Cal. June 20, 2016). But Doe would suffer immense prejudice if his counterclaim is dismissed. The Court should deny Malibu's motion to dismiss Doe's noninfringement counterclaim.

### B. Because Doe meets the pleading requirements for his abuse of process counterclaim, the Court should deny Malibu's motion to dismiss this counterclaim.

Doe's abundant allegations about Malibu's pattern of abuse of the copyright system and the courts show why the Court should deny Malibu's motion to dismiss Doe's abuse of process claim. [Answer ¶¶ 97-113, 122-29]. Indeed, this pattern of abuse has caused "[m]any judges [to] have echoed … concerns about the "troubling pattern' of abuse with regard to Malibu Media and other owners of copyrights in pornographic videos." *Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 U.S. Dist. LEXIS 80003, at *7 (N.D. Cal. 2016). Doe's allegations are enough to show that Doe has the right to pursue discovery on this "troubling pattern of abuse."

Abuse of process occurs when one "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Hutchison v. Brookshire Bros., Ltd.*, 205 F. Supp. 2d 629, 644 (E.D. Tex. 2002) (citing Restatement (Second) of Torts § 682.).

Doe's allegations fit abuse of process like a glove. Doe details a pattern of Malibu purposely not policing its copyrights to provoke unwitting BitTorrent users to share Malibu's pornographic films, intending to coerce settlements from those who want to avoid embarrassment. [Answer ¶¶ 99-105; 109]. Doe also details how Malibu relies on methodologies it knows are faulty to sue "John Doe" defendants and obtain subpoenas to unmask those defendants. [*Id.* at ¶¶ 100-09; 122-24]. Finally, Doe alleges how Malibu furthered its abusive pattern here by relying on sham and outdated affidavits when asking the Court for a subpoena to discover Doe's identity. [*Id.* at ¶¶ 126-27]. These allegations are enough, when taken as true, to show Doe's abuse of process counterclaim is plausible.

Even more, Malibu's motion fails to address most of Doe's allegations. [Dkt. 17 pp. 6-9]. Instead, Malibu insists that it filed a run-of-the-mill copyright lawsuit. [Dkt. 17 p. 7]. But Malibu ignores Doe's allegations that Malibu knowingly uses flawed methodologies to identify defendants. [*See* Dkt. 17 pp. 6-9]. And it fails to address Doe's allegations that Malibu relied on flawed affidavits to unmask Doe. [*Id.*]. These omissions are fatal to Malibu's motion to dismiss.

Although Malibu pays lip service to Doe's detailed allegations about Malibu's coercive tactics, it does not attack the sufficiency of those allegations. [*See* Dkt. 17 pp. 6-9]. Even if Malibu tried to disprove the sufficiency of these allegations, it would fail. Malibu cannot refute that IP addresses correspond only to ISP accounts, and cannot positively identify infringers. *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798, at *18-19 (N.D. Ill. Feb. 8, 2016). And so Malibu knows that it has sued many innocent people who never shared or interacted with Malibu or any of its content. As Doe alleges, Malibu knows those innocent people are likely to settle rather than spend time in court, pay hefty legal bills, and suffer embarrassment proving their innocence. [Answer ¶ 109].

On the rare occasion when a defendant had stood up to Malibu, Malibu has cut and run based on its "business decision." [Answer ¶¶ 109-110] (citing *Malibu Media v. Tim McManus*, Case No. 2:17-cv-01321-WJM-M (D.N.J.)). Unsurprisingly, the district court in *McManus* denied Malibu's motion to dismiss the defendant's abuse of process counterclaim based on allegations like Doe's. *Malibu Media, LLC v. Doe*, No. 2:17-01321, 2018 U.S. Dist. LEXIS 57601, at *9 (D.N.J. 2018). The Court should likewise deny Malibu's motion here.

