**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**San Antonio Division**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>              Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSES**

**I. Introduction.**

At the pleadings stage, a court should deny a motion to strike affirmative defenses if the plaintiff does not show prejudice. Plaintiff Malibu Media, LLC ("Malibu") does not once claim prejudice in its motion to strike Defendant John Doe's ("Doe") affirmative defenses [Dkt. 16]. This alone is fatal to Malibu's motion.

Malibu's motion also fails because (1) Doe's affirmative defenses are relevant to this copyright infringement controversy and (2) Doe has put Malibu on fair notice of the basis of his[1] affirmative defenses. These show that Doe has satisfied the pleading requirements of Fed. R. Civ. P. 8(b) and that he may test the merits of his defenses in discovery. The Court should deny Malibu's motion to strike

**II. Background.**

Malibu filed a complaint asserting copyright infringement against "John Doe," based on

---

[1] For readability, this opposition uses generic male pronouns to refer to John Doe, without implying anything about John Doe's actual gender.

1

allegations of file-sharing of Malibu's pornographic works associated with the IP address 70.121.72.192 ("Alleged IP Address"). [Dkt. 1]. Malibu applied for a subpoena to unmask the internet subscriber associated with the Alleged IP address, which the Court granted. [Dkt. 5, 7].

Doe filed his answer, affirmative defenses, and counterclaims on December 19, 2019. Doe's affirmative defenses detail several legal and factual reasons why Malibu is barred from relief. [Dkt. 16, Answer ¶¶ 36-91]. For example, Doe's equitable defenses specify Malibu intentionally does not police infringements of its works, intending to trap and coerce settlements from unwary internet users [*Id.* ¶¶ 39-51, 59-63, 74-79. 87]; Malibu submitted sham and outdated affidavits when applying to this Court to unmask the subscriber associated with the Alleged IP address [*Id.* at ¶¶ 82-84]; and Malibu sued Doe and others despite knowing its methodology for identify potential infringements is flawed [*Id.* at ¶¶ 81, 85-86]. As another example, Doe asserts the affirmative defense of fair use, alleging that any copying was minimal and had little effect on Malibu's market for its works. [Answer ¶¶ 89-91].

## III. The Court should deny Plaintiff's motion to strike.

### A. Legal standards.

#### i. Because courts disfavor motions to strike an affirmative defense, a court should grant one only where the defense has no relation to the controversy.

Courts disfavor Rule 12(f) motions to strike affirmative defenses because of the preference to resolve cases on the merits after discovery. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Alfaro-Huitron v. WKI Outsourcing Solutions, LLC*, 2014 U.S. Dist. LEXIS 190821, at *5 (W.D. Tex. Sept. 29, 2014) (citation omitted). Courts also disfavor these motions because "both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *BCOWW Holdings, LLC v. Collins*, No. SA-17-CA-00379-FB-ESC, 2017 U.S. Dist.

LEXIS 150222, at *6 (W.D. Tex. Sep. 15, 2017) (citation omitted).

With that in mind, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (citing *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). A "[m]atter [should] not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Id.*

ii. **A moving party must show both prejudice and a lack of fair notice to prevail on a motion to strike an affirmative defense.**

A court should deny a motion to strike an affirmative defense if the moving party fails to show prejudice from the affirmative defense remaining in the case. *Rivera v. Laredo Petro., Inc.,* No. 7:19-CV-0005-DC-RCG, 2019 U.S. Dist. LEXIS 199472, at *3 (W.D. Tex. Aug. 15, 2019) (citation omitted); *Alfaro-Huitron*, 2014 U.S. Dist. LEXIS 190821, at *5 "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Malibu Media LLC v. Doe*, No. 14-5265, 2015 U.S. Dist. LEXIS 141503, at *2 (D.N.J. Oct. 29, 2015) (citation omitted).

A court also must deny a motion to strike an affirmative defense when the defendant provides "plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (observing a defendant "merely pleading the name of the affirmative defense" may be enough to provide fair notice). "Fair notice" means "the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* Indeed, it would be unfair to demand more at the pleadings stage before the defendant can test his affirmative

defenses in discovery. *See EEOC v. LHC Group, Inc.,* No. 1:11CV355-LG-JMR, 2012 U.S. Dist. LEXIS 110125, at \*9 (S.D. Miss. Aug. 7, 2012) ("It is too early in the litigation to be certain that any of the challenged affirmative defenses are invalid or inapplicable."). Fair notice also aligns with the requirement that a defendant assert a relevant affirmative defense to avoid waiving it. *See Woodfield*, 193 F.3d at 362.

