UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | No. 5:19–CV–0834–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING PLAINTIFF'S (1) MOTION TO DISMISS AND
(2) MOTION TO STRIKE

        Before the Court are two motions filed by Plaintiff Malibu Media,

LLC ("Plaintiff.  The first is a motion to strike Defendant John Doe's

("Defendant") affirmative defenses (Dkt. # 16), and the second is a motion to

dismiss Defendant's counterclaims (Dkt. # 17).  Pursuant to Local Rule CV-7(h),

the Court finds this matter suitable for disposition without a hearing.  After careful

consideration of the memorandum filed in support of and against the motions, the

Court—for the reasons that follow—**DENIES** both motions.

BACKGROUND

        This case is about an alleged copyright infringement through

BitTorrent file sharing technology.  (Dkt. #1.)  Plaintiff asserts that Defendant

illegally obtained and distributed Plaintiff's copyrighted movies through the use of

1

BitTorrent technology.  (Id.)

Plaintiff filed suit in this Court on July 15, 2019 (Dkt. # 1), and Defendant filed an answer on December 19, 2019.  (Dkt. # 14.)  In the answer, Defendant asserts fourteen affirmative defenses including (1) failure to state a claim; (2) misuse of copyright; (3) unconstitutionally excessive damages; (4) de minimis; (5) failure to mitigate damages and laches; (6) no infringement; (7) failure to join indispensable parties; (8) statutory rights and limitations; (9) no willful infringement; (10) acquiescence; (11) estoppel; (12) unclean hands; (13) intervening causes; and (14) fair use.  (Dkt. # 14.)  Defendant also asserts three counterclaims: a request for declaratory judgment, an abuse of process claim, and a harmful access by computer claim.  (Id.)

Plaintiff filed the pending motion to strike and motion to dismiss on January 7, 2020.  (Dkts. ## 16, 17.)  Defendant filed responses to both motions on January 21, 2020 (Dkts. ## 23, 24.)  These motions are ripe for this Court's review.

<u>LEGAL STANDARDS</u>

Rule 12(f) authorizes a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999) (noting that

this requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise").  In general, a motion to strike should not be granted unless there is a showing of prejudice to the moving party.  See Stross v. Active Network, LLC, No. 1:19-CV-8-RP, 2019 WL 2213883, at *4 (W.D. Tex. May 22, 2019).  "[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike" as then "the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits."  Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).  A trial court maintains discretion of whether to grant or deny a motion to strike.  See In re Beef Indus. Antitrust Litig., 600 F.2d 1148, 1168 (5th Cir. 1979)).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In analyzing whether to grant a 12(b)(6) motion, a court accepts

as true "all well-pleaded facts" and views those facts "in the light most favorable to the plaintiff." <u>United States ex rel. Vavra v. Kellogg Brown & Root, Inc.</u>, 727 F.3d 343, 346 (5th Cir. 2013) (citation omitted).  A court need not "accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, 556 U.S. at 678.

DISCUSSION

I.     <u>Plaintiff's Motion to Strike</u>

Plaintiff asserts that this Court should strike all fourteen affirmative defenses because they fail as a matter of law. (Dkt. # 16.)   Defendant responds that Plaintiff fails to show both prejudice and lack of fair notice. (Dkt. # 24.)  The Court agrees with Defendant.

The key to this inquiry is whether Plaintiff is given "fair notice" of the defense being advanced and whether Plaintiff can be seen as the "victim of unfair surprise." <u>Woodfield</u>, 193 F.3d at 362.  Here, at the pleading stage of the case, it is too early to determine whether these affirmative defenses are valid; this should be tested in discovery.  Because Plaintiff has failed to identify any prejudice or unfair surprise resulting from the way in which Defendant has asserted the affirmative defenses, the Court declines to determine these questions of law upon a motion to strike.  Plaintiff's motion shall be **DENIED WITHOUT PREJUDICE**, subject to resubmission should the failure to sufficiently articulate a particular defense later results in prejudice.

