**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MALIBU MEDIA, LLC,

        Plaintiff,

        vs.

                           CIVIL ACTION NO.  5-19-CV-00834-DAE

JOHN DOE,

        Defendant.

## DECLARATION OF JT MORRIS

    I, JT Morris, declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct based on my personal knowledge:

1. I am over the age of 18, I have never been convicted of a felony, and I am of sound mind.

2. I am lead counsel for Defendant John Doe. The sole purpose of this affidavit is to submit documentary evidence and procedural background in support of Doe's motion to compel.

3. Attached as Exhibit A is a true and correct copy of Doe's first requests for production served on Plaintiff Malibu Media, LLC ("Malibu") on April 9, 2020.

4. Attached as Exhibit B is a true and correct copy of Doe's first interrogatories served on Malibu on April 9, 2020.

5. Attached as Exhibit C is a true and correct copy of an email exchange between me and Malibu's counsel Paul Beik agreeing to an extension of time for Malibu to answer Doe's first requests for production and interrogatories.

6. Attached as Exhibit D is a true and correct copy of an email from Mr. Beik to me confirming a telephone call in which the parties agreed for another extension of time for Malibu to answer Doe's first requests for production and interrogatories.

7.   Attached as Exhibit E is a true and correct copy of Malibu's response to Doe's first requests for production.

8.   Attached as Exhibit F is a true and correct copy of Malibu's response to Doe's first interrogatories.

9.   Attached as Exhibit G is a true and correct copy of a June 4, 2020 letter to Mr. Beik from my colleague Ramzi Khazen, who is also an attorney for Doe, raising various problem with Malibu's discovery responses.

10.  On June 24, 2020, Mr. Khazen and I conferred with Mr. Beik about Malibu's discovery responses, including those issues raised in Mr. Khazen's letter. During the call, Mr. Beik said that he was unable to get information from IPP, which he believed was because of the COVID pandemic. He also said that Malibu was in a dispute with its former general counsel who is withholding documents from Malibu.

11.  Still, Mr. Beik agreed to supplement at least some of Malibu's responses by July 2, 2020. To date, we have not received any supplement to Malibu's discovery responses.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on July 17, 2020

JT Morris

*Exhibit A*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | CIVIL ACTION NO.  5-19-CV-00834-DAE |
| vs. | |
| JOHN DOE, | |
| Defendant. | |

## DEFENDANT JOHN DOE'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Fed. R. Civ. R. 26 and 34 and the Local Rules of this Court, Defendant John Doe hereby serves the following requests for production to Plaintiff Malibu Media, LLC. Defendant requests Plaintiff serve its responses and produce responsive documents within thirty (30) days of service of these requests.

## INSTRUCTIONS

1.      These requests apply to all responsive information in the possession, custody, or control of Plaintiff, its attorneys, investigators, agents, employees, or its other representatives.

2.      Where a discovery request calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

3.      The term "document" as used herein is defined to include any and all documents in Plaintiff's possession, custody, or control. It includes documents store physically and documents and other information stored electronically, and includes material that is written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans, or other

1

representations of any kind or anything pertaining, describing, referring, or relating directly or indirectly, in whole or in part, to  the subject matter of each paragraph of these Requests, and the term includes, without limitation:

- papers, emails, books, journals, ledgers, statements, memoranda, reports, invoices, work sheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instructions, minutes, orders, purchase orders, messages, résumés, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, computer tapes or any other writings or tangible things on which any handwriting, typing, printing, photostatic, or other forms of communications or information are recorded or reproduced, as well as all notations on the foregoing;

- original and all other copies not absolutely identical; and

- all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

4.     All responsive documents that are electronically stored should be produced in reasonably useable format and should be reasonably searchable unless not possible.

5.     If any document responsive to these requests has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents that relate either the circumstances or the reasons for such destruction.

**DEFINITIONS**

1.      "Malibu," "Plaintiff," "You" and "Your" separately or collectively refers to Malibu Media, LLC (d/b/a "X-Art.com") and all past and present officers or owners (including

2

Colette Pelissier and Brigham Feld**)**, directors, affiliates, brokers, agents (including, without limitation, IPP International UG, Computer Forensics, LLC, or any other person or entity engaged by Malibu to detect or gather evidence regarding alleged infringement), representatives, trustees, employees, servants, and all persons acting directly or indirectly under their control, including any attorney and including respective parents, subsidiaries, or affiliated companies, and other related entities, including all assets or companies that Malibu has acquired or with respect to which has succeeded to rights or obligations.

2.      "Defendant" or "Doe" means John Doe.

3.      "Films" refers to the films listed in Exhibit B to Plaintiff's Complaint.

4.       "Copyrights In Suit" refers to all alleged copyrights Plaintiff asserts in this litigation and the respective underlying works, including the alleged copyrights Plaintiff lists in Exhibit B of Plaintiff's Complaint.

5.      The word "person" or "persons" means all entities of every type and description, including, without limiting the generality of the foregoing, all natural persons, association, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state, and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments, and boards.

6.      "Relating to" and "relative to" mean and include discussing, describing, referring to, reflecting, containing, analyzing, studying, reporting on, commenting on, demonstrating, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to , in whole or in part.

7.      "Concerning" and "regarding" mean and include with respect to, referring to, relating to, purporting, embodying, establishing, demonstrating, evidencing, comprising,

connected with, commenting on, responding to, showing, describing, analyzing, reflecting, indicating, presenting, or constituting.

8.      "Including" means including but limited to.

9.      "Identify" or "identity" means to provide details regarding, when applicable, a person's name, affiliation, and other information sufficient to fully identify an individual; relevant dates, times, locations, speakers or attendees, and other information sufficient to identify an event, occurrence, or communications; and relevant document names, dates, authors, custodian, and other information sufficient to identify a document.

10.     No answer is to be left blank. If the answer to a discovery request or its subpart is "none," the word "none" or "unknown" must be written in the answer. If the answer to the whole of a question is not known, so state, and answer the part known. If the answer to a question or a part thereof is only partly known, provide all responsive information known and specify wherein your answer is or may not be complete due to your lack of knowledge. If exact dates, amounts, other figures or facts are not known, but you have information permitting you to make an approximate or estimated answer, make such answer and indicate that it is an approximation or estimate because more precise information is not known to you.

11.     If any information required to answer any discovery request is withheld because you claim that such information is privileged or is contained in a privileged document and/or communication, identify the privilege being asserted, the names of the participants of each alleged communication, state the basis upon which the privilege is claimed, identify each such document and/or communication, the general subject matter of such privileged communication and the portion of these requests to which each document or communication is responsive.

12.    These discovery requests are continuing in nature and require further and supplemental responses whenever said responses become available or otherwise known to You. These discovery requests are intended as continuing discovery requests, requiring you to answer by supplemental answer, setting forth any information within the scope of the discovery requests as may be acquired by you, your agents, attorneys, or representatives following your original answer.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: All documents concerning the registration of the Films with the United States Copyright Office, including but not limited to any applications and deposits submitted to the Copyright Office for the Films.

**Response**:


**REQUEST NO. 2**: All documents and communications concerning Your claim that that You are the exclusive owner in any and all rights to the Films.

**Response**:


**REQUEST NO. 3**: All communications made over the past three years that You have sent to any search engine or other internet service provider requesting removal of the Films on the basis of copyright infringement or unauthorized display, distribution, reproduction, or other use.

**Response**:

**REQUEST NO. 4**: All documents concerning Your identification of the IP address listed in Exhibit A of Plaintiff's Complaint as it relates to Plaintiff's allegations of infringement.

**Response**:


**REQUEST NO. 5**: All documents and communications sufficient to show any and all income You have received from selling copies of the Films over the past five (5) years.

**Response**:


**REQUEST NO. 6**: All documents and communications sufficient to show any and all income You have received from licensing the Films over the past five (5) years.

**Response**:


**REQUEST NO. 7**: All documents and communications sufficient to show any and all income You have received from subscriptions to any online service You provide or have provided over the past five (5) years.

**Response**:


**REQUEST NO. 8**: All documents and communications sufficient to show any and all statistics and other data related to the number of times paying subscribers or other authorized paid users of Your website services have viewed the Films through your online services.

**Response**:

**REQUEST NO. 9**: All documents and communications sufficient to show the annual income You have received from cease-and-desist efforts, threatening lawsuits, and filing lawsuits, including settlements, related to the Films and Your other copyrighted works over the past five (5) years.

**Response**:

**REQUEST NO. 10**: For each of the Copyright-in-Suit, documents and communications sufficient to show any and all income You have received from cease-and-desist efforts, threatening lawsuits, and filing lawsuits, including settlements, related to the Copyright-in-Suit over the past three (3) years.

**Response**:

**REQUEST NO. 11**: All documents and communications related to any and all places You have shared, displayed, distributed, sold, or offered for sale the Films and Your other copyrighted works on any location, platform, media, or environment.

**Response**:

**REQUEST NO. 12**: All documents and communications relevant to any financial losses that You claim resulted from any alleged infringement or impermissible use of the Films and Your other copyrighted works.

**Response**:

**REQUEST NO. 13**: All documents and communications relevant to any financial losses that You claim resulted from Doe's alleged infringement of the Films.

**Response**:


**REQUEST NO. 14**: All documents and communications relevant to any reputational losses or loss of goodwill that You claim result from any alleged infringement or impermissible use of the Films, including but not limited to Doe's alleged infringement.

**Response**:


**REQUEST NO. 15**: All documents and communications relevant to Your discovery and monitoring of online uses of the Films, including but not limited to Your use of software and/or entities to monitor and discover online uses of the Films.

**Response**:


**REQUEST NO. 16**: All documents and communications relevant to any permission You have granted to any individual or organization to use the Films without monetary compensation.

**Response**:


**REQUEST NO. 17**: All communications and documents relating to Your employment of or contracting with individuals or entities to investigate, develop, implement, maintain, or consult on the security of your websites.

**Response**:

**REQUEST NO. 18**: All communications and documents relating to Your employment of or contracting with individuals or entities to monitor, discover, investigate, or consult on any unauthorized reproduction of hard copies or digital copies of the Films and Your other copyrighted works.

**Response**:

**REQUEST NO. 19**: All communications and documents relating to Your employment of or contracting with individuals or entities to create, develop, implement, maintain, or consult on any technological securities, safeguards, protective measures, or mechanisms to identify, prevent, discourage, cease, or curtail online infringement of the Films and Your other copyrighted works.

**Response**:

**REQUEST NO. 20**: All communications and documents relating to any efforts You have taken to identify, prevent, discourage, cease, or curtail the online unauthorized reproduction of the Films and Your other copyrighted works.

**Response**:

**REQUEST NO. 21**: All communications and documents relating to any media access control ("MAC") addresses related to the IP address 70.121.72.191.

**Response**:

**REQUEST NO. 22**: All communications and documents relating to Your investigation of Doe based on the IP address designated on Exhibit A of Plaintiff's Complaint, including but not limited to any investigation(s) performed by IPP International UG ("IPP") or Computer Forensics, LLC.

**Response**:


**REQUEST NO. 23:** All documents and communications related to Your allegation that Defendant willfully infringed the Copyrights-in-Suit.

**Response**:


**REQUEST NO. 24:** All communications and agreements with persons or entities having a financial interest in the Copyrights-in-Suit, Films, or this litigation.

**Response**:


**REQUEST NO. 25:** All documents sufficent to show any display or direct or indirect distribution of the Films.

**Response**:


**REQUEST NO. 26:** All documents and communications regarding any sale, offer for sale, assignment, or licensing of the Copyrights-in-Suit

**Response**:

**REQUEST NO. 27:** All documents and communications regarding any offer to purchase or license the Copyrights-in-Suit

**Response**:



**REQUEST NO. 28:** All communications and agreements with any third parties involved in investigating Your assertion of infringement against Doe, including but not limited to IPP and Computer Forensics, LLC.

**Response**:



**REQUEST NO. 29:** All documents regarding Your dispute with Genova Capital and Warmblood Inc.

**Response**:



**REQUEST NO. 30:** All communications with Genova Capital and Warmblood Inc. related to Your enforcement of the Copyrights-in-Suit or any other copyrights.

**Response**:



**REQUEST NO. 31:** All documents that You claim evidence infringement by Doe or are otherwise related to Doe's alleged infringement.

**Response**:

**REQUEST NO. 32:** All documents and communications related to IPP's alleged interactions with and investigation of IP address 70.121.72.191.

**Response**:


**REQUEST NO. 32:** All documents and communications regarding Computer Forensics, LLC's alleged interactions with and investigation of IP address 70.121.72.191.

**Response**:


**REQUEST NO. 33:** All documents and communications regarding any data or files Malibu, IPP, Computer Forensics, or any other employee, agent, or affiliate of Malibu accessed or attempted to access from any computer network, computer device, or computer system associated with IP address 70.121.72.191.

**Response**:


**REQUEST NO. 34:** All documents and communications regarding Malibu's decision to investigate of IP address 70.121.72.191 for any alleged infringement of the Copyrights-in-Suit.

**Response**:


**REQUEST NO. 35**: All documents and communications between Malibu employees, staff, or agents related to Malibu's understanding of BitTorrent.

**Response**:

**REQUEST NO. 36**: All documents and communications between Malibu and any third-party consultant or independent contractor related to Malibu's understanding of BitTorrent.

**Response**:


**REQUEST NO. 37**: All documents and communications between Malibu employees related to the availability or other presence of the Films or other Malibu copyrighted works on BitTorrent.

**Response**:


**REQUEST NO. 38**: All documents and communications regarding Malibu's decision to monitor and investigate BitTorrent for infringing uses of the Films or other works Malibu purports to own.

**Response**:


**REQUEST NO. 39**: All communications between Malibu and any third-party consultant or independent contractor related to the availability of the Films or other Malibu copyrighted works on BitTorrent.

**Response**:


**REQUEST NO. 40**: All documents and communications describing Malibu's understanding of access to open, public, and/or unsecured wireless networks.

**Response**:

**REQUEST NO. 41**: All documents and communications describing Malibu's understanding of access to closed, private, and/or secured wireless networks.

**Response**:

**REQUEST NO. 42**: All affidavits or sworn statements Malibu has submitted to a court of competent jurisdiction in the past seven (7) years, and all communications related to the same.

**Response**:

**REQUEST NO. 43**: All documents and communications related to Malibu's decision to retain, hire, or contract with IPP for investigation of alleged infringements of Malibu's works.

**Response**:

**REQUEST NO. 44**: All documents and communications related to Malibu's decision to retain, hire, or contract with Computer Forensics, LLC for investigation of alleged infringements of Malibu's works.

**Response**:

**REQUEST NO. 45**: All documents and communications sufficent to identify any third-party, other than IPP or Computer Forensics, LLC, that Malibu retained, hired, or contracted with in the past seven (7) years to monitor, discover, or investigate alleged infringements of Malibu's works.

**Response**:

**REQUEST NO. 46**: Documents and communications sufficent to identify any amounts Malibu paid over the past five (5) years to IPP, Computer Forensics, LLC, or any other third-party that Malibu retained, hired, or contracted with to monitor, discover, or investigate alleged infringements of Malibu's works.

**Response**:


**REQUEST NO. 47**: All documents and communications related to Malibu's knowledge or awareness of the accuracy or inaccuracy of using IP address-based methods to identify alleged infringers.

**Response**:


**REQUEST NO. 48**: All documents and communications sufficent to show the corporate structure of Malibu.

**Response**:


**REQUEST NO. 49**: All documents and communications sufficent to identify the officers and employees of Malibu responsible for making decisions related to enforcement of Malibu's copyrights.

**Response**:

**REQUEST NO. 50**: All documents and communications showing any policy, practice, or custom You have implemented and maintained related to policing and preventing infringement of Your copyrighted works online.

**Response**:


**REQUEST NO. 51**: All documents and communications identifying any policy, practice, or custom You have implemented and maintained related to enforcing the Copyrights-in-Suit or other copyrights You claim to own.

**Response**:


**REQUEST NO. 52**: All documents and communications identifying any and all times Malibu has filed a lawsuit for copyright infringement against a John Doe defendant who Malibu learned it mistakenly identified as the alleged infringer.

**Response**:


**REQUEST NO. 53:** All documents and communications referenced in any response You provide to Defendant's Interrogatories.

**Response**:


**REQUEST NO. 54:** All documents and communications that You intend to rely upon at trial to support your allegations and claims.

**Response**:

Dated: April 9, 2020                                By:

                                          /s/ JT Morris
                                          JT Morris
                                          Texas State Bar No. 24094444
                                          jt@jtmorrislaw.com
                                          Ramzi Khazen
                                          Texas State Bar No. 24040855
                                          ramzi@jtmorrislaw.com
                                          JT Morris Law, PLLC
                                          1105 Nueces Street, Suite B
                                          Austin, Texas 78701
                                          Tel: 512-717-5275
                                          Fax: 512-582-2948

                                          Attorneys for Defendant John Doe

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2020, a true and correct copy of the foregoing was served by email on Plaintiff's counsel:

> Paul Beik
> paul@beiklaw.com

  /s/  JT Morris
JT Morris

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

|  |  |
|---|---|
| MALIBU MEDIA, LLC,<br><br>*Plaintiff*,<br><br>vs.<br>JOHN DOE,<br><br>*Defendant*. | CIVIL ACTION NO.  5-19-CV-00834-DAE<br><br>**JURY TRIAL DEMANDED** |

## JOHN DOE'S FIRST SET OF INTERROGATORIES

Defendant John Doe, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, serves the following First Set of Interrogatories on Plaintiff Malibu Media, LLC.  A written response to each interrogatory is due within thirty (30) days of service.

### I.  DEFINITIONS AND INSTRUCTIONS

For the purpose of these Interrogatories, the following words and phrases have the following meanings:

1.      "Malibu," "Plaintiff," "You" and "Your" separately or collectively refers to Malibu Media, LLC (d/b/a "X-Art.com") all past and present officers or owners (including Colette Pelissier and Brigham Feld**)**, directors, affiliates, brokers, agents (including, without limitation, IPP International UG, or any other person or entity engaged by Malibu to detect or gather evidence regarding alleged infringement), representatives, trustees, employees, servants, and all persons acting directly or indirectly under their control, including any attorney and including respective parents, subsidiaries, or affiliated companies, and other related entities, including all assets or companies that Malibu has acquired or with respect to which has succeeded to rights or obligations.

2.      "Doe" or "Defendant" refers to anonymous defendant John Doe.[1]

3.      "Person" refers to all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations and sole proprietorships and any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal representatives, non-legal representatives, personal representatives, attorneys, heirs, successors, and assigns, and includes any other person or entity acting on or for the behalf of such individual person.

4.      Any matter involving a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, joint venturers, agents, employees, representatives, accountants, investment bankers, or attorneys acting on behalf of the corporation or other entity.

5.      The term "communication" means any contact, oral or documentary, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including but not limited to electronic Communications.

6.      When an Interrogatory calls upon you to "state the basis" for a particular claim, assertion, allegation or contention:

(a) identify each and every document (and, where pertinent, the section, article or subparagraph thereof) which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

---

[1] For readability, Defendant may be referred to using the terms "him," "he," or "his."  This is not intended to, and does not, suggest anything about the identity or gender of Defendant.

(b) identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory; and

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of your information regarding the alleged facts of legal conclusions referred to in the Interrogatory.

7.      "Document" or "Documents" are used herein in their broadest sense as set forth in the Federal Rules of Civil Procedure.  These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control.  Without limiting the foregoing, the terms "Document" and "Documents" shall include all agreements, contracts, communications, correspondence, letters, opinion letters, telegrams, telexes, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc

recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail ("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The words "Document" and "Documents" also include all copies of documents by whatever means made, except that where a document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

8.      "Including" means including, but not limited to.

9.      "And" shall be treated as a synonym for "or" and vice versa.

10.     "Identify" or "Identity" or "Identification" when used in reference to:

(a)      a natural person, means: (1) the person's full name or title, last known address, and telephone number; (2) the person's present employer(s) and place(s) of employment; and (3) the person's job title or position held.

(b)      a document, means: (1) its date, author, and addressee(s); (2) the type of document (*e.g.*, letter, memorandum, etc.); and (3) its present location and identity of its custodian.

(c)      a statement, either written or spoken, means: (1) the substance of each such statement; (2) the exact words used by each person participating in the statement; (3) to identify each person engaging in the statement; (4) the identity of each person present at the making or reception of such statement; (5) the time and place of the statement; (6) the means of such statement (*e.g.*, written, telephone, face-to-face, etc.).

11.     All words in the conjunctive include the disjunctive and vice versa; words in the singular include the plural and vice versa; the masculine gender of any word used herein includes the feminine and the neuter.  Such words should be interpreted to bring within the scope of the discovery request information which might otherwise be construed to be outside its scope.

12.     The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

13.     If any information is withheld on the basis of a claim of privilege or work product, then the answer shall generally identify the information withheld by subject matter, author, addressees, and carbon copy recipient(s); state the basis for withholding the information; and identify the person(s) knowledgeable about the subject matter of the withheld information.

14.     If any Document referred to in Your responses to these interrogatories was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and when.   If any Document referred to in response to these interrogatories has been lost or destroyed, describe in detail the circumstances of such loss or destruction and identify each lost or destroyed Document and all Files that contained such Document.

15.     "Films" refers to the films listed in Exhibit B to Plaintiff's Complaint.

16.      "Copyrights In Suit" refers to all alleged copyrights Plaintiff asserts in this litigation and the respective underlying works, including the alleged copyrights Plaintiff lists in Exhibit B of Plaintiff's Complaint.

17.     If the procedure for answering interrogatories as authorized by Federal Rule of Civil Procedure 33(d) is used, for each interrogatory and subpart thereof, specify the production (*i.e.*, Bates) numbers of the specific Document or group of Documents referred to.

18.     This discovery request is continuing in nature.  Rule 26(e) of the Federal Rules of Civil Procedure requires You to correct or supplement Your response if you learn that it was incomplete or incorrect when made or, although complete and correct when made, is no longer complete and correct.

## INTERROGATORY NO. 1:

Separately for each of the Copyrights In Suit, describe in detail all factual and legal bases for Your contention that Doe committed infringement in violation of  17 U.S.C. § 501, including, without limitation, detailed identification and evidence of any specific alleged acts of infringement, any basis for alleging or evidence that any alleged act of infringement was committed by Doe, and the specific nature and extent of any such infringement.

## INTERROGATORY NO. 2:

Separately for each alleged act of infringement, describe in detail all factual and legal bases for Your contention that You have been harmed or are entitled to recover based on said acts, including, without limitation, any monetary losses suffered as a result of the alleged infringement(s); any lost profits or revenues suffered as a result of Defendant's alleged infringement; any lost customer subscriptions; and an identification of any Documents that support your contentions.

## INTERROGATORY NO. 3:

Separately for each of works underlying the Copyrights-in-Suit, state the basis for Your claim of ownership of the copyright in the work.

## INTERROGATORY NO. 4:

Separately for each of the Copyrights-in-Suit, describe the market value for the underlying work, including but not limited to any evidence of market value; sales and subscription revenue that is attributable to the work; requests to license the underlying work; and any licensing fees attributable to the work.

**INTERROGATORY NO. 5:**

Separately for each of the Copyrights-in-Suit, identify all demands or assertions of infringement involving the Copyright-in-Suit and the outcome of the assertion, including, without limitation, any demand letters or lawsuits in which You have asserted the Copyright In suit was infringed, and the status or disposition of any lawsuit (including dismissals, settlements, licenses, damages, judgments, and injunctions).

**INTERROGATORY NO. 6:**

Separately for each of the Copyrights-in-Suit, identify any income generated or damages awarded in whole or in part from Your assertions of infringement in the Copyright through both demand letters and lawsuits, including without limitation, (a) any recoveries, settlements, or payments received as a result of assertions of infringement involving any of the Copyrights In Suit; and (b) the amount of payments or other income generated in whole or in part by any of the Copyrights In Suit (including any settlements, recovery, or potential settlement or recovery from any other suit in which any Copyright in Suit had been or is asserted); (c) licenses or other agreements concerning the use of the Copyrights in Suit; and (d) any non-commercial or royalty-free usages of the Copyrights in Suit.

**INTERROGATORY NO. 7:**

For each of the Films, identify in detail for the past three (3) years each location, platform, media, or environment in which You have, directly or indirectly, posted, displayed, distributed, made available for distribution, reproduced, offered for sale, or offered for license the Film.

**INTERROGATORY NO. 8:**

State all factual and legal bases for Your contention that Defendant's alleged infringement was willful within the meaning of 17 U.S.C. § 504.

**INTERROGATORY NO. 9:**

Identify all persons, parties, and entities with a financial interest in this litigation and describe the financial interest in detail, including identification of all relevant witnesses and agreements with said parties, persons, and entities.

**INTERROGATORY NO. 10:**

Identify all persons, parties, and entities involved in the monitoring, discovery, and investigation of the alleged infringement in this case. Your answer should include the start date of Your relationship with the person, party, or entity; the length and nature of Your relationship with the person, party or entity; and sufficent contact information for each person, party, or entity.

**INTERROGATORY NO. 11:**

Describe in detail any policy, practice, or custom You have implemented and maintained related to enforcement of the Copyrights-in-Suit or Your other copyrighted works.

**INTERROGATORY NO. 12:**

Describe in detail any policy, practice, or custom You have implemented and maintained related to protecting Your copyrighted works from infringement including but not limited to methods and tools used to detect, discourage, and prevent infringement.

**INTERROGATORY NO. 13:**

Describe all times You, Your agents, Your representatives, or other affiliated party or person accessed or attempted to access any computer network, device, or system associated with IP address 70.121.72.191. Your answer should include the date and time of such access or attempted access, the person(s) involved, the purpose of accessing or attempting to access the network, and any data or documents accessed, copied, or received during any access.

**INTERROGATORY NO. 14:**

Describe in detail all factual basis for your contention that Defendant Doe "is a habitual and persistent BitTorrent user."

**INTERROGATORY NO. 15:**

Describe in detail all factual basis for your contention that "IPP connected, over a course of time, with Defendant who was using [IP address 70.121.72.191]. . . ."

**INTERROGATORY NO. 16:**

Identify each Person who participated in or supplied information used in answering any of Defendant's interrogatories, and for each such Person, identify the number of the interrogatory that the Person participated in answering or supplied information in support of.

Dated April 9, 2020                                              By:

                                                                  /s/ JT Morris
                                                                JT Morris
                                                                Texas State Bar No. 24094444
                                                                jt@jtmorrislaw.com
                                                                Ramzi Khazen
                                                                Texas State Bar No. 24040855
                                                                ramzi@jtmorrislaw.com
                                                                JT Morris Law, PLLC
                                                                1105 Nueces Street, Suite B
                                                                Austin, Texas 78701
                                                                Tel: 512-717-5275
                                                                Fax: 512-582-2948

                                                                **Attorneys for Defendant John Doe**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2020, a true and correct copy of the foregoing was served by

email on Plaintiff's counsel:

Paul Beik
paul@beiklaw.com

_/s/  JT Morris_____
JT Morris

Exhibit C

**JT Morris**

| | |
|---|---|
| **From:** | paul beiklaw.com <paul@beiklaw.com> |
| **Sent:** | Friday, May 8, 2020 9:13 AM |
| **To:** | JT Morris |
| **Subject:** | Re: 5 19-cv-834 WTX40 - Expert deadlines |

Thank you for pointing out the holiday and confirming the 26th is fine with Defendant.  Memorial day comes early this year and I did not realize it.

Paul S. Beik
Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

---

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Thursday, May 7, 2020 5:51 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Subject:** RE: 5 19-cv-834 WTX40 - Expert deadlines

Paul,

To clarify things earlier rather than later, the 25th is a holiday. The 26th is fine with Defendant.

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

---

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Thursday, May 7, 2020 4:15 PM
**To:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: 5 19-cv-834 WTX40 - Expert deadlines

Thank you

Paul S. Beik

1

Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

---

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Thursday, May 7, 2020 4:12 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Subject:** RE: 5 19-cv-834 WTX40 - Expert deadlines

Paul,

That's fine. Thanks.

JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

---

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Thursday, May 7, 2020 3:05 PM
**To:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: 5 19-cv-834 WTX40 - Expert deadlines

JT,

My client has been ill and unable to work for the past two weeks.  Unfortunately, she does not show signs of improvement yet.  Could we agree on an extension for Plaintiff to respond to your discovery requests until May 25, 2020?  Please let me know as soon as possible.  Thank you,

Paul S. Beik
Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Monday, April 13, 2020 5:45 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Subject:** RE: 5 19-cv-834 WTX40 - Expert deadlines

Thank you, I'll file in the morning.

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Monday, April 13, 2020 3:17 PM
**To:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: 5 19-cv-834 WTX40 - Expert deadlines

JT,

The proposed Joint Motion and proposed Order are acceptable.  You have my permission to sign my name electronically.  Thank you,

Paul S. Beik
Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Monday, April 13, 2020 11:36 AM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Cc:** Ramzi Khazen <ramzi@jtmorrislaw.com>
**Subject:** RE: 5 19-cv-834 WTX40 - Expert deadlines

Thank you Paul. Attached is a draft motion and proposed order. Please let me know if you have any suggested changes.

JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Thursday, April 9, 2020 3:12 PM
**To:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: 5 19-cv-834 WTX40 - Expert deadlines

JT,

My client has no objection to moving the expert deadlines as proposed.  Thank you,

Paul S. Beik
Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Thursday, April 9, 2020 3:09 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Subject:** RE: 5 19-cv-834 WTX40 - Expert deadlines

Hi Paul,

Following up on the below. Let me know.

Thanks,
JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

**From:** JT Morris
**Sent:** Tuesday, April 7, 2020 11:43 AM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Subject:** 5 19-cv-834 WTX40 - Expert deadlines

Hi Paul,

Given the restrictions with COVID-19 and what I expect would be required for expert discovery here, I'm writing to see if Plaintiff is agreeable to asking the Court to push the expert report deadlines by a couple months, to July 1 and September 2. It wouldn't impact any other deadlines, as far as we can tell.

Let me know.

Thanks,
JT



JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com

jtmorrislaw.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

Exhibit D

**JT Morris**

---

**From:**      paul beiklaw.com <paul@beiklaw.com>
**Sent:**      Wednesday, May 27, 2020 6:30 PM
**To:**        JT Morris
**Subject:**   Plaintiff's Disco Responses

Hi JT,

Per our call yesterday, I'm reaching out to let you know that I'm going to need until tomorrow to serve Plaintiff's discovery responses.  My apologies again on the delay and the courtesy is yours as well if needed on your end.  I'll follow up tomorrow with the responses.  Thank you,

Paul S. Beik
Beik Law Firm, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas  77007
Tel: (713) 869-6975
Fax: (713) 868-2262
paul@beiklaw.com

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | CASE NO. 5:19-cv-00834-DAE |
| Plaintiff, | |
| v. | |
| JOHN DOE, | |
| Defendant. | |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MALIBU MEDIA, LLC

Plaintiff, MALIBU MEDIA, LLC, pursuant to Fed. R. Civ. P. 34, by and through undersigned counsel, hereby serves its response to Defendant's First Request for Production of Documents to Plaintiff Malibu Media, LLC to Plaintiff served April 9, 2020, as follows:

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MALIBU MEDIA, LLC

**Request for Production 1:** All documents concerning the registration of the Films with the United States Copyright Office, including any applications and deposits submitted to the Copyright Office for the Films.

**Response:** Plaintiff will produce the online copyright registrations of the works at issue in this case. Copies of applications submitted are not in Plaintiff's possession, custody or control. Copies of the Films will be provided to Defendant as indicative of the files submitted to the Copyright Office.

**Request for Production 2:** All documents and communications concerning Your claim that you are the exclusive owner in any and all rights to the Films.

**Response:** The copyright registrations are proof of ownership. No other communications or documents exist responsive hereto.

**Request for Production 3:** All communications made over the past three years that You have sent to any search engine or other internet service provider requesting removal of the Films on the basis of copyright infringement or unauthorized display, distribution, reproduction, or other use.

**Response:** Plaintiff objects on the basis that this request is unduly burdensome. Copies of DMCA take down notices are in the thousands and is unduly burdensome and irrelevant. If representative samples are desired, Plaintiff will provide same.

**Request for Production 4:** Please provide copies of DMCA notices sent to each site hosting the infringing files as identified in Exhibit A to the Complaint.

**Response:** There are no responsive documents to this. DMCA notices are not sent to torrent sites as they are hosted outside of the United States and are ignored.

**Request for Production 5:** All documents and communications sufficient to show any and all income You have received from selling copies of the Films over the past five (5) years.

**Response:** Plaintiff objects on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff objects on the basis that this request is overly broad and unduly burdensome. Plaintiff does not sell copies of the films. Plaintiff has paying subscribers to the website. Individual copies of films are not sold.

**Request for Production 6:** All documents and communications sufficient to show any and all income You have received from licensing the Films over the past five (5) years.

**Response:** Plaintiff objects on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 7:** All documents and communications sufficient to show any and all income You have received from subscriptions to any online service You provide or have provided over the past five (5) years.

**Response:** Plaintiff objects on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 8:** All documents and communications sufficient to show any and all statistics and other data related to the number of times paying subscribers or other authorized paid users of Your website services have viewed the Films through your online services.

**Response:** Plaintiff objects on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information. And this data is not possible to obtain, as MM does not have the capabilities to determine which subscriber viewed which film.

**Request for Production 9:** All documents and communications sufficient to show the annual income You have received from cease-and-desist efforts, threatening lawsuits, and filing lawsuits, including settlements, related to the Films and Your other copyrighted works over the past five (5) years.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that this request is overly broad and unduly burdensome.

**Request for Production 10:** For each of the Copyright-in-Suit, documents and communications sufficient to show any and all income You have received from cease-and-desist efforts, threatening lawsuits, and filing lawsuits, including settlements, related to the Copyright-in-Suit over the past three (3) years.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that this request is overly broad and unduly burdensome.  Such information is not kept by Plaintiff in the ordinary course of business.

**Request for Production 11:**  All documents and communications related to any and all places You have shared, displayed, distributed, sold, or offered for sale the Films and Your other copyrighted works on any location, platform, media, or environment.

**Response:** Plaintiff's Films are only distributed with consent on its own website.  No such documents exist responsive to this request.

**Request for Production 12:** All documents and communications relevant to any financial losses that You claim resulted from any alleged infringement or impermissible use of the Films and Your other copyrighted works.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff seeks solely statutory damages.  As such any sustained actual damages are irrelevant.

**Request for Production 13:** All documents and communications relevant to any financial losses that You claim resulted from Doe's alleged infringement of the Films.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff seeks solely statutory damages.  As such any sustained actual damages are irrelevant.

**Request for Production 14:** All documents and communications relevant to any reputational losses or loss of goodwill that You claim result from any alleged infringement or impermissible use of the Films, including but not limited to Doe's alleged infringement.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff has not alleged any reputational loss or loss of goodwill in its Amended Complaint.

**Request for Production 15:** All documents and communications relevant to Your discovery and monitoring of online uses of the Films, including but not limited to Your use of software and/or entities to monitor and discover online uses of the Films.

**Response:** Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 16:** All documents and communications relevant to any permission You have granted to any individual or organization to use the Films without monetary compensation.

**Response:** No such documents exist.

**Request for Production 17:** All communications and documents relating to Your employment of or contracting with individuals or entities to investigate, develop, implement, maintain, or consult on the security of your websites.

**Response:**  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 18**: All communications and documents relating to Your employment of or contracting with individuals or entities to monitor, discover, investigate, or consult on any unauthorized reproduction of hard copies or digital copies of the Films and Your other copyrighted works.

**Response**:  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 19**: All communications and documents relating to Your employment of or contracting with individuals or entities to create, develop, implement, maintain, or consult on any technological securities, safeguards, protective measures, or mechanisms to identify, prevent, discourage, cease, or curtail online infringement of the Films and Your other copyrighted works.

**Response:**  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be

formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 20**: All communications and documents relating to any efforts You have taken to identify, prevent, discourage, cease, or curtail the online unauthorized reproduction of the Films and Your other copyrighted works.

**Response:**  Plaintiff objects on the basis that this request is overly broad and unduly burdensome.

**Request for Production 21**: All communications and documents relating to any media access control ("MAC") addresses related to the IP address 70.121.72.191.

**Response:**  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 22**: All communications and documents relating to Your investigation of Doe based on the IP address designated on Exhibit A of Plaintiff's Complaint, including but not limited to any investigation(s) performed by IPP International UG ("IPP") or Computer Forensics, LLC.

**Response:**  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 23:** All documents and communications related to Your allegation that Defendant willfully infringed the Copyrights-in-Suit.

**Response:**  Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be

formed.  *See* Fed. R. Civ. P. 26(b)(4)(C).  And, all investigators were hired in anticipation of litigation.

**Request for Production 24:** All communications and agreements with persons or entities having a financial interest in the Copyrights-in-Suit, Films, or this litigation.

**Response:**  Ms. Colette Pelissier is the sole owner of Malibu Media, LLC and Malibu Media, LLC is the sole owner of the Copyrights-In-Suit and Films.  There are no agreements or communications responsive hereto.

**Request for Production 25:** All documents sufficient to show any display or direct or indirect distribution of the Films.

**Response:**  Plaintiff objects on the basis that this request is overly broad and unduly burdensome. Plaintiff avers that its Films are available on its own streaming site.

**Request for Production 26:** All documents and communications regarding any sale, offer for sale, assignment, or licensing of the Copyrights-in-Suit.

**Response:**  Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 27:** All documents and communications regarding any offer to purchase or license the Copyrights-in-Suit.

**Response:**  Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 28:** All communications and agreements with any third parties involved in investigating Your assertion of infringement against Doe, including but not limited to IPP and Computer Forensics, LLC.

**Response:**  Plaintiff does not have sufficient information in its possession, custody or control to answer this request.   IPP International   UG recorded   the infringement.  Therefore, this request should be directed to IPP.  Plaintiff objects on the

basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C). All consulting experts were hired in anticipation of litigation.

**Request for Production 29:** All documents regarding Your dispute with Genova Capital and Warmblood Inc.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 30:** All communications with Genova Capital and Warmblood Inc. related to Your enforcement of the Copyrights-in-Suit or any other copyrights.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 31:** All documents that You claim evidence infringement by Doe or are otherwise related to Doe's alleged infringement.

**Response:** The subpoena response providing John Doe's IP address and his ISP naming him and his address as the location from which the infringements originated. Plaintiff will provide a copy of this document.

**Request for Production 32:** All documents and communications related to IPP's alleged interactions with and investigation of IP address 70.121.72.191.

**Response:** Plaintiff does not have sufficient information in its possession, custody or control to answer this request. IPP International UG recorded the infringement. Therefore, this request should be directed to IPP. Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed.

R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C). All consulting experts were hired in anticipation of litigation. Also this is protected, work product and we will share more as requested by the judge. The infringer has been proven to have downloaded to his home IP address Malibu Media's films. When he could have simply joined the website for $30.

**Request for Production 32:** All documents and communications regarding Computer Forensics, LLC's alleged interactions with and investigation of IP address 70.121.72.191.

**Response:**  Plaintiff does not have sufficient information in its possession, custody or control to answer this request.  IPP International UG recorded the infringement and Computer Forensics, LLC simply tested IPP International UG's software to verify it works as provided for in relevant declarations.  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C). All consulting experts were hired in anticipation of litigation. Also, information is privileged.

**Request for Production 33:** All documents and communications regarding any data or files Malibu, IPP, Computer Forensics, or any other employee, agent, or affiliate of Malibu accessed or attempted to access from any computer network, computer device, or computer system associated with IP address 70.121.72.191.

**Response:**  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C). All consulting experts were hired in anticipation of litigation. And information is privileged.

**Request for Production 34:** All documents and communications regarding Malibu's decision to investigate of IP address 70.121.72.191 for any alleged infringement of the Copyrights-in-Suit.

**Response:**  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C).  All consulting experts were hired in anticipation of litigation.

**Request for Production 35**: All documents and communications between Malibu employees, staff, or agents related to Malibu's understanding of BitTorrent.

**Response:**  To the best of Malibu Media, LLC's knowledge, no such documents exist.

**Request for Production 36**: All documents and communications between Malibu and any third-party consultant or independent contractor related to Malibu's understanding of BitTorrent.

**Response:**  To the best of Malibu Media, LLC's knowledge, no such documents exist.  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C).  All consulting experts were hired in anticipation of litigation.

**Request for Production 37**: All documents and communications between Malibu employees related to the availability or other presence of the Films or other Malibu copyrighted works on BitTorrent.

**Response:** No such documents exist.

**Request for Production 38**: All documents and communications regarding Malibu's decision to monitor and investigate BitTorrent for infringing uses of the Films or other works Malibu purports to own.

**Response:**  No such documents exist.

**Request for Production 39**: All communications between Malibu and any third-party consultant or independent contractor related to the availability of the Films or other Malibu copyrighted works on BitTorrent.

**Response:**  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C).  All consulting experts were hired in anticipation of litigation.

**Request for Production 40**: All documents and communications describing Malibu's understanding of access to open, public, and/or unsecured wireless networks.

**Response:**  Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff has hired and retained an expert to with this understanding.

**Request for Production 41**: All documents and communications describing Malibu's understanding of access to closed, private, and/or secured wireless networks.

**Response:**  To the best of Malibu Media, LLC's knowledge, no such documents exist

**Request for Production 42**: All affidavits or sworn statements Malibu has submitted to a court of competent jurisdiction in the past seven (7) years, and all communications related to the same.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that obtaining these public documents, which Defendant can access via PACER, is unduly burdensome.

**Request for Production 43**: All documents and communications related to Malibu's decision to retain, hire, or contract with IPP for investigation of alleged infringements of Malibu's works.

**Response:** Plaintiff is not in possession of any such documents.

**Request for Production 44**: All documents and communications related to Malibu's decision to retain, hire, or contract with Computer Forensics, LLC for investigation of alleged infringements of Malibu's works.

**Response:** Plaintiff is not in possession of any such documents.

**Request for Production 45**: All documents and communications sufficient to identify any third-party, other than IPP or Computer Forensics, LLC, that Malibu retained, hired, or contracted with in the past seven (7) years to monitor, discover, or investigate alleged infringements of Malibu's works.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 46**: Documents and communications sufficient to identify any amounts Malibu paid over the past five (5) years to IPP, Computer Forensics, LLC, or any other third-party that Malibu retained, hired, or contracted with to monitor, discover, or investigate alleged infringements of Malibu's works.

**Response:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Request for Production 47**: All documents and communications related to Malibu's knowledge or awareness of the accuracy or inaccuracy of using IP address-based methods to identify alleged infringers.

**Response:** Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C). All consulting experts were hired in anticipation of litigation.

**Request for Production 48**: All documents and communications sufficient to show the corporate structure of Malibu.

**Response:** Plaintiff will produce the applicable documents, which consist of the company operating agreement.

**Request for Production 49**: All documents and communications sufficient to identify the officers and employees of Malibu responsible for making decisions related to enforcement of Malibu's copyrights.

**Response:** Plaintiff will produce the applicable documents, which consist of the company operating agreement.

**Request for Production 50**: All documents and communications showing any policy, practice, or custom You have implemented and maintained related to policing and preventing infringement of Your copyrighted works online.

**Response:** To the best of Plaintiff's knowledge, no such documents or communications exist.

**Request for Production 51**: All documents and communications identifying any policy, practice, or custom You have implemented and maintained related to enforcing the Copyrights-in-Suit or other copyrights You claim to own.

**Response:** To the best of Plaintiff's knowledge, no such documents or communications exist.

**Request for Production 52**: All documents and communications identifying any and all times Malibu has filed a lawsuit for copyright infringement against a John Doe defendant who Malibu learned it mistakenly identified as the alleged infringer.

**Response:**  Plaintiff objects on the basis that this request is overly broad and unduly burdensome. Plaintiff avers that it welcomes and considers all exculpatory information provided by defendants alleged to have infringed its copyrights and will promptly dismiss any suit found to have been filed against a defendant later determined not to be the actual infringer.

**Request for Production 53:** All documents and communications referenced in any response You provide to Defendant's Interrogatories.

**Response:**  Plaintiff will provide all documents and things as set forth herein.

**Request for Production 54:** All documents and communications that You intend to rely upon at trial to support your allegations and claims.

**Response:**  Plaintiff objects on the basis that responsive information is protected by the privilege against disclosure of consulting expert work product and contain information protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ. P. 26(b)(4)(C). Plaintiff objects on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, and the request is so broad that a privilege log may not be formed. *See* Fed. R. Civ.P. 26(b)(4)(C).  All consulting experts were hired in anticipation of litigation.

Dated: May 28, 2020                            Respectfully submitted,

                                               By: /s/ Paul S. Beik
                                               PAUL S. BEIK
                                               Texas Bar No. 24054444
                                               BEIK LAW FIRM, PLLC
                                               8100 Washington Ave., Suite 1000
                                               Houston, TX 77007
                                               T: 713-869-6975

14

F: 713-868-2262

E-mail: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2020, the foregoing was served via email to the following

counsel of record:

JT Morris Texas
jt@jtmorrislaw.com
Ramzi Khazen
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701

By: /s/ Paul S. Beik

PAUL S. BEIK

15

Exhibit F

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

MALIBU MEDIA, LLC,

               Plaintiff,

v.

JOHN DOE,

               Defendant.

**CASE NO. 5:19-cv-00834-DAE**

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant's First Set of Interrogatories served April 9, 2020, as follows:

## GENERAL STATEMENT

1. By responding to any request, Plaintiff does not concede the materiality of the subject to which they refer.  Plaintiff's responses are made expressly subject to and without waiting or intending to waive any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, or any of the documents or information produced, or of the subject matter thereof, in any proceeding, including the trial of this action or any subsequent proceeding.

2. Plaintiff objects to these Interrogatories to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute

a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any or the document, or its subject matter, or the information contained therein, or of the defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendant objects in the entirety to any request for information or production from entities not represented by Paul Beik or the Beik Law Firm, PLLC in this specific action.

5. Plaintiff is continuing to search for information responsive to Defendant's requests and therefore reserves the right to supplement the response to each request with additional information, if and when such information becomes available to Plaintiff's counsel.  Plaintiff also reserves the right to object to the future disclosure of any such information.

1. Separately for each of the Copyrights In Suit, describe in detail all factual and legal bases for Your contention that Doe committed infringement in violation of 17 U.S.C. § 501, including, without limitation, detailed identification and evidence of any specific alleged acts of infringement, any basis for alleging or evidence that any alleged act of infringement was committed by Doe, and the specific nature and extent of any such infringement.

**Response** – the Amended Complaint sets forth the legal and factual basis for bringing the instant suit against Defendant. Plaintiff otherwise objects to this discovery request on the grounds responsive information is protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules, including that they seek the mental impression of counsel and consulting experts, and the request is so broad that a privilege log may not be formed.  See Fed. R. Civ. P. 26(b).

2. Separately for each alleged act of infringement, describe in detail all factual and legal bases for Your contention that You have been harmed or are entitled to recover based on said acts,

including, without limitation, any monetary losses suffered as a result of the alleged infringement(s); any lost profits or revenues suffered as a result of Defendant's alleged infringement; any lost customer subscriptions; and an identification of any Documents that support your contentions.

**Response –** Plaintiff's Amended Complaint sets for the legal and statutory grounds for which Plaintiff seeks statutory damages.  Plaintiff does not allege, and indeed, does not need to allege, any specific loss of revenue or profits in order to seek statutory damages.

3. Separately for each of works underlying the Copyrights-in-Suit, state the basis for Your claim of ownership of the copyright in the work.

**Response –** Plaintiff's claim of ownership is based on the certificates of registration, which are being made available to Defendant.

4. Separately for each of the Copyrights-in-Suit, describe the market value for the underlying work, including but not limited to any evidence of market value; sales and subscription revenue that is attributable to the work; requests to license the underlying work; and any licensing fees attributable to the work.

**Response –** Plaintiff objects to this interrogatory on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.  Plaintiff avers that copyright infringement is a strict liability offense and statutory damages are available under the Copyright Act.

5. Separately for each of the Copyrights-in-Suit, identify all demands or assertions of infringement involving the Copyright-in-Suit and the outcome of the assertion, including, without limitation, any demand letters or lawsuits in which You have asserted the Copyright In suit was infringed, and the status or disposition of any lawsuit (including dismissals, settlements, licenses,

damages, judgments, and injunctions).

**Response -** Plaintiff objects to this interrogatory on the basis that it seeks information outside of the instant action that is neither relevant nor likely to lead to the discovery of admissible information.  Plaintiff further objects on the basis that the information requested is unduly burdensome and overly broad.

6. Separately for each of the Copyrights-in-Suit, identify any income generated or damages awarded in whole or in part from Your assertions of infringement in the Copyright through both demand letters and lawsuits, including without limitation, (a) any recoveries, settlements, or payments received as a result of assertions of infringement involving any of the Copyrights In Suit; and (b) the amount of payments or other income generated in whole or in part by any of the Copyrights In Suit (including any settlements, recovery, or potential settlement or recovery from any other suit in which any Copyright in Suit had been or is asserted); (c) licenses or other agreements concerning the use of the Copyrights in Suit; and (d) any non-commercial or royalty-free usages of the Copyrights in Suit.

**Response -** Plaintiff objects to this interrogatory on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.  Plaintiff further objects on the basis that the information requested is unduly burdensome and overly broad.

7. For each of the Films, identify in detail for the past three (3) years each location, platform, media, or environment in which You have, directly or indirectly, posted, displayed, distributed, made available for distribution, reproduced, offered for sale, or offered for license the Film.

**Response –** Films are only available with consent on X-Art.com

8. State all factual and legal bases for Your contention that Defendant's alleged

infringement was willful within the meaning of 17 U.S.C. § 504.

**Response** – Plaintiff's factual and legal bases are contained within the Amended Complaint.

9. Identify all persons, parties, and entities with a financial interest in this litigation and describe the financial interest in detail, including identification of all relevant witnesses and agreements with said parties, persons, and entities.

**Response** – Plaintiff's counsel, Malibu Media, LLC, and its sole owner, Colette Pelissier, have financial interests. The engagement agreement between counsel and Plaintiff is protected by attorney-client privilege.

10. Identify all persons, parties, and entities involved in the monitoring, discovery, and investigation of the alleged infringement in this case. Your answer should include the start date of Your relationship with the person, party, or entity; the length and nature of Your relationship with the person, party or entity; and sufficient contact information for each person, party, or entity.

**Response** – IPP International UG.  Contact information will be provided to counsel.

11. Describe in detail any policy, practice, or custom You have implemented and maintained related to enforcement of the Copyrights-in-Suit or Your other copyrighted works.

**Response** – Plaintiff enforces its copyrights against blatant infringers.  There is no established policy, practice or custom in place.  Plaintiff reviews evidence provided by its investigator, IPP, prior to bringing suit against any infringer.

12. Describe in detail any policy, practice, or custom You have implemented and maintained related to protecting Your copyrighted works from infringement including but not limited to methods and tools used to detect, discourage, and prevent infringement.

**Response -** Plaintiff protects its films by filing federal copyright registration applications.  IPP recorded the infringements of those films.  Any request related to the methods and tools should be directed to IPP.

13. Describe all times You, Your agents, Your representatives, or other affiliated party or person accessed or attempted to access any computer network, device, or system associated with IP address 70.121.72.191.  Your answer should include the date and time of such access or attempted access, the person(s) involved, the purpose of accessing or attempting to access the network, and any data or documents accessed, copied, or received during any access.

**Response -** Plaintiff does not have sufficient information in its possession, custody or control to answer this interrogatory.  IPP recorded the infringement.  Therefore, this request should be directed to IPP.

14. Describe in detail all factual basis for your contention that Defendant Doe "is a habitual and persistent BitTorrent user."

**Response –** Defendant's IP address was captured downloading numerous Films over a period of extended time.  This constitutes a habitual infringer.  Defendant is the owner of the IP address.  Evidence of this will be provided by IPP International UG.

15. Describe in detail all factual basis for your contention that "IPP connected, over a course of time, with Defendant who was using [IP address 70.121.72.191]. . . ."

**Response –** IPP International, UG captured, recorded and verified the connection.  They are in possession of the evidence establishing such.

16. Identify each Person who participated in or supplied information used in answering any of Defendant's interrogatories, and for each such Person, identify the number of the interrogatory that the Person participated in answering or supplied information in support of.

**Response** – Colette Pelissier and counsel.

Dated: May 28, 2020                    Respectfully submitted,

                                       By: /s/ Paul S. Beik
                                       PAUL S. BEIK
                                       Texas Bar No. 24054444
                                       S.D. Tex. ID No. 642213
                                       BEIK LAW FIRM, PLLC
                                       8100 Washington Ave., Suite 1000
                                       Houston, TX 77007
                                       T: 713-869-6975
                                       F: 713-868-2262
                                       E-mail: paul@beiklaw.com

                                       **ATTORNEY FOR PLAINTIFF**


                        **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on May 28, 2020, the foregoing was served via email to the following

counsel of record:

    JT Morris Texas
    jt@jtmorrislaw.com
    Ramzi Khazen
    ramzi@jtmorrislaw.com
    JT Morris Law, PLLC
    1105 Nueces Street, Suite B
    Austin, Texas 78701

                                       By: /s/ Paul S. Beik
                                       PAUL S. BEIK

# JT MORRIS LAW
## PLLC

**Ramzi Khazen** | Of Counsel
ramzi@jtmorrislaw.com

1105 Nueces Street, Suite B, Austin, Texas 78701 | 512-717-5275

June 4, 2020

VIA E-MAIL

Paul S. Beik
8100 Washington Ave., Suite 1000
Houston TX 77007
paul@beiklaw.com

**RE:** *Malibu Media v. John Doe,* Case No. 5:19-cv-00834 (W.D. Tex.)

Dear Paul:

I am writing regarding Malibu's deficient interrogatory responses and document production responses. As a general matter, Malibu's discovery responses are severely lacking. There is no excuse for this after we provided you with two extensions of time to serve your responses.

Please supplement your responses as soon as possible and no later than June 15, 2020. If you would like to discuss or are unwilling to produce the requested discovery, please advise as to your availability to meet and confer.

## Malibu Deficient Interrogatory Responses

**Interrogatory No. 1.** Malibu's reference to its pleadings fails to provide any "factual and legal bases" for Malibu's infringement contentions. Malibu pleads only copying of "constituent elements" of its alleged works, without defining them or how they leally pertain to a copyrighted work. Malibu fails to address any cognizable act of infringement under the copyright code in fact or in law.

If the Amended Complaint is all Malibu intends to rely upon at trial, state this. Otherwise, please provide a full response.

**Interrogatory No. 2,** Malibu's reference to its complaint as seeking statutory damages fails to respond regarding "all factual and legal bases" for its contentions regarding alleged harm to Malibu or entitlement to recovery. Even as Malibu concedes that it is unable to articulate any theory by which it may have suffered harm, it pleads only that "constituent elements" of the relevant works were transferred and fails to explain how uploading these "elements" may form a basis for a claim of statuory damages. Similarly, Malibu has failed state any claim as to why statutory damages, if any, should not be limited to the minimum allowed by law.

What is more, the Western District of Texas considers a number of factors when assessing statutory damages, including the value of the copyright and the losses sustained by the plaintiff. *Adobe Sys. v. SKH Sys.*, No. A-17-CA-018-SS, 2017 U.S. Dist. LEXIS 212321, at *20 (W.D. Tex. Dec. 27, 2017). And Malibu's alleged harm is also relevant to Doe's pending counterclaim for abuse of process and his defenses of copyright misuse, excessive damages, estoppel, unclean hands, and fair use.

In short, details about alleged losses, including lost revenue and subcriptions, are relevant to the claims and defenses here. Please supplement your response.

**Interrogatory No. 3**.  Malibu responds that its claim of ownership is "based on the certificates of registration."  As Malibu should know, a certificate of registration is distinct from ownership.  Ownership is defined according to Chapter 2 of the Copyright Act.  Chapter 4 is distinct and pertains to registrations.  Please supplement your response.

**Interrogatory No. 4**.  Malibu refuses to provide any response regarding the market value of its alleged works, ostensibly because copyright infringement is a "strict liability offense."  This misstates the law.  The claim of infringement and Doe's infringement-related defenses are dependent on the market and market value of the alleged works as enumerated in 17 U.S.C. §107.

Moreover, the significant award of statutory damages sought in the complaint can hardly be based on a work with no market and no claim or theory of value. As we explain above, a work's market value is relevant to statutory damages. And again, it is also relevant to Doe's abuse of process counterclaim and his affirmative defenses of copyright misuse, excessive damages, estoppel, unclean hands, and fair use. Please supplement your response.

**Interrogatory Nos.  5 and 6**.  Doe seeks information related to Malibu's other assertions of infringement and income/damages related to the asserted works.  Once again, this information is relevant to infringement and damages, in addition to Doe's abuse of process counterclaims and unclean hands and other equitable defenses and considerations surrounding the asserted works. Malibu responds only with boilerplate objections of relevancy and undue burden, despite their centrality to the case. Please supplement your response.

**Interrogatory No. 7**.  Doe seeks discovery regarding Malibu's direct or indirect use, distribution, and licensing of the film. Malibu's response that its alleged content is only available with consent at X-Art.com is inadequate, since the interrogatory is not limited to "availability with consent."  And even this qualified answer does not appear to be complete or correct given the uses by Malibu's consultants alleged in the complaint.

Please be prepared during our meet-and-confer to address the deficient response, as well as whether Malibu is inappropriately blocking relevant discovery related to its hired consultants.

**Interrogatory No. 8**. With respect to Interrogatory No. 8 regarding Malibu's allegation of willfulness, Malibu provides no answer, referring only to its complaint.  But the complaint fails to address willful infringement. Please supplement your response.

**Interrogatory No. 10**.  Malibu responds only that certain parties have financial interests, but fails to provide any information on what those interests are, or what persons or entities carry a financial interest in the named entity. The identify of those individuals and their financial interests are relvent to Doe's equitable defenses and his abuse of process counterclaim. Please supplement your response to include the information requested.

**Interrogatory Nos. 11-15**. Malibu responds regarding its enforcement policies, customs, and practices that it enforces against "blatant" infringement, and reviews evidence from IPP. Given the thousands of lawsuits levied by Malibu, the response that Malibu has no practices related to enforcement or that filing registrations constitutes the sum of its copyright protection practices is obviously deficient.

Malibu's response to Interrogatory 12 also redirects to IPP.  That Malibu's response regarding "methods and tools" is to refer Doe to IPP is remarkable since IPP are Malibu's hired consultants upon which Malibu's entire case is ostensibly based.  This information is in Malibu's control.  And if Malibu is testifying that it is ignorant of IPP's "methods and tools," that is an admission that Malibu lacked a legal or informed basis on which to file this suit and ask the Court for a subpoena to Doe's ISP. We will pursue Rule 11 sanctions immediately if Malibu's continues to take this position.

Malibu should similarly be able to discuss its response to Interrogatory 13 regarding accessing the computer networks of others.  Merely claiming ignorance of the alleged act that is the basis of Malibu's entire case and directing Doe to IPP is inappropriate and concerning for at least the reasons stated above, including that these acts are illegal in Texas. Interrogatories 14 and 15 similarly redirect Doe to Malibu's consultants regarding the central allegations of the case.

Malibu has control over the information from IPP and and its other consultants, as evidenced by the affidaivts Malibu filed in its motion to subpoena Doe's ISP. There is no justification for withholding the information requested in these interrogatories. Please supplement your response accordingly.

_____

Malibu's objections to interrogatories are also inappropriate.  For example, Malibu purports to object to production from entities "not represented by Paul Beik or the Beik Law Firm in this specific action."  Please explain what authority, if any, Malibu purports to justify its objection, and the entities to which Malibu is referring, including whether it is shielding documents held by IPP or any of its other consultants on this basis.  The Federal Rules are clear that Malibu must produce the requested, relevant information that is within its possession, custody, or control. Withholding such information based whether an entity is represented by a particular law firm is innappropriate, and Malibu must withdraw this objection.

**Malibu Deficient Requests for Production Responses**

Malibu responds with boilerplate objections and bare statements denying production for reasons that have no basis in the Federal Rules or otherwise.  Malibu's responses suggest that it is not taking its discovery obligations seriously.  Among the examples:

- RFP 2: Malibu refuses to produce any evidence that it owns the asserted works because "The copyright registrations are proof of ownership."  This misstates the law, as shown above.

- RFP 3: Malibu claims it uses legal methods of enforcement, but admits it will not produce the vast majority of takedown notices it claims to have made because it would supposedly be too burdensome to do so.

- RFP 5 through 9: Malibu outright refuses to provide any evidence regarding income from the copyrights at issue, either from its website or through enforcement efforts and actions. As explained above, the ostensible market value and commercial nature of the asserted works are central issues to the claims and defenses in this case. Malibu cannot withhold this information.

- RFP 11: Malibu provides only a qualified answer regarding its own distribution of the asserted works, as addressed above with respect to Interrogatory No. 7. Malibu does not even agree to provide copies of its website, let alone any other locations.

- RFP 12-14: Malibu refuses to produce any information on financial or reputational losses incurred as a result of the alleged infringement. But as explained, this is highly relevant to the claims and defenses in this case.

- RFP 20: Malibu apparently is refusing to produce documents relating to efforts Malibu has made to discourage unauthorized reproduction. This information is relevant to Doe's abuse of process counterclaims and equitable defenses.

- RFP 24: Malibu agains refuses to provide information about financial interests in this litigation, just like with Interrogatory 10.

- RFP 26:  Malibu is refusing to provide information regarding licenses or offers to license the asserted works or even whether the works have been assigned. This is central to Malibu's claims as well as Doe's abuse of process claim and his equitable defenses.

- Malibu makes at least **twenty** unfounded claims of privilege to shield documents related to the central allegations of its complaint, claiming that any information shared with IPP or other consultants is privileged, and then further even refuses to produce a privilege log.  Malibu's claims of a common privilege and anticipation of litigation against entities unknown to it are dubious at best, and, in any event, are

4

waived given that Malibu shared bits and pieces of this information as the basis for its complaint and its motion

Malibu also refuses to proiduce *any* documentary evidence to support its bogus claim of willful infringement on the basis of privilege.

Malibu even refuses to produce raw technical information central to its infringement claim such as information related to the MAC address of the computer connected to the internet using the accused IP address. Raw information is not privileged, and Malibu must produce it.

Doe has the right to test the veracity of the claims that ostensibly subjected him/her to a lawsuit.  Doe also has the right to investigate whether Malibu or anyone it paid seeded the internet with the asserted works. And Doe has the right to investigate how, according to the allegations in Malibu's complaint, Malibu paid and induced others to access his/her computer for an illegal purpose in violation of Texas law. Malibu cannot refuse to produce this information behind unjustified claims of privilege and work product.

—————

This letter intended to address certain of Malibu's pressing deficiencies. It should not be treated as exhaustive and is not intended to imply that any unaddressed response is adequate.

Again, Malibu's responses overall show disregard for its discovery obligations under the Federal Rules. Within 14 days of this letter, please serve supplemental responses or state that Malibu will not do so. If you wish to meet-and-confer on any of the issues raised above, we are happy to do so. But if Malibu does not cure its discovery deficienes without delay, will we ask the Court to compel and seek any other relief available.

I look forward to speaking with you.

Regards,

Ramzi Khazen

5