UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.5:19-cv-00834-DAE |
| v. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**

Plaintiff, Malibu Media, LLC ("Malibu Media"), files this Motion for Leave to File Answer Out of Time. A copy of Plaintiff's Answer to Defendant's Counterclaims is attached hereto as Exhibit A.

**I.     INTRODUCTION**

Malibu Media sued Defendant for direct copyright infringement of its copyrighted films (Dkt. 1). Defendant filed an Answer denying Malbu Media's claims along with three counterclaims (Dkt. 14). Thereafter, Malibu Media filed a Motion to Strike Affirmative Defenses and Motion to Dismiss Defendant's Counterclaims (Dkt. 16 and 17). This Court denied both Motions on April 9, 2020 (Dkt. 28). The denial of Plaintiff's Motion to Dismiss started the clock on the filing of an answer to same. Unfortunately, due to the sudden work from home directive resulting from the explosion of COVID-19, and the resulting confusion and uncertainty associated therewith, Plaintiff and Plaintiff's counsel's support staff and docketing paralegal inadvertently did not calendar this deadline. Of course, Plaintiff evidenced a firm desire to defend against the counterclaims as proven by its filing of its Motion to Dismiss Defendant's Counterclaims.

Federal Rule of Civil Procedure 6(b) (1)(B) provides that a district court may extend a deadline for good cause if the party seeking an extension failed to meet the original deadline because of "excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). District courts have "broad discretion" to grant or deny extensions. *Salts v. Epps,* 676 F.3d 468, 474 (5th Cir.2012). The Fifth Circuit has noted a number of factors courts may consider in determining whether a party has demonstrated "excusable neglect," including "(1) the possibility of prejudice to other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within control of the movant, and (4) whether the movant has acted in good faith." *Id.* (quoting Wright & Miller, *Federal Practice and Procedure* § 1165); *See Van Steenburg v. Hageman*, No. SA:14-CV-976-DAE, 2015 WL 1509940, at *6 (W.D. Tex. Mar. 31, 2015).

Here, Plaintiff's Motion to Dismiss Defendant's Counterclaims was denied on April 9, 2020 (Dkt. 17). As such, Plaintiff's Answer to the counterclaims would have been due April 23, 2020 pursuant to Federal Rule of Civil Procedure 12(a)(4). Fed.R.Civ.P. 12(a)(4). Thus, only three months have passed since this deadline, during which time both parties have actively participated in litigating this case. Given that discovery remains open and ongoing, and the relatively short period of time that has elapsed, minimal, if any, prejudice will befall Defendant if Plaintiff is permitted to answer the counterclaims. Thus, the first two factors should be resolved in favor of Plaintiff. With respect to the third and fourth factors, the disjointed workforce, coupled with the additional stresses and confusion caused by COVID-19, are justifiable reasons for the delay. At all times, Plaintiff maintained an intent to defend the counterclaims and as such, its delay in filing an answer to same was not done intentionally. Thus, the third and fourth factors should also be resolved in favor of Plaintiff.

While the effect of failing to answer the allegations of a counterclaim are that the allegations are deemed admitted under Fed. R. Civ. P. 8(b)(6), "the purpose of this rule is 'to avoid unfair surprise by the party who failed to file a responsive pleading.'" *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 203 (5th Cir. 2018) *quoting Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 436 (5th Cir. 1987). The Fifth Circuit repeatedly has made clear that it prefers to resolve matters on the merits and that the "rules of procedure are tools to facilitate the smooth and expeditious litigation of cases; they are not intended as weapons to be used by one party to undermine and destroy an opponent." *Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, No. SA-14- CA-0804-FB, 2015 U.S. Dist. LEXIS 194068, at *12 (W.D. Tex. Nov. 16, 2015). In this vein, the Fifth Circuit has held that motions, such as a motion to dismiss, "while not a pleading responsive to a complaint, g[ive] ... plain notice that the [allegation] was a matter to be litigated....[and] failure to file an answer, therefore, ha[s] no effect on the rights of [the party]." *Campbell*, 744 F. App'x at 203. With this in mind, and acknowledging that Defendant has recently filed a Motion for Summary Judgement on the basis that Plaintiff's failure to answer the counterclaims constitutes an admission, will result in allowing Defendant to use the rules of procedure to undermine the actual litigation of the issues at hand, which Plaintiff has every intent of defending.

## II.     CONCLUSION

For the good cause shown above, so that justice may be done and not for purposes of delay alone, Malibu Media respectfully requests that the Court grant it leave to file its Answer to Defendant's counterclaims in this lawsuit, as attached hereto as Exhibit A.

Dated: July 31, 2020                                        Respectfully submitted,

                                                            By: /s/ Paul S. Beik
                                                            PAUL S. BEIK

3

Texas Bar No. 24054444  
S.D. Tex. ID No. 642213  
BEIK LAW FIRM, PLLC  
8100 Washington Ave., Suite 1000  
Houston, TX 77007  
T: 713-869-6975  
F: 713-868-2262  
E-mail: paul@beiklaw.com  
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I conferred with Defendant's counsel, JT Morris, by phone on July 30, 2020 regarding Plaintiff's Motion for Leave to File Answer and the relief requested therein. Mr. Morris communicated that Defendant is opposed to the motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik  
PAUL S. BEIK