UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT JOHN DOE'S REPLY IN SUPPORT OF DOE'S MOTION TO COMPEL
AND FOR SANCTIONS**

Plaintiff Malibu Media, LLC ("Malibu") has produced no documents. And its response to Doe's motion to compel suggests Malibu does not intend to produce anything but a few handpicked files from its consultants, under a single category, at some undisclosed point in the future. Indeed, Malibu suggests that rather than produce information relevant to all claims and defenses, Malibu is choosing to produce only the information it wants to introduce at trial. Malibu's stance defies the discovery standard.

Doe cannot litigate this case on fair terms if Malibu does not meet its discovery obligations. For these reasons, the Court should grant Doe's motion and sanction Malibu for at least the fees and costs associated with Doe's Motion.

**I.    Statement on the proceedings.**

The parties are scheduling to meet to discuss the issues in Doe's motion and jointly advise the Court under the Court's July 29 order. [Dkt. 34]. Doe hopes the parties' discussion will obviate issues addressed in Doe's motion and this reply. Still, Doe files this reply in case there may be disagreements left for the Court's consideration.

**II.     The Court should order Malibu to provide discovery related to damages, revenues, licenses, and alleged market value of the asserted copyrights.**

Damages, income, market value, and licensing are relevant to statutory damages and underpin Doe's defenses and counterclaims like abuse of process, fair use, estoppel, *de minimis*, multiple recovery, and misuse. Malibu's response merely repeats its incorrect stance that statutory damages obviate any damages related discovery. [Dkt. 33 pp. 9-10]. In fact, Malibu never mentions the factors cited in the Motion that go into determining the **amount** of statutory damages, which relate to revenue and market value information. Nor does Malibu rebut that these topics are relevant to many of Doe's counterclaims or defenses.

On top of this, Malibu's response stated it would produce a subset of documents related to its revenues within seven days and "under a proper protective order." [Dkt. 33 p. 10]. It is the seventh day, and as of filing, Malibu has produced nothing. Nor has it proposed a protective order.

Moreover, even if Malibu does provide some revenue information, it is withholding license and other income information, and information about what (if any) market value its films have. Doe also has the right to discovery contextual information, such as the number of videos available on the site overall during the relevant periods. Malibu has not agreed to provide this information.

For these reasons, the Court should order Malibu to produce this information about damages, revenues, license, and alleged market value.

**III.    The Court should order Malibu to provide discovery about copyright ownership, authorship, and assignments.**

Malibu argues that it need not provide evidence about authorship, ownership, or assignment of the asserted copyrights because registration presumes ownership. [Dkt. 33 p. 10]. But Malibu fails to address the case law Doe cites explaining that copyright registration is merely clerical, making the presumption rebuttable and subject to discovery. [Dkt. 31 p. 6, citing *Sefton*

*v. Webbworld, Inc., Civil Action* No. 3:00-CV-0042- BC, 2001 U.S. Dist. LEXIS 10091, at *8 (N.D. Tex. July 16, 2001)]. Nor does Malibu explain why it refuses to state whether and how it or anyone else ever assigned Malibu's alleged copyrights. It cannot withhold this information because it bears directly on its standing as a plaintiff. That is why the Court should order Malibu to produce ownership and assignment information.

### IV. The Court should order Malibu to provide discovery about alleged willfulness.

Malibu does not explain its refusal to provide a basis for its willfulness contention. The Court should order Malibu to answer Doe's request for production and interrogatory about willfulness.

### V. The Court should order Malibu to provide discovery related to Malibu's infringement claims, including IPP and its methods and documents it relied on.

The bottom line is that Malibu relied on IPP to provide it information for both Malibu's complaint and its motion to subpoena Doe's ISP. In fact, it refers to IPP twice as its expert.[1] [Dkt. 33 pp 1, 3]. So Malibu cannot maintain that it does not have possession, custody, or control over documents underlying the core of its infringement allegations. Especially when Malibu admits that "each month for Malibu Media, IPP logged millions of transactions globally." [Dkt. 33 p 5]. The Court should refuse Malibu's claim that Doe has the burden of subpoenaing documents and information from a foreign company when Malibu has both the ability and the obligation to produce that information. [*See* Dkt. 33 p. 6].

Malibu focuses its arguments on IPP and infringement discovery on unsupported attorney argument about the technical nature of a "PCAP" (or packet capture) file. While this is meaningless

---

[1] Malibu failed to disclose Malibu as a testifying expert by the July 1, 2020 deadline. But this does not absolve Malibu from producing documents related to IPP over which Malibu has control.

3

on the merits,[2] it confirms Malibu has the information it refuses to produce. Indeed, Malibu argues at length about the nature of a PCAP file it agrees it must produce—but has instead withheld—as its defense against producing any additional files and information. Malibu cannot cite a single PCAP file because it has not produced one. Instead, it merely provides attorney argument about what this absent file **might** show as justification for producing nothing else.

But Malibu cannot unilaterally decide what information is relevant. Discovery is not limited to the documents that a party chooses to support its case, or a single file that Malibu's attorney claims to describe in the abstract as sufficient. To that end, Malibu cannot rely on IPP as a sword to provide only the information that Malibu will offer its support of its claim, but then use IPP's German residence as a shield for all the rest.

What is more, Malibu does not address the communications with IPP that are in its possession but over which it claims privilege. Doe served eighteen requests involving technical infringement issues and communications with IPP for which Malibu claimed "consulting expert work product" or privilege. [Dkt. 31-1, Morris Decl. Ex. E, at RFP Nos. 15, 17-19, 21-23, 28, 31-34, 36, 39-40, 46-47, and 54]. And Malibu has not served a privilege log for those documents. Malibu's silence on these issues shows its privilege claims are unfounded.

Finally, Malibu's claim that it cannot get information from IPP because of COVID-19 does not fit the circumstances of this case. Doe is mindful of the strain COVID-19 has placed on us all. But Malibu is a veteran of the federal courts, having boasted of filed "over 1,000" copyright infringement cases. [Dkt. 1 ¶ 6]. And it filed this lawsuit July 2019. So Malibu cannot credibly argue that it did not anticipate having to disclose documents and information related to its

---

[2] As Malibu knows, a PCAP file cannot prove infringement, because it cannot be verified and tested or prove the existence or sharing of a copyrighted work from a user or device. The PCAP file also cannot show whether Malibu or IPP seeded a file allegedly corresponding to a hash.

infringement claims, including that from its regular consultant IPP.

Malibu's other excuse also fails. It claims "communications from IPP which were originally sent to Plaintiff's counsel prior to the filing of this Complaint are in the possession of Plaintiff's prior national counsel, which has asserted a lien against such documents due to a fee dispute with Plaintiff." But if Malibu's counsel received those IPP communications before filing this case, presumably he would have preserved them knowing their likely relevance to Malibu's infringement claims. If Malibu's counsel did not preserve them, it is just another reason why the Court should sanction Malibu for its failure to produce documents and information related to infringement and IPPs role in this case.

For these reasons, the Court should order Malibu to produce discovery about the basis for Malibu's infringement claims, including documents and communications to and from IPP.

## VI.     Conclusion.

For these reasons and those in Doe's primary brief, Doe asks that the Court grant the Motion to Compel and for Sanctions.


Dated: July 31, 2020                                      Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
ramzi@jtmorris.law.com
jt@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2020 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

                                             /s/ JT Morris
                                             JT Morris