# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby files its Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. 32), and files this memorandum in support.

## I. INTRODUCTION

Defendant's Motion for Partial Summary Judgment should be denied. Defendant's arguments are based on a mere denial and impermissible speculation. Specifically, this action is still in the discovery phase and there are, as such, numerous disputed material facts such that a motion for summary judgment, by either party, is simply premature. Plaintiff, therefore, respectfully requests that the Court deny Defendant's Motion for Partial Summary Judgment.

## II. PROCEDRUAL HISTORY

Plaintiff sued Defendant for a single count of direct copyright infringement based on Defendant's use of the Internet and the BitTorrent file distribution network to download and distribute Plaintiff's copyrighted films. *See* Complaint Dkt 1.  Over a course of time, Plaintiff's consulting expert, IPP International UG ("IPP") captured and recorded Defendant's Internet

Protocol Address ("IP Address") downloading and redistributing one or more pieces of digital media files, which correlate to a copyrighted film owned by Plaintiff.  *Id.*  Plaintiff subsequently sought leave of Court to serve a third party subpoena prior to conducting a Rule 26(f) conference seeking the subscriber information associated with the subject IP Address captured infringing Plaintiff's works (Dkt. 5).  Defendant's Internet Service Provider, Spectrum, identified Defendant as the subscriber of the Internet service associated with the subject IP Address. Defendant filed an Answer with Affirmative Defenses and Counterclaims on December 19, 2019 (Dkt. 14).  Plaintiff thereafter filed a Motion to Strike Defendant's Affirmative Defenses and Motion to Dismiss Defendant's Counterclaims (Dkt. 16 and 17).   This Court denied both motions (Dkt. 28). Unfortunately, lost in the shuffle, which is partially attributed to a missed calendaring of the Answer date caused by staffing issues related to the COVID-19 pandemic, the deadline to file an Answer to Defendant's counterclaims was inadvertently missed.  That said, Defendant has not and will not be prejudiced if Plaintiff is permitted to file an Answer to these counterclaims out of time, and Plaintiff will be filing a Motion for Leave to File an Answer Out of Time contemporaneously with this Opposition.

Further, it should be noted that Defendant filed the instant motion for summary judgment before the close of discovery and before it fully responded to Plaintiff's outstanding discovery requests.  While recognizing, of course, that a Motion for Summary Judgment may be filed before the close of discovery, information needed to investigate relevant evidence of disputed issues of material fact remains solely in the possession of Defendant.  With a response date of August 28, 2020, which includes an extension of time for Defendant to respond, all material facts have not yet been discovered.  With discovery responses forthcoming, it is impossible to conclude that there are no material facts in dispute such that summary judgment is warranted.

## II. LEGAL STANDARD

### A.  Summary Judgment Standard

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) *quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 587-88 (1986); *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 190 (5th Cir. 2001) ( In making summary judgment determination, [d]oubts are to be resolved in favor of nonmoving party, and any reasonable inferences are to be drawn in favor of that party ); *Zala v. Trans Union, LLC*, No. Civ A. 3:99-CV-0399, 2001 WL 210693, at * 1 & n. 1 (N.D. Tex. Jan. 17, 2001) (same). A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Quorum Health*, 308 F.2d at 458 *citing Liberty Lobby*, 477 U.S. at 248.

### B.  Rule 8(b)(6) Admissions

While the effect of failing to answer the allegations of a counterclaim are that the allegations are deemed admitted under Fed. R. Civ. P. 8(b)(6), "the purpose of this rule is 'to avoid unfair surprise by the party who failed to file a responsive pleading.'" *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 203 (5th Cir. 2018) *quoting Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 436 (5th Cir. 1987). The Fifth Circuit repeatedly has made clear that it prefers to resolve matters on the merits and that the "rules of

procedure are tools to facilitate the smooth and expeditious litigation of cases; they are not intended as weapons to be used by one party to undermine and destroy an opponent." *Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, No. SA-14- CA-0804-FB, 2015 U.S. Dist. LEXIS 194068, at *12 (W.D. Tex. Nov. 16, 2015). In this vein, the Fifth Circuit has held that motions, such as a motion to dismiss, "while not a pleading responsive to a complaint, g[ive] ... plain notice that the [allegation] was a matter to be litigated....[and] failure to file an answer, therefore, ha[s] no effect on the rights of [the party]." *Campbell*, 744 F. App'x at 203. With this in mind, Defendant's contention that summary judgment should be granted on its counterclaims seeks to use the rules of procedure to undermine the actual litigation of the issues at hand, which Plaintiff has every intent of defending.

### III. ARGUMENT

With facts in dispute, discovery ongoing, and the Fifth Circuit's stated preference to decide matters on the merits, Defendant's argument for summary judgment on its counterclaims is simply premature. The facts claimed by Defendant to be undisputed are anything but. Plaintiff has clearly disputed the facts by filing a Motion to Dismiss and expressed its intent to litigate those issues.

Further, Defendant's conclusory statements that Plaintiff has misused its copyrights, directed IPP to conduct its investigation in any specific manner, which is has not and does not, is simply unfounded. Additionally, with Defendant's discovery responses outstanding, material facts clearly remain in dispute.

### A.   Declaratory Judgment of Non-Infringement

With discovery ongoing, and the adjudication of whether Defendant committed the copyright infringement alleged by Plaintiff outstanding, it is inappropriate to grant summary judgment for Defendant's counterclaim for a declaratory judgment of non-infringement, which

would effectively end Plaintiff's case.  Plaintiff has clearly evidenced its desire to litigate the infringement of its copyrights by the filing of the instant action.  The granting of summary judgment on its counterclaim for declaratory judgment of non-infringement, which merely restates the controversy set forth in the Complaint, would prevent Plaintiff the opportunity to fully adjudicate its claim. With the Fifth Circuit's stated preference to adjudicate matters on the merits, Plaintiff should be afforded the opportunity to litigate whether the Defendant did or did not infringe its copyrights.  The granting of summary judgment on this counterclaim would not allow Plaintiff that opportunity.  To this point, Defendant has done nothing other than allege he or she has not infringed Plaintiff's valuable copyrights.  Defendant's Motion for Partial Summary Judgment is rife with blanket denials of liability.  Yet, Defendant has not yet responded to Plaintiff's discovery requests on these precise issues.  Thus, material facts are clearly is dispute and summary judgment should not be granted.

### B.  Harmful Access to Computer Claim Under Texas Law

Defendant seeks to hold Plaintiff liable for violating Chapter 143 of the Texas Civil Practices and Remedies Code, which allows a civil cause of action by "a person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, ... if the conduct constituting the violation was committed knowingly or intentionally." Tex. Civ. Prac. & Rem.Code § 143.001(a). Defendant claims that IPP's capturing of Defendant's IP Address engaging in copyright infringement constitutes a violation of § 33.02(a) of the Texas Penal Code. Defendant has not demonstrated any "injury" as is required by § 143.001.  Since the BitTorrent network is not Defendant's computer, computer network or computer system, but rather a decentralized network to which Defendant joined to unlawfully download Plaintiff's works, it cannot be shown that Plaintiff or IPP violated the statute despite the broad interpretation advanced

by Defendant.   With material facts surrounding the computer network and access thereto outstanding, summary judgment is not warranted on this issue.

### C.  Abuse of Process

"To prevail on an abuse of process claim, [the plaintiff] must prove that 1) the defendant made an illegal, improper or perverted use of the process, 2) the defendant had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of the process, and 3) the plaintiff suffered damage as a result."  *Leader's Inst., LLC v. Jackson*, No. 3:14-CV-3572-B, 2017 U.S. Dist. LEXIS 193555 at *15 (N.D. Tex. Nov. 22, 2017).   Abuse means "that the process was properly issued, but later used for a purpose for which it was not intended."  *USHealth Grp., Inc. v. South*, No. 4:14-CV-757-A, 2015 U.S. Dist. LEXIS 69488 at *8 (N.D. Tex. May 29, 2015).  "To constitute an abuse of process, the process must be used to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do."  *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2015 U.S. Dist. LEXIS 135803 at *18 (N.D. Tex. Oct. 5, 2015).  "But when the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Id.* Plaintiff has not perverted any process and has no bad intentions; it merely filed a copyright infringement lawsuit to protect its copyrights and seek some redress for Defendant's multiple infringements.

There has been no abuse of process by Plaintiff in the instant matter.  All of Plaintiff's actions fall within regular and legitimate functions in relation to the cause of action stated in the Complaint.   Defendant's counterclaim fails to allege that the proceeding was perverted to accomplish an ulterior purpose for which it was not designed.  Defendant has pointed to no action by Plaintiff that was not proper in the normal context of the proceeding. The only actions taken by

Plaintiff in this case to date were: (1) filing a complaint against a Doe Defendant for infringement of its copyrighted audiovisual works; (2) seeking leave to obtain early discovery in order to identify the Doe Defendant; and (3) subpoenaing Defendant's ISP to obtain his identity pursuant to this Court's Order authorizing Plaintiff to do so.  None of these actions are improper in the normal context of the proceeding.

To the extent Defendant alleges that Plaintiff's ulterior purpose is to use this litigation as a means to extort money, Defendant's allegations are conclusory and not supported by any plausible facts.  *See* Counterclaim, pp. 14-17.  Defendant states, without any conceivable basis, that Plaintiff has attempted to "extract money from defendant/counterclaimant by leveraging the lawsuit as a form of public disparagement and humiliation." CM/ECF 14 p. 19 ¶ 123.  Yet, Defendant has not and cannot allege evidence of abuse or harassment in this case.  "Inasmuch as defendant[] ha[s] done nothing more than recite the elements of a cause of action for abuse of process along with legal conclusions, dismissal is appropriate."  *USHealth Grp., Inc. v. South* at 9-10.

Moreover, Defendant's allegations are further undermined by the fact that Plaintiff's policy is to not oppose a Defendant's request to proceed anonymously through close of discovery, which it has already agreed to in this case.  Defendant's allegations that Plaintiff leverages lawsuits "as a form of public disparagement" are not only conclusory, but they are simply not true.

With numerous material facts remaining outstanding on this issue, Defendant's motion for summary judgment on this issue should be denied.

## IX. CONCLUSION

The Court should deny Defendant's Motion for Partial Summary Judgment because Defendant has failed to meet its burden of establishing an absence of disputed material facts.  Specifically, there exist genuine issues of material fact as to whether Defendant committed the

underlying copyright infringement.  Further, with the Fifth Circuit's stated preference to resolve issues on the merits, and Plaintiff's clear intent to litigate Defendant's counterclaims despite a clerical oversight in calendaring an Answer date, material facts plainly exist.  For the forgoing reasons, Defendant is not entitled to partial summary judgment.

Dated: July 31, 2020                            Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK