UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MALIBU MEDIA, LLC,

Plaintiff,

vs.

JOHN DOE,

Defendant.

CIVIL ACTION NO. 5-19-CV-00834-DAE

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**

The Court should deny Plaintiff Malibu Media's ("Malibu") motion for leave to answer to Defendant John Doe's counterclaims more than three months after the deadline. Simply put, Malibu cannot show excusable neglect for its delay for three reasons:

*First*, Malibu provides no good reason for its delay. Courts routinely hold that calendaring errors do not support excusable neglect. And Malibu's activity in this District shows it had no "confusion and uncertainty" from any work changes with the COVID-19 pandemic.

*Second*, Malibu's conduct suggests dilatory motive. For instance, Malibu continues to refuse Doe even basic discovery. And Malibu did not serve any discovery requests until just recently, even though discovery opened over six months ago.

*Third*, Malibu's three-month delay is unjustified and is prejudicial to Doe. With the discovery period closing fast, Doe should not have to rush to assess the effect of a late answer on his counterclaims.

For these reasons, Doe asks that the Court deny Malibu's motion for leave.

I. **A brief history of this case.**

Malibu sued Doe in July 2019. [Dkt. 1]. After receiving notice of the lawsuit, Doe filed an answer and counterclaims. [Dkt. 14]. On April 9, 2020, the Court denied Malibu's 12(b)(6) motion to dismiss Doe's counterclaims. [Dkt. 28]. And so Rule 12(a)(4)(A) compelled Malibu to answer Doe's counterclaims by April 23.

But Malibu did not file an answer. Nor did it ask the Court for leave to file a late answer in the over three months after. In the meantime, Malibu:

1. Asked for two extensions to respond to Doe's discovery requests [Dkt. 31-1, Exs. C-D];

2. Then after getting those extensions, served deficient discovery responses forcing Doe to file a motion to compel [Dkt. 31 and 36];

3. Neglected to serve any discovery requests on Doe until July 24, six months after discovery opened [*See* Dkt. 32-1, App. 88]; and

4. Failed to file expert disclosures by the July 1 deadline despite asserting a claim requiring expert testimony on internet and networking issues.

II. **Malibu must show "good cause" and "excusable neglect" to file its answer more than three months after the deadline.**

Rule 6(b) permits a court to let a party file a responsive pleading after the deadline for the pleading has passed for "good cause" only "if party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). So a party seeking leave to file responsive pleading late must show both excusable neglect and good cause. *Lafontaine v. Tween Brands, Inc.*, No. 4:16-cv-335, 2017 U.S. Dist. LEXIS 92632, 2017 WL 2620325, at *1 (E.D. Tex. June 16, 2017).

Whether a party shows excusable neglect turns on four factors: (1) the danger of prejudice to the opposing party; (2) the length and impact of the delay; (3) the reason for the delay and

whether it was within the control of the movant; and (4) whether the movant acted in good faith. *Salts v. Epps,* 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Federal Practice and Procedure § 1165).

### III. Because Malibu cannot show excusable neglect or good cause, the Court should deny Malibu's motion to file its answer over three months late.

#### A. There is no good reason for Malibu's delay.

Malibu offers two reasons for its delay. First, that its attorney's staff "inadvertently did not calendar" the answer deadline. [Dkt. 35 p. 1]. Second, the "additional stresses and confusion caused by COVID-19." [*Id.* p. 2]. But neither is a valid reason for Malibu's delay.

Courts routinely reject calendaring errors as a basis for excusable neglect. *Sivertson v. Citibank*, N.A., No. 4:18-CV-00169-ALM-CAN, 2019 U.S. Dist. LEXIS 104505, at *7 (E.D. Tex. Apr. 18, 2019) (rejecting excuse of a paralegal's calendaring error); *Drinnon v. AllState Ins. Co.*, 88 F. App'x 9, 10 (5th Cir. 2004) (finding missing an answer deadline by just three days because of a calendaring error was "inexcusable neglect"); *see also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (finding a scheduling mistake was not a "satisfactory explanation" for late expert disclosures or amending the scheduling order). So too here should the Court reject Malibu's excuse of a calendaring error.

And Malibu's COVID-19 excuse is just as unconvincing. Every attorney and judge in this District has needed to adjust because of the pandemic. In fact, even Malibu was filing motions and meeting deadlines in other copyright cases in this District around the time COVID-19 escalated. *See* Docket reports, attached as Exs. A-D. And at any rate, similar excuses like upheaval in an attorney's practice or a busy caseload do not justify missing a pleading deadline. *E.g.*, *Sivertson*, 2019 U.S. Dist. LEXIS 104505, at *6 (rejecting heavy workload, staffing changes and illness, and office move as reasons for excusable neglect); *Draper v. KK Ford, LP*, 196 F. App'x 264, 265 (5th

3

Cir. 2006) (refusing to find excusable neglect where local counsel was dealing with several homicide cases and lead counsel was moving his office).

In the end, Malibu's reasons show unjustified neglect. This is one reason the Court should deny Malibu's request to file its answer over three months late.

### B. Malibu's conduct suggests a lack of good faith.

The second reason the Court should deny Malibu's motion is that Malibu's conduct has been dilatory throughout this case. As explained, Malibu requested discovery extensions only then to refuse to give Doe basic discovery. Malibu pursued no discovery from Doe until just recently. And despite asserting a claim it cannot prove without expert testimony, Malibu ignored the expert disclosure deadline.

Each of these examples suggests a dilatory motive. On top of that, Malibu does not make one meaningful argument on why it believes it acted in good faith. [Dkt. 35]. It merely concludes "Plaintiff maintained an intent to defend the counterclaims and as such, its delay in filing an answer to same was not done intentionally." But that does not cut it. Malibu's reticence on good faith highlights why it cannot show excusable neglect. *Sivertson*, 2019 U.S. Dist. LEXIS 104505, at *8-9 (observing in finding lack of excusable neglect that plaintiff was silent on good faith in its motion for leave).

### C. The over three-month delay is unjustified and is prejudicial to Doe.

Finally, the Court should refuse Malibu's conclusory arguments that its delay of over three months is not well overdue or not prejudicial to Doe. [Dkt. 35 p. 2]. In fact, courts often find no excusable neglect for shorter delays. *Sivertson,* 2019 U.S. Dist. LEXIS 104505, at *5-6 (determining that a 43-day delay disfavored excusable neglect, and citing several decisions illustrating why); *da Rivero v. Sunbeam Prods*., Civil Action No. SA-08-CV-591-XR, 2010 U.S.

Dist. LEXIS 43060, at *5-7 (W.D. Tex. Apr. 29, 2010) (finding no excusable neglect to grant motion for leave to file dispositive motion 30 days after the deadline). And as well, Malibu's delay will prejudice Doe. Doe should not have to rush to assess the effect of Malibu's answer and serve necessary discovery on the same at this stage in the case. Especially because Malibu currently is refusing to produce even fundamental discovery. [Dkt. 31, Doe's Motion to Compel].

Malibu's long delay and the resulting prejudice to Doe is another reason the Court should deny Malibu's motion.

**D. There is no other good cause that justifies Malibu filing its answer so late in the case.**

Malibu complains that Doe should not "use the rules of procedure to undermine the actual litigation of the issues at hand, which Plaintiff has every intent of defending." But Malibu's complaint ignores that its own negligence caused its predicament. Doe is not responsible for that within Malibu's control.

And Doe is not using "the rules of procedure" to play "gotcha." For example, Doe did not immediately move for summary judgment based on Rule 8(b)(6) admissions after Malibu's missed the answer deadline. To the contrary, Doe tried to litigate the case on fair ground for three months. But as explained, Malibu has not reciprocated.

In other words, Malibu has not shown it wants to resolve this case on the merits. And that is the bottom line for why no good cause exists for Malibu to answer Doe's counterclaims over three months late.

**IV. Conclusion.**

Malibu cannot show excusable neglect for its failure to answer Doe's counterclaims. And so Doe asks the Court to deny Malibu's motion for leave to file its answer out of time.

Dated: August 3, 2020

Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
ramzi@jtmorris.law.com
jt@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 3, 2020 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

/s/ JT Morris
JT Morris