UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO. 5-19-CV-00834-DAE |

**DEFENDANT'S JOHN DOE'S REPLY IN SUPPORT OF DOE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Malibu Media, LLC essentially argues that granting Defendant John Doe's partial motion for summary judgment would be unfair. But Malibu's argument falls apart once the Court considers how Malibu has neglected to litigate its claims and defenses. To that end, the fair (and correct) outcome is Doe prevailing on his[1] motion for partial summary judgment.

**I. Malibu's last-ditch discovery requests do not preclude granting Doe summary judgment.**

Malibu has shown little interest in litigating its claims and defenses on the merits. Doe shows this in both his summary judgment motion and in his opposition to Malibu's motion for leave to file a late answer to Doe's counterclaims. [Dkt. 32 at 15; Dkt. 38 at 2]. Yet Malibu still claims a "clear intent to litigate Doe's counterclaims." [Dkt. 37, Malibu's Response p. 8].

In fact, Malibu is so bold to state that "Defendant filed the instant motion for summary judgment before the close of discovery and before it fully responded to Plaintiff's outstanding discovery requests." [Resp. p. 2] But there were no "outstanding discovery requests" from Malibu

---

[1] For purposes of readability, this reply uses generic male pronouns to refer to Doe, without implying anything about Doe's actual gender.

1

when Doe moved for summary judgment. That is because Malibu served no discovery on Doe in the six months between the start of discovery and when Doe moved for summary judgment. [Dkt. 32-1 App. 88; *see also* Dkt. 22, Scheduling Recommendations].

Indeed, Malibu waited until one week after Doe moved for summary judgment to serve any discovery requests. [Exs. A-B, Malibu's First Interrogatories and Requests for Production]. By contrast, Doe served his first set of discovery requests in early April. And so Malibu, filer of "over 1,000 cases" [App. 2], cannot justify serving discovery so late in the process.

In any event, these last-minute requests should not prevent the Court from granting summary judgment. [Dkt. 32, Doe Mtn. p. 15]. Discovery cannot undo Malibu's admissions under Rule 8(b)(6). What is more, Malibu does not explain how it can meet its burden on its infringement claim after it disclosed no testifying experts by the July 1 deadline.

Above all, Malibu's late discovery requests are more proof of Doe's abuse of process counterclaims. And not only because the requests are dilatory. For example, one of Malibu's interrogatories asks "when was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?" [Ex. A, Malibu Interrogatory No. 18]. This question is just another example of Malibu's abuse and harassment in this case.

In sum, the Court should refuse Malibu's suggestion that its just-served discovery requests prevent summary judgment.

## II. Malibu does not refute the case law showing that summary judgment on Rule 8(b)(6) admissions is proper.

Doe offers several rulings showing why it is proper for the Court to grant Doe summary judgment chiefly on Malibu's Rule 8(b)(6) admissions. [Dkt. 32, Doe's Motion pp. 3-4]. Malibu does not refute these. Rather, Malibu just repeats its complaint from its motion to leave that Doe

2

"seeks to use the rules of procedure to undermine the actual litigation of the issues at hand." [Dkt. 37, Malibu Resp. pp. 3-4; Dkt. 35, Malibu Mtn. for leave p. 3].

But as Doe has already explained, he is not using the rules of procedure to "undermine" the litigation of the issues. [Dkt. 38 p. 5]. It is Malibu's lack of interest in litigating the issues that make summary judgment appropriate at this stage. [*Id.*]

**III. Malibu fails to rebut key facts, highlighting why there are no genuine disputes of fact.**

Malibu does not dispute several key facts. On that basis, Malibu confirms why the Court should grant Doe summary judgment. Malibu's major concessions include the following:

**An IP address cannot prove infringement.** Malibu's response does not dispute that an IP address cannot prove infringement. This is one reason why the Court should grant Doe's motion on his counterclaim for non-infringement and Malibu's claim for copyright infringement.

**Malibu's "pieces" of digital media files do not show substantial similarity.** Malibu does not dispute that the "pieces" of digital media files and hash values discussed in the Fiser declaration cannot show infringement. This is another reason for granting Doe summary judgment on infringement and non-infringement.

**Malibu is silent on its copyright infringement claim.** Doe asks for summary judgment on Malibu's copyright infringement claim [Dkt. 32, p. 1]. But Malibu's response is silent on its infringement claim. This underscores why the Court should grant Doe's motion on infringement.

**Malibu cannot dispute it made a connection to Doe's network.** Malibu asserts in its complaint that

> 18. Plaintiff's consulting expert, IPP International UG ("IPP") established a direct TCP/IP connection with the Defendant who was using the Subject IP Address as set forth on Exhibit A.

(Dkt. 32-1 App. 004; *see also* App. 58, ¶ 9). Now Malibu argues without evidence that "the

3

BitTorrent network is not Defendant's computer, computer network or computer system, but rather a decentralized network to which Defendant joined to unlawfully download Plaintiff's works. . . ." [Dkt. 37, Malibu Resp. p. 5]. But this unfounded argument does not create a genuine dispute of fact. Malibu's concession that it connected to Doe's network shows why the Court should grant Doe summary judgment on liability for harmful computer access.

**Malibu does not dispute it used defective declarations to abuse process.** Doe shows Malibu used what are at best defective declarations to unmask Doe's identity. [Dkt. 32, Doe Mtn. p. 6]. And Malibu's response is silent on these declarations. This is one reason why the Court should grant Doe summary judgment on liability for abuse of process.

**Malibu does not dispute it used an unreliable method to target Doe.** Doe explains how Malibu knows it has used and continues to use an unreliable method to identify and sue potential infringers, including Doe. [Dkt. 32, Doe. Mtn. p. 9-10]. Malibu does not dispute these facts. [Dkt. 37, Malibu. Resp. 6-7]. This is another reason to grant Doe summary judgment on liability for abuse of process.

**IV. Malibu's conclusory statement about injury does not create a genuine dispute of fact.**

Malibu argues "Defendant has not demonstrated any 'injury' as is required by § 143.001." [Dkt. 37, Malibu Resp. p. 5]. But this is wrong. Doe alleged

> 136. As a direct and proximate result of Plaintiff's conduct, Defendant suffered harm to his property, physical and mental stress, harm to his professional activities, harm to his reputation, and other injuries, damages, or losses in an amount to be determined at trial.

[App. 84]. And because Malibu did not deny this, Malibu admitted Doe's injury under Rule 8(b)(6). On top of that, Malibu's dilatory approach to this case—a case resulting from its unlawful access to Doe's network—has caused Doe to keep spending time and money defending himself against the allegation that he "is a habitual and persistent BitTorrent user and copyright infringer"

of pornography. [App. 5].

In short, there is no dispute of fact that Malibu accessed Doe's network without authorization and that it caused Doe injury. The only issue left for dispute is the extent of that injury. That is why the Court should grant Doe summary judgment on liability for harmful computer access, leaving just damages for trial.

## V. Conclusion.

Malibu concedes the material facts Doe needs to prove on his counterclaims. So too do those concessions show Malibu cannot prove copyright infringement. And Malibu's last-minute discovery requests are futile given Malibu's admissions and its failure to disclose a technical expert for its infringement claims.

Thus, the Court should (1) grant Doe summary judgment on Doe's request for a declaratory judgment of non-infringement and Malibu's claim of copyright infringement, and (2) grant Doe summary judgment on liability over Doe's counterclaims for abuse of process and harmful computer access, leaving only damages for trial.

Dated: August 3, 2020

Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
ramzi@jtmorris.law.com
jt@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2020 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

/s/ JT Morris
JT Morris