Exhibit A  -
Malibu's First Set of Interrogatories to Doe,
served July 24, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Fed. R. Civ. P. 33, Plaintiff, MALIBU MEDIA, LLC ("Plaintiff"), hereby propounds the following Interrogatories upon Defendant, John Doe ("Defendant"), which Defendant shall answer fully and separately in writing under oath in the manner and within the time prescribed by the applicable Federal Rules of Civil Procedure.

Dated: July 24, 2020                                  Respectfully submitted,


                                                                 By: /s/ Paul S. Beik
                                                                 PAUL S. BEIK
                                                                 Texas Bar No. 24054444
                                                                 BEIK LAW FIRM, PLLC
                                                                 8100 Washington Ave., Suite 1000
                                                                 Houston, TX 77007
                                                                 T: 713-869-6975
                                                                 F: 713-868-2262
                                                                 E-mail: paul@beiklaw.com
                                                                 **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I served the foregoing document on all counsel of record and interested parties via e-mail and via US Mail.

                                                                 By: /s/ Paul S. Beik
                                                                 PAUL S. BEIK

## SERVICE LIST

JT Morris
jt@jtmorrislaw.com
Ramzi Khazen
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

## DEFINITIONS AND INSTRUCTIONS

1.      "Anti-Computer Forensic Software" means any software specifically designed to encrypt, destroy, erase, delete, or wipe out files, data, or user activity on a Computer Device.  This includes, but is not limited to: Evidence Eliminator, CCleaner, File Shredder, Eraser, Kill Disk, BC Wipe, X Shredder, Wipe MFT, SDelete, CyberScrub, and Window Washer.

2.      "BitTorrent" means a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users. In order to distribute a large file, the BitTorrent Protocol breaks a file into many small pieces. Users then interact directly with each other to exchange these small pieces among each other. After a user receives all of the pieces of a digital media file, the user's BitTorrent software client reassembles the pieces so that the file may be opened and utilized.

3.      "Cloud Based Storage System" means a model of data storage where the digital data is stored in logical pools, the physical storage spans multiple servers (and possibly locations), and the physical environment is typically owned and managed by a hosting company.  This includes, but is not limited to, third party cloud storage systems such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One.

4.      "Communication" means any oral or written statement, dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

5.      "Computer Devices" means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet computer, external hard drive, portable hard drive,

server, NAS (Network-Attached Storage), USB (thumb) drive, internal hard drives which may have been removed from their original device, solid state hard drives, mp3 player, or any other electronic device capable of connecting to the internet, downloading media files, or storing electronic data, within your possession and control.

6.     If not expressly stated, "control" means in your possession, custody, or control and includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling.

7.     "Document" means any written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recording or representations of any kind (including, without limitations, tapes, cassettes, discs and recordings).

8.      The term "every document" means each document or group of documents or communication as above defined known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

9.       "Identify", when used with reference to a natural person, means state:

(a)      His or her full name and address (or, if the person's present address is not known, his or her last known address).

(b)      His or her relationship to you.

(c)      Such other information sufficient to enable an identification of the person.

10.     "Identify", when used with reference to any entity other than a natural person, means:

(a)      State the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and, the jurisdiction under the laws of which it has been organized.

(b)      State whatever other information that you may have concerning the existence or identity of the entity.

11.     "Identify", when used with reference to a documents or communication, means:

(a)      Its nature (e.g., letter, telegram, memorandum, chart (report or study), date, author, and place of preparation and the name and address of each addressee, if there is an addressee.

(b)      The identity of each signer of the document or communication.

(c)      The title or heading of the document or communication.

(d)      Its substance.

(e)      Its present location or, if the present location is not known, the last known location and its custodian.

12.     "Identify" when used in reference to an electronic device, computer device, or electronic object means to list the name, brand, model number, serial number, trademark, and any other identifying marker of the device or object.

13.     "Identify," when used in any other context than herein above set forth, means describe the act, word, situation, event, conduct or course of action, etc. to be identified as fully as possible and identify each document or communication in which such act, word, situation, event, conduct or course of action, etc., was recorded, described and referred to.

14.     "Peer-to-peer Software" means a program using peer-to-peer (P2P) networking technology.  The Peer-to-peer network is a network of computers configured to allow certain files and folders to be shared with everyone or with selected users.  Peer-to-peer file sharing allows users to access media files such as books, music, movies, and games using a Peer-to-peer software program that searches for other connected computers on the Peer-to-peer network to locate the desired content.   The nodes (peers) of such networks are end-user computer systems that are interconnected through the Internet. The program uses architecture that partitions tasks or workloads between peers. Peers are equally privileged, equipotent participants in the application. Peers make a portion of their resources, such as processing power, disk storage or network bandwidth, directly available to other network participants, without the need for central coordination by servers or stable hosts.

15.     "Period of Recorded Infringement" means from July 26, 2017 to May 5, 2019.

16.     "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group or natural person or other entity and includes both the singular and plural.

17.     "<u>User Anonymity Software</u>" any software or service specifically designed to mask, switch, or hide your IP address or e-mail address.

18.     The term "<u>you</u>" or "<u>your</u>" means the person upon whom these interrogatories were served and any other person(s) or entity(ies) acting or purporting to act on your behalf or under your control.

19.     If any interrogatory calls for a document or non-written communication which you claim to be privileged, state the grounds upon which the claim of privilege is made and identify each document or non-written communication.  In identifying such document or communication, you may substitute for a summary of its content, principal terms or provisions, a statement of the subject matter to which it relates.  The fact that an interrogatory calls in part for documents or non-written communications which you claim to be privileged is not a basis for you to fail to identify fully all documents or non-written communications which you claims to be privileged is not a basis for you to fail to identify fully all documents or non-written communications called for by such interrogatory as to which no privilege is claimed.

20.     If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer the interrogatory to the extent possible. Specify the portion of such interrogatory you claim you are unable to fully and completely answer, and further specify the facts on which you rely to support your contention that you are unable to answer the interrogatory fully and completely.

21.     Please use the space provided for your answer if adequate; if not, attach additional sheets with the required information.

## INTERROGATORIES TO DEFENDANT

1.      State the full name, address, phone number, and position relative to the Defendant of the person(s) answering these Interrogatories and for each such person state what that person contributed.

**Response to Interrogatory No. 1:**


2.      In chronological fashion, describe in detail your educational background and work history.

**Response to Interrogatory No. 2:**


3.      Explain in detail your exposure to Computer Devices and the Information Technology field in school, college, work and at home.  Include within your answer any formal courses, classes, and certifications you have taken to learn how to use Computer Devices and the software that enables the Computer Devices to work, list all of the programs that you know how to use.

**Response to Interrogatory No. 3:**


4.      Identify by brand, trademark, model number, version, serial number and by any other relevant form of identifier each of the Computer Devices used in your home during the Period of Recorded Infringement.

**Response to Interrogatory No. 4:**

5.      Identify by brand, trademark, model number, version, and serial number each wireless router and modem used in your home during the Period of Recorded Infringement.

**<u>Response to Interrogatory No. 5:</u>**

6.      For each wireless router and modem used in your home during the Period of Recorded Infringement, state the dates they were password protected.

**<u>Response to Interrogatory No. 6:</u>**

7.      For each Computer Device, wireless router and modem identified above, identify the person that first installed it, connected it, or otherwise set it up in your home.

**<u>Response to Interrogatory No. 7:</u>**

8.      Identify any cloud based storage system used in your home during the Period of Recorded Infringement.

**<u>Response to Interrogatory No. 8:</u>**

9.      Identify each person who you provided with access to your wireless router(s) or modem(s) during the Period of Recorded Infringement, and state the duration during which each such person had access to your wireless router(s) or modem(s).

**<u>Response to Interrogatory No. 9:</u>**

10.     For each person identified above in response to interrogatory number 9, state his or her age or approximate age, and his or her relationship to you.

**<u>Response to Interrogatory No. 10:</u>**


11.     Identify each person who was residing in or routinely visiting your home during the Period of Recorded Infringement, who had access to your Computer Device(s), wireless router(s) or modem(s).

**<u>Response to Interrogatory No. 11:</u>**


12.     Identify any communication you have received from your ISP regarding notices of alleged copyright infringement emanating from your Internet service.

**<u>Response to Interrogatory No. 12:</u>**


13.     State if you have ever used or installed any peer-to-peer file sharing software or BitTorrent client on any of the Computer Devices which were in your home during the Period of Recorded Infringement.

**<u>Response to Interrogatory No. 13:</u>**


14.     Have you ever knowingly downloaded a song, movie, game, software program or computer file using BitTorrent or any Peer-to-peer file sharing program?  If so, please state which BitTorrent client or Peer-to-peer file sharing program was used.

**<u>Response to Interrogatory No. 14:</u>**

15.     Identify any Anti-Computer Forensic Software and User Anonymity Software which was installed (between the first date of infringement as listed on Plaintiff's Complaint [CM/ECF 1-2] to present day) on each of your Computer Devices in your home, apartment, or dwelling.

**Response to Interrogatory No. 15:**


16.     Identify each individual, website, blog or message board, from which you have obtained information regarding internet piracy, BitTorrent, file sharing, or lawsuits alleging that people have committed online copyright infringement.

**Response to Interrogatory No. 16:**


17.     Have you ever searched for X-Art or Malibu Media on the Internet?  If so, state when you searched, and from which Computer Device you searched.

**Response to Interrogatory No. 17:**


18.     Have you ever searched for any torrent file on the Internet? If so, list all occasions in which you searched for a torrent file, state when you searched, why you searched, which files you were searching for, and from which Computer Device you used to conduct your search.

**Response to Interrogatory No. 18:**


19.     Have you ever watched x-rated, adult or pornographic movies (collectively, "adult content")? If so, when was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?

11

**<u>Response to Interrogatory No. 19:</u>**


20.     Did you download Plaintiff's Copyrighted Works via BitTorrent as outlined in Plaintiff's Complaint [CM/ECF 1]?

**<u>Response to Interrogatory No. 20:</u>**


21.     Do you know who downloaded Plaintiff's Copyrighted Works via BitTorrent as outlined in Plaintiff's Complaint [CM/ECF 1]?

**<u>Response to Interrogatory No. 21:</u>**

## <u>CERTIFICATION / JURAT PAGE</u>

By: _____

Printed Name:_____


STATE OF _____)

COUNTY OF _____  )  ) SS:

**BEFORE ME**, the undersigned, having personally appeared _____,

as _____ and who after first being duly sworn, deposes and states that the

foregoing Answers to Interrogatories are true and correct to the best of his/her knowledge and

belief.


_____

NOTARY PUBLIC, STATE OF

_____

Print Name: _____

Commission No._____

My Commission Expires: _____

Exhibit B - -
Malibu's First Set of Requests for
Production to Doe, served July 24, 2020

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Fed. R. Civ. P. 34, Plaintiff, MALIBU MEDIA, LLC ("Plaintiff"), hereby requests Defendant, John Doe ("Defendant") produce for inspection and copying the documents and things set forth on Schedule B, in accordance with the Definitions and Instructions included herein in Schedule A, and to respond within the time prescribed by the applicable Federal Rules of Civil Procedure.

Dated: July 24, 2020                    Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I served the foregoing document on all counsel of record and interested parties via e-mail and via US Mail.

By: /s/ Paul S. Beik
PAUL S. BEIK

## SERVICE LIST

JT Morris
jt@jtmorrislaw.com
Ramzi Khazen
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

## SCHEDULE "A"

### Definitions

1.      "Cloud Based Storage System" means a model of data storage where the digital data is stored in logical pools, the physical storage spans multiple servers (and possibly locations), and the physical environment is typically owned and managed by a hosting company.  This includes, but is not limited to, third party cloud storage systems such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One.

2.       "Communication" means any oral or written statement, dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronical or similar means.

3.      "Computer Devices" means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet computer, external hard drive, portable hard drive, server, NAS (Network-Attached Storage), USB (thumb) drive, internal hard drives which may have been removed from their original device, solid state hard drives, mp3 player, or any other electronic device capable of connecting to the internet, downloading media files, or storing electronic data, within your possession and control.

4.      If not expressly stated, "control" means in your possession, custody, or control and includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling.

5.      "Documents" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced

or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including interoffice and interoffice memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, hard drives, discs, printouts, data cards, studies, analysis, e-mails, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained.  Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

6.      "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of the deposition, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

7.      "ISP" means the Internet Service Provider who assigned the IP address to your name and physical address.

8.      "Malibu Media, LLC," refers to Plaintiff, Malibu Media, LLC, including its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity acting or purporting to act on its behalf or under its control.

4

9.    "NAS," also known as "Network-Attached Storage," means any data storage or a data storage device, such as a hard drive or RAID array, connected to a computer network, providing data access to different network clients.

10.    "Period of Recorded Infringement" means from July 26, 2017 to May 5, 2019.

11.    "Person" means any person or entity, and includes individuals, corporations, partnerships, associations, joint ventures, firm, and other business enterprises, or legal entities and includes both the singular and plural.

12.    "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

13.    "Server" means any device that manages access to a centralized resource or service in a network.

14.    "Time Period" means any time within the last twenty-four (24) months.

15.    "Used" means connected the device to a computer or other device, connected the device to a power source, stored files on the device, copied files to the device, copied files from the device, erased files from the device, accessed files on the device, viewed files on the device, or engaged in any combination of the foregoing.

16.    "Work" or "Works" means the copyrighted movies.

17.    "You" or "Your" refers to the person upon whom this request was propounded and any other person(s) or entity(ies) acting or purporting to act on your behalf or under your control.

18.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

**Instructions**

Compliance with these Requests is requested to be made in accordance with the following:

1.     If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

2.     If you assert that any document called for by this request is protected against disclosure as a "work product" or by privilege of any kind whatsoever, you shall provide the following information with respect to such document:

        a.     The name and capacity of the person or persons who prepared the document.

        b.     The name and capacity of all addressees or recipients of the original or copies thereof.

        c.     The date, if any, borne by the document.

        d.     A brief description of its subject matter and physical size.

        e.     The source of the factual information from which such document was prepared, and

        f.     The nature of the privilege claimed.

3.     All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

4.     When appropriate, the singular form of a word should be interpreted in the plural

as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

5.      All documents to be produced are documents obtained in your possession within the Time Period.

**SCHEDULE "B"**

**Documents Requested**

1.      All documents referring, relating to or comprising records of your Internet browser's activity on each of your Computer Devices within the last two years.

**RESPONSE NO. 1:**

2.      All documents referring, relating to or comprising records associated with the purchase of a Computer Device within the last four years.

**RESPONSE NO. 2:**

3.      All documents referring, relating to or comprising records associated with the purchase or installation of a modem or wireless router which was used in your house, apartment or dwelling during the Period of Recorded Infringement.

**RESPONSE NO. 3:**

4.      All documents referring, relating to or comprising records associated with the purchase or installation of a modem or wireless router, computer, Computer Device, or video game console which was used in your house, apartment or dwelling <u>after the Period of Recorded Infringement</u>.

**RESPONSE NO. 4:**

5.      Documents pertaining to the setup, use, and control of your modem and wireless router which was used in your house, apartment, or dwelling <u>during the Period of Recorded Infringement</u>. This includes user guides, hand books, access codes, passwords, account information, guest account information, warning statements, and any other document related to the use of your modem and router.

**RESPONSE NO. 5:**

6.      Documents pertaining to the setup, use, and control of your modem and wireless router which was used in your house, apartment, or dwelling <u>after the Period of Recorded Infringement</u>. This includes user guides, hand books, access codes, passwords, account information, guest account information, warning statements, and any other document related to the use of your modem and router.

**RESPONSE NO. 6:**

7.      All documents referring, relating to or comprising records of any computer programs downloaded, uploaded, or installed on any Computer Device in your house, apartment or dwelling within the last two years.

**RESPONSE NO. 7:**

8.      All documents referring, relating to or comprising written communications between you and your ISP regarding notices of copyright infringement.  Note: This does NOT include any promotional materials, marketing materials or brochures your ISP sent to you.

**RESPONSE NO. 8:**

9.      A complete copy of all of the files contained within any cloud based storage system to which you or anyone in your house, apartment or dwelling, have used between the July 26, 2017 (the first date of recorded infringement as listed in Plaintiff's Complaint [CM/ECF 1]) through present day.

**RESPONSE NO. 9:**

10.     A complete copy of any files stored on any video game consoles which were used in your house, apartment or dwelling <u>within the Period of Recorded Infringement</u>.

**<u>RESPONSE NO. 10:</u>**

11.     A complete copy of any files stored on any video game consoles which were used in your house, apartment or dwelling <u>after the Period of Recorded Infringement</u>.

**<u>RESPONSE NO. 11:</u>**

12.     Any documents which indicate or support the claim that you were not at your residence or within the control of your IP address at or around the Period of Recorded Infringement.

**<u>RESPONSE NO. 12:</u>**

13.     Any documents which indicate or support any claim that a tenant or other individual was authorized to live at your address at any time during the Period of Recorded Infringement. This includes documents pertaining to ownership of the property, title of the home or apartment, and any existing lease, rental agreements, and sublet agreements.

**RESPONSE NO. 13:**

14.      All documents pertaining to any electronic correspondence, issued in the last two years, from the Computer Devices to any other device able to connect to the Internet, which mentions or relates to Plaintiff or any of Plaintiff's Copyrighted Works.  This includes all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication.

**RESPONSE NO. 14:**

15.     All documents pertaining to any forensic software that you used to preserve or delete files, programs, software, or any other type of electronic data between the first date of infringement (As listed in Plaintiff's Complaint [CM/ECF 1]) to present day.

**RESPONSE NO. 15:**

16.     Any documents which refer, relate to, or evidence the purchases of electronic equipment and Computer Devices at any and all electronic retail stores in the past 48 months.  This includes credit card or bank statements.

**RESPONSE NO. 16:**

17.     Any documents which refer, relate to, or demonstrate that you are not the individual who downloaded Plaintiff's copyrighted works via BitTorrent as alleged in Plaintiff's Complaint [CM/ECF 1].

**RESPONSE NO. 17:**

18.     Any documents which refer, relate to, or demonstrate that another individual downloaded Plaintiff's copyrighted works via BitTorrent as alleged in Plaintiff's Complaint [CM/ECF 1].

**RESPONSE NO. 18:**

19.     Any and all documents which you intend on using at any trial or hearing on this matter.

**RESPONSE NO. 19:**