UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | No. 5:19–CV–0834–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING PLAINTIFF'S MOTION TO FILE ANSWER AND
DISMISSING AS MOOT DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

Before the Court are two motions. The first is a motion for partial

summary judgment filed by Defendant John Doe ("Defendant") on July 17, 2020.

(Dkt. # 32.) The second is a motion for leave to file an answer out of time filed by

Plaintiff Malibu Media, LLC ("Plaintiff") on July 31, 2020. (Dkt. # 35.) Pursuant

to Local Rule CV-7(h), the Court finds this matter suitable for disposition without

a hearing. After careful consideration of the memorandum filed in support of and

against the motions, the Court—for the reasons that follow—**GRANTS** Plaintiff's

motion and **DISMISSES AS MOOT** Defendant's motion.

BACKGROUND

This case is about an alleged copyright infringement through

BitTorrent file sharing technology. (Dkt. #1.) Plaintiff asserts that Defendant

1

illegally obtained and distributed Plaintiff's copyrighted movies through the use of BitTorrent technology.  (Id.)

Plaintiff filed suit on July 15, 2019 (Dkt. # 1), and Defendant filed an answer on December 19, 2019, asserting counterclaims.  (Dkt. # 14.)  On January 7, 2020, Plaintiff filed a motion to strike Defendant's affirmative defenses and a motion to dismiss.  (Dkts. ## 16, 17.)  This Court denied both motions on April 14, 2020.  (Dkt. # 28.)

Currently pending before the Court are two motions[1] filed by the parties.  On July 17, 2020, Defendant filed a motion for partial summary judgment, asserting that because Plaintiff did not answer Defendant's counterclaim allegations, the Court should find that Plaintiff admits these allegations under Federal Rules of Civil Procedure 8(b)(6).  (Dkt. # 32.)  On July 31, 2020, Plaintiff filed a motion for leave to file an answer to Defendant's counterclaims, noting that while three months have passed since the deadline to file an answer under Federal Rule of Civil Procedure 12(a)(4), the Court should allow for this extension due to Plaintiff's "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).  (Dkt. # 35.)  In addition, on July 31, 2020, Plaintiff responded to Defendant's motion for partial summary judgment.  (Dkt. # 37.)  On August 3, 2020, Defendant

---

[1] Defendant filed a motion to compel and for sanctions that will be heard by Magistrate Judge Farrer in early August 2020.  (See Dkts. ## 31, 34.)

responded to Plaintiff's motion for leave to file an answer (Dkt. # 38), and also

filed a reply to its motion for partial summary judgment (Dkt. # 39).

After careful review, the Court determines that it shall use its "broad

discretion" to grant Plaintiff's extension.  See Salts v. Epps, 676 F.3d 468, 474 (5th

Cir. 2012) ("When a party moves to extend a deadline provided by the Federal

Rules of Civil Procedure after the deadline has passed, the district court may grant

the motion 'for good cause ... if the party failed to act because of excusable

neglect.'" (citing Fed. R. Civ. P. 6(b)(1)(B)).  The Court finds that there was

excusable neglect here as the delay was minimal, and the parties are still in the

throes of discovery.  See id. (noting that the factors in determining excusable

neglect include "(1) the possibility of prejudice to the other parties, (2) the length

of the applicant's delay and its impact on the proceeding, (3) the reason for the

delay and whether it was within the control of the movant, and (4) whether the

movant has acted in good faith" (citation and internal quotation marks omitted)).

Should the parties need more time to conduct discovery, the parties should file an

appropriate motion with the Court.  Furthermore, the Court urges the parties to

continue working towards a resolution of their discovery disputes in good faith.

Given this Court's decision to grant Plaintiff's motion, Defendant's

motion for partial summary judgment is **DISMISSED AS MOOT WITHOUT**

**PREJUDICE TO REFILING** should Plaintiff fail to answer Defendant's

counterclaims.

## CONCLUSION

For the reasons stated above, Plaintiff's motion (Dkt. # 35) is

**GRANTED**, and Plaintiff's answer (Dkt. # 35-1) shall be allowed to be filed.  In

light of the foregoing, Defendant's motion for partial summary judgment (Dkt.

# 32) on the basis that Plaintiff did not respond to Defendant's counterclaims is

**DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, August 7, 2020.

David Alan Ezra
Senior United States District Judge