UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**JOINT ADVISORY STATEMENT**

Pursuant to the Court's July 29, 2020 Order (Dkt 34), the parties hereby file a joint advisory statement regarding Defendant's pending Motion to Compel.  The parties meaningfully conferred for over two hours (two phone calls) and have narrowed disputed issues before the Court.

**I.     Plaintiff's possession, custody, and control of certain documents.**

As an initial matter, Plaintiff represents that several categories of relevant documents are within the exclusive possession of its former counsel, with whom Plaintiff is engaged in a lawsuit. Plaintiff represents that its former counsel is withholding these documents pending the outcome of the lawsuit, which has recently settled.

Defendant is unable to investigate the nature of these documents or underlying claims, and reserves all rights pending its ability to review the documents Plaintiff does produce and what depositions and additional discovery reveal about those documents Plaintiff represents are out of its possession, custody, and control.

**II.    Proof of Ownership, Licenses, and/or Assignments (Interrogatory Nos. 3, 5, 6; RFP Nos. 2, 26, 27)**

**A.  Issues Resolved**

1) Plaintiff has agreed to produce any documents showing proof of authorship and any "work

1

make for hire contracts" or assignments evidencing the vesting of ownership and chain of title to Plaintiff. Plaintiff represents that it is not in possession, custody, or control of any such documents.

2) Plaintiff has agreed to produce relevant copyright registrations. Plaintiff represents that copies of the copyright registrations and file history are in the possession of its former counsel, and it is in the process of obtaining such documents.

3) Plaintiff has agreed to produce all assignments. Plaintiff represents that the Copyrights in Suit have never been assigned and it is not in possession, custody, or control of any responsive documents or information.

4) Plaintiff has agreed to meaningfully supplement its interrogatory responses accordingly by August 14, 2020.

5) Defendant reserves the right to seek further relief, exclude evidence, and seek sanctions if Plaintiff does not provide this discovery in a reasonable amount of time or if Defendant learns that Plaintiff's representations are incorrect.

**B. Remaining Dispute**

The parties have a remaining dispute regarding third party claims of ownership of the Copyrights In Suit. Plaintiff states that it not in possession of information regarding third party claims of ownership to the copyrights in suit. Defendant believes this is not the case, because in *Genova Capital vs. Collette Pelissier et al.*, in California State Court, for example, the plaintiffs claim that they "invested in exchange for a 50% interest in copyrights owned by Defendant Malibu Media." Defendant has requested documents from this case regarding these and any other claims of ownership. Defendant is entitled to know whether Plaintiff owns the unencumbered right to

assert the Copyrights In Suit, not only to determine whether this suit can be maintained, but also to protect Defendant from successive lawsuits over the same copyrights.

Plaintiff refuses to produce them and avers that the *Genova Capital* matter is not a dispute about ownership of the Malibu Media copyrights. In fact, *Genova* was found to have engaged in a fraudulent foreclosure of certain real property owned individually by Ms. Pelissier. Further, the complaint alleging ownership of the Malibu Media copyrights was never filed by Genova. With respect the suit that was filed, Genova Capital was found to have engaged in an extortionate scheme whereby the principals would drop an attempted foreclosure on real property (investment property in Malibu, California) in exchange for a percentage of the Malibu Media copyrights. To perpetuate this scheme, Genova created a forged document, with a doctored DocuSign signature page purporting to be Ms. Pelissier's consent to the transfer. In fact, neither Ms. Pelissier nor any other individual signed any agreement transferring any percentage of the Malibu Media copyrights to any third party, and all ownership currently rests solely with Malibu Media. The real property dispute in California has no relevance to this copyright infringement litigation.

    **III.**    **Interrogatory responses and produce documents regarding damages, revenues, licenses and alleged market value of the asserted copyrights and the underlying works (Interrogatory Nos. 2, 4-6; RFP Nos. 5-9, 11-14, 25, 26, 27)**

    **A. Issues Resolved**

1) Plaintiff agrees to produce three years of revenues from its website and total number of films on the website at the relevant times.

2) Plaintiff agrees to produce analytics and statistics from its website from before and during the time it hosted the works in this lawsuit.

3) Plaintiff agrees to produce all licenses and offers to license. Plaintiff represents that it has never licensed or offered to license the Copyrights in Suit other than to users of its website

is not in possession, custody, or control of any responsive documents or information.

4) Plaintiff has not identified any specific financial or reputational losses from the alleged infringement and has no responsive documents or information in its possession, custody, or control.

5) Plaintiff represents it has no responsive documents or information in its possession, custody, or control regarding prior assertions or enforcement of the copyrights in suit, except that its former counsel may have such documents, and if so, they will be produced.

6) Plaintiff agrees to meaningfully supplement its interrogatory responses accordingly by August 14, 2020.

7) Defendant reserves the right to seek further relief, exclude evidence, and seek sanctions if Plaintiff does not provide this discovery in a reasonable amount of time or if Defendant learns that Plaintiff's representations are incorrect.

**B. Remaining Dispute**

The parties have a remaining dispute regarding settlement agreements regarding the Copyrights In Suit. Defendant believes the terms of prior settlement agreements to the copyrights in this suit are directly relevant to Defendant's claims and defenses of lack of value, fair use, de minimis, and abuse of process, among others. Plaintiff should not be allowed to hide behind is own self-serving agreements as an end-run around discovery actions in this case. This is why such agreements typically provide for required production in court cases, or are otherwise unenforceable with regard to such limitations without showing of cause.

Plaintiff disputes the relevance of said information in light of 17 U.S.C. § 504(c) which limits a maximum recovery, per work, in each case, not in total across all claims of infringement. Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)

does not bar Plaintiff from pursing its claim for statutory damages here. Plaintiff also claims that these agreements are subject to third party confidentiality obligations and will not seek permission to produce them for that reason. Defendant agrees to keep any such agreements confidential under a protective order.

To the extent that these agreements call for a Court order to relinquish these obligations, Defendant requests that Plaintiff seek for the third parties to waive this agreement and agree not to oppose Defendant seeking such an order from this Court if it becomes necessary.

### IV. Interrogatory response regarding willfulness

Plaintiff's current response to Defendant's request for willfulness contentions refers to the entire Complaint and the evidence of Defendant's voluminous infringement of third party content using BitTorrent. Plaintiff has specified that its basis for its allegation is the number of alleged infringements and will respond to this willfulness interrogatory accordingly.

Defendant reserves the right to seek further relief, exclude evidence, and seek sanctions if Plaintiff does not provide this discovery in a reasonable amount of time.

### V. Interrogatory responses and documents relating to IPP and its supposed infringement investigation (Interrogatory Nos. 11-15; RFP Nos. 15, 17-19, 21-23, 28, 31-34, 36, 39-40, 46-47, and 54).

#### A. Issues Resolved

1) Plaintiff agrees to produce its communications with IPP. Plaintiff further agrees to produce engagement or other agreements with IPP. Plaintiff represents that all such materials are in the possession of its former counsel and it is in the process of obtaining them.

2) Plaintiff represents that it has no written communications with IPP that are not in possession of its former counsel, and any communications with IPP since the dispute with former counsel arose have been oral.

3) Plaintiff further represents that it will not claim privilege as to its communications with IPP, and will otherwise produce a privilege log for any privileged communications between Plaintiff and its counsel.

4) Plaintiff represents that it still is unable to obtain documents from IPP due to COVID-19, but will produce them if and when it is able to contact them. Defendant reserves the right to seek to have any late-produced documents excluded.

5) Plaintiff agrees to meaningfully supplement its interrogatory responses by August 14, 2020.

6) Defendant reserves the right to seek further relief, exclude evidence, and seek sanctions if Plaintiff does not provide this discovery in a reasonable amount of time or if Defendant learns that Plaintiff's representations are incorrect.

**B. Remaining Dispute**

The parties have a remaining dispute regarding total payments to IPP for its copyright infringement allegation services. Plaintiff has agreed to disclose payments to IPP solely for the work specifically directed to this case, but does not agree to discovery on what it has paid IPP beyond this case. Defendant believes that Plaintiff has paid IPP paid vast sums totaling in the millions of dollars, and that discovery on the total sums Plaintiff has paid IPP is relevant to IPPs potential bias and Defendant's affirmative defenses and abuse of process counterclaim. Plaintiff counters that due to the high number of infringements and vast amounts of data collected by its consulting expert, IPP, over numerous years, the amount paid by Plaintiff to IPP is substantial. However, these amounts are directly correlated to a specific service provided by IPP and are not, in any way, relevant to any of Defendant's counterclaims.

Dated: August 7, 2020                                    Respectfully Submitted,

| | |
|---|---|
| Beik Law Firm, PLLC | JT Morris Law, PLLC |
| By: /s/ Paul S. Beik<br>Paul S. Beik<br>Texas State Bar No. 24054444<br>paul@beiklaw.com<br>Beik Law Firm, PLLC<br>8100 Washington Ave., Suite 1000<br>Houston, TX 77007<br>Tel: 713-869-6975<br>Fax: 713-868-2262<br>Counsel for Plaintiff Malibu Media, LLC | By: /s/ JT Morris<br>JT Morris<br>Texas State Bar No. 24094444<br>jt@jtmorrislaw.com<br>Ramzi Khazen<br>Texas State Bar No. 24040855<br>ramzi@jtmorrislaw.com<br>JT Morris Law, PLLC<br>1105 Nueces Street, Suite B<br>Austin, Texas 78701<br>Tel: 512-717-5275<br>Fax: 512-582-2948<br>Counsel for Defendant John Doe |

## CERTIFICATE OF SERVICE

Under the Federal Rules of Procedure. I certify that on August 7, 2020, a copy of the foregoing was served on all parties by the Court's ECF filing system.

/s/ JT Morris
JT Morris