**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834- |
| | ) | DAE |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>AGREED PROTECTIVE ORDER</u>**

Whereas pretrial discovery in this action may involve the disclosure of trade secrets or confidential research, development, privileged, proprietary and/or private information and data, product or commercial information of both parties and of non-parties from whom discovery may be sought;

Whereas the parties claim that certain material relevant to this dispute is otherwise privileged with respect to disclosure to third parties but acknowledge that privileged materials may be inadvertently produced and such disclosure shall not be deemed a waiver of any applicable privilege in this or any other action; and

Whereas the parties have in good faith conferred and have agreed upon the terms of this Protective Order; therefore, pursuant to the Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the following Protective Order, subject to the approval of the Court:

1.      **Scope of Protection; No Waiver of Privilege in Other Lawsuits.**

      1.1      This Protective Order shall govern any record of information, designated pursuant to ¶2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other

proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or Northern District of Texas local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

1.4    By producing documents pursuant to this Protective Order, no party hereto will be deemed to have waived any applicable privilege, nor will any party be deemed to have waived any claim of confidentiality.

**2.    Designation.**

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business, financial information, or personal information ("CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential

under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public or not confidential. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

2.2     Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development or other highly sensitive technical information, (3) private personal information or (4) highly sensitive business-related financial information (collectively, "HIGHLY CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.4, and shall not be communicated in any manner, either directly or indirectly, to any

person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶2.2.

2.3     To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as CONFIDENTIAL unless otherwise agreed by the Parties.  Documents specifically designated as HIGHLY CONFIDENTIAL prior to the entry of this Order will be treated as such in accordance with this Order.

**3.     Limit On Use And Disclosure Of Designated Information.**

3.1     Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the producing party or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.    Disclosure Of Confidential Material.**

4.1    Documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the attorneys for the parties, not including in-house attorneys, and their authorized staffs, including secretarial, clerical and legal assistant staff, who are actively involved in this action;

(b)    the Court, Court personnel, jury and Court reporters [as provided in ¶ 12];

(c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not employees or otherwise affiliated with any of the parties and who first agree to be bound by the terms of this Protective Order;

(d)    outside copying used for document handling;

(e)     computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators) who first agree to be bound by this Protective Order;

(f)     up to two in-house attorneys and up to two designated employees of each Party provided that no such individuals are involved in the creation or distribution of pornographic material, except that the restriction on industry involvement shall not apply to Collette Pelissier should she be designated, and each such individual must first agree to be bound by the terms of this Protective Order by executing Exhibit A.

4.2    Disclosure to Author or Recipient:  Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document designated as CONFIDENTIAL to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document, so long as such person agrees not to further disseminate the document. See ¶ 11 below.

4.3    No documents or information designated as CONFIDENTIAL shall be disclosed to any person other than the foregoing persons except by written stipulation of the parties or by further Order of the Court.

4.4    Documents or information designated HIGHLY CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1 (a) - 4.1 (e) subject to the restrictions therein.

4.5    Prior to disclosing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to a receiving party's consultant, expert, or employee, the

receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of any proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships.

The producing party will thereafter have seven (7) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the seven (7) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**5.     Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents.  Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or

immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above.

**6. Agreement Of Confidentiality.**

In no event shall any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed to any person authorized pursuant to ¶4, other than (a) the Court, Court personnel, jury and Court reporters, (b) the parties' attorneys and their authorized clerical, secretarial and legal assistant staffs and (c) outside copying services until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.

**7. Related Documents.**

Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Section 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Section 10.

**8. Designation Of Deposition Transcripts.**

8.1    Appropriate portions of deposition transcripts may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2.1) as the designating party may direct, or (b) within ten

(10) days following the receipt of the transcript by the counsel for the deponent providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2 All deposition transcripts from depositions taken in this case not previously designated shall be deemed to be, and shall be treated as, CONFIDENTIAL or HIGHLY CONFIDENTIAL until the expiration of the period set forth in ¶ 9.1, and, during such period, neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4.2.

8.3 The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4.

## 9. Designation Of Hearing Testimony Or Argument.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have

excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**10.     Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicate they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**11.     Designation Of Documents Under Seal.**

Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Protective Order shall file such paper in accordance with the Court's procedures and the local rules directed at the filing of documents under seal and/or for the Court's in camera review.

12.     **Confidentiality Of Party's Own Documents**.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16).  Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

13.     **Other Protections.**

Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

14.     **Challenge To Confidentiality.**

14.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a

further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14.2    On any motion concerning a challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Any challenge to the designation of a document shall contain a specific statement of the basis of the challenge and the parties agree not to challenge confidentiality designations without a good faith reason to do so.  If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party claiming confidentiality of the designated information, the following procedure shall be utilized:

a.    The party seeking such declassification or removal shall give counsel of record for the producing party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b.    If the challenge is addressed to less than 30 pages or 10 separate documents (whichever is greater in length), the producing party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, unless the parties agree otherwise, and failure to do so shall constitute a termination of the restricted status of each item. If the challenge is addressed

12

to more than 30 pages or 10 separate documents (whichever is greater in length), the burden to move shall be on the challenging party, but the burden to support the confidentiality designation shall remain on the party claiming confidentiality of the designated information.

**15.    Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**16.    Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

Neither this Protective Order or any of its terms supersedes, abrogates, or alters any of the protections or obligations set forth in the prior protective order issued in this case (Dkt. 10). That prior protective order remains in full effect.

**17.    Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case or proceeding. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY CONFIDENTIAL

information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

18.    **Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

    18.1    If, prior to ninety (90) days before the date set for trial, the producing party notifies the non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, and provides the non-producing party a log describing the nature of the privilege or immunity asserted and sufficient information to ascertain the applicability of the privilege or immunity, the non-producing party shall return all copies of such documents and/or things to the producing party immediately upon receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this subsection, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

    18.2    Within ninety (90) days before trial, the burden is on the producing party to seek and obtain a ruling upholding an assertion of privilege that has not been waived. During the pendency of the motion and prior to the Court's ruling on such motion, the non-producing party may retain and utilize such documents and/or things but shall treat such documents and/or things that are the subject of the motion as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the terms of this Order.

18.3    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that the document or thing was never privileged or otherwise immune from disclosure.

18.4    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

## 19.    Non-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

## 20.    Return Of Designated Information.

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications,

and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

**21.     Waiver or Termination of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**22.     Modification of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. To the extent the terms of this Protective Order conflict with any Local Rule or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of any Local Rule, as applicable.

**23.     Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

Dated: September 10, 2020

Respectfully Submitted,

Beik Law Firm, PLLC                         JT Morris Law, PLLC

By: /s/ Paul S. Beik                        By: /s/ JT Morris
Paul S. Beik                                JT Morris
Texas State Bar No. 24054444                Texas State Bar No. 24094444
paul@beiklaw.com                            jt@jtmorrislaw.com
Beik Law Firm, PLLC                         Ramzi Khazen
8100 Washington Ave., Suite 1000            Texas State Bar No. 24040855
Houston, TX 77007                           ramzi@jtmorrislaw.com
Tel: 713-869-6975                           JT Morris Law, PLLC
Fax: 713-868-2262                           1105 Nueces Street, Suite B
Counsel for Plaintiff, Malibu Media, LLC    Austin, Texas 78701
                                            Tel: 512-717-5275
                                            Fax: 512-582-2948
                                            Counsel for Defendant, John Doe

**SO ORDERED:**

SIGNED this _____ day of _____, 2020.

                                    _____
                                                David A. Ezra
                                        United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834- |
| | ) | DAE |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

EXHIBIT A

CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any CONFIDENTIAL or HIGHLY CONFIDENTIAL information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned

litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing such information are to be returned to counsel who provided me with such documents and materials.

DATED this _____ day of _____ 20___.


_____

## CERTIFICATE OF SERVICE

Under the Federal Rules of Procedure. I certify that on September 10, 2020, a copy of the foregoing was served on all parties by the Court's ECF filing system.

<u>/s/ JT Morris</u>
JT Morris