UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT'S OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER AND LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS**

Under Fed. R. Civ. P. 15(a) and 16(b)(4), Defendant John Doe asks that the Court (1) modify the scheduling order as to the date for parties to ask for leave to amend pleadings and (2) grant Doe leave to amend his[1] abuse of process counterclaim and specify that Doe is seeking exemplary damages for that counterclaim. Doe's proposed Answer and First Amended Counterclaims is Exhibit A, and a document comparing Doe's current counterclaims and his proposed amendments is Exhibit B.

**I.   Introduction.**

Defendant John Doe filed a counterclaim for abuse of process, alleging that Plaintiff Malibu Media ("Malibu") intended only to coerce Doe into paying Malibu a settlement for Malibu's claim of copyright infringement in pornographic films, when Malibu knows its claim rests on flawed IP address evidence. [Dkt. 14].  And Malibu has done little to challenge these allegations.

---

[1] For purposes of readability, this motion uses generic male pronouns to refer to Doe, without implying anything about Doe's actual gender.

By contrast, Malibu has strung out this case relying on no more than its flawed evidence. Indeed, it did not even disclose a testifying expert despite knowing it needs one to make out its infringement claim. Nor did it try to rebut Doe's expert, who confirmed that Malibu's IP address-based evidence is deficient. And on top of this, Malibu has continued stringing out this case even though Doe has denied under penalty of perjury using BitTorrent during the alleged timeframe or ever accessing or viewing Malibu's films.

All of Malibu's indifference toward trying to make its infringement claim reveals more abuse of process and an intent to coerce Doe to pay Malibu rather than defend himself. To that end, the Court should grant Doe leave to amend his abuse of process counterclaim to include Malibu's recent conduct. And the Court should also grant Doe leave to specify that he is seeking exemplary damages for abuse of process, based on Malibu's gross negligence (if not malice) in prolonging this dispute.

The need to allege these other facts about Malibu's knowing indifference, which Doe could not have known before the current deadline for leave to amend, justifies Doe's proposed amendments. By contrast, there is no prejudice to Malibu. Doe's proposed amendments do not change the core of his counterclaim or concern any discoverable information in Doe's possession.

## II.   Background.

This is one of many copyright infringement lawsuits that Malibu filed in this District in 2019. [*See* Dkt. 6]. Malibu sued Doe for copyright infringement of pornographic films based only on an internet protocol (IP) address [Dkt. 1]. Then Malibu asked to subpoena Doe's internet service provider (ISP) for Doe's name and address. [Dkt. 5].

Upon receiving notice from his ISP, Doe filed an answer denying Malibu's claims along with three counterclaims. [Dkt. 14]. One of these counterclaims is for abuse of process, alleging

in large part that Malibu sued Doe on no more than IP address-based evidence and related methods for detecting infringement that Malibu knows is faulty. [*E.g.*, *id.* ¶¶ 107-108, 122, 128]. The Court denied Malibu's motion to dismiss this counterclaim. [Dkt. 28].

Yet despite facing Doe's abuse of process allegations, Malibu has supplied more evidence of abusing process. This includes the following:

1. Malibu asked for two extensions in May to respond to Doe's discovery requests, but still served deficient discovery responses forcing Doe to file a motion to compel [Dkt. 31 and 36].

2. And the responses Malibu did serve confirm that it is relying on no more than IP addresses and hash values it knows are unreliable as the basis for its infringement claim. [Dkt. 31-1, Ex. F, Malibu Responses to Interrogatories 1, 14].

3. To date, Malibu has made no substantial production of documents despite agreeing to produce many categories of documents after Doe moved to compel. [*See* Dkt. 42].

4. Malibu served no expert disclosure by the July 1 deadline, even though it knows it cannot make its infringement claim without expert testimony on computer and internet issues. [*See* Dkt. 30, order modifying expert disclosure dates; Dkt. 31-2 App. 88].

5. Doe served a timely expert disclosure on September 2, 2020, in which Doe's expert concluded that Malibu's IP address and hash value evidence was not enough to show Doe infringed. Malibu did not file a rebuttal to Doe's expert.

6. In July, Doe filed a declaration under penalty of perjury denying (a) that he used BitTorrent during the relevant timeframe and (b) that he ever accessed or viewed any of Malibu's asserted films. [Dkt. 32-1 App. 87-88, Doe Decl. ¶¶ 5-7].

7. Malibu did not serve any discovery requests on Doe until July 24, six months after

discovery opened [*See* Dkt. 32-1, App. 88]. And some of these requests had no purpose other than to embarrass Doe. [*E.g,* 39-1 Ex. A at Interrogatory No. 19, asking "when was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?"]

8. In August, Malibu had to seek permission in August to answer Doe's counterclaims months after the deadline. [Dkt. 35].

The current scheduling order's date for seeking leave to amend pleadings was March 2, 2020. But as Doe shows below, good cause exists for modifying that date and granting Doe leave to amend his counterclaims.

### III. Legal standards.

A court should grant leave to amend pleadings "freely [] when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Still, "the Fifth Circuit has held 'that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Payne v. Wal-Mart Stores Tex*., No. MO:18-CV-00224-DC, 2019 U.S. Dist. LEXIS 232151, at *5-6 (W.D. Tex. Oct. 25, 2019) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala*., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining whether leave to amend should be granted, the Court considers the following factors: (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation omitted).

In turn, once the moving party shows good cause to modify the scheduling order, a court

then examines the Rule 15(a) factors. "The language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, and [a] district court must possess a 'substantial reason' to deny a request." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (internal quotation omitted). Relevant factors under Rule 15(a) include (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id.*

### IV. Good cause exists for modifying the scheduling order to allow Doe to seek leave to amend his counterclaims.

The bottom line is that Malibu's idleness during this case shows more grounds for Doe's abuse of process claim. And it also shows grounds for Doe to specify he is seeking exemplary damages under Texas law, because Malibu prolonging this case on evidence it knows is flawed plausibly shows at least gross negligence—if not malice—especially given Doe's denials under penalty of perjury and his expert's opinion. Of course, Doe could not learn these new facts by the current deadline for leave to amend. And Doe's amendments will not prejudice Malibu, because the gist of Doe's abuse of process claims remains the same.

#### A. Doe's amendments were not plausible until now.

Abuse of process is the malicious misuse or misapplication of process to accomplish an ulterior purpose. *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 378 (Tex. App.–Texarkana 1989, no writ) (citing Restatement (Second) of Torts § 682 (1977); W. Keeton, Prosser and Keeton on The Law of Torts § 6 (5th ed. 1984)). Doe's current allegations focus on Malibu suing Doe on no more than evidence Malibu knows is faulty to extort a settlement payment from Doe. [Dkt. 14, ¶¶ 105-109, 112-13, 122-29]. But when Doe filed his counterclaims, he could not foresee that Malibu would ignore expert deadlines, not produce documents underlying its infringement claim, and in the end do nothing to try and make its infringement claim—all to Doe's

detriment. These facts are now apparent and ripe to become part of Doe's counterclaims.

In the same way, these facts elevate Doe's abuse of process claim into one that supports a plausible claim for exemplary damages. Under Texas law, a party may recover exemplary damages if he shows harm that results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003. Malibu's willingness to extend its claim against Doe while doing nothing to cure its flawed evidence—or even rebut Doe's denial or his expert's opinion—shows at least gross negligence. *E.g.*, Tex. Civ. Prac. & Rem. Code § 41.001(11). (defining gross negligence to "involve[] an extreme degree of risk considering the probability and magnitude of the potential harm to others," of which the actor has "actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."). But as explained, Doe could not have known Malibu would shirk even trying to develop its case. So this shows good cause for Doe to amend his counterclaims to specify exemplary damages now. *See Payne*, 2019 U.S. Dist. LEXIS 232151, at *9-10 (finding good cause where plaintiff did not have all the facts to include an exemplary damages claim until after certain discovery).

### B.  Doe's proposed amendments are important to a just resolution.

Doe's proposed amendments do two things. First, they add factual allegations previously unknown to Doe that hone and bolster his abuse of process counterclaim. And second, they add exemplary damages allegations important to make Doe whole and deter wrongful litigation conduct like Malibu's here. In other words, these allegations will help ensure a just result. And so they are another reason Doe has good cause to amend now.

### C.  There is no prejudice to Malibu from Doe's proposed amendments.

Doe's proposed amendments merely explain how on top of suing Doe on evidence Malibu knows is unreliable, it has not even tried to cure its reliance on this evidence, increasing Doe's

6

harm. In short, Doe's amendments do not change the core of his abuse of process claim. This is one reason there is no prejudice to Malibu. *Payne, Payne*, 2019 U.S. Dist. LEXIS 232151, at *10 (finding lack of prejudice where plaintiff's proposed exemplary damages claim was not meaningfully different from its prior negligence claim); *see also StoneEagle Servs., Inc. v. Valentine,* No. 3:12-CV-1687-P, 2013 WL 12123938, at *2 (N.D. Tex. Mar. 21, 2013*)* (observing that "courts consider whether the amendment would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was previously before the court.")

Another reason there is no prejudice to Malibu is that Doe's proposed amendments for exemplary damages depend solely on Malibu's conduct and evidence in Malibu's possession. Put differently, there is nothing Malibu needs in discovery on Doe's exemplary damages allegations. And even if it does, it has time to depose Doe as discovery does not close until October 20. This lack of prejudice is another reason good cause exists for Doe's proposed amendments.

### D.  Because there is no prejudice, the cure factor is unimportant.

The final good cause factor is "the availability of a continuance to cure [] prejudice." *S&W Enters.,* 315 F.3d 533, 536 (5th Cir. 2003). But because there is no prejudice, the Court need not consider any cure. And given that Doe's proposed amendments stem from Malibu's conduct, it is impossible to conjure any potential cure.

In sum, Doe's proposed amendments include facts that Doe could not have foreseen when he filed his original counterclaims. And because Malibu will not suffer prejudice from the amendments, the Court should find good cause to modify the scheduling order and grant Doe leave to file amended counterclaims.

### V.  The Rule 15(a) factors also show why the Court should grant Doe leave to amend his counterclaims.

For the same reasons there is good cause to modify the scheduling order, the Court should

grant Doe leave to amend under Rule 15(a). *See SGIC*, 839 F.3d at 428 (listing the factors for determining whether to grant leave to amend, including (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.). For example, Doe did not unduly delay seeking leave. As explained, the facts underlying his proposed amendments—and how they fit into both his abuse of process claim and his request for exemplary damages—were unavailable until recently. This is also shows a lack of bad faith or dilatory motive. And as Doe showed, there will be no prejudice to Malibu from Doe's proposed amendments.

Finally, Doe's proposed amendments are not futile. First, Doe's proposed allegations for abuse of process merely add to a claim the Court already held is plausible when it denied Malibu's Rule 12(b)(6) motion to dismiss. [Dkt. 28]. Second, Doe's proposed allegations for exemplary damages show a plausible claim. Malibu knowingly sued Doe on flawed information. But instead of showing any desire to cure this flawed evidence, it has rested on that flawed evidence while ignoring Doe's denial under penalty of perjury and his expert's opinion. This knowing disregard of a severe risk shows at least gross negligence if not malice. And so it makes out a plausible claim for exemplary damages under Texas law. Tex. Civ. Prac. & Rem. Code § 41.003

## VI. Conclusion.

Malibu's conduct litigating this case has created facts showing the Court should allow Doe to assert in his abuse of process counterclaims and request exemplary damages for abuse of process. Including these new allegations will not prejudice Malibu, above all because the allegations focus only on Malibu's conduct. For these reasons, the Court should grant Doe's motion and allow him leave to file the answer and amended counterclaims in Exhibit A.

Dated: October 1, 2020                                          Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
ramzi@jtmorris.law.com
jt@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

## Certificate of Conference

    I certify that counsel conferred in good faith by email and telephone about the issues in this motion. Plaintiff's counsel represented that Plaintiff opposes this motion.

/s/ JT Morris
JT Morris

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2020 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

                                                   /s/ JT Morris
                                                   JT Morris