IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | NO. 5:19-CV-834-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING MOTION TO MODIFY THE SCHEDULING ORDER
AND LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS

The matter before the Court is Defendant John Doe's ("Defendant")

Motion to Modify the Scheduling Order and Leave to File First Amended

Counterclaims.  (Dkt. # 47.)  Pursuant to Local Rule CV-7(h), the Court finds this

matter suitable for disposition without a hearing.  Malibu Media, LLC ("Plaintiff")

did not file a motion in response.  Plaintiff's Motion to Extend Scheduling Order

Deadlines (Dkt. # 49) will be addressed in a separate order.  After careful

consideration of the motion, the Court, for the reasons that follow, **GRANTS**

Defendant's motion.

BACKGROUND

This case is about an alleged copyright infringement through

BitTorrent file sharing technology.  (Dkt. # 1.)  Plaintiff asserts that Defendant

illegally obtained and distributed Plaintiff's copyrighted movies through the use of BitTorrent technology.  (Id.)

Plaintiff filed suit in this Court on July 15, 2019 (Dkt. # 1), and Defendant filed an answer on December 19, 2019 (Dkt. # 14).  In the answer, Defendant asserts fourteen affirmative defenses and three counterclaims including a request for declaratory judgment of noninfringement, an abuse of process claim, and a harmful access by computer claim.  (Dkt. # 14.)  Plaintiff filed a motion to strike Defendant's affirmative defenses and a motion to dismiss Defendant's counterclaims on January 7, 2020.  (Dkts. ## 16–17.)  On April 9, 2020, the Court denied Plaintiff's motions.  (Dkt. # 28.)  Defendant then filed a motion for partial summary judgment, which was followed by Plaintiff's Motion for Leave to File Plaintiff's Answer to Defendant's Counterclaims.  (Dkts. ## 32, 35.)  The Court granted Plaintiff's Motion for Leave and dismissed Defendant's Motion for Partial Summary Judgment as moot.  (Dkt. # 40.)  Discovery closes on October 20, 2020. (Dkt. # 25.)

The matter before the Court is Defendant's Motion to Modify the Scheduling Order and Leave to File First Amended Counterclaims.  (Dkt. # 47.) Defendant seeks leave to amend his[1] abuse of process counterclaim in order to

---

[1] For purposes of readability, the Court uses generic male pronouns to refer to Doe without implying anything about Doe's actual gender.

include additional factual support and to specify that Defendant is now seeking exemplary damages under the counterclaim.  (Id.)

## LEGAL STANDARD

Under Rule 16(b) of the Federal Rules of Civil Procedure, a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.  E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 333–34 (5th Cir. 2012).  The four factors to consider are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  Id. at 334 (quotation marks omitted).  If a movant is able to demonstrate such good cause, the Court can then apply the more liberal standard of Rule 15(a) to decide whether to grant leave to amend.  S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535–36 (5th Cir. 2003).

Rule 15(a) of the Federal Rules of Civil Procedure provides that for amended pleadings, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) favors the granting of leave to amend.  Unless there is substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial.  Stripling v. Jordan

Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000).  Relevant factors to consider in

deciding whether to permit amendment include "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party, and

futility of amendment."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir.

1993).

## ANALYSIS

Defendant requests leave to amend his abuse of process counterclaim

by adding factual allegations in support of the claim and to specify that Defendant

is seeking exemplary damages.  (Dkt. # 47.)  These amendments concern

Plaintiff's conduct during the course of this lawsuit, particularly Plaintiff's alleged

indifference during discovery.[2]  (Id.)  Plaintiff did not file a response in opposition

to Defendant's motion.

I.    Rule 16(b) Analysis

A.    Explanation for Failure to Previously Amend

Defendant's explanation for failure to previously amend his or her

counterclaim is that Defendant "could not foresee that Malibu would ignore expert

---

[2] Defendant seeks to add several allegations relating to Plaintiff's alleged indifference during discovery including that "in responding to Defendant's discovery requests, Plaintiff merely pointed to its Complaint as the basis for the infringement claim," "Plaintiff has failed and continues to fail to produce any documents related to liability for copyright infringement," and that "despite knowing it needed expert testimony to make an infringement claim based on internet distribution, Plaintiff did not disclose any expert by the deadline."  (Dkt. # 47-2.)

deadlines, not produce documents underlying its infringement claim, and in the end do nothing to try and make its infringement claim." (Id.)

The Court finds that this is a sufficient explanation for failure to previously amend. Abuse of process is the malicious misuse or misapplication of process to accomplish an ulterior purpose. Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377, 378 (Tex. App. – Texarkana 1989, no writ) (citing Restatement (Second) of Torts § 682 (1977); W. Keeton, Prosser and Keeton on The Law of Torts § 6 (5th ed. 1984)). When Defendant filed its original counterclaim, Defendant could not have foreseen the actions Plaintiff allegedly took during the course of this litigation, and such allegations bolster Defendant's counterclaim. (See Dkt. # 47.) Because Defendant had no way of knowing this information when the original counterclaim was filed or before discovery, this factor weighs in favor of granting leave to amend.

B.    Importance of Amendment

Defendant argues that these amendments are important to a "just resolution" for two reasons. (Id.) Defendant asserts that adding these factual allegations bolsters his abuse of process claim, making it "plausible." (Id.) Defendant also contends that Plaintiff's conduct opens the door for recovery of exemplary damages, which is important "to make Doe whole and deter wrongful litigation conduct." (Id.)

5

The Court agrees with Defendant.  Although the Court already determined that Defendant's abuse of process counterclaim is plausible when it denied Plaintiff's motion to dismiss (Dkt. # 28), the additional factual allegations certainly bolster the claim. This Court denied Plaintiff's motion to dismiss the counterclaim because "there is some dispute as to whether an IP address can positively identify infringers and whether Plaintiff is using this lawsuit to extort a settlement payment."  (Id.)  Defendant's proposed amendments not only bolster the counterclaim but also may entitle Defendant to additional relief.  Those asserting abuse of process claims are entitled to exemplary damages if they can show harm that results from fraud, malice, or gross negligence.  See Tex. Civ. Prac. & Rem. Code § 41.003.  This Court has granted parties leave to amend under Rule 16(b) where the amendments allow them to recover new relief.  See Sanchez v. KHBJR Enters. LLC, No. 5:17-CV-811-DAE, 2018 WL 7350679, at *3–4 (W.D. Tex. Apr. 12, 2018).  Because these additional allegations will bolster Defendant's counterclaim such that Defendant may be entitled to a new form of relief, the Court finds that the amendment is important.  Thus, this factor weighs in favor of granting leave to amend.

C.    Potential Prejudice

Defendant argues that leave to amend its counterclaim does not create prejudice to Plaintiff because the amendments "do not change the core of [the]

abuse of process claim" and the amendments for exemplary damages "depend solely on Malibu's conduct and evidence in Malibu's possession."  (Dkt. # 47.)

The Court finds that Defendant's amendments will not create prejudice to Plaintiff.  Even though this motion has been filed past the original deadline to amend (see Dkt. # 25), Defendant's amendments merely bolster its counterclaim and request for exemplary damages based on those amendments. Defendant is not seeking to add additional claims, and the core of Defendant's counterclaim remains unchanged.  Further, Defendant's proposed amendments are all based on Plaintiff's conduct during the course of the litigation and therefore, should not require much additional discovery before the discovery deadline.  As such, this factor weighs in favor of granting leave to amend.

D.    Availability of a Continuance

Because the parties have not identified any prejudice that would result if leave to amend were granted, the Court need not consider the availability of a continuance to cure such prejudice in this order.  Plaintiff's Motion to Extend Scheduling Order Deadlines (Dkt. # 49) is pending, but the Court will address that motion separately.

E.    Conclusion

After considering the factors as the Court must do in a Rule 16(b) analysis, the Court finds that Defendant has shown good cause for the amendment.

Plaintiff is thus entitled to the more liberal standard of Rule 15(a), which provides that leave to amend pleadings shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>S&W Enters.</u>, 315 F.3d at 535–36.

## II.    <u>Rule 15(a) Analysis</u>

Once the movant has demonstrated good cause to meet the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a).  <u>S&W Enters.</u>, 315 F.3d at 535–36.  Rule 15 of the Federal Rules of Civil Procedure provides that, if the time period has passed for a party to amend as a matter of course, leave to amend pleadings shall be freely given when justice so requires.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  In determining whether to allow an amendment under Rule 15(a), the court considers whether allowing the amendment would cause undue prejudice to the nonmovant, undue delay in the proceedings, and whether the movant is acting in bad faith or with a dilatory motive.  <u>Wimm</u>, 3 F.3d at 139.

After careful consideration of the instant motion, the Court does not find the presence of any of these factors.  The core of Defendant's abuse of process counterclaim remains unchanged as a result of the amendments.  Although the close of discovery is approaching and the deadline for amending the pleadings has already passed, these amendments likely will not cause undue prejudice to the nonmovant or undue delay in the proceedings.  There is also no evidence tending

to suggest that Defendant is acting in bad faith or with a dilatory motive.  Because

Rule 15 dictates that courts shall freely grant leave to amend pleadings when

justice so requires, and because the proposed amendments do not otherwise satisfy

the relevant factors, the Court does not have any substantial reason to deny leave to

amend.  See Stripling, 234 F.3d at 872.

CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to

Modify the Scheduling Order and Leave to File First Amended Counterclaims.

(Dkt. # 47.)

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, October 13, 2020.


_____

David Alan Ezra
Senior United States District Judge