UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO. 5-19-CV-00834-DAE |

## DEFENDANT JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND EXPERT DEADLINES

Simply put, the Court should not give Plaintiff Malibu Media, Inc. ("Malibu") a second chance to develop its case and prejudice Defendant John Doe. It is over three months past Malibu's expert disclosure deadline and less than one week until discovery ends. Yet Malibu—a veteran of over 1000 copyright infringement lawsuits—only now seeks a 120-day extension for discovery.

But Malibu has not been diligent. It has disregarded expert and pleading deadlines, served discovery well after a reasonable party would have, and stalled producing documents. And to that, the efforts of both Malibu and its counsel in other copyright cases over the past six months show that COVID-19 does not excuse Malibu's lack of diligence here.

Above all, Malibu's proposed 120-day extension would prejudice Doe. For example, Doe timely served his expert disclosure on Malibu's infringement claim. It will prejudice Doe if Malibu gets the benefit of Doe's expert report when crafting a report for the issue on which it carries the burden of proof. So too would it be unfair for Doe to spend more resources on expert depositions, a rebuttal report, and other fees and costs after Malibu has ignored the rules. And any extension of fact discovery would delay resolving this case on summary judgment.

There is no good cause to extend discovery, and so the Court should deny Malibu's motion.

I.    **Background.**

   **A. Malibu has shown little diligence in discovery here.**

   *Malibu ignores expert deadlines.* The parties agreed in April to extend the deadlines for expert disclosures, noting that expert discovery might involve examination of electronic devices. [Dkt. 29-30]. But Malibu has served no expert disclosure for its infringement claim, even though its deadline was July 1. Nor has it served a rebuttal to the expert report Doe timely served on September 2. And Malibu has not served notice for deposition of Doe's expert.

   *Malibu stalls asking to extend expert discovery.* Having agreed to the July 1 expert deadline, Malibu could have asked to extend expert discovery before or on that deadline. Yet it waited over three months past the deadline. [Dkts. 30, 49].

   *Malibu waits seven months to serve any discovery.* Discovery opened in late January. [Dkt. 25]. Doe served his first discovery requests in early April. [Dkt. 31-1, Exs. A-B]. But Malibu did not serve any discovery requests until late July—and only after Doe pointed out to the Court that Malibu had served no discovery. [Dkt. 32 pp. 4-5].

   *Malibu stalls asking to extend fact discovery.* No stranger to federal court, Malibu knows it needed to take depositions and conduct other fact discovery to develop its infringement claim. But Malibu has waited until just eight days before the end of discovery to ask for another 120 days to conduct discovery.

   *Malibu delays producing documents.* Malibu produced no documents for months, forcing Doe to move to compel. [Dkt. 31].

   **B. COVID-19 seems not to affect Malibu's efforts in other cases.**

   *Malibu agrees to similar discovery deadlines during the pandemic.* In May 2020—when COVID was peaking in Texas—Malibu and its Texas counsel filed a proposed schedule in another

copyright case in this District. Yet the schedule did not mention COVID-based hardships. [*Id.*] By contrast, Malibu agreed to deadlines like serving initial expert disclosures in August 2020 and completing fact discovery in November 2020. [*See* 10-13-2020 J. Morris Decl., Ex. A]. And in another proposed scheduling plan filed during the pandemic, Malibu's Texas counsel represented Malibu would produce "original copies of the Infringed Works as mp4 files," something it still has not done in this case. [*Id.*, Ex. D p. 7]. Malibu has also filed status reports in other cases during the pandemic. [*E.g., Id.*, Ex. F].

***Malibu makes a timely extension request.*** In August, Malibu's Texas counsel timely moved to extend expert deadlines in a Northern District copyright case. [Morris Decl., Ex. C].

***Malibu and its counsel file papers on July 2.*** In a case in the Southern District, Malibu's counsel filed a status report on July 2—one day after Malibu's expert disclosure deadline here. [Morris Decl. Ex. F]. And a day later, Malibu filed the affidavit of its owner Collette Pelissier. *Id.*

***Malibu files motions and timely responses.*** Since COVID-19 began, Malibu has filed several motions and timely oppositions in this and other copyright infringement cases, including in Texas cases with its current counsel. [Morris Decl. Ex. B-C, E, G-J].

***Malibu settles its dispute with former counsel.*** On June 26, Malibu filed a notice of settlement in the Southern District of Florida for the lawsuit Malibu's former counsel filed against it. [Morris Decl. Ex. K].

**C. Malibu does business as usual during COVID-19.**

Malibu has maintained its pornography business since COVID-19 hit. For example, Ms. Pelissier's Twitter feed shows Malibu (doing business as X-Art) has continued to market and promote Malibu's films and models throughout the past six months. [Morris Decl., Ex. L].

## II. The Court should deny Malibu's motion for lack of good cause.

There are two reasons why there is no good cause to grant Malibu's motion. First, Malibu has not exercised diligence here, and its conduct in other cases disproves Malibu's excuse of COVID-19. Second, Malibu's proposed extension would prejudice Doe, who has already served an expert report for his infringement defense and otherwise has played by the rules.

In sum, Doe should not have to spend more time and money and suffer more stress just because Malibu wants a second chance at discovery. Instead, the Court should keep the current discovery deadline and let Malibu's infringement claim proceed to summary judgment.

### A. Legal standards.

"District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Expl. Co.,* 110 F.3d 253, 257-58 (5th Cir. 1997) (citation omitted). To that end, a movant must show "good cause" for failure to meet a scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Sw. Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In turn, Rule 16(b) states a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

To modify a scheduling order, a party must show it was diligent. *S & W Enters.,* 315 F.3d at 535 (concluding that good cause requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension.") (citation omitted). Other good cause factors include (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

**B. Malibu has shown no diligence.**

Malibu is not new to federal court, having filed "over 1,000" copyright infringement cases in federal district court. [Dkt. 1 ¶6]. So it knows litigants must exercise diligence in meeting deadlines. But here, Malibu has shown no diligence. And in turn, it has no justification for seeking 120 extra days to develop its case on the eve of discovery closing.

Doe shows above several examples of how Malibu has not diligently tried to meet fact and expert discovery deadlines. Highlighting this lack of diligence is that Malibu never asked to extend its July 1 expert disclosure deadline on or before that date. In fact, even when Doe pointed out in mid-July that Malibu failed to disclose an infringement expert, Malibu did not seek an extension. [*See* Dkt. 32 p. 2]. Instead, Malibu waited over three months past the deadline and only after Doe served his expert report on infringement. That is not diligent by any measure.

To that end, the Court should reject Malibu's claim that "retaining an expert" was "impracticable" because of COVID-19. Malibu uses the same expert, IPP International, in all its copyright infringement cases. [*E.g.*, Malibu's Response to Doe's Motion to Compel, Dkt. 33 at 3, noting that IPP its "Plaintiff's expert."]. Malibu cannot justify its failure to serve a timely Rule 26(a)(2) expert disclosure addressing at least the information it had on July 1. *See Fortin v. Town of Wells*, No. 09-179-P-S, 2009 U.S. Dist. LEXIS 95670, at *9-11 (D. Me. Oct. 13, 2009)

And Malibu's delay in asking to extend fact discovery, its seven-month delay in serving any discovery requests, and its delay in producing documents also highlight its lack of diligence. Malibu's consistent stalling alone shows there is no good cause to grant Malibu's motion.

**C. The Court should reject Malibu's COVID-19 explanation.**

Malibu asks the Court to excuse Malibu's lack of diligence because of COVID-19. Yet Malibu seems to overlook that COVID-19 has affected the way every party and attorney in this District

litigates cases. And to the more pressing point, Malibu's efforts in other cases show it cannot rely on COVID-19 to excuse its lack of diligence in this case.

***Malibu and its counsel have actively litigated other cases during COVID-19.*** Doe shows above and in the attached exhibits that Malibu and its attorney have been more than capable meeting deadlines and asking for timely extensions in other cases. [Morris Decl. Exs. A-K]. For example, in May 2020 Malibu and its Texas counsel agreed to discovery deadlines in another copyright case very close to those dates in the scheduling order here. [*Id.,* Ex. A]. And as another example, Malibu had no problem seeking default judgments during COVID-19. [*Id.*, Exs. I-J ]. Nor did its Texas counsel have issue asking for a timely discovery extension in another case during the pandemic. [*Id.*, Ex. C].

***COVID does not justify Malibu stalling on seeking an extension.*** Even assuming COVID-19 impeded Malibu from completing discovery by the deadline, Malibu offers no reason why it waited over three months to seek an extension to disclose an expert it has on constant retainer. [*See* Dkt. 49]. Nor does it explain why it waited just eight days before the discovery deadline to ask for 120 more days to finish discovery. [*Id.*] In fact, Malibu cannot offer such an explanation, because its efforts in other cases during COVID-19 show Malibu could have asked for timely extensions here.[1] What is more, Malibu has met pleading deadlines during COVID-19 in this case. [Dkts. 33, 37]. This highlights that Malibu could have made a timely request to extend discovery.

**D. The certain prejudice to Doe is another reason to deny Malibu's request.**

Doe is not a federal court denizen like Malibu. Yet he has been diligent throughout

---

[1] If Malibu argues it was taking a "wait-and-see" approach to COVID, the Court should refuse that reasoning. *E.g.*, *Mendez v. Kroger Tex., L.P.,* Civil Action No. 3:14-CV-2034-L, 2015 U.S. Dist. LEXIS 144741, at *6 (N.D. Tex. Oct. 26, 2015) (rejecting plaintiff's "wait-and-see" excuse as good cause for modifying the case schedule).

discovery, developing his defenses and counterclaims and otherwise playing by the rules. A 120-day discovery extension on the eve of discovery closing will seriously prejudice Doe.

*An expert discovery extension would prejudice Doe.* Doe served his expert disclosure on Malibu's infringement claim on September 2. Allowing Malibu to develop and serve its infringement expert report now will prejudice Doe. And that is because Malibu "would have the benefit of knowing the opinions that defendant['s] expert[] intend[s] to express and be able to have their expert tailor his opinions to take those opinions into account." *Cruz v. City of Anaheim*, No. CV 10-03997 MMM (JEMx), 2011 U.S. Dist. LEXIS 164733, at *8-9 (C.D. Cal. Dec. 19, 2011) (denying a motion to modify expert disclosure deadlines).

*Malibu's proposed extension would harm Doe.* Doe has incurred substantial fees and costs, not to mention stress, defending against Malibu's lawsuit. And so allowing Malibu an extra 120 days for discovery on a claim it has treated with indifference would require Doe to spend more money and suffer more stress. That would be unjust and prejudicial, especially after Doe has been diligent meeting the scheduling order deadlines. *See, e.g.*, *Fortin*, 2009 U.S. Dist. LEXIS 95670, at *7 (D. Me. Oct. 13, 2009) (rejecting motion to extend scheduling order deadlines where "defendants will have to wait at least an additional two months for this matter to be resolved, while incurring litigation expenses, and the court's scheduling procedure will have been disrupted for no proffered reason other than the plaintiff's convenience.")

*Malibu's proposed extension would delay resolution of this case.*. Malibu had many chances to develop its claim and seek timely extensions discovery. Doe should not have to wait 120 more days to move for summary judgment.

**E. If the Court grants any extension, it should be only for Malibu's deposition of Doe.**

For the reasons above, the Court should not extend deadlines for written discovery,

inspections of any devices, or expert discovery. And for the same reasons, it also should not grant Malibu more time to depose to Doe. Indeed, Doe is the only party to finalize a deposition date, as he is deposing Malibu and Ms. Pelissier on October 20.

But if the Court is inclined to extend any discovery deadlines, it should only extend the deadline for Malibu to depose Doe by 14 days. This limited extension will be the least prejudicial to Doe. It will also satisfy any need Malibu perceives to question Doe about the amendment to his abuse of process counterclaim, which focuses exclusively on Malibu's conduct. [Dkts. 50-51].

### III.  Conclusion.

Malibu has had a fair opportunity to develop its infringement claim and seek extensions for expert and fact discovery. There is no good cause to extend discovery, let alone by 120 days. The Court should prevent serious prejudice to Doe and deny Malibu's motion to extend discovery.

Dated: October 14, 2020                                  Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
jt@jtmorrislaw.com
ramzi@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2020 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

                                                 /s/ JT Morris
                                                 JT Morris