UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.5:19-cv-00834-DAE |
| v. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS**

**PARTIES**

92. Admitted.

93. Admitted.

**JURISDICTION**

94. Admitted.

95. Admitted.
96. Admitted.

**FACTS**

97. Plaintiff/Counter-Defendant admits that it offers a subscription service to members for access to the content it produces.

98. Plaintiff/Counter-Defendant does not dispute that free pornographic material is available in the Internet. Plaintiff/Counter-Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Defendant's Answer.

99. Denied.

100. Denied.

101. Plaintiff/Counter-Defendant does not dispute that infringement of its copyrights occurs soon after the works are published.

102. Plaintiff/Counter-Defendant does not dispute that it has hired the consulting firm, IPP, to act on Plaintiff's behalf to track and record instances of infringement of its copyrights. Plaintiff/Counter-Defendant denies that IPP connects to networks controlled and operated by members of the public, and accesses their private computer data.

103. Admitted to the extent that such members of the public are not subscribers to Plaintiff's website. Denied as to the remaining allegations.

104. Plaintiff/Counter-Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 104 of the Answer, and therefore denies the same. Plaintiff-Counter-Defendant does not instruct IPP on its methods of detection or recording of instances of copyright infringement.

105. Plaintiff admits that it uses the information provided by IPP, including IP addresses being used to infringe its copyrighted films, for purposes of enforcing its copyrights.

106. Admitted to the extent that pieces of data sent from an IP address to IPP are used as a basis for bringing a copyright infringement suit against infringers. Denied as to the remaining allegations.

107. Admitted that IP addresses can be used to identify a subscriber of Internet service. Denied as to the remaining allegations.

108. Denied.

109. Admitted that Plaintiff/Counter-Defendant seeks redress from those who infringe its copyrighted materials.  Denied as to the remaining allegations.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Plaintiff admits its claims for copyright infringement are supported by evidence referenced in the Complaint.

116. Plaintiff admits discovery was served on the Defendant and that its expert holds relevant evidence.

117. Plaintiff lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 117 of the Answer, and therefore denies the same.

118. Denied.

119. Plaintiff admits that Defendant filed a motion to compel.  Plaintiff denies the remainder of the allegations.

120. Denied.

121. Denied.

### COUNT ONE (Declaratory Judgment of Non-Infringement)

122. Malibu Media incorporates its responses to Paragraphs 92-121 as if fully set forth.

123. Admitted

124. Denied.

125. Admitted that internet service providers assign IP addresses. Plaintiff lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Answer, and therefore denies the same.

126. Denied

127. Admitted that Plaintiff brought a cause of action against Defendant within the statute of limitations period. Denied as to the remaining allegations.

128. Denied.

### COUNT TWO (Abuse of Process)

129. Plaintiff incorporates its responses to Paragraphs 92-128 as if fully set forth herein.

130. Plaintiff admits that some courts have held that an IP address, alone may not identify an actual infringer.

131. Denied.

132. Denied.

133. Plaintiff admits that it filed its Complaint almost two years from the latest date of the first alleged infringement but denies the remaining allegations. Plaintiff further avers that only seeks remedies for the infringement of its copyrights against Defendants who are habitual infringers as evidenced by the number of titles downloaded via BitTorrent.

134. Denied.

135. Denied.

136. Plaintiff admits that "savvy" IT professionals against whom it seeks redress routinely employ tactics and methods aimed at hiding their infringing activity online. Plaintiff denies the remaining of the allegations.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

### COUNT THREE (Harmful Access by Computer)

144. Plaintiff incorporates its responses to Paragraphs 92-143 as if fully set forth herein.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. As Defendant has proceeded through Plaintiff/Counter-Defendant does not dispute that certain individuals may be more capable of hiding instances of infringement. Defendant denies that he engaged in any conduct in violation of Federal law and denies that he caused any damages to Plaintiff or that Plaintiff is otherwise

entitled to relief. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies the same.

152. Denied.

Plaintiff/Counter-Defendant demands a jury on all issues triable by jury.

Dated: October 23, 2020

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK