**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE, <br><br> Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT JOHN DOE'S RENEWED MOTION FOR**
**<u>PARTIAL SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

Table of Contents…………………………………………………………………………..ii

Table of Authorities……………………………………………………………………….iii

I.    Introduction................................................................................................... 1

II.    Procedural history. ....................................................................................... 2

III.    Legal standards. ........................................................................................... 3

IV.    The undisputed facts. ................................................................................... 4

    A.    Malibu sues people based on IP addresses identified over BitTorrent. ............... 4

    B.    An IP address cannot show infringement ............................................. 5

    C.    Doe did not access or copy any of Malibu's alleged copyrighted films. ............. 6

V.    The Court should grant Doe summary judgment on Malibu's copyright infringement claim. ...................................................................................................... 7

    A.    Elements of copyright infringement. ..................................................... 7

    B.    There is no genuine factual dispute over no infringement................................. 8

        1.    Malibu has no evidence that Doe accessed or copied any films. ..................... 8

        2.    Malibu offers no evidence of what it alleges Doe shared or copied................. 9

VI.    The Court should enter a declaratory judgment on Doe's non-infringement counterclaim. ...................................................................................... 10

VII.    Conclusion. ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)……………………………………….………4

*Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491 (5th Cir. 2012)………………………………...7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)……………………………………………………3

*Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142 (9th Cir. 2018)………………………………5

*Crawford v. Formosa Plastics Corp.*, 234 F.3d 899 (5th Cir. 2000)………………………………3

*Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187 (5th Cir. 1991)…………………………………...3

*Jackson v. Widnall*, 99 F.3d 710 (5th Cir. 1996)…………………………………………………...4

*Jones v. Wike*, 654 F.2d 1129 (5th Cir. 1981)……………………………………………………4

*Kee v. City of Rowlett*, 247 F.3d 206 (5th Cir. 2001)…………………………………………….3

*Malibu Media, LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798 (N.D. Ill. Feb. 8, 2016)……………………………………………………………………………………….5, 8, 9

*Malibu Media, LLC v. Doe*, 2018 U.S. Dist. LEXIS 207655, 2018 WL 6446404 (N.D. Ill. Dec. 10, 2018)………………………………………………………………………………………....5

*Malibu Media LLC v. Duncan,* No. 4:19-CV-02314, 2020 U.S. Dist. LEXIS 20905 (S.D. Tex. Feb. 4, 2020)……………………………………………………………………………………....5

*Malibu Media, LLC v. Peled*, No.: 2:18-cv-00141-KSH-CLW, 2020 U.S. Dist. LEXIS 28768 (D.N.J. Feb. 20, 2020)……………………………………………………………………………..5

*Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975 (C.D. Cal. 2015)…………………..10

*Peel & Co. v. Rug Mkt.*, 238 F.3d 391 (5th Cir. 2001)………………………………………....7, 8, 10

*Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 U.S. Dist. LEXIS 18528 (W.D. Wash. Jan. 31, 2020)…………………………………………………………………………………….10

*Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995)……………………………………...………...4

**Rules**

Fed. R. Civ. P. 8(b)……………………………………………………………………...…………4

Fed. R. Civ. P. 56……………………………………………………………………………….1, 3

Defendant John Doe ("Doe") renews his[1] motion for partial summary judgment under Fed. R. Civ. P. 56 for an order (1) granting Doe judgment on Plaintiff Malibu Media, LLC's ("Malibu") claim of copyright infringement and (2) entering declaratory judgment of non-infringement on Doe's counterclaim. Doe's counterclaims for abuse of process and harmful computer access would remain for trial.

## I. Introduction

17 months ago, Malibu sued alleging that Doe infringed Malibu's copyrighted films by distributing them over BitTorrent. Then, the only evidence Malibu had was an unreliable IP address and tiny data pieces associated with that IP address that it saw over BitTorrent. And now, the only evidence Malibu has is that same IP address and those same data pieces.

Simply put, this evidence cannot prove copyright infringement. In fact, Malibu recognizes that a mere IP address cannot identify a BitTorrent user. And Doe's non-infringement expert confirms this. What is more, he also explains why the tiny data pieces cannot show infringement. Malibu did not bother to rebut these expert opinions.

Consistent with Malibu's lack of proof, Doe has stated repeatedly—including under oath and under penalty of perjury—that he never used BitTorrent during the relevant period and never viewed or distributed Malibu's films. Yet Malibu served no expert report to challenge this. And it has no evidence that contradicts Doe's sworn denials.

This all shows that no reasonable juror could find Doe infringed any of Malibu's films. And so there is no genuine dispute of material fact on infringement. On that basis, the Court should grant summary judgment for Doe on both Malibu's claim for copyright infringement and Doe's

---

[1] For readability, Doe may be referred to using the terms "him," "he," or "his." This is not intended to suggest anything about the identity or gender of Doe.

counterclaim for a declaratory judgment of non-infringement.

**II. Procedural history.**

Malibu sued a "John Doe" defendant associated with the Internet Protocol (IP) address 70.21.72.191. Malibu accused Doe of using the BitTorrent file-sharing protocol to infringe Malibu's alleged copyrights in pornographic films. [Dkt. 1]. Soon after, Malibu persuaded the Court to issue a subpoena to Doe's internet service provider (ISP), claiming this would help Malibu "investigate and prosecute claims made in its Complaint." [Dkt. 5]. But in the year after Malibu learned Doe's identity from his ISP, Malibu produced virtually no evidence of infringement, performed no forensic analysis, and served no expert report.

In fact, when asked to identify what evidence Malibu had that Doe infringed its copyrights, Malibu's corporate witness Collette Pelissier all but admitted that the IP address alone could not reliably identify a BitTorrent infringer. [App. 247-48 Tr. 51:15-52:3]. What is more, she conceded Malibu needed expert testimony to show infringement. [App. 250-51 Tr. 65:2-66:22]. And so on the last day of discovery, Ms. Pelissier could not even describe the sum of Malibu's infringement evidence: "Q. Do you have any evidence that my, that my client is the person who downloaded your movies, and what evidence is that? A. I don't know if I'm able to give you that information at this point." [App. 249 53:9-14].

At the same time, Doe has established his innocence even though Malibu has the burden on copyright infringement. For instance, Doe never used or installed BitTorrent during the period over which Malibu alleges infringement. [App. 80 ¶ 6; App. 261 Tr. 25:12-22; App. 262 Tr. 46:2-5]. And there were at least five networks on the accused IP address, at least one of which was open as part of Doe's work experimenting with long range Wi-Fi. [App. 264-67 Tr. 69:5-72:5; Dkt. 32-1 at App. 87-88]. Doe also served a detailed report from Glenn Bard, a network security and

2

cybercrimes expert, detailing why Malibu cannot show Doe accessed or copied its films. [App. 1-237, Declaration and Expert Report of Glen K. Bard]. For all that, Malibu did not serve a rebuttal report or even ask to depose Bard.

Malibu had every chance to develop its infringement case. Indeed, over four months have passed since the Court granted Malibu leave to answer Doe's counterclaims after the deadline and avoid Doe's first motion for summary judgment based on Rule 8(b)(6) admissions. Dkt 40. But in the end, Malibu did little to develop its case even after getting that second chance. *See* Dkt. 55. And so Malibu has effectively conceded non-infringement, making summary judgment in Doe's favor proper and necessary.

### III. Legal standards.

Under Rule 56, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). In short, a genuine issue of material fact exists only if a reasonable jury could find for the non-movant. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) (citation omitted). In making this determination, a court views evidence in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Id.*

To withstand a summary judgment motion, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). This means the nonmovant "must respond to an adequate motion for summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191 (5th

Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 n. 19 (1970)).

A court has wide discretion to grant a renewed motion for summary judgment. *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996). To this end, a renewed motion for summary judgment is particularly appropriate where discovery has expanded the record. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (citations omitted); *see also Jones v. Wike*, 654 F.2d 1129, 1130 (5th Cir. 1981) (per curiam) (holding that the district court "did not abuse its discretion in reconsidering its initial order denying summary judgment in light of the new affidavits")

And here, Doe's original summary judgment motion focused on the Rule 8(b)(6) admissions resulting from Malibu's failure to answer his counterclaims [Dkt. 32]. But this renewed motion focuses on the more robust record that includes both parties' deposition testimony and Doe's expert's testimony. For that reason, Doe's renewed motion is fitting and the Court should grant it for the reasons stated.

## IV. The undisputed facts.

### A. Malibu sues people based on IP addresses identified over BitTorrent.

Malibu produces and distributes pornographic films. [App. 25-26]. It admits pornographic films are available for free on the internet. [App. 256 Tr. 160:22-24]. Yet it still has filed 1000s of lawsuits for BitTorrent-based copyright infringement on no more than IP addresses and "geolocation technology." [App. 19 ¶¶ 5-6].

For many years, including when it sued Doe, Malibu used its consultant IPP International UG ("IPP") to monitor BitTorrent and determine what IP addresses to sue. [App. 74 ¶ 6; App. 280]. To do this, IPP connected its servers to BitTorrent users and then downloaded small pieces of data that Malibu argues correspond to parts of its films. [App. 74 ¶¶ 6, 8; App. 75 ¶ 9]. IPP and Malibu used this process to identify an IP address associated with those small pieces of data. (*Id.*). In turn, Malibu sued defendants based on the IP address IPP identified. [App. 18-20; 59, 280]. This

4

is what led Malibu to sue on Doe's IP address. [*Id.*; App. 75 ¶¶ 9-13].

### B. An IP address cannot show infringement

Malibu acknowledges that while an IP address might link to the person paying an internet bill, the IP address often does not identify a BitTorrent user. [App. 247-48 Tr. 51:19-52:3; *see also* App. 249 Tr. 53:9-14; App. 252-53 Tr. 70:25-71:11]. For example, it is typical for multiple devices and persons to use the same IP address just by connecting wirelessly to a central router—including over open networks. [App. 5-7 ¶¶18-28 (Bard Expert Report); *see also* App. 252-53 Tr. 70:25-71:11]. And so as Doe's expert Bard explains, this is one of several reasons why an IP address cannot identify with any confidence the actual person who sent data over BitTorrent. [App. 5-9 ¶¶ 21-34]. Instead, the IP address is simply a network's gateway to the internet. [App. 5 ¶ 21].

To this end, several courts have concluded that IP addresses alone cannot identify a BitTorrent user and thus cannot show infringement liability. For example, in granting summary judgment of non-infringement against Malibu, one district court reasoned that "[a]n IP address discloses the location of the internet line used for the transaction, but it does not identify the individual person who engaged in the transaction," and thus "**evidence of a link between an IP address and Malibu's movies may be enough to justify discovery, but it is not enough to prove liability**." *Malibu Media, LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798 at \*19, n. 5 (N.D. Ill. Feb. 8, 2016) (internal citations omitted, emphasis added); *see also Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142, 1145 (9th Cir. 2018); *Malibu Media LLC v. Duncan,* No. 4:19-CV-02314, 2020 U.S. Dist. LEXIS 20905 at \*5, 10-15 (S.D. Tex. Feb. 4, 2020); *Malibu Media, LLC v. Peled*, No.: 2:18-cv-00141-KSH-CLW, 2020 U.S. Dist. LEXIS 28768, at \*15-16 (D.N.J. Feb. 20, 2020); *Malibu Media, LLC v. Doe*, 2018 U.S. Dist. LEXIS 207655, 2018 WL 6446404, at \*6-9 (N.D. Ill. Dec. 10, 2018).

Even Malibu's corporate witness Ms. Pelissier acknowledged that an IP address alone cannot identify a particular person or infringer. [App. 247-48 Tr. 51:19-52:3; *see also* App. 249 Tr. 53:9-14; App. 252-53 Tr. 70:25-71:11]. And so Malibu likely sued innocent persons when, for example, the actual infringer "just might have been someone else in the household." [App. 252-53 Tr. 70:25-71:11].

**C. Doe did not access or copy any of Malibu's alleged copyrighted films.**

Malibu alleges Doe infringed its films between 2017 and 2019. [App. 22, 25]. But Doe never used BitTorrent during that time. [App. 80 ¶ 6; App. 261 Tr. 12-22; App. 262 Tr. 46:2-5; App. 287]. Nor did Doe install or maintain BitTorrent on any device he used during that time. *Id.* And he never viewed films Malibu lists in its complaint. [App. 81 ¶ 7; App. 262 Tr. 48:1-6; *see also* App. 264-67 Tr. 69:5-72:5; App. 76:7-24, 69:5-72:5]. To that, Doe also never accessed, copied, stored, or distributed any of these films. [*Id.*; *see also* App. 268 Tr. 76:8-18].

Malibu has no evidence to dispute this. Indeed, Malibu conceded in its complaint that it "only knows Defendant by the IP address he or she used to commit the complained of infringement." [App. 19, ¶ 9]. And Malibu's written discovery answers confirm that it still has no evidence for its infringement claim other than what it alleges in its complaint:

> 1. Separately for each of the Copyrights In Suit, describe in detail all factual and legal bases for Your contention that Doe committed infringement in violation of 17 U.S.C. § 501, including, without limitation, detailed identification and evidence of any specific alleged acts of infringement, any basis for alleging or evidence that any alleged act of infringement was committed by Doe, and the specific nature and extent of any such infringement.
>
> **Response** – the Amended Complaint sets forth the legal and factual basis for bringing the instant suit against Defendant. Plaintiff otherwise objects to this discovery request on the grounds

6

[App. 270] (highlighting added). But at the same time, Malibu agrees that an IP address alone cannot identify a person or device using that IP address, including with BitTorrent. [App. 247-48 Tr. 51:19-52:3; *see also* App. 249 Tr. 53:9-14; App. 252-53 Tr. 70:25-71:11].

And even though Malibu alleges IPP "downloaded…one or more pieces" of the copyrighted works from Doe's IP address, there is no evidence it compared these pieces with the data composing the full copyrighted films. In fact, Malibu has not identified what "pieces" of its films it alleges Doe copied. [*See* App. 8 ¶ 33; App.18-28; App. 73-76]. Nor has it produced one of these pieces, let alone the complete films it alleges Doe infringed. And finally, Malibu does not dispute Bard's expert testimony that Malibu would need "thousands of times" of the volume of data pieces it claims to show infringement. [App. 8 ¶ 33].

## V. The Court should grant Doe summary judgment on Malibu's copyright infringement claim.

The bottom line is that Malibu has no evidence that can show Doe accessed or shared Malibu's films over BitTorrent. This shows there is no genuine dispute of material fact and that Doe is entitled to judgment on Malibu's copyright infringement claim as a matter of law.

### A. Elements of copyright infringement.

Copyright infringement requires that a plaintiff prove it "(1) owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Prods., Inc*., 693 F.3d 491, 499 (5th Cir. 2012). "Copying" requires proof "(1) that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. Rug Mkt*., 238 F.3d 391, 394 (5th Cir. 2001). In turn, to "determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* at 395. And so summary judgment "is appropriate if the court

can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." *Id.*

**B. There is no genuine factual dispute over no infringement.**

**1. Malibu has no evidence that Doe accessed or copied any films.** [2]

Three undisputed facts alone show non-infringement. **First**, Malibu has no evidence to dispute that Doe never used BitTorrent during the period Malibu alleges. [App. 80 ¶ 6; App. 261 Tr. 25:12-22, App. 262 Tr. 46:2-5]. **Second**, Malibu has no evidence to dispute that Doe did not knowingly install or maintain BitTorrent on any of his devices during the alleged infringement period. (*Id.*) **And third**, Malibu has no evidence to dispute that Doe never viewed or stored any of the alleged films. (App. 81 ¶ 7; App. 263 Tr. 48:1-5; *see also* App. 268 Tr. 76:8-18). These are enough to grant Doe summary judgment on Malibu's infringement claim. *See, e.g.*, *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798 at *22, 39 (granting Doe defendant summary judgment when Malibu produced no evidence that the defendant used BitTorrent to access Malibu's films, installed BitTorrent on his device, or stored the films on his device).

Instead, all Malibu has is (1) an IP address and (2) what it claims are "one or more pieces" downloaded from this IP address on BitTorrent that correspond to its films. (App. 21; App. 270 (Malibu Resp. to Doe Interog. No. 1)]. But neither creates a genuine issue of fact over access or copying. Above all, both parties acknowledge that an IP address alone cannot show a BitTorrent end user. [App. 5-9 (Bard Expert Report); App. 247-48 Tr. 51:19-52:3; *see also* App. 249 Tr. 53:9-14; App. 252-53 Tr. 70:25-71:11]. And so there is no genuine dispute that an IP address cannot

---

[2] To streamline this motion, Doe is not addressing Malibu's ownership of any copyright in its films. But Doe maintains his denial over Malibu's ownership claim in the alleged copyrights. Dkt. 51 ¶ 23.

show liability for copyright infringement over BitTorrent. *Id.*; *see also Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798 at *18-20. What is more, the BitTorrent "pieces" Malibu claims also cannot show infringement, as Doe shows below.

Finally, on the last day of discovery Malibu conjured up two other pieces of alleged evidence—(1) the vague "interests" of an unidentified "downloader" and (2) that no one has admitted to downloading the lewdly titled pornographic films listed in Malibu's complaint. [App. App. 25; 254-55 Tr. 83:8-84:22]. But these both are unreliable and speculative at best. And in any event, neither casts any doubt over the fact that Doe did not access or copy Malibu's films.

Malibu's lack of evidence confirms there is no genuine dispute of material fact on lack of access. And for that reason, the Court should grant Doe summary judgment on Malibu's infringement claim.

**2. Malibu offers no evidence of what it alleges Doe shared or copied.**

Another reason to grant summary judgment is that Malibu can offer no evidence of what it alleges Doe distributed or copied. For instance, Malibu has not produced any of the films it alleges Doe copied. And although Malibu alleged it saw "pieces" of Malibu's works associated with the accused IP address over BitTorrent, it has produced no evidence of what "pieces" correspond to the content of its films. [*See* App. 8 ¶ 33; App.18-28; App. 73-76].

Instead, Malibu can only conclude the digital file identified from a hash value was "substantially similar" to one of its films. (App. 75 ¶ 11). But as another district court observed, this sort of conclusion is not enough to overcome a defendant's motion for summary judgment on infringement. *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798 at *24-25, 39 (granting defendant summary judgment on Malibu's copyright infringement claim, as "[e]ven if the hash value captured in the PCAP corresponds to portion of a digital file that is 'identical, strikingly

similar or substantially similar to' Malibu's copyrighted work, there is nothing before the court that describes the audio/visual material that is represented by that hash value.") This mirrors Doe's expert's testimony that these small pieces of information are too limited to show infringement. [Bard App, 8-9 ¶¶ 33-35].

In short, Malibu has no evidence to permit the jury to make "a side-by-side comparison [ ] between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Peel & Co.*, 238 F.3d at 395. And so there is no genuine dispute over a lack of substantial similarity. This is another reason the Court should grant summary judgment to Doe on Malibu's infringement claim.

## VI. The Court should enter a declaratory judgment on Doe's non-infringement counterclaim.

For the same reasons, the Court should grant Doe summary judgment on his declaratory judgment counterclaim for non-infringement. Dkt. 51 ¶¶ 122-128. Even though Malibu is nominally the defendant on Doe's counterclaim, it still carries the burden of proof on infringement. *E.g., Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 U.S. Dist. LEXIS 18528, at *13-14 (W.D. Wash. Jan. 31, 2020) (citing *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 984 (C.D. Cal. 2015)). And Malibu cannot meet this burden because has no proof that Doe accessed or copied its films. That is why Doe is also entitled to summary judgment on his non-infringement counterclaim. *See id.* (granting summary judgment on declaratory judgment of non-infringement to defendant accused of infringing films over BitTorrent)

## VII. Conclusion.

In short, Malibu never had and still does not have any proof that Doe accessed or copied any of Malibu's films. On that basis, there is no genuine dispute of material fact over Malibu's sole claim of infringement and Doe's corresponding non-infringement declaratory judgment

10

counterclaim. And so Doe asks that the Court grant his motion and enter judgment in his favor on both, leaving only Doe's counterclaims for abuse of process and harmful access by computer for trial.

Dated: December 21, 2020

Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Attorneys for Defendant John Doe

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rule of Civil Procedure and the Local Rules, a true and correct copy of the foregoing was served on all counsel of record by E-File on December 21, 2020.

/s/  JT Morris

JT Morris