**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO.  5-19-CV-00834-DAE |
| JOHN DOE, | |
| Defendant. | |

**DEFENDANT JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIMS AND <u>AFFIRMATIVE DEFENSES</u>**

## Table of Contents

I. Introduction ..................................................................................................... 1

II. Legal standards……………………………………………………………….2

III. What is undisputed and what the parties genuinely dispute……………..…………….2

    A. The undisputed facts over lack of copyright infringement…………………………..…2

    B. Evidence showing genuine disputes of fact over abuse of process…………………...3

    C. There are genuine disputes over Malibu's stated facts………………………………5

IV. The Court should grant Doe, not Malibu, summary judgment on Doe's non-infringement counterclaim………………………………………..…………………..6

    A. Malibu has the burden of proof on Doe's declaratory judgment counterclaim for non-infringement…………………………………………………………………6

    B. Malibu has no evidence to show a genuine dispute of fact over infringement………..7

V. Because a reasonable jury could find Malibu liable for abuse of process, the Court should deny Malibu's motion on that counterclaim. .................................................... 8

VI. Because a reasonable jury could find Malibu harmed Doe, the Court should deny Malibu's motion as to Doe's counterclaim under Tex. Civ. Prac. & Rem. Code § 143 ..................................................................................................... 11

VII. There are genuine disputes of fact over Doe's affirmative defenses. ...................... 11

    A. The Court should deny Malibu's motion to Doe's no infringement and no willful infringement defenses. .................................................................... 12

    B. The Court should deny Malibu's motion on Doe's failure to state a claim defense. 12

    C. The Court should deny Malibu's motion on Doe's copyright misuse and unclean hands defenses. .................................................................... 12

    D. The Court should deny Malibu's motion on Doe's excessive damages defense. ..... 13

    E. The Court should deny Malibu's motion on Doe's statutory rights and limitations defense. .................................................................... 14

    F. The Court should deny Malibu's motion on Doe's *de minimis* defense. ................ 14

G. The Court should deny Malibu's motion on Doe's failure to mitigate and laches defense. ................................................................................................. 15

H. The Court should deny Malibu's motion on Doe's intervening causes and failure to join indispensable parties defenses. ....................................................... 15

VIII. Malibu's failure to follow the rules is another consideration for denying its motion...16

IX. Conclusion. ........................................................................................................... 16

## Table of Authorities

**Cases**

*Apparel Bus. Sys., LLC v. Tom James Co.*, No. 06-1092, 2008 U.S. Dist. LEXIS 26313 (E.D. Pa. Mar. 28, 2008)……………………………………………………………………………14

*Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.–Texarkana 1989)………..…8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)………………………………………………..2

*Crawford v. Formosa Plastics Corp.*, 234 F.3d 899 (5th Cir. 2000)………………………………2

*Hutchison v. Brookshire Bros., Ltd.*, 205 F. Supp. 2d 629 (E.D. Tex. 2002)…………………...8, 9

*Interplan Architects, Inc. v. C.L. Thomas, Inc.,* No. 4:08-cv-03181, 2010 U.S. Dist. LEXIS 114306, (S.D. Tex. Oct. 27, 2010)……………………………………………………………………14

*Kee v. City of Rowlett*, 247 F.3d 206 (5th Cir. 2001)………………………………………………2

*Malibu Media LLC v. Doe*, NO, 13 C 6312, 2016 U.S. Dist. LEXIS 14798 at *24-25, 39 (N.D. Ill. Feb. 8, 2016)………………………………………………………………………………...12

*Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729, 2014 U.S. Dist. LEXIS 82272 (M.D. Fla. June 17, 2014)……………………………………………………….……………………...15

*Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975 (C.D. Cal. 2015)……………………7

*Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 571 U.S. 191 (2014)……………………..6, 7

*Mitchell Bros. Film Group v. Cinema Adult Theater,* 604 F.2d 852 (5th Cir. 1979)…………….13

*Noval Williams Films LLC v. Branca*, 2018 U.S. Dist. LEXIS 5609 (S.D.N.Y. Jan. 11, 2018)…..7

*Richoux v. Armstrong Cork Corp.*, 777 F.2d 296 (5th Cir. 1985)…………………………………2

*Saint-Amour v. The Richmond Org., Inc.*, 388 F. Supp. 3d 277 (S.D.N.Y. 2019)………………….7

*Saxon v. Blann*, 968 F.2d 676 (8th Cir. 1992)……………………………………………………13

*Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 U.S. Dist. LEXIS 18528 (W.D. Wash. Jan. 31, 2020)……………………………………………………………………………...7

*Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209 (M.D. Fla. 2007)……………………15

*Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398 (5th Cir. 2001)……………………………13

*Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir. 2007)…………………...13

**Constitutions and Statutes**

U.S. Const. Art. I, § 8, Cl. 8…………………………………………………………13

Tex. Civ. Prac. & Rem Code § 143………………………………………………11

Tex. Pen. Code § 33.02(a)…………………………………………………………11

**Secondary Authorities**

3 Nimmer on Copyright (2018)…….……………………………………………...7

Restatement (Second) of Torts…….……………………………………………8

## I.   Introduction

The Court should deny Plaintiff Malibu Media, LLC's ("Malibu") motion for summary judgment on Defendant John Doe's counterclaims and affirmative defenses. While there are many reasons for denying Malibu summary judgment (like Malibu not following the Local Rules for filing its motion under seal), there are three main ones:

*First*, Malibu has the burden of proof on all copyright infringement issues, including Doe's counterclaim for non-infringement. And as Doe shows in his[1] cross-motion for partial summary judgment, no reasonable jury could find Doe infringed Malibu's alleged copyrights. So the Court not only should deny Malibu's motion on all infringement issues, but also grant Doe summary judgment on Malibu's infringement claim and Doe's counterclaim for non-infringement.

*Second*, the record is full of evidence on which a reasonable jury could find Malibu liable on Doe's abuse of process counterclaim. This evidence includes Malibu suing Doe on no more than information and methods Malibu knows is faulty; Malibu using a consultant it distrusts to carry out those faulty methods; making an immediate settlement demand to Doe with threats of adding more lewd film titles to its complaint; and stringing out this lawsuit while making little effort to develop its infringement claim beyond relying on its faulty methods and information. This evidence also shows genuine disputes of fact on several of Doe's affirmative defenses.

*And third*, Doe has provided enough evidence of harm he has suffered and continues to suffer from Malibu's conduct to create a genuine dispute of material fact over damages. This shows even more reason to deny Malibu's motion on abuse of process. In the same way, it shows why the Court should also deny Malibu's motion on Doe's harmful computer access counterclaim.

---

[1] For readability only, this motion uses male pronouns to refer to Doe. This suggests nothing about the identity or gender of Doe.

## II.  Legal standards.

Under Rule 56, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). In short, a genuine issue of material fact exists if a reasonable jury could find for the non-movant. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) (citation omitted).

A nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" to defeat a summary judgment motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). In making this determination, the court must view evidence in the light most favorable to the non-movant and should draw all reasonable inferences in his favor. *Formosa Plastics Corp.*, 234 F.3d at 902. And a court must view "conflicting inferences or factual disputes in favor of the party opposing summary judgment." *Richoux v. Armstrong Cork Corp.*, 777 F.2d 296, 297 (5th Cir. 1985).

## III. What is undisputed and what the parties genuinely dispute.

### A.  The undisputed facts over lack of copyright infringement.

Doe shows decisive undisputed facts over the lack of copyright infringement in his cross-motion for summary judgment. [Dkt. 59 and 59-1]. And to save duplicating those here, Doe incorporates his motion for partial summary judgment fully in this response. [2]

Still, a few of those undisputed facts are worth reiterating:

1. Malibu has sued 1000s on allegations of using BitTorrrent to infringe Malibu's

---

[2] For this opposition, Doe will cite to evidence in the appendix filed with his Motion for Partial Summary Judgment as "(Dkt 59-1 App. [PAGE])." Doe will cite to evidence in the appendix filed with this response as "(Opp. App. [PAGE])."

copyrights in pornographic films. [Dkt. 59-1, App. 19, 25-26]

2. Malibu sues alleged infringers based on IP addresses its consultant IPP International provides. [*Id.* at App. 18-20, 59, 74-75]. True to form, it sued Doe based on an IP address. [*Id.* at App. 75]

3. But Malibu knows that IP addresses alone cannot show infringement. [Dkt. 59 p. 5; Dkt. 59-1 App. 247-48 Tr. 51:19-52-3]. And so Malibu has likely sued innocent persons. [Dkt. 59-1 App. 252-53 Tr. 70:25-71:11].

4. The only other infringement evidence Malibu claims are pieces of information with associated hash values its consultant IPP International (IPP) gathered. [*Id.* at App. 20-21;  App. 73-76]. But these pieces are too small to show infringement. [*Id.* at App. 8 ¶ 33]. And Malibu has never shown it compared these pieces to one of the allegedly infringed films.

5. Doe did not use BitTorrent during the alleged infringement period. [Dkt. 59-1 at App. 80  ¶ 6; App. 261 Tr. 12-22; App. 262 Tr. 46:2-5; App. 287].

6. Not only that, but Doe also has denied repeatedly under oath and penalty of perjury ever viewing or sharing Malibu's films. [*Id.* at App. 81 ¶ 7; App. 262 Tr. 48:1-6; App. 264-67 Tr. 69:5-72:5; App. 268 Tr. 76:8-18].

**B. Evidence showing genuine disputes of fact over abuse of process.**

Together with Malibu knowingly suing Doe on flawed evidence, other evidence shows Malibu misused process against Doe. For example:

***Malibu got its infringement evidence from a consultant it does not trust.*** Malibu obtained the accused IP address and "pieces" of films from IPP. [Dkt. 59-1 App. 20-21;  App. 73-76]. Yet Malibu believes IPP has pocketed settlement funds from Malibu. [Opp. App. 18-19 Tr. 246:8-247:17; Opp. App. 20-21 Tr. 250:7-251:6; Opp. App. 100 Tr. 205:13-24]. In fact, Malibu concedes

"we just don't trust [IPP] fully at this point." [Opp. App. 12 Tr. 140:15-25]. Still, Malibu presses what IPP gave Malibu as its chief evidence of infringement. [Dkt. 59-1 App. 270, Malibu Resp. to Interog. No. 1; App. 280-281].

   ***Malibu is not providing its communications with IPP.*** Doe asked Malibu for its communications with IPP about Malibu's evidence. [Opp. App. 50-52, 54]. And Malibu's corporate witness testified she was communicating with IPP over various platforms before and during this lawsuit. [Opp. App. 8-9 Tr. 100:8-101:17; Opp. App. 16-17 Tr, 235:13-236:12]. Yet Malibu has produced just one email from IPP, despite telling the Court it would produce its communications with IPP. [Dkt. 42 p. 5; Opp. App. 38].

   ***Malibu knows its needs expert testimony for its infringement claim, yet it has none.*** Malibu concedes it needs expert testimony to try to prove BitTorrent infringement. [Dkt. 59-1 App. 250-51 Tr. 65:2-66:22]. Yet it made no expert disclosures for its infringement claim. [Opp. App. 38] Nor did it rebut or even depose Doe's non-infringement expert Glenn Bard. *Id.*

   ***Malibu shunned discovery on its infringement claim.*** Malibu served no written discovery until seven months after discovery opened, and only after Doe pointed out this out in his motion for summary judgment on Rule 8(b)(6) admissions. [Dkt. 32 p. 1-2]. And after sending Doe overly broad requests for inspection of Doe's electronic devices, Malibu did not bother to follow up on an inspection of Doe's hard drives before discovery closed, even after Doe offered to meet and confer about the scope of Malibu's requests. [*See* Opp. App. 67-70].

   ***Malibu makes lots of money from BitTorrent lawsuit settlements.*** Using the methodology it knows is flawed, Malibu has made millions in settlements from suing and threatening to sue for infringement of its pornographic films. [Opp. App. 80-81 ¶¶ 11-13; Opp. App. 101-02 Tr. 214:2-215:25]. And in fact, Malibu acknowledges that defendants settle to keep their names private.

4

[Opp. App. 6 Tr. 82:22-24].

**Malibu jumped to make a settlement demand.** Even before Malibu learned Doe's identity from his ISP, Malibu made a settlement demand to Doe and warned it might add more pornographic films to its complaint if Doe did not accept. [Opp. App. 91].

**Malibu used suspect declarations to learn Doe's identity.** In its motion for leave to subpoena the internet service provider (ISP) associated with the accused IP address, Malibu relied on (1) an undated declaration from Collette Pelissier and (2) a declaration from a consultant dated a year before the alleged first date of infringement. [Dkt. 59-1 App. 55-72].

**C. There are genuine disputes over Malibu's stated facts.**

While Malibu argues several facts are undisputed, the record shows the opposite:

1. Malibu claims it "made no settlement offer" until the Court required it. [Dkt. 60 p. 4]. But that is false, as Doe shows above.

2. Malibu states Doe "has not produced his computers and internet capable devices for inspection." [Dkt. 60 p. 3]. Even if that is a relevant fact, Malibu can only blame itself for failing to inspect Doe's devices, as Doe also explains above.

3. Malibu's claim that Doe has no evidence of damages is wrong. [Dkt. 60 pp. 3-4]. In fact, Doe detailed the physical, mental, and financial harm Malibu's lawsuit has and continues to cause him. [Opp. App. 30-31 Tr. 51:16-52:4; Opp. App. 107-09 Tr. 52:25-54:11; Opp. App. 110-11 Tr. 57:21-58:9]. And he explained the reputational and professional harm that awaits him should his anonymity disappear. [Opp. App. 32-33 Tr. 58:10-19, 58:23-59:15]

4. Doe testified his servers and devices have distinct IP addresses. [Opp. App. 36-37 Tr. 64:13-65:18; *see* Dkt. 60 p. 2];

5. Doe never conceded that IPP's methods are accurate, and in fact testified to the opposite.

[*Compare* Dkt. 60 p. 3 with Opp. App. 34-36 Tr. 62:14-64:21].

6. Malibu conceals that the last time Doe used BitTorrent was several years before 2017, the first year Malibu alleges infringement. [Opp. App. 28 Tr. 46:2-10]. What is more, Doe only used BitTorrent for legitimate purposes like downloading Linux distributions for his job. [Opp. App. 26 Tr. 29:2-23].

7. Contrary to Malibu's claim that Doe has a "comprehensive understanding of BitTorrent," [Dkt. 60 p. 3]; Doe agreed he is not an expert on BitTorrent. [Opp. App. 27 Tr. 32:6-15].

8. Doe did not own and operate at "IT company." [Dkt. 60 p. 2]. Rather, he owned a consulting company, only part of which was for IT consulting. [Opp. App. 29 Tr. 50:1-5].

These disputes are another reason why the Court should deny Malibu's motion.

## IV. The Court should grant Doe, not Malibu, summary judgment on Doe's non-infringement counterclaim.

In essence, Malibu believes that it deserves summary judgment on Doe's non-infringement counterclaim just because Doe cannot identify the putative infringer. But that is backwards because Malibu keeps the burden of proof on Doe's declaratory action for non-infringement. And this Malibu cannot do. At bottom, it has nothing linking Doe to the alleged BitTorrent sharing of its films. That is why the Court should deny Malibu's motion and grant Doe's cross-motion for summary judgment on his non-infringement counterclaim.

### A. Malibu has the burden of proof on Doe's declaratory judgment counterclaim for non-infringement.

Malibu is wrong arguing that Doe must prove non-infringement by a preponderance of the evidence. [Dkt. 60 p. 5]. And that is because an intellectual property owner like Malibu keeps the burden of proof on a declaratory judgment claim for non-infringement. *E.g.*, *Medtronic, Inc. v.*

*Mirowski Family Ventures, LLC,* 571 U.S. 191 (2014) (holding that when a declaratory judgment plaintiff seeks a declaration of no patent infringement, the patent owner keeps the burden of proof to establish infringement). Indeed, this rule extends to declaratory judgment claims for non-infringement of a copyright. *E.g.*, *Saint-Amour v. The Richmond Org., Inc.*, 388 F. Supp. 3d 277, 288 n.11 (S.D.N.Y. 2019) (citing cases); *Noval Williams Films LLC v. Branca*, 2018 U.S. Dist. LEXIS 5609, at *8-9 (S.D.N.Y. Jan. 11, 2018); *see also* 3 Nimmer on Copyright § 12.01 (2018) (observing that the rule in *Medtronic* likely "govern[s] copyright claims.") This rule makes sense, as it would be confusing and unfair to require an accused infringer to prove one or more negatives. *See Medtronic*, 571 U.S. at 200-01 (discussing the problems with forcing "the alleged infringer. . .in his declaratory judgment complaint, to negate every conceivable infringement theory.")

And so it is no surprise that this rule applies to a declaratory judgment counterclaim for non-infringement of a copyright in the BitTorrent context. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. C17-1731 TSZ, 2020 U.S. Dist. LEXIS 18528, at *13-14 (W.D. Wash. Jan. 31, 2020) (citing *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 984 (C.D. Cal. 2015)). In this *Strike 3* decision, the court granted summary judgment to the defendant on his counterclaim for declaratory judgment of non-infringement, because the plaintiff provided no evidence to show a factual dispute over copying. *Id.*

### B.  Malibu has no evidence to show a genuine dispute of fact over infringement.

Just like the plaintiff in the *Strike 3* decision, Malibu has no evidence to show a genuine dispute of fact over copying or access. [Dkt. 59]. As Doe shows in his cross-motion for summary judgment, all Malibu has is an unreliable IP address and vague "pieces" of its movies it claims IPP grabbed over BitTorrent. [*Id.* pp. 6-7]. But neither of these link Doe to copying or accessing any of the films Malibu alleges in its complaint. [*Id.* pp. 6-7, 8-10]. And Doe's expert confirms this.

7

[Dkt. 59-1 App. 1-9].

With that in mind, Doe's repeated sworn denials of using BitTorrent during the relevant timeframe and of ever viewing or accessing Malibu's films underscore why summary judgment on non-infringement in his favor is required. [Dkt. 59-1 App. 80-81; App. 261 Tr. 12-22; App. 262 Tr. 46:2-5; App. 268 Tr. 76:8-18]. And Malibu has no evidence to dispute Doe's denials, despite its protests about Doe's sworn "word." Rather, it can muster only that (1) Doe used BitTorrent in the past and (2) Doe had open networks. [Dkt. 60 p. 6]. But neither creates a fact issue. Indeed, as Doe's expert explains, open networks cast even more doubt over any alleged link between infringement and an IP address. [*See* Dkt. 59-1 App. 5-7].

Simply put, there is no genuine dispute of fact over non-infringement. To that end, the Court should reject what is essentially Malibu's plea to draw several unreasonable inferences in its favor. Instead, it should deny Malibu's motion and grant Doe summary judgment on his non-infringement counterclaim and Malibu's infringement claim.

**V.  Because a reasonable jury could find Malibu liable for abuse of process, the Court should deny Malibu's motion on that counterclaim.**

Abuse of process is the malicious misuse or misapplication of process to accomplish an ulterior purpose. *Baubles & Beads v. Louis Vuitton, S.A*., 766 S.W.2d 377, 378 (Tex. App.–Texarkana 1989, no writ) (citations omitted). Put another way, abuse of process is when one "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Hutchison v. Brookshire Bros., Ltd*., 205 F. Supp. 2d 629, 644 (E.D. Tex. 2002) (citing Restatement (Second) of Torts § 682) Three elements compose abuse of process: "(1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such

8

illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act." *Id.*

### A. A reasonable jury could find Malibu abused process and had an improper motive to do so.

There is more than enough evidence showing Malibu misused process to coerce a settlement from Doe while knowing it had nothing to support even a plausible claim for copyright infringement. And that same evidence reveals an ulterior motive in continuing to force Doe to defend himself against a claim Malibu knows is faulty. In short, all of the below could permit a reasonable jury to find that Malibu is liable for abuse of process:

1.   Malibu sued Doe despite knowing an IP address cannot identify an infringer.

2.   Malibu sued Doe despite knowing many recent court decisions[3] have held an IP address alone cannot identify an infringer.

3.   Malibu knows it has probably sued innocent people using this flawed approach.

4.   Malibu kept this lawsuit going without proving it ever compared its alleged "pieces" of downloaded information with any of its films.

5.   Malibu does not trust IPP, yet still stands on the accused IP address and pieces of information IPP provided as the basis for Malibu's infringement claim.

6.   Malibu is concealing its communications with IPP from Doe.

7.   Malibu used questionable declarations to support its request to subpoena Doe's ISP.

8.   Malibu knows its needs expert testimony for its infringement claim yet made no effort to secure any.

---

[3] Malibu points to a handful of favorable decisions to argue a lack of abuse of process. [Dkt. 60 p. 10]. But all those decisions are from 2012 and 2013. More compelling are the recent decisions Doe cites in his cross-motion for summary judgment, as those courts had the benefit of a developed record on the flaws with BitTorrent-based copyright claims. [*See* Dkt. 59 p. 5].

9.      Malibu shrunk from doing sincere discovery on its infringement claim.

10.     Malibu makes lots of money settling BitTorrent lawsuits based on methods Malibu knows are flawed.

11. Malibu understands that defendants settle to keep their names from going public.

12. Malibu was quick to make a settlement demand from Doe.

[*See* §§ III.A-B, *supra*].

So in the end, a reasonable jury could find this evidence shows Malibu lacked a genuine intent to enforce its copyrights, and instead wanted to coerce a settlement from Doe, only to then prolong the harm to Doe after he dared to fight back. And at the very least, the evidence permits a reasonable inference of abuse of process that the Court should draw in Doe's favor. For these reasons, the Court should deny Malibu summary judgment on Doe's abuse of process counterclaim.

B.  **There is a genuine dispute over harm**.

The record refutes Malibu's claim that Doe has no evidence of specific harm. In fact, Doe testified how this lawsuit caused him significant physical and mental stress, including by aggravating a medical condition that he had under control before the lawsuit. [Opp. App. 107-09 Tr. 52:25-54:11; Opp. App. 110-11 Tr. 57:21-58:9]. He also detailed how this lawsuit has harmed his financial future and career. [Opp. App. 30-31 Tr. 51:16-52:4]. And Doe explained how Malibu's lawsuit continues to present the very real possibility of damaging his reputation and career, especially if he loses his anonymity. [Opp. App. 32-33 Tr. 58:10-19; 58:23-59:15]. In short, a reasonable jury could find this all shows Malibu's abuse of process has damaged and continues to damage Doe. That is enough to beat Malibu's summary judgment motion.

What is more, Doe is seeking exemplary damages for abuse of process. [Dkt. 51 ¶¶ 139-

143]. Malibu does not seek summary judgment on exemplary damages or address it in its motion. This is another reason to deny Malibu's motion as to abuse of process.

## VI. Because a reasonable jury could find Malibu harmed Doe, the Court should deny Malibu's motion as to Doe's counterclaim under Tex. Civ. Prac. & Rem. Code § 143.

Tex. Civ. Prac. & Rem Code § 143 provides that "[a] person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, has a civil cause of action if the conduct constituting the violation was committed knowingly or intentionally." In turn, Tex. Penal Code 33.01 prohibits "knowingly access[ing] a computer, computer network, or computer system without the effective consent of the owner." Tex. Pen. Code § 33.02(a). The statute also includes a distinct violation for unauthorized access with the intent to harm. *Id.* § 33.02(b-1).

Malibu's motion does not contest whether Malibu knowingly accessed Doe's network without his effective consent. [*See* Dkt. 60 pp. 12-13]. Rather, it only argues Doe cannot show a genuine dispute over injury from Malibu's unlawful access.

But as Doe shows above, there is enough evidence for a reasonable jury to find that Malibu's conduct injured Doe. And that necessarily includes Malibu unlawfully accessing Doe's networks. That is why the Court should deny Malibu's motion as to Doe's counterclaim under Tex. Civ. Prac. & Rem. Code § 143.

## VII.   There are genuine disputes of fact over Doe's affirmative defenses.

Even if Malibu's copyright infringement claim survives Doe's cross-motion for summary judgment, Doe has several affirmatives defenses that present genuine disputes of fact. And so the Court should deny Malibu summary judgment on these defenses[4] if it does not grant Doe summary

---

[4] To focus the issues, Doe is not addressing Malibu's motion as to Doe's affirmative defenses for acquiescence, estoppel, and fair use.

judgment on Malibu's copyright infringement claim.

**A. The Court should deny Malibu's motion to Doe's no infringement and no willful infringement defenses.**

For the same reasons the Court should grant Doe summary judgment on Malibu's infringement claim and Doe's non-infringement counterclaim, the Court should deny Malibu's motion on Doe's sixth and ninth defenses for no infringement and no willful infringement.

**B. The Court should deny Malibu's motion on Doe's failure to state a claim defense.**

Malibu's entire copyright infringement claim rests on (1) the accused IP address and (2) the "pieces" of information with associated hash values that Malibu's alleges show copying. But as Doe has explained, several recent decisions have concluded that an IP address is not evidence of BitTorrent infringement. [Dkt. 59 p. 5]. And to that, at least one court has found Malibu's pieces of information and hash values is not suffcent infringement evidence. *Malibu Media LLC v. Doe*, NO, 13 C 6312, 2016 U.S. Dist. LEXIS 14798 at *24-25, 39 (N.D. Ill. Feb. 8, 2016) (granting defendant summary judgment on Malibu's copyright infringement claim, as "[e]ven if the hash value captured in the PCAP corresponds to portion of a digital file that is 'identical, strikingly similar or substantially similar to' Malibu's copyrighted work, there is nothing before the court that describes the audio/visual material that is represented by that hash value.") In short, these decisions show Malibu's complaint fails to state a claim for copyright infringement.

**C. The Court should deny Malibu's motion on Doe's copyright misuse and unclean hands defenses.**

The same evidence supporting Doe's abuse of process counterclaim shows why Malibu has no right to summary judgment on Doe's second and twelfth affirmative defenses for copyright misuse and unclean hands. For example, copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is

contrary to the public policy grant." *Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409 (5th Cir. 2001). And here, there is ample evidence permitting a reasonable jury to find that Malibu did not file this suit to protect any alleged copyright, but rather to coerce another settlement using methods to identify BitTorrent users that Malibu knows are flawed. *See* § IV.A, *supra*.

So in short, a factfinder could conclude that Malibu's conduct upsets the policy of the copyright laws to "promote the progress of science and useful arts U.S. Const. Art. I, § 8, Cl. 8. The Court should deny Malibu's motion as to copyright misuse.

In the same way, a reasonable jury could find facts showing unclean hands. Unclean hands is an affirmative defense to copyright infringement when the plaintiff's wrongful acts affect the equitable relations between the parties for the controversy at issue. *E.g.*, *Mitchell Bros. Film Group v. Cinema Adult Theater,* 604 F.2d 852, 863 (5th Cir. 1979); *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992). To this end, a reasonable fact finder could conclude that Malibu's reliance on flawed methods to sue Doe and prolong this lawsuit is a wrongful act affecting those equitable relations. And for that reason, the Court should deny Malibu's motion on unclean hands.

**D.  The Court should deny Malibu's motion on Doe's excessive damages defense.**

The Court should reject Malibu's argument that its election of statutory damages precludes Doe's affirmative defense for excessive damages. [Dkt. 60 p. 13]. Indeed, a statutory damages award can be unconstitutional when it is "so severe and oppressive as to be wholly disproportional to the  offense and obviously unreasonable." *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 587-88 (6th Cir. 2007). And here, the evidence of Malibu's abusive litigation founded on what Malibu knows are faulty methods would allow a reasonable factfinder to conclude an award to be "severe and oppressive." So too would Malibu's failure to show that the small pieces of data and hash values it alleges match an entire film or even a large part of one. To this end, the

Court should deny Malibu's motion on Doe's third affirmative defense for excessive damages.

**E.   The Court should deny Malibu's motion on Doe's statutory rights and limitations defense.**

As Doe alleges in his eighth affirmative defense, "claims and request for statutory damages should also be barred because copyrights to its works were not properly or timely registered prior to or within three months of any alleged infringement." [Dkt. 51 ¶ 70]. While the copyright registration certificates for the alleged films all list Malibu as the author, Malibu's deposition testimony suggests that independent contractors may have made material contributions to Malibu's films. [Opp App. 10-15 Tr. 138:2-143:11]. This permits at least the reasonable inference that Malibu did not properly identify all authors on its registration applications, which would make its registrations invalid and bar any recovery of statutory damages. *See Apparel Bus. Sys., LLC v. Tom James Co.*, No. 06-1092, 2008 U.S. Dist. LEXIS 26313, at *34-35 (E.D. Pa. Mar. 28, 2008) (finding material dispute of fact over copyright ownership where evidence showed independent contractors made material contributions to work yet were not listed on the copyright registration certificate).

**F.   The Court should deny Malibu's motion on Doe's *de minimis* defense.**

*De minimis* infringement requires a defendant to "demonstrate that the copying of the protected material is so trivial as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying." *Interplan Architects, Inc. v. C.L. Thomas, Inc.,* No. 4:08-cv-03181, 2010 U.S. Dist. LEXIS 114306, at *146 (S.D. Tex. Oct. 27, 2010) (citation omitted). So even if Malibu's "pieces of information" suffice to show any infringement, there is a genuine dispute of fact over whether it would be *de minimis*. As Doe's expert explains, one would need "thousands of times" the volume of data pieces Malibu alleges to show infringement of an entire film. [Dkt. 59-1 App. 8 ¶ 33]. On this basis, the Court should deny

14

Malibu's motion on Doe's fourth affirmative defense for *de minimis* copying.

### G. The Court should deny Malibu's motion on Doe's failure to mitigate and laches defenses.

Malibu is wrong that statutory damages precludes a failure to mitigate defense.[5] By contrast, several decisions have concluded that a plaintiff's knowing failure to stop ongoing copyright infringement may represent a failure to mitigate. *E.g.*, *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007) (finding genuine issue of material fact existed on failure to mitigate damages defense where there was a dispute over whether copyright holder sent warning letter to defendant); *Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729, 2014 U.S. Dist. LEXIS 82272, at *4 (M.D. Fla. June 17, 2014) (denying motion to strike where defendant alleged plaintiff "purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers"). And here, Malibu alleges it first discovered any BitTorrent sharing of its films from the accused IP address in July 2017. [Dkt. 1, Ex. A]. But they did not sue for two years. [*See* Dkt. 1].

This, considering Malibu's pattern of suing based on faulty methods, shows a factual dispute over whether Malibu failed to mitigate damages. And in any event, the delay between discovering the alleged BitTorrent sharing and the date of suit supports a laches defense. The Court should deny Malibu's motion on Doe's fifth affirmative defense.

### H. The Court should deny Malibu's motion on Doe's intervening causes and failure to join indispensable parties defenses.

Doe's intervening causes strikes at the core of Malibu's complaint—that someone using

---

[5] Malibu made this same error in its denied motion to strike Doe's affirmative defenses. [Dkt. 16 at 10]

an IP address associated with Doe's internet service provider shared Malibu's copyrighted works. [*See* Dkt. 1, ¶¶ 9-10]. Even assuming Malibu can somehow avoid summary judgment for Doe on its infringement claim, there is ample evidence allowing a jury to find a third party was the BitTorrent user who accessed and shared Malibu's films. For instance, Doe maintained an open network, which Doe's expert explains often results in third-party use. And Doe also denied more than once viewing or distributing Malibu's films.

For these reasons, the Court should deny Malibu summary judgment on Doe's thirteenth affirmative defense for intervening causes. And the same reasons show why there is a genuine dispute of fact over Doe's seventh affirmative defense for failure to join indispensable parties. Particularly because Malibu has made no claim for secondary liability.

## VIII.   Malibu's failure to follow the rules is another consideration for denying its motion.

Malibu filed its summary judgment motion and appendix under seal. [Dkt. 60]. But it did not ask the Court for permission to file under seal as L.R. Civ. 5.2 requires. Instead, Malibu simply mailed a copy to the clerk. [Opp. App. 94]. This disregard of the rules is another basis for denying Malibu's motion.

## IX.   Conclusion.

Above all, there is no genuine dispute over lack of access to or copying of Malibu's films. Doe's expert report, Doe's sworn denials, and Malibu's lack of any credible evidence linking Doe to any of the alleged BitTorrent activity all show this. And so the Court should grant Doe summary judgment on Malibu's infringement claim and Doe's non-infringement declaratory judgment counterclaim.

The Court should also deny Malibu summary judgment on Doe's counterclaims for abuse of process and harmful access. A reasonable jury could find Malibu knowingly sued Doe on flawed

information to coerce a settlement, only to string out this lawsuit on the same flawed evidence to harm Doe even more and bully him into settlement.

And Doe's testimony about the harm he continues to suffer from Malibu's conduct shows a genuine fact question on his harmful access counterclaim, making summary judgment improper. All the more because Malibu does not contest it accessed Doe's networks without his consent. Finally, the same evidence shows why Malibu has no right to summary judgment on Doe's affirmative defenses.

For these reasons and those provided in Doe's cross-motion for summary judgment, Doe asks that the Court deny Malibu's partial motion for summary judgment.


Dated: January 4, 2021                                    Respectfully,

                                                          /s/ JT Morris
                                                          JT Morris
                                                          Texas State Bar No. 24094444
                                                          jt@jtmorrislaw.com
                                                          Ramzi Khazen
                                                          Texas State Bar No. 24040855
                                                          ramzi@jtmorrislaw.com
                                                          JT Morris Law, PLLC
                                                          1105 Nueces Street, Suite B
                                                          Austin, Texas 78701
                                                          Tel: 512-717-5275
                                                          Fax: 512-582-2948

                                                          Attorneys for Defendant John Doe

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rule of Civil Procedure and the Local Rules, a true and correct copy of the foregoing was served on all counsel of record by E-File on January 4, 2021.

/s/  JT Morris

JT Morris