## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby submits its reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment [Dkt. 62].

***Defendant Mischaracterizes Disputed Facts***

Defendant characterizes Plaintiff's claim as resting solely on the fact that Defendant's IP Address was used as the foundation of this suit. While Plaintiff agrees that Defendant's IP Address *was* detected and recorded downloading and re-distributing Plaintiff's copyrighted films, this alone is not the basis of the suit. Indeed, over the years of enforcing the blatant infringement of its valuable copyrights, Plaintiff has been able to create a general profile of a BitTorrent infringer of its content. Specifically, infringers often have computer science or information technology degrees, work experience or skills. Here, Defendant is an information technology expert and has worked in the field for many years. Further, until just recently, Defendant has owned and operated his own information technology and computer consulting company for numerous years. Defendants also generally claim to have some experience with BitTorrent, but qualify that by

stating it was used only for lawful purposes.  Here, Defendant has admitted to using BitTorrent in the past, understands how the system operates, but claims it was never used for unlawful purposes. Finally, many BitTorrent infringers claim to unknowingly have had an open wi-fi network. Here, too, Defendant confesses to having an open wi-fi network, which was operating up until the Defendant was notified of the instant suit.

Additionally, Defendant mischaracterizes statements of Plaintiff's corporate representative, Ms. Colette Pelissier.  Specifically, Defendant states that "Malibu has likely sued innocent persons."  However, Ms. Pelissier never made the statement that Plaintiff had sued innocent persons, but rather stated multiple times in her deposition that she did not believe Malibu had accused or filed suit against innocent people.

Further, Defendant uses the fact that Plaintiff no longer works with the consultant used in this matter, IPP International, as some admission by Plaintiff that IPP's investigative techniques and results are somehow incorrect or flawed.  Nothing can be further from the truth.  In reality, Plaintiff moved away from IPP not because IPP's techniques and results were faulty, but because Plaintiff created its own, in-house, infringement detection software, and no longer needed to rely on IPP for that service, a service that was very expensive for Plaintiff.  Specifically, in her deposition, Ms. Pelissier specifically stated that Plaintiff stopped communicating with IPP, not because of a lack of trust in the service provided or the fees associated with this work, but because Plaintiff moved these functions in-house.

Defendant further states that Malibu is not providing its communications with IPP. However, as Ms. Pelissier testified in her deposition, she had not spoken with any one at IPP for many months.  When pressed to locate any communications, Plaintiff was unable to locate anything with IPP as historical communications were not retained in the WhatsApp application

2

used for communication. The fact that the software used for communicating did not store or retain any attempted communications does not mean that Plaintiff is refusing to disclose those communications; only that there is nothing to disclose because no responsive documents exist.

Finally, Defendant's response claims that Plaintiff "jumped to make a settlement demand." However, Defendant's own counsel solicited the initial settlement demand, writing "please let me know if and when we can expect an initial settlement ask." [Opp. App. 91].

With facts in dispute, and the Fifth Circuit's stated preference to decide matters on the merits, Defendant's argument for summary judgment fails. The facts claimed by Defendant to be undisputed are anything but.

### Plaintiff is Not Relying Solely on an IP Address

Defendant's response suggests that Plaintiff's case for infringement consists of nothing more than that Defendant's IP Address was detected and recording committing the infringement. Specifically, Defendant argues that Plaintiff is aware that some courts around the country have found that an IP Address alone does not identify an infringer, and that this, somehow means Defendant did not commit the infringement. Yet, as Plaintiff's owner and corporate representative testified, a suit is not based solely on an IP Address, which does identify a subscriber, but also on Plaintiff's subsequent investigation. Here that subsequent investigation revealed that the subscriber is an expert in information technology and computers networks, that Defendant acknowledged downloading and using BitTorrent in the past, that Defendant admitted to having an open wi-fi network, that the films infringed all fit into the same category of movie (namely, threesome sex) of which there are limited titles offered by Plaintiff. As such, the claim that Plaintiff's case relies solely on the fact that the Defendant is the subscriber is misplaced.

***A Reasonable Jury Would Not Agree With Defendant's Abuse of Process Claim***

"To prevail on an abuse of process claim, [the plaintiff] must prove that 1) the defendant made an illegal, improper or perverted use of the process, 2) the defendant had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of the process, and 3) the plaintiff suffered damage as a result." *Leader's Inst., LLC v. Jackson*, No. 3:14-CV-3572-B, 2017 U.S. Dist. LEXIS 193555 at *15 (N.D. Tex. Nov. 22, 2017). Abuse means "that the process was properly issued, but later used for a purpose for which it was not intended." *USHealth Grp., Inc. v. South*, No. 4:14-CV-757-A, 2015 U.S. Dist. LEXIS 69488 at *8 (N.D. Tex. May 29, 2015). "To constitute an abuse of process, the process must be used to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do." *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2015 U.S. Dist. LEXIS 135803 at *18 (N.D. Tex. Oct. 5, 2015). "But when the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Id.* Plaintiff has not perverted any process and has no bad intentions; it merely filed a copyright infringement lawsuit to protect its copyrights and seek some redress for Defendant's multiple infringements.

There has been no abuse of process by Plaintiff in the instant matter. All of Plaintiff's actions fall within regular and legitimate functions in relation to the cause of action stated in the Complaint. Defendant's counterclaim fails to allege that the proceeding was perverted to accomplish an ulterior purpose for which it was not designed. Defendant has pointed to no action by Plaintiff that was not proper in the normal context of the proceeding. None of these actions are improper in the normal context of the proceeding. Specifically, items claimed by Defendant to support an abuse of process counterclaim have been shown to be factually in dispute above.

To the extent Defendant alleges that Plaintiff's ulterior purpose is to use this litigation as a means to extort money, Defendant's allegations are conclusory and not supported by any plausible facts. *See* Counterclaim, pp. 14-17.  Defendant states, without any conceivable basis, that Plaintiff has attempted to "extract money from defendant/counterclaimant by leveraging the lawsuit as a form of public disparagement and humiliation." CM/ECF 14 p. 19 ¶ 123.  Yet, Defendant has not and cannot allege evidence of abuse or harassment in this case.  "Inasmuch as defendant[] ha[s] done nothing more than recite the elements of a cause of action for abuse of process along with legal conclusions, dismissal is appropriate."  *USHealth Grp., Inc. v. South* at 9-10.

Moreover, Defendant's allegations are further undermined by the fact that Plaintiff's policy is to not oppose a Defendant's request to proceed anonymously through close of discovery, which it has already agreed to in this case.  Defendant's allegations that Plaintiff leverages lawsuits "as a form of public disparagement" are not only conclusory, but they are simply not true.

*Conclusion*

The Court should grant Plaintiff's Motion for Partial Summary Judgment because Defendant has failed to meet its burden of establishing an absence of disputed material facts.

Dated: January 11, 2021                 Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that, on January 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                       By: /s/ Paul S. Beik
                                       PAUL S. BEIK