# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.5:19-cv-00834-DAE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby submits its Response to Defendant's Renewed Motion for Partial Summary Judgment [Dkt. 59].

### I.    Introduction

Plaintiff, using experienced investigators employing reliable technology, identified the IP address of Defendant John Doe[1] ("Defendant") to be engaged in the habitual online infringement of nine (9) of Plaintiff's copyrighted works over a period of almost two years.  Plaintiff owns these works, which were previously registered with the U.S. Copyright Office.  There is no dispute that Plaintiff is within its rights to seek redress for the blatant and widespread infringement of its works and may seek statutory damages made available by statute.  Sufficient evidence existed for Plaintiff to file the instant action.  Indeed, Plaintiff's investigation revealed that Defendant's IP Address ceased all infringing activities of both Plaintiff's works as well as thousands of third party works *just after* Defendant became aware of this suit.  There is no evidence to suggest Plaintiff did anything to fabricate its claims, concoct evidence, or relied on what Defendant describes as "faulty

---

[1] For readability, the male pronoun will be used in reference to Defendant without making any comment on Defendant's actual gender.

methods." Rather, Plaintiff relied on proven technology and detection methods that have been scrutinized by courts around the country and found to be reliable to support its claims. In response, Defendant claims that because a minority of courts around the country have found that an IP Address *alone* cannot identify an online copyright infringer, Plaintiff somehow relied on faulty methods and thus no genuine issue of material facts exists. In fact, there is a very real dispute as to whether Defendant, an experienced technology professional with previous experience downloading content from BitTorrent, and who has admitted to operating an open wi-fi network for "research purposes" engaged in the infringement of Plaintiff's copyrights.

## II.    Legal Standards

A court should grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if a reasonable jury could find for the non-movant. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) (citation omitted). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, taken as a whole, could not, however, lead a rational trier of fact to find for the non-moving party on matters as to which such party will bear the burden of proof at trial, summary judgment is warranted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex*, 477 U.S. at 322. Here, there most certainly remains numerous material issues in dispute such that Defendant's motion should be denied in its entirety.

**III.   The Facts**

**a.  Disputed Facts**

As evidenced in the parties' cross motions for summary judgment, it is clear there are numerous, material facts in dispute.  Specifically:

1.  While Plaintiff has filed suit against many defendants alleging similar claims to those at issue here, such suits are only against the most egregious of infringers and not simply a means to a quick settlement.  *See* Declaration of Colette Pelissier ("Pelissier Dec.") [P-Resp_Renew_MSJ098 ¶ 20]

2.  While Plaintiff initially only knew the IP Address used to commit the infringement, this Court like many others around the country, found that "good cause" existed to grant Plaintiff's motion for leave to conduct early discovery. *See* Court's Order of August 12, 2019 in Dkt. No. 7. Indeed, this is the only way any similarly situated plaintiff could uncover the true identity of an online infringer.

3.  Plaintiff is keenly aware the several outlier courts in other jurisdictions have held that an IP Address, alone, may not show infringement; however, Plaintiff does not rely on an IP Address, *alone*, as Defendant suggests.

4.  Defendant's claim that since some courts have held that an IP Address alone may not show online infringement, Plaintiff has likely sued innocent persons is speculation at best.  In fact, once in receipt of the subscriber information corresponding to the IP Address returned in the applicable Internet Service Provider ("ISP") subpoena response, Plaintiff undertakes a significant, comprehensive investigation into the subscriber to determine whether he or possibly a family member or other third party is the actual infringer.

5.  Defendant claims not to have used BitTorrent during the relevant period of infringement; however, his expert did not confirm this.  As such, this fact remains in dispute.

6.  The mere fact that Plaintiff no longer works with the investigator tasked with identifying and capturing the infringement in this matter does not mean Plaintiff distrusts the results of its investigation and that the evidence of infringement is faulty.

**b.  Undisputed Facts**

1.  Defendant's ISP identified him as the subscriber assigned IP Address 70.121.72.191. Defendant has not contested that this IP Address was assigned to him for the time period of recorded infringement.  *See* Deposition of John Doe ("Doe Dep.") [P-Resp_Renew_MSJ013, 020, 022 10:22, 17:15-23, 19:19-24].

2.  Defendant possesses no other external IP Addresses. *Id.* at 65:1-2.

3.  Defendant has previously used and is familiar with the functionality of BitTorrent. *Id.* at 25:25-27:16, 28:16-29:1, 29:6-12, 30:3-33:14.

4.  Defendant and his spouse are the only adults living in their residence.  *Id.* at 83:13-21, 84:6-9.

5.  Defendant operated an open wi-fi network in addition to several password protected wi-fi networks. *Id.* at 69:22-25.

6.  All of the nine films infringed by Defendant fit into the same sub-genre of adult content, namely, group sex scenes and threesomes. *See* Pelissier Dep. [P-Resp_Renew_MSJ139 154:22-25, 155:1-5].

7.   Defendant's expert did not inspect Defendant's hard drives to verify whether Plaintiff's content was present. *See* Doe Deposition [P-Resp_Renew_MSJ054 at 51:3].

8.   Defendant's expert report does not address whether Defendant committed the infringement or visited any torrent sites looking for Plaintiff's content, only his opinion that an IP Address, alone, cannot identify an infringer.

9.   Plaintiff's investigator detected and captured one or more pieces of its copyrighted films being downloaded from Defendant's IP Address. [P-Resp_Renew_MSJ092 ¶ 9].

**IV.   Argument**

To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007).   Defendant does not contest the ownership of valid copyrights in his motion for summary judgment.   The second prong, factual copying, can be proven by direct or circumstantial evidence. *Id.*   Circumstantial evidence may support an inference of copying if the defendant had access to the copyrighted work and there is "probative similarity" between the copyrighted work and the allegedly infringing work. *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 576 (5th Cir. 2003) (citing *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1340 (5th Cir.1994) (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

Admittedly, Plaintiff was hamstrung in building out the direct evidence in this case due to the COVID-19 pandemic and the unexpected disappearance of its investigator, IPP International

("IPP") once the business relationship between the parties ended.  Plaintiff's business decision to move away from IPP was not based on any distrust of the methods or processes IPP undertook to identify infringers of its content, but rather on the fact that IPP's services are extremely expensive and Plaintiff has developed its own, in-house, infringement detection software. *See* Pelissier Dep. [P-Resp_Renew_MSJ124 at 93:9-14].

Once IPP's services were no longer required by Plaintiff for the initiation of new copyright infringement suits, IPP became unreachable. *Id.* at  101:10-17.  This prevented Plaintiff from fully developing the evidence of infringement by Defendant.   However, there is significant circumstantial evidence supporting its infringement claim against Defendant.   Specifically, Defendant is a computer expert and admitted user of BitTorrent.  As such, Defendant would have known how and where to access Plaintiff's copyrighted works on various torrent websites.   In addition, the titles downloaded by Defendant's IP Address over the course of almost two years all match the same sub-genre of adult content. The fact that the same type of content was downloaded by the same IP Address over this span of time negates any claim that some passerby or rogue actor sitting outside in a car could have randomly committed the infringement due to Defendant's open wi-fi.  Finally, Defendant and his spouse are the only adults residing in their home.  And, it is incredibly unlikely Defendant's spouse committed the infringement.   The culmination of this evidence suggests that Defendant and not someone else, committed the infringements at issue in this matter.

In addition to having access to Plaintiff's works online, the second question that must be resolved is whether "substantial similarity" exists between the copyrighted films and the pieces downloaded by Defendant.   Plaintiff's investigator, who Defendant elected not to depose, documented that a device using IP Address 70.121.72.191, Defendant's IP Address, distributed to

IPP's servers multiple pieces of Malibu Media's copyrighted works. *See* Declaration of Tobias Fieser [P-Resp_Renew_MSJ092]. In addition, Mr. Fieser declared that a full copy of the digital file identified by the Hash associated with one of the infringed movies was downloaded by IPP's software, and Mr. Fieser confirmed the file was a digital movie file. *Id.* Mr. Fieser thereafter viewed the digital movie file and determined it was substantially similar to the corresponding Malibu Media copyrighted movie. *Id.* Yet, Defendant's expert opined that the pieces of information exchanged are too limited to show infringement. *See* Expert Report of Glenn K. Bard, [P-Resp_Renew_MSJ242-243 ¶¶ 33-35]. Clearly, there exists a genuine dispute of material fact as to whether the pieces downloaded by Defendant, when viewed together, constitutes copyright infringement.

With substantial similarity also shown, Plaintiff has met the standard of showing copyright infringement by the Defendant such that a jury could find in its favor. Here, clearly, the dispute as to Defendant's infringement is genuine. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) ("whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.") The question here is whether a jury could reasonably find *either* that the Plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not. *Id.*

And, the question of Defendant's infringement is material, indeed the lynchpin, of this action. *See Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) ("A fact issue is 'material' if its resolution could affect the outcome of the action."). As such, Defendant's motion partial summary judgment should be denied.

## V. Conclusion

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988). Here, Plaintiff has demonstrated sufficient facts that any reasonable doubts this Court has, when viewed in the light most favorable to it, warrant denial of Defendant's instant motion.

Dated: January 14, 2021

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK