## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br><br>JOHN DOE,<br><br>    Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

## DECLARATION OF JT MORRIS

I, JT Morris, declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct based on my personal knowledge:

1. I am over the age of 18, I have never been convicted of a felony, and I am of sound mind.

2. I am lead counsel for Defendant John Doe. The sole purpose of this declaration is to submit documentary evidence and evidence of attorney's fees in support of Doe's motion for sanctions.

3. Attached as Exhibit A is an email chain between counsel.

4. Attached as Exhibit B is a document titled "Plaintiff's Privilege Log" that Malibu served on December 21, 2020.

5. Doe has engaged our services on an hourly basis. My hourly rate for this case is $300.00 per hour. Ramzi Khazen's rate is $250.00 per hour. These reflect our general rates for litigation.

6. Both Mr. Khazen and I have over a decade of experience litigating intellectual property cases. Based on my experience and knowledge, our rates are comparable with similar rates in this District for attorneys of our experience and firms of our size.

7. I have reviewed our billing records for this case, which are kept contemporaneously with the work performed and in the usual course of business.

8. Mr. Khazen spent 21.3 hours working on Doe's motion to compel. This included research, drafting the motion, drafting the reply, preparing for and attending the conference required under the Court's July 29, 2020 order, drafting Doe's portions of the parties' joint advisory also required under that order, and preparing for and attending the hearing on Doe's motion. This resulted in attorney's fees of $5,325.00

9. Mr. Khazen also spent 4.7 working on Doe's motion for sanctions. This included reviewing and analyzing the record and drafting the motion. This resulted in attorney's fees of $1.175.00.

10. I spent 4.9 hours on Doe's motion for sanctions. This included research, drafting and revising the motion, and drafting this declaration. This resulted in attorney's fees of $1,470.00, for a total of $2,645.00 in attorney's fees on Doe's motion for sanctions.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on January 14, 2021

_____
JT Morris

| | |
|---|---|
| **From:** | JT Morris |
| **To:** | paul beiklaw.com; Ramzi Khazen |
| **Subject:** | RE: Malibu Media v. Doe |
| **Date:** | Wednesday, December 16, 2020 8:08:00 PM |

Paul,

1. I have to receive an answer to my question about what specifically Malibu produced that Lomnitzer was holding. Malibu made a number of representations to both us and the Court about the documents Lomnitzer was holding. We're entitled to some clarity on this.

2. To that end, we also have not received communications with IPP, including those over What's App and similar platforms that Ms. Pelisser testified about. Please advise.

3. We still have no privilege log, despite Malibu stating to the Court in August that it would provide one. Please provide one immediately, or explain Malibu's delay.

4. Finally, in the parties' joint statement to the Court on the motion to compel, Malibu stated it was not in possession, custody, or control of work for hire contracts. Yet Ms. Pelisser's testimony suggests this is not the case [E.g., Tr. 143:11]. Please clarify.

We would appreciate a response to all four issues by no later than Monday, December 21.

Best,
JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com
Bio

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

**From:** JT Morris
**Sent:** Monday, December 7, 2020 7:16 PM
**To:** paul beiklaw.com <paul@beiklaw.com>; Ramzi Khazen <ramzi@jtmorrislaw.com>
**Subject:** RE: Malibu Media v. Doe

Paul,

Thanks. I'll have a link to Logickull re-sent to you shortly. They expire after 7 days.

Regarding the Lomintzer documents, what specifically was produced that they had? We are a bit confused, because in the time between Malibu's first production and now, Malibu was still representing that Lomnitzer was withholding documents. It seems (and we could be wrong), that Lomintzer would have more, such as documents regarding the alleged infringement.

Please see the attached for Malibu's representation to the Court that it would provide a privilege log. And in any event, Malibu is obligated under Rule 26(b)(5) to describe all relevant information it is withholding under claims of privilege or work product. Please serve Malibu's privilege log within 7 days. The delay has already been too long and prejudicial.

Also, please confirm Malibu's position on our upcoming motion to de-designate Ms. Pelisser's deposition transcript (I provided details in an email Friday).

Best,
JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com
Bio

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

---

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Monday, December 7, 2020 6:50 PM
**To:** JT Morris <jt@jtmorrislaw.com>; Ramzi Khazen <ramzi@jtmorrislaw.com>
**Subject:** Re: Malibu Media v. Doe

JT,
yes, the spreadsheet with the additional works (non-Malibu) which my client alleges were downloaded by Defendant was added along with the other documents identified and sent in the email below.  As requested, here is the link:
https://www.dropbox.com/sh/gpsmdds9qsfx5iz/AAB9Wj0axdZcGYKZBvpcdWOpa?dl=0

REVISED WTX40 Final Production - Batestamp

Shared with Dropbox

www.dropbox.com

Could you please ask Logikcull to unlock Defendant's two document production sets? It stated that you had to unlock them so they can be accessed again.
All of the documents from Lomnizer were previously produced. I forwarded your question regarding the platforms searched to my client and will follow up. Yes, my client can provide a privilege log if you would like one - I didn't recall you sending that request.

Paul S. Beik

Beik Law Firm, PLLC

8100 Washington Avenue, Suite 1000

Houston, Texas 77007

Tel: (713) 869-6975

Fax: (713) 868-2262

paul@beiklaw.com

---

**From:** JT Morris <jt@jtmorrislaw.com>
**Sent:** Thursday, December 3, 2020 12:13 PM
**To:** paul beiklaw.com <paul@beiklaw.com>; Ramzi Khazen <ramzi@jtmorrislaw.com>
**Subject:** RE: Malibu Media v. Doe

Paul,

We will review the confidentiality log, although given it's length, I suspect we will have to seek the Court's intervention very soon with the summary judgment deadline approaching.

For the documents:

1. Have you added more documents to the Dropbox since the time you first sent the link? Can

you please re-send the Dropbox link?
2. Can you specify what documents Malibu has produced that were in Lomnitzer's possession until recently?
3. Please confirm that Ms. Pelissier checked all electronic platforms and logs for communications with IPP. If she was unable to locate any despite testifying to their existence, can we assume that Malibu did not preserve these?
4. Also, when will Malibu provide a privilege log? It represented in the parties' joint advisory on the motion to compel that it would provide one.

Please respond no later than COB tomorrow.

Thanks,
JT

JT Morris
JT Morris Law, PLLC
Tel: (512) 717-5275
Fax: (512) 582-2948
jt@jtmorrislaw.com
Bio

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail may by confidential and/or subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE. It is intended only for the individual or entity designated in the e-mail. If you are not the intended recipient, please take notice that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this e-mail in error, please notify the sender by reply immediately.

---

**From:** paul beiklaw.com <paul@beiklaw.com>
**Sent:** Thursday, December 3, 2020 11:47 AM
**To:** Ramzi Khazen <ramzi@jtmorrislaw.com>
**Cc:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: Malibu Media v. Doe

Hi Ramzi,

Thank you for following up.  Attached please find a confidentiality log for Ms. Pelissier's deposition and it de-designates as indicated and pursuant to the protective order.  I presented your email to my client to search for the requested items referenced.  Attached is the spreadsheet which includes the additional evidence of the works (non-Malibu works) that were downloaded (this was added to the dropbox provided previously but I attach it as well).  Also attached is a deposition transcript from June 14, 2019 deposition. A cease and desist letter and revocation of a power of attorney is also attached.  Analytics information is also attached.  Ms. Pelissier could not locate any written communications with IPP.  She also could not locate any subsequent agreements with IPP other than the one previously produced.  All non-privileged and/or attorney work product documents received from the Lomnitzer law firm

have been produced.

Paul S. Beik

Beik Law Firm, PLLC

8100 Washington Avenue, Suite 1000

Houston, Texas  77007

Tel: (713) 869-6975

Fax: (713) 868-2262

paul@beiklaw.com

---

**From:** Ramzi Khazen <ramzi@jtmorrislaw.com>
**Sent:** Wednesday, December 2, 2020 6:48 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Cc:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Re: Malibu Media v. Doe

Paul, please advise regarding my email below. If Malibu fails to de-designate promptly, Doe will have no choice but to move the court as provided in the protective order.

Regards. Ramzi

Get Outlook for iOS

---

**From:** Ramzi Khazen
**Sent:** Tuesday, November 17, 2020 12:22:31 PM
**To:** paul beiklaw.com <paul@beiklaw.com>
**Cc:** JT Morris <jt@jtmorrislaw.com>
**Subject:** Malibu Media v. Doe

Paul, Please redesignate Ms. Pelissier's deposition to the appropriate confidentiality levels.  Most of the deposition did not contain Malibu's confidential information and should promptly be de-designated.

Ms. Pelissier referenced numerous categories of documents in her deposition that should have been produced. For example:

- The supposed "additional evidence" Ms. Pelisser repeatedly referenced, in its complete and raw form, which she claimed was from "one of our consultants" and contained "exact geolocation" information as well as over 30000 "additional hits" that Ms. Pelissier claimed she had seen in a spreadsheet.
- Ms. Pelissier testified that within the last year and beyond she had communicated with IPP and Computer Forensics via apps such as whatsapp, skype, and the like.  These communications were promised multiple times and have not been produced.
- The spreadsheet showing paid users referenced on page 152, as well as the tax information referenced showing the revenues and profitability (if any) of the X-Art site.  She specifically testified that she did not search for income related documents but that information could be obtained through her taxes (see, e.g., p. 224)
- Ms. Pelissier's recent deposition in another copyright case.
- The subsequent IPP agreements that came after the one that was produced.
- The documents from the Genova/warmblood case regarding allegations involving ownership of the copyrights at issue in this suit.  Malibu had denied that such a case even existed until Ms. Pelissier testified to it having been initiated eight months ago. Please also produce the power of attorney signed over to Genova and/or warmblood as well as any revocation.
- Data regarding the alleged IP theft discussed at p. 260.
- The remaining documents from Lomnitzer Law Firm

Regards, Ramzi


**RAMZI KHAZEN**
**JT MORRIS LAW, PLLC**
1105 Nueces St., Suite B
Austin, TX 78701
P: 512.789.6140

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. Such information also is intended to be privileged, confidential, and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify us immediately by telephone.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 5:19-cv-00834-DAE |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PRIVILGE LOG

Plaintiff, Malibu Media, LLC, files its privilege log regarding documents requested by Defendant.

| Document Description | Privilege Asserted |
|---|---|
| Electronic correspondence prepared by former counsel, Lomnitzer Law, to Ms. Pelissier regarding initiation of suit. | Work Product & Attorney-Client |
| Electronic correspondence prepared by former counsel, Lomnitzer Law, to Malibu Media paralegals and support staff regarding initiation of suit. | Work Product |
| Electronic correspondence from Malibu Media paralegal to local counsel regarding initiation of suit. | Work Product |
| Electronic correspondence with Beik Law Firm regarding initiation of lawsuit | |
| Correspondence between Ms. Pelissier and California counsel regarding Genova and Warmblood lawsuits | Attorney-Client |

Dated: December 21, 2020

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262

E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**