UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT JOHN DOE'S REPLY TO PLANTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR  PARTIAL SUMMARY JUDGMENT**

**I.  Introduction**

To withstand a summary judgment motion, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). Plaintiff Malibu Media, Inc. ("Malibu") has not done this. In fact, here is the sum of Malibu's showing in opposition to Doe's motion for summary judgment on no copyright infringement:

1. An IP address and alleged pieces of films downloaded over BitTorrent that Doe's expert and recent court decisions agree cannot show copyright infringement.

2. As the source of that IP address and those pieces of films, the declaration of Tobias Fiser, who (a) works for a company Malibu distrusts; (b) Malibu never disclosed as a testifying expert; and (c) bases his statements on hearsay.

3. Doe last used BitTorrent many years before the start of the alleged infringement period.

4. Speculation about "sub-genres" of adult films, profiling infringers, and open networks.

Simply put, this comes nowhere near showing a genuine issue of material fact over lack of infringement. Even Malibu admits its evidence is at best "circumstantial." [Dkt. 66 p. 6].

In the end, no reasonable jury could find for Malibu on its copyright infringement claim or on Doe's non-infringement counterclaim. And for that reason, the Court should grant Doe's motion for partial summary judgment on both claims.

**II. The Court should disregard Malibu's use of the Fiser Declaration because it is inadmissible on the infringement issues.**

Doe objects to Malibu's use of Tobias Fiser's declaration ("Fiser Declaration") under Fed. R. Civ. P. 56(c)(2) because it is inadmissible as to Malibu's burden on copyright infringement.[1] A nonmovant "must respond to an adequate motion for summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 n. 19 (1970)). But there are several reasons the Court should bar Malibu's use of the Fiser Declaration as inadmissible for Malibu's infringement burden.

***Malibu never disclosed Fiser as an expert.*** Malibu argues that the Fiser Declaration creates fact disputes over technical BitTorrent issues. [Dkt. 66 pp. 6-7] And it also suggests fact disputes exist because Doe's expert Glenn Bard refutes Fiser's declaration. [*Id.* p. 7]. In effect, Malibu is trying to sneak in Fiser's declaration as expert testimony.

But that is improper because Malibu disclosed no expert under Fed. R. Civ. 26(a)(2), let alone disclosed Fiser as one. And Malibu does not dispute this. [*See, e.g.*, Dkt. 59, Doe Mtn. for Summ. J. p . 2-3]. On that basis alone, the Court should sustain Doe's objection and bar Malibu's use of the Fiser Declaration for its burden on copyright infringement.

***The Fiser Declaration relies on hearsay.*** Fiser, an employee of Malibu's longtime consultant IPP International ("IPP"), states that he got the accused IP address from IPP's forensic

---

[1] Nothing bars Doe from offering the Fiser declaration, for example, to support Doe's abuse of process and harmful access counterclaims. For example, it is not hearsay if Doe offers the declaration against Malibu. Fed. R. Evid. 801(d)(2). And it was proper for Doe's expert to consider the Fiser Declaration in forming his opinions. Fed. R. Evid. 703

2

activity logs and that IPP's software "downloaded" various information. [Dkt. 66-1 P-Resp_Renew_MSJ092 ¶ 9]. But both the activity logs and download records are hearsay because they are out of court statements Fiser asserts to establish a fact. Fed. R. Evid. 801(c). To this end, Malibu offers no evidence showing this information was IPP's regular business records. *See* Fed. R. Evid. 803(6). This is another reason to bar Malibu's use of the Fiser Declaration.

**_The Fiser Declaration is otherwise unreliable._** Fiser attached none of the logs or other data he references to his declaration. Nor did Malibu produce it in discovery. And Fiser fails to identify or explain the "software" he used to generate data. What is more, the date on Fiser's declaration is at best ambiguous.[ P-Resp_Renew_MSJ093] On top of this all, Malibu testified that it does not trust IPP. [*Id.* _MSJ135 Tr. 140:13-23; *see also* _MSJ162 Tr. 246:8-247:17].

Simply put, the Court should reject the Fiser Declaration as unreliable and inadmissible.

### III. Nothing in the Fiser Declaration creates a genuine fact issue.

Even if the Court considers the Fiser Declaration, it shows no genuine fact issues because the IP address and "pieces" of films Fiser describes cannot prove infringement. [Dkt. 59 pp. 5, 7-10]. As Doe's expert testifies, an IP address and pieces of information simply are not enough to identify a specific BitTorrent user. [Dkt. 59-1 App. 5-9 ¶¶ 21-34]. And this tracks what several recent court decisions have held. *E.g., Malibu Media, LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798 at *19, n. 5 (N.D. Ill. Feb. 8, 2016); *Malibu Media LLC v. Duncan,* No. 4:19-CV-02314, 2020 U.S. Dist. LEXIS 20905 at *5, 10-15 (S.D. Tex. Feb. 4, 2020).

### IV. None of Malibu's other evidence and conjecture creates a fact issue.

#### A. Doe's testimony shows there are no factual disputes.

Doe's repeated testimony shows there is no factual dispute over Doe's lack of access and copying. [Dkt. 59 p. 8]. Nothing Malibu offers changes this, including Malibu painting Doe as "an

3

admitted user of BitTorrent." [Dkt. 66 p. 6]. What Malibu fails to tell the Court is that Doe last used BitTorrent several years before the dates of alleged infringement and only for lawful downloading of open-source software used in Doe's work. [P-Resp_Renew_MSJ049 Tr. 46:2-10; -_MSJ032 Tr. 29:2:23]. No reasonable jury could find this to show Doe used BitTorrent during the alleged infringement period, especially because Malibu can offer no evidence to the contrary.

### B. The Court should reject Malibu's speculation.

Malibu posits that Doe's open network somehow supports its infringement claim. [Dkt. 66 p. 2]. But it offers no explanation or evidence why. By contrast, Doe's unrebutted expert testimony explains why an open network undermines Malibu's allegation that Doe is the suspect BitTorrent user. [Dkt. 59-1 App. 5-9 ¶¶ 21-34].

Likewise, Malibu proposes that the alleged films are all in the same "sub genre" of pornography. [Dkt. 66 p. 6]. But it offers no evidence to show this relates to infringement. Nor does it explain why it matters.

And Malibu claims even more without pointing to supporting evidence. For instance, Malibu offers no evidence for its claim that its "investigation revealed the Defendant's IP Address ceased all infringing activities of both Plaintiff's works as well as thousands of third-party works *just after* Defendant became aware of this suit." [Dkt. 66 p. 1, emphasis in original]. Nor does it point out any evidence supporting its speculation that a "computer expert" would be more likely to use BitTorrent to share pornography. [*Id.* at 6]. And Malibu has no evidence for its claim that it "undertakes a significant, comprehensive investigation into the subscriber to determine whether he or possibly a family member or other third party is the actual infringer." [*Id.* p. 3].

In short, the Court should refuse all these unsupported claims.

### V. Malibu again overlooks that it has the burden of proof on all infringement issues.

Malibu complains that Doe's expert did not examine Doe's devices or corroborate Doe's sworn testimony that he never used BitTorrent during the alleged infringement period. [Dkt. 66 pp. 4-5]. Yet those do not create a genuine fact issue because it is Malibu's burden to show Doe accessed its alleged films and shared them. *E.g.*, *Saint-Amour v. The Richmond Org., Inc.*, 388 F. Supp. 3d 277, 288 n.11 (S.D.N.Y. 2019) (citing cases); *Noval Williams Films LLC v. Branca,* 2018 U.S. Dist. LEXIS 5609, at *8-9 (S.D.N.Y. Jan. 11, 2018); *see also* 3 Nimmer on Copyright § 12.01 (2018). Malibu opted not to inspect Doe's devices during discovery.[2] And Malibu has nothing refuting Doe's sworn testimony that he never accessed Malibu's films.

### VI. Conclusion.

Malibu's response confirms what Doe's motion shows—Malibu never had proof and still has no proof that Doe accessed or copied any of Malibu's films. So in the end, no reasonable jury could find for Malibu on its copyright infringement claim or Doe's corresponding non-infringement declaratory judgment counterclaim.

For the reasons stated here and in Doe's motion, the Court should grant summary judgment in Doe's favor on both Malibu's copyright infringement claim and Doe's non-infringement counterclaim, leaving only Doe's counterclaims for abuse of process and harmful access by computer for trial.

---

[2] On this issue, Malibu offers the same excuses about COVID and expert availability that it made in its motion to extend discovery. [*Compare* Dkt. 66 pp. 5-6 *with* Dkt. 49]. As the Court rejected those excuses in denying Malibu's discovery motion, it should also reject those excuses here.

Dated: January 19, 2021                             Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Attorneys for Defendant John Doe

## **CERTIFICATE OF SERVICE**

Under the Federal Rule of Civil Procedure and the Local Rules, a copy of the foregoing was served on all counsel of record by E-File on January 19, 2021.

/s/  JT Morris

JT Morris