The Court should also disregard Malibu's argument that dismissal of Doe's abuse of process counterclaims is merited because Malibu allowed Doe to proceed anonymously. [Dkt. 17 pp. 7-8]. Malibu's argument does not negate the sufficiency of Doe's allegations. At best, it confirms that Doe's allegations create a fact issue about Malibu's abusive conduct that the Court cannot determine at the pleadings stage. And again, temporary anonymity does not relieve the intrusive effects on Doe's family, business, and finances.

For these reasons, the Court should deny Malibu's motion to dismiss Doe's abuse of process counterclaim.

**C. Because Doe meets the pleading requirements for his counterclaims under the Texas unlawful access statute, the Court should deny Malibu's motion to dismiss this counterclaim.**

Doe's allegations, when taken as true establish a plausible claim under Tex. Civ. Prac. & Rem. Code § 143 ("Chapter 143"). Chapter 143 provides that "a person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, has a civil cause of action if the conduct constituting the violation was committed knowingly or intentionally." In turn, section 33.02 of the Texas Penal Code provides:

> (a) "[a] person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner"; or that

> (b-1) "[a] person commits an offense if, with the intent to defraud or harm another or alter, damage, or delete property, the person knowingly accesses: (1) a computer, computer network, or computer system without the effective consent of the owner. . . ."

Chapter 33 defines "access" broadly:

> "Access" means to approach, instruct, communicate with, store data in, retrieve or intercept data from, alter data or computer software in, or otherwise make use of any resource of a computer, computer network, computer program, or computer system.

Tex. Penal Code § 33.01(1).

Doe alleges how "Plaintiff's allegations and affidavits filed in this matter show that Plaintiff, either on its own or through its agent IPP and/or another agent knowingly accessed" Doe's computer or network without his consent. [Answer ¶ 131]. In fact, Malibu admits that it accessed Defendant's computer or network under the statutory definition for "access":

> 18. Plaintiff's consulting expert, IPP International UG ("IPP") established a direct TCP/IP connection with the Defendant who was using the Subject IP Address as set forth on Exhibit A.
>
> 19. IPP downloaded from Defendant one or more pieces of each of the digital media files, as identified by the file hashes listed on Exhibit A.

(Complaint, Dkt. 1 at ¶¶18, 19). Thus, Malibu's complaint establishes that Doe's counterclaim is plausible under subsection (a) of the Texas statute.

Doe's allegations also show a plausible claim under subsection (b-1) of the statute. Doe alleges how Malibu's intended its unauthorized access to his computer or network to coerce Doe into settling to Malibu's benefit. [Answer ¶ 133]. Doe also alleges how Malibu purposely concealed its identity on the BitTorrent network to give a false impression of fact. [*Id.* ¶¶ 134-35.] These are enough to establish a plausible claim under subsection (b-1).

Malibu's arguments do not defeat the legal or factual sufficiency of Doe's counterclaim.

Malibu asserts that "at no time did Plaintiff access any computer network, computer, or computer system of Defendant." But this is improper. Malibu cannot introduce a fact outside the pleadings on a motion to dismiss. And in fact, Malibu's argument contradicts its admission in its complaint that it accessed Doe's computer or network, as shown above. For the same reasons, the Court should disregard Malibu's unfounded claim that it did not access a computer system, but merely "exchanged information" with "a third party, BitTorrent network." [Dkt. 17 pp. 9-10.]

Because Doe's detailed allegations show a plausible claim under Chapter 143, the Court should deny Malibu's motion to dismiss.

## IV. Conclusion.

Doe's allegations meet the pleadings requirements for each of his counterclaims. He has a right to test the merits of his plausible counterclaims in discovery and preserve his opportunity to recover attorney's fees as a prevailing party. Doe asks the Court to deny Malibu's motion to dismiss.

Dated: January 21, 2020

Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Attorneys for Defendant John Doe

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and the Local Rules, a true and correct copy of the foregoing was served on all counsel of record by E-File on January 21, 2020.

                                            /s/ JT Morris

                                            JT Morris