> **B. The Court should deny Malibu's motion to strike because Malibu has not made and cannot make any showing of prejudice.**

Malibu fails to claim once over its 20-page motion that Doe's affirmative defenses will prejudice Malibu if those defenses remain in the case. [*See* Dkt. 16 pp. 1-20]. This alone requires denial of Malibu's motion to strike. *E.g.*, *Malibu Media LLC v. Doe*, 2015 U.S. Dist. LEXIS 141503, at \*4-5 (denying Malibu's motion to strike where "perhaps most importantly, [Malibu] has not demonstrated that it will be prejudiced if these affirmative defenses are not stricken"); *see also Hodge v. Palmer Consulting & Insp. Serv.*, No. 7:18-CV-00194-DC-RCG, 2019 U.S. Dist. LEXIS 199807, at \*5-6 (W.D. Tex. Aug. 14, 2019) (refusing to strike affirmative defense where "[p]laintiffs have again failed to show how they have been or would be prejudiced by the affirmative defense remaining in [d]efendant's [a]nswer.").

Even more, Malibu cannot show prejudice if it tried. Prejudice in the Rule 12(f) context does not include expending time and money litigating affirmative defenses. *BCOWW Holdings, LLC*, 2017 U.S. Dist. LEXIS 150222, at \*8 n.4. Instead, "the prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is)." *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008).

Malibu has had and will have sufficent notice to prepare for and contest Doe's affirmative defenses. Discovery has not even started. And the detailed allegations Doe provides with his

4

affirmative defenses highlight why Malibu cannot show prejudice. *See Rivera,* 2019 U.S. Dist. LEXIS 199472, at *3-4 (finding "no prejudice or unfair surprise resulting from the way in which [d]efendant plead its affirmative defenses" where defendant provided factual support with its affirmative defenses.).

The Court should deny Malibu's motion on the sole basis that Malibu fails to claim prejudice and cannot show it.

### C. The Court should deny Malibu's motion to strike because Doe's affirmative defenses are relevant to this controversy and put Plaintiff on fair notice.

Underscoring the lack of prejudice to Malibu is that Doe's affirmative defenses relate to this controversy and give Malibu fair notice of the nature of the defense. As explained, this is all the law requires of Doe to satisfy the pleading obligations for affirmative defenses. This standard also means Malibu's arguments on the merits of Doe's defenses are improper at this stage. These are more reasons for why the Court should deny Malibu's motion to strike.

### i. The Court should reject Malibu's arguments on the merits of Doe's affirmative defenses.

At the pleadings stage, the sufficiency of an affirmative defense depends only on (a) its relation to the controversy at issue and (b) if it gives fair notice of the defense. *See Malibu Media LLC v. Doe,* 2015 U.S. Dist. LEXIS 141503, at *3 (recognizing a court considering a motion to strike "must evaluate whether the defense is one that is recognized as a defense to the cause of action and whether it can possibly prevent recovery under the facts pled."). A court need not reach the merits of an affirmative defense to determine its sufficiency. *Parrish v. Premier Directional Drilling, L.P.*, No. 5:16-CV-417-DAE, 2016 U.S. Dist. LEXIS 195889, at *6 (W.D. Tex. Oct. 4, 2016) (denying a motion to strike where it was unclear as matter of law that an affirmative defense had no relation to the controversy, and then refusing to "delve into the merits of the case at [the motion to strike pleadings] stage.") In effect, evaluating the merits of an affirmative defense at the

pleadings stage would undermine the liberal pleading standard for defenses under Rule 8(b) and deprive a defendant the right to test the merits in discovery.

For these reasons, the Court should disregard Malibu's arguments on the merits of Doe's affirmative defenses. Malibu's motion lumbers through the legal elements of Doe's defenses, often adding its version of "facts" absent from the pleadings. Malibu's arguments are a wasted effort. In fact, another district court has disapproved Malibu's same tactic of "focus[ing] largely on the *merits* of the defenses, and not their *sufficiency*." *Malibu Media LLC v. Doe*, 2015 U.S. Dist. LEXIS 141503, at *3 (emphasis in original).

### ii. **Doe's First Affirmative Defense of failure to state a claim is relevant and provides fair notice.**

The Court should allow Doe to proceed with his affirmative defense of failure to state a claim upon which relief may be granted. Malibu does not and cannot show that Doe's defense does not give fair notice of the defense. Instead, Malibu choses to argue the sufficiency of its **own** pleadings. [Dkt. 16 pp. 2-3]. While this is proper in responding to a Rule 12(b)(6) motion, it is improper when making a motion to strike.

Malibu also does not show the defense "has no relation to the controversy." *See Augustus*, 306 F.2d at 868. Nor can it. Indeed, another district court denied Malibu's motion to strike a defendant's affirmative defense for failure to state a claim because it could not find the defense "ha[d] no possible relation to the controversy" or "can have no possible bearing upon the subject matter of the litigation." *Malibu Media, LLC v. Doe*, No. 1:14CV2293, 2015 U.S. Dist. LEXIS 131335, at *7 (N.D. Ohio Sep. 29, 2015) (citations omitted).

Finally, Malibu does not show Doe's failure to state a claim defense fails as a matter of law. As a prior decision from this district observes, courts are split over whether failure to state a claim is a proper affirmative defense. *BCOWW Holdings, LLC,* 2017 U.S. Dist. LEXIS 150222, at

*11-12. To that end, the decision correctly denied a motion to strike a failure to state a claim defense because "there is no reason this 'belt-and-suspenders' type pleading prejudices Plaintiffs in any manner." *Id.* at *12. The Court should likewise deny Malibu's motion to strike Doe's failure to claim defense.

### iii. Doe's Second Affirmative Defense of copyright misuse is relevant and provides fair notice.

The Fifth Circuit recognizes copyright misuse as an affirmative defense that "bars a culpable plaintiff from prevailing on an action for the infringement of the misused copyright." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 792 (5th Cir. 1999) (quotation omitted). Copyright misuse is "an equity based defense…forbid[ing] the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to the public policy grant." *Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409 (5th Cir. 2001). Thus, Doe's affirmative defense of copyright misuse is relevant to this controversy.

Doe also provides Malibu fair notice of the basis for his defense. Doe alleges how Malibu has and continues to violate public policy of the copyright laws by purposely failing to police and protect its copyrights in the market intending to coerce settlements. [Dkt. 14, Answer ¶¶ 39-51]. This is enough to create questions of fact and law that prohibit striking this defense. The *Guastaferro* decision is persuasive here: "Because the validity of the [copyright misuse] defense is an inquiry better suited for resolution following discovery, it is premature at this stage for the Court to conclude that the defense is 'clearly insufficient as a matter of law.'" *Malibu Media, LLC v. Guastaferro*, No. 1:14-cv-1544, 2015 U.S. Dist. LEXIS 99217, at *5-6 (E.D. Va. July 28, 2015) (citations omitted). So to here should the Court deny Malibu's motion to strike Doe's copyright misuse defense.

### iv. Doe's Third Affirmative Defense of unconstitutionally excessive damages is relevant and provides fair notice.

The Court should allow Doe's affirmative defense of unconstitutionally excessive damages to proceed, despite Malibu's plea that it is "not properly asserted as an affirmative defense." [Dkt. 16 p. 5]. First, Malibu does not show lack of fair notice or that it would be prejudiced by this defense. Decisions from this district have rejected the argument a plaintiff suffers prejudice from a question about whether a defense is "affirmative":

> the inclusion of the above non-affirmative defenses in Defendants' answer does not prejudice the Plaintiffs in this action. In fact, Plaintiffs have arguably been given an advantage in the form of a more robust understanding of Defendants' defense strategy through Defendants' decision to plead non-affirmative defenses….Indeed, by pleading these defenses, Defendants have provided Plaintiffs with additional information regarding their defense strategy on certain claims.

*BCOWW Holdings, LLC*, 2017 U.S. Dist. LEXIS 150222, at *8. *See also Deaf Interpreter Servs. v. Webbco Enters., L.L.C.,* No. SA:13-CV-867-OLG, 2014 U.S. Dist. LEXIS 191218, at *3 (W.D. Tex. June 30, 2014) (refusing to strike defenses more properly classified as denials of essential elements because plaintiff did not show it would suffer prejudice if the defenses as pled were not struck).

Doe's affirmative defense of unconstitutionally excessive damages also creates a question of law. Even though Malibu seeks only statutory damages, a statutory damages award can be unconstitutional when it is "so severe and oppressive as to be wholly disproportional to the offense and obviously unreasonable." *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 587-88 (6th Cir. 2007). And in another decision involving Malibu, the district court observed a question exists over whether excessive statutory damages can violate due process. *Malibu Media, LLC v. Doe*, 2:13-CV-135-RLM-JEM, 2014 U.S. Dist. LEXIS 34151, at *6-7 (N.D. Ind. Mar. 17, 2014) (comparing *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (reversing the district court's ruling that excessive statutory damages violated defendant's due process rights) with

*Zomba Enters.*, 491 F.3d at 587-88).

This question of law refutes any argument Doe's excessive damages affirmative defense can have "no possible bearing" upon the subject matter of the litigation. *See Augustus*, 306 F.2d at 868. Even more, Doe's pleadings put Malibu on fair notice of the defense. The Court should deny Malibu's motion to strike Doe's affirmative defense of unconstitutionally excessive damages.

<strong>v.  Doe's Fourth Affirmative Defense of <em>de minimis</em> is relevant and provides fair notice.</strong>

The Court should allow Doe's *de minimis* affirmative defense to proceed. Doe gives Malibu fair notice of the basis for the defense. [Answer ¶¶ 53-58]. *De minimis* infringement requires a defendant to "demonstrate that the copying of the protected material is so trivial as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying." *Interplan Architects, Inc. v. C.L. Thomas, Inc.,* No. 4:08-cv-03181, 2010 U.S. Dist. LEXIS 114306, at *146 (S.D. Tex. Oct. 27, 2010) (citation omitted). Doe's allegations create fact questions about whether Doe shared the Malibu works asserted, and if so, the minimal portion of the works shared. [Answer ¶ ¶ 56-58]. Because of these fact questions, the Court should deny Malibu's motion to strike Doe's *de minimis* defense. *Solis v. Bruister,* No. 4:10cv77-DPJ-JKB, 2012 U.S. Dist. LEXIS 30739, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) ("[I]f there is a question of law or fact regarding a particular defense, a court must deny a motion to strike….") (citations omitted).

<strong>vi. Doe's Fifth Affirmative Defense of failure to mitigate damages and laches is relevant and provides fair notice.</strong>

Doe's affirmative defense of Malibu's failure to mitigate damages and laches should proceed. Malibu's motion. The "essence" of failure to mitigate damages doctrine is "all or part of the plaintiff's damage should reasonably have been avoided by the plaintiff." *Guastaferro*, 2015 U.S. Dist. LEXIS 99217, at *13. Several decisions have concluded that a plaintiff's knowing failure

to stop ongoing copyright infringement may represent a failure to mitigate. *E.g.*, *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007) (finding genuine issue of material fact existed on failure to mitigate damages defense where there was a dispute over whether copyright holder sent warning letter to defendant); *Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729, 2014 U.S. Dist. LEXIS 82272, at *4 (M.D. Fla. June 17, 2014) (denying motion to strike where defendant alleged plaintiff "purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers"). And the courts are split on Malibu's claim that its election of statutory damages "invalidates" a failure to mitigate defense [Dkt. 16 p.10]. *Guastaferro*, 2015 U.S. Dist. LEXIS 99217, at *14 (denying Malibu's motion to strike the defendant's failure to mitigate affirmative defense); *Malibu Media, LLC v. Doe,* No. 2:13-cv-135, 2014 U.S. Dist. LEXIS 34151, at * 5 (N.D. Ind. Mar. 17, 2014) (denying Malibu's motion to strike the defendant's failure to mitigate affirmative defense "[b]ecause there is little case law directly addressing this question and because there is some disagreement about the answer"); *Zumbo*, 2014 U.S. Dist. LEXIS 82272, at *8-11 (discussing the court split, and with no controlling authority, denying Malibu's motion to strike the defendant's failure to mitigate affirmative defense).

The Fifth Circuit recently determined that failure to mitigate is not an "absolute defense" to liability for copyright statutory damages because of the deterrent component of statutory damages. *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, No. 18-20350, 2020 U.S. App. LEXIS 1347, * 27 (Jan. 15, 2020). Even so, the Fifth Circuit did not hold failure to mitigate is not a partial affirmative defense to statutory damages; it only held that "mitigation rules do not wholly preclude recovery of statutory damages." *Id.* Thus, a question of law remains about whether the failure to mitigate defense can partially preclude a statutory damages award.

Doe's allegations that Malibu failed to police or otherwise protect its copyrights serve as fair notice to Malibu of the basis for the failure to mitigate defense. [Answer ¶¶ 59-66].

Similarly, Doe's laches defense should stand. Doe's allegations put Malibu on fair notice of his laches defense. Indeed, a laches defense need not include detailed allegations to defeat a motion to strike. *Hodge*, 2019 U.S. Dist. LEXIS 199807, at *5-6. Doe's detailed allegations exceed his pleading obligations. [Answer ¶¶ 59-66].

Moreover, that Malibu filed within the statute of limitations does not bar Doe's laches defense. Malibu misstates the Supreme Court's *Petrella* decision. [Dkt. 16 p. 11]. The Supreme Court did not categorically preclude laches from actions filed within the limitations period. *Petrella v. MGM*, 572 U.S. 663, 685 (2014). Rather, it clarified in *Petrella* that under extraordinary circumstances, laches can bar relief within the limitations period. *Id.*

Predictably, other district courts have denied Malibu's requests to strike a laches defense to copyright infringement. *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 131335, at *8; *Malibu Media, LLC v. Lee*, No. 12-03900, 2013 U.S. Dist. LEXIS 72218, at *26 (D.N.J. May 22, 2013). The Court should likewise deny Malibu's motion to strike Doe's affirmative defense of failure to mitigate damages and laches.

### vii. Doe's Eighth Affirmative Defense of statutory rights and limitations is relevant and provides fair notice.[2]

Doe's affirmative defense of statutory rights and limitations is sufficient. Doe alleges (1) Malibu cannot double recover for an infringement under 17 U.S.C. § 504; (2) Malibu is barred from statutory damages for breaching the copyright registration requirements that are prerequisites

---

[2] To focus the issues, Doe is not challenging Malibu's motion to strike Doe's Sixth Affirmative Defense of No Infringement and its Seventh Affirmative Defense of failure to join indispensable parties. Doe is counterclaiming for a declaratory judgement of non-infringement, which suffices to state a claim as Doe establishes in his response to Malibu's motion to dismiss.

for statutory damages; and (3) Doe is reserving his right to assert all defenses available under the Copyright Act. [Answer ¶¶ 69-71]. These show that the defense is relevant to this copyright controversy. And they show Doe has placed Malibu on fair notice of the basis of Doe's defense.

Malibu's arguments about this defense are unpersuasive. First, Malibu ignores Doe's allegations that Malibu cannot recover statutory damages because it improperly registered its works. [Dkt. 16 pp. 14-15]. Failure to timely register works bars the recovery of statutory damages. 17 U.S.C. § 412.

Second, Malibu omits a key part of *Malibu Media v. Batz*. In that case, the court premised its striking of a "one satisfaction" defense on the fact that in 2013, Malibu had "never, in any civil action, been awarded statutory damages." *Malibu Media, LLC v. Batz,* Civil Action No. 12-cv-01953-WYD-MEH, 2013 U.S. Dist. LEXIS 69052, at *7 (D. Colo. Apr. 5, 2013). But it is nearly seven years later, during which Malibu has filed hundreds of copyright infringement lawsuits. Doe has a right to discover whether Malibu has recovered statutory damages or a similar award related to the same file-sharing incidents Malibu alleges here. For these reasons, the Court should deny Malibu's motion to strike this defense.

viii. **Doe's Ninth Affirmative Defense of no willful infringement is relevant and provides fair notice.**

Doe's ninth affirmative defense states that "any alleged infringement by Defendant was innocent and not willful." [Answer ¶ 72]. Innocent infringement is a statutory affirmative defense both to copyright infringement and a claim for statutory damages. 17 U.S.C. §§ 405, 504(c)(2). Because Malibu has requested statutory damages only, Doe's affirmative defense—on which he bears the burden of proof under § 504(c)(2)—is relevant to this controversy. *See Interplan Architects*, 2010 U.S. Dist. LEXIS 114306, at *143 (observing that "[i]nnocent infringement remains an affirmative defense to an award of statutory damages under 17 U.S.C. § 504(c) for

copyright infringement" but striking the defense because plaintiff did not seek statutory damages). The Court should deny Malibu's motion to strike this defense.

ix. **Doe's Tenth Affirmative Defense of acquiescence is relevant and provides fair notice.**

Because acquiescence is an affirmative defense to copyright infringement, it is relevant to this copyright infringement controversy. *See Am. Registry of Radiologic Technologists v. Bennett*, 939 F. Supp. 2d 695, 713 (W.D. Tex. 2013) (citing *Conan Props., Inc. v. Conans Pizza, Inc*., 752 F.2d 145, 153 (5th Cir. 1985)). And Doe's allegations are enough to satisfy Doe's fair notice obligation. *See Am. Registry of Radiologic Technologists*, 939 F.Supp. 2d at 713 (recognizing that "acquiescence involves the plaintiff's implicit or explicit assurances to the defendant which induces reliance by the defendant."). Doe's allegations highlight how Malibu knowingly encourages or is willfully blind to sharing and distribution of its films. [Answer ¶¶ 75-76].

At least one court has denied Malibu's motion to strike an acquiescence defense to copyright infringement, finding the defense presented a question of fact that it could not dispose of on a motion to strike. *E.g.*, *Malibu Media, LLC v. Doe*, No. 2:13-CV-135-RLM-JEM, 2014 U.S. Dist. LEXIS 34151, at *12-13 (N.D. Ind. Mar. 17, 2014). The Court should likewise deny Malibu's motion to strike Doe's acquiescence defense.

x. **Doe's Eleventh Affirmative Defense of estoppel is relevant and provides fair notice.**

Because the Fifth Circuit recognizes estoppel as an affirmative defense to copyright infringement, Doe's estoppel defense is relevant to Malibu's copyright infringement claim. *See Carson v. Dynegy, Inc*., 344 F.3d 446, 453 (5th Cir. 2003). Doe's factual allegations also meet Doe's fair notice obligation. [Answer ¶¶ 77-79]. These allegations show that despite Malibu knowing the facts related to the unauthorized file-sharing it alleges, Malibu acted to induce Doe and others to believe that Malibu intended the open availability of the works shared. [*Id.*]

13

Several courts have rightly denied Malibu's motions to strike similar estoppel defenses to copyright infringement. *E.g.*, *Malibu Media, LLC v. Doe*, No. 1:14CV2293, 2015 U.S. Dist. LEXIS 131335, at *7-8 (N.D. Ohio Sep. 29, 2015); *Malibu Media, LLC v. Peterson*, No. 16-CV-786 JLS (NLS), 2017 U.S. Dist. LEXIS 66170, at *19 (S.D. Cal. May 1, 2017); *Malibu Media, LLC v. Doe,* No. 12-2078, 2013 U.S. Dist. LEXIS 55985, at *29 (E.D. Pa. Mar. 6, 2013). The Court should likewise deny Malibu's motion to strike Doe's estoppel defense here.

xi. **Doe's Twelfth Affirmative Defense of unclean hands is relevant and provides fair notice.**

Doe meets his obligation to show his unclean hands defense is relevant to this controversy and gives fair notice to Malibu. Unclean hands is an affirmative defense to copyright infringement when the plaintiff's wrongful acts affect the equitable relations between the parties for the controversy at issue. *E.g.*, *Mitchell Bros. Film Group v. Cinema Adult Theater,* 604 F.2d 852, 863 (5th Cir. 1979); *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992). So Doe's unclean hands defense is relevant to Malibu's copyright infringement claim.

Doe also puts Malibu on fair notice that his unclean hands defense targets Malibu's wrongful acts that have affected the equitable relations between the parties. For example, Doe alleges that Malibu filed outdated and sham affidavits to unmask Doe's identity. [Answer ¶¶ 82-84]. Doe also details how Malibu has proceeded with this copyright infringement lawsuit despite knowing its methodology for identifying alleged infringers is questionable, and despite deliberately seeding its works on the internet to provoke infringement. [*Id.* ¶¶ 81, 85-87].

Several courts have denied Malibu's requests to strike similar unclean hands defenses to copyright infringement. *E.g.*, *Guastaferro,* 2015 U.S. Dist. LEXIS 99217 at *6-7; *Malibu Media, LLC v. Peterson*, No. 16-CV-786 JLS (NLS), 2017 U.S. Dist. LEXIS 66170, at *19 (S.D. Cal. May 1, 2017); *Malibu Media, LLC v. Doe,* No. 12-2078, 2013 U.S. Dist. LEXIS 55985, at *29

14

(E.D. Pa. Mar. 6, 2013); *Malibu Media v. Doe*, No. 13-11432, 2014 U.S. Dist. LEXIS 79889, at *8-9 (E.D. Mich. June 12, 2014). To the same end, the Court should deny Malibu's motion to strike Doe's unclean hands defense.

### xii. **Doe's Thirteenth Affirmative Defense of intervening causes is relevant and provides fair notice.**

Doe's defense of intervening causes is not a redundant denial of copyright infringement. Rather, it is an affirmative defense against the core of Malibu's complaint—that someone using an IP address associated with Doe's internet service provider shared Malibu's copyrighted works. [*See* Dkt. 1, ¶¶ 9-10]. For example, if a third-party infringed Malibu's works using the IP address identified in the Complaint, Doe has a right to prove intervening causes even if the allegations about the IP-linked infringement in the complaint are true. Because there are circumstances under which Doe's affirmative defense of intervening causes may succeed, the Court should deny Malibu's motion to strike this defense.

### xiii. **Doe's Fourteenth Affirmative Defense of fair use is relevant and provides fair notice.**

Because fair use is an affirmative defense to copyright infringement, it is relevant to this copyright infringement controversy. 17 U.S.C. § 107. And Doe's allegations are enough to satisfy his fair notice obligation for his affirmative defense of fair use. Doe alleges that (1) any alleged copying was minimal and (2) Malibu's alleged works had minimal value in the market. [Answer ¶¶ 90-91].

These allegations show that Doe has the right to test the merits of his fair use defense in discovery. *See* U.S.C. 17 § 107 (providing that the amount of the work copied and effect on the potential market for the work are relevant fair use factors). Indeed, because fair use is so fact-specific, courts routinely refuse to make determinations on fair use at the pleadings stage. *See, e.g.*, *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1316 (S.D. Fla. 2012) ("[T]he general rule [is] that fair

use defenses are not ripe for determination before the summary judgment stage."); *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009); *see also Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 577 (1994) (discussing the case-by-case analysis involved for fair use).

And unsurprisingly, several courts have denied Malibu's motions to strike fair use at the pleadings stage. *E.g.*, *Malibu Media, LLC v. Wong,* Civ. No. 2:14-5238, 2015 U.S. Dist. LEXIS 92447, *4-5 (D.N.J. Jul. 16, 2015) (observing that to strike fair use would be to "rush the legal proceedings"); *Guastaferro*, 2015 U.S. Dist. LEXIS 99217, * 4-5; *Malibu Media LLC v. Doe*, 2015 U.S. Dist. LEXIS 141503, at *3-5. The Court should likewise deny Malibu's motion to strike Doe's affirmative defense of fair use.

## IV. Conclusion.

Doe has met his obligation to give fair notice of relevant affirmative defenses. He has the right to test those defenses in discovery, because Malibu has showed no prejudice from the defenses staying in the case. Doe asks that the Court deny Malibu's motion to strike Doe's affirmative defenses.

Dated: January 21, 2020                                Respectfully submitted,

                                                       /s/ JT Morris
                                                       JT Morris
                                                       Texas State Bar No. 24094444
                                                       jt@jtmorrislaw.com
                                                       Ramzi Khazen
                                                       Texas State Bar No. 24040855
                                                       ramzi@jtmorrislaw.com
                                                       JT Morris Law, PLLC
                                                       1105 Nueces Street, Suite B
                                                       Austin, Texas 78701
                                                       Tel: 512-717-5275
                                                       Fax: 512-582-2948

                                                       Attorneys for Defendant John Doe

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rule of Civil Procedure and the Local Rules, a true and correct copy of the foregoing was served on all counsel of record by E-File on January 21, 2020.

/s/  JT Morris

JT Morris