II.     Plaintiff's Motion to Dismiss

Plaintiff also asserts that this Court should dismiss Defendant's counterclaims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. # 17.)  Defendant argues in response that (1) the counterclaim for declaratory judgment of noninfringement "will protect Does' right to pursue substantive relief"; (2) the counterclaim for abuse of process "are enough to show a plausible claim"; and (3) the counterclaim for harmful access by computer meets the standard and should not be dismissed at this stage.  (Dkt. # 23.)  The Court agrees with Defendant.

First, the counterclaim for declaratory judgment of noninfringement protects Defendant's right to attorney fees and preserves Defendant's grounds for substantive relief.  Under the Copyright Act, 17 U.S.C. § 505, a "prevailing party" may be awarded attorney's fees in a copyright infringement action.  See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (noting that a prevailing party is only one "who has been awarded some relief by the court"); Lightsource Analytics, LLC v. Great Stuff, Inc., No. A-13-CV-931 LY, 2014 WL 4744789, at *4 (W.D. Tex. Sept. 23, 2014), report and recommendation adopted by 2014 WL 12479280 (W.D. Tex. May 5, 2014) ("Although the Fifth Circuit has not addressed who is a 'prevailing party' under the Copyright Act, the circuit courts and district courts that have

addressed the issue have applied the standard established by the Supreme Court in Buckhannon[.]").  If Plaintiff here dismissed the case without prejudice, Defendant would not be considered a prevailing party absent this counterclaim.  Thus, given the minimal prejudice to Plaintiff from litigating a noninfringement counterclaim, the Court shall deny Plaintiff's motion as to this claim.

Second, the Court finds that Defendant meets the pleading requirements for the abuse of process counterclaim at this stage of the proceeding. Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose.  Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377, 378 (Tex. App.–Texarkana 1989, no writ) (citing Restatement (Second) of Torts § 682 (1977)); W. Keeton, Prosser and Keeton on The Law of Torts § 6 (5th ed. 1984)).  Here, the Court finds that Defendant's claim is plausible given that there is some dispute as to whether an IP address can positively identify infringers and whether Plaintiff is using this lawsuit to extort a settlement payment. See Malibu Media LLC v. Duncan, No. 4:19-CV-02314, 2020 WL 567105, at *5 (S.D. Tex. Feb. 4, 2020) (listing cases in which courts have "indicated the inherent unreliability of identifying a person solely from an IP address").  Thus, Plaintiff's motion is denied as to this claim.

Finally, the Court finds that Defendant meets the pleading requirements for his counterclaim under Chapter 143 of the Texas Civil Practice

and Remedies Code.  See Tex. Civ. Prac. & Rem. Code § 143.001(a) ("A person

who is injured or whose property has been injured as a result of a violation under

Chapter 33, Penal Code, has a civil cause of action if the conduct constituting the

violation was committed knowingly or intentionally."); see also Tex. Penal Code

Ann. § 33.02(a) ("A person commits an offense if the person knowingly accesses a

computer, computer network, or computer system without the effective consent of

the owner.")  Here, Defendant's allegations are sufficient at this stage of the

proceedings to warrant further discovery.  Importantly, while Plaintiff disputes that

it "accessed" Defendant's computer system (Dkt. # 17), Plaintiff states in its

complaint that "established a direct . . . connection with the Defendant" and

"downloaded from Defendant one or more pieces of each of the digital media

files."  (Dkt. # 1 at ¶¶ 18–19.)  Thus, Defendant plausibly alleges that Plaintiff

"accessed" his computer system.  See Tex. Penal Code § 33.01(1) ("'Access'

means to approach, instruct, communicate with, store data in, retrieve or intercept

data from, alter data or computer software in, or otherwise make use of any

resource of a computer, computer network, computer program, or computer

system.")  The Court shall deny Plaintiff's motion as to this claim.

CONCLUSION

For the reasons stated above, Plaintiff's motion to strike (Dkt. # 16) is

**DENIED WITHOUT PREJUDICE**, and Plaintiff's motion to dismiss (Dkt. # 17)

is **DENIED**.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, April 9, 2020.

_____

David Alan Ezra
Senior United States District Judge