**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE, <br><br> Defendant. | CIVIL ACTION NO. 5-19-CV-00834-DAE |

**DEFENDANT'S OBJECTIONS TO PRETRIAL ORDER OF MAGISTRATE JUDGE**

Defendant John Doe, under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) objects to the February 24, 2021 Order of the United States Magistrate Judge denying Doe's motion for sanctions. [Dkt. 73].

**I. Introduction.**

In response to Doe's motion to compel, Malibu told the Court and Doe that it would produce communications with its longtime consultant IPP International. [Dkt. 43 p. 5]. Malibu knew those communications are key to Doe's abuse of process counterclaim and some of his[1] affirmative defenses. But Malibu produced just one email from IPP—and did not bother to include the email's attachment or its metadata. So Doe moved for sanctions because Malibu misinformed Doe to his prejudice. [Dkt. 67].

And at the hearing on Doe's motion, Malibu proved even more the need for sanctions. It revealed that IPP sent Malibu emails *every month* with key information relating to Malibu's knowledge of IPP's methods used to obtain the data Malibu used to sue Doe and many others. This revelation confirms either (1) that Malibu knowingly withheld at least those emails despite telling

---

[1] For readability only, this motion uses male pronouns to refer to Doe. This suggests nothing about the identity or gender of Doe.

the Court and Doe it would produce them, or (2) that Malibu failed to preserve those emails despite having filed 1000s of lawsuits in federal court with IPPs help.

In either case, justice demands sanctions. Yet the Magistrate Judge denied Doe's motion based on two things: (1) that Doe opposed Malibu's extension for discovery and (2) that Doe did not file a second motion to compel communications with IPP. [Dkt. 74 and Ex. A, Tr. 24:25-25:3, 25:13-18]. This was clear error and contrary to law because neither of those factors lessens the gravity of Malibu's broken pledge to turn over key discovery or the resulting prejudice to Doe. Malibu must face consequences for this; not only to deter it from future misconduct, but also to deter all litigants from abusing discovery.

And so for the reasons below and in Doe's briefing and hearing arguments, the Court should set aside the Magistrate Judge's order as clearly erroneous and contrary to law, and grant Doe's motion for sanctions.

**I. Factual background.**

Doe explains the facts supporting sanctions in his motion and reply. [Dkt. 67 pp. 2-3 and Exs. A-B; Dkt. 70.] And so he will avoid repeating them for brevity's sake.

But there is one key fact Malibu first revealed during the hearing on Doe's motion. ***Every month***, IPP sent Malibu (a) an email with IP address and other data Malibu uses to sue Doe defendants and (b) an email with supporting affidavits. [Ex. A, Hearing Tr. 13:4-19, 16:25-2]. Given that Malibu worked with IPP for nearly eight years, this signifies IPP sent over a hundred emails to Malibu containing information relevant to (a) the data on which Malibu sued Doe and many others and (b) the affidavits Malibu used to identify, serve, and unmask defendants.

**II. This Court can reconsider and modify the Magistrate Judge's order if it is clearly erroneous or contrary to law.**

Chapter 43 of the United States Code provides that "[a] judge of the court may reconsider

any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). And so Federal Rule of Civil Procedure 72(a) allows a party to file objections to a magistrate judge's order on a non-dispositive issue within 14 days of the order. Fed. R. Civ. P. 72(a). To this end, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

### III. Malibu's revelation at the sanctions hearing proved even more that Malibu defied its discovery obligations, including its pledge to the Court and to Doe.

Before the sanctions hearing, Doe showed why the Court should sanction Malibu. [Dkt. 67; Dkt. 70.] Above all, Malibu produced just one email from IPP despite promising the Court and Doe that it would produce its all of communications with IPP—which it testified went well beyond a single email. [*E.g.*, Dkt. 67 pp. 6-7]. To that, Malibu distorted the date it stopped talking with IPP [Dkt. 70 pp. 4-5],[2] used a sham declaration trying to avoid sanctions [*Id.* 1-2], and revealed it did not preserve its contract with IPP—something else it promised the Court and Doe it would produce. [*Id.* p. 3.]

And even if there were a seed of doubt over whether Malibu crossed the line, Malibu's admission that IPP sent it monthly emails with infringement data and affidavits eliminated it. [Ex. A, Hearing Tr. 13:4-19, 16:25-2]. Indeed, this admission confirms one of two conclusions: (1) Malibu willfully withheld these emails from production contrary to its pledge to produce them, or (2) Malibu did not preserve these emails, in effect spoliating them.

In either event, it was clear error not to sanction Malibu. Malibu has filed 1000s of

---

[2] In fact, Malibu's counsel acknowledged the one email from IPP it produced is from June 2019. [Ex. A. Tr. 13:20]. This further disproves Malibu's claim in its opposition to Doe's motion that it ceased all communications with IPP in May 2019. [Dkt. 69 p. 8].

copyright infringement lawsuits. So Malibu cannot dispute that it and its consultants, attorneys, and other agents had a duty to preserve the emails from IPP.

Nor can Malibu dispute that the IPP emails were under its custody, control, or possession. Indeed, Malibu filed dozens of other copyrights infringement cases in this District alone in 2019. Not only does this show Malibu had emails from IPP with the data and affidavits it used in those lawsuits, but it also refutes Malibu's excuse that its former counsel "cut out access" to these emails. [Ex. A, Tr. 17:3-20].

And above all, Doe relied to his prejudice on Malibu's pledge to produce the IPP emails after he moved to compel those emails and similar communications. As Doe explained, Malibu's communications with IPP are at the core of Doe's abuse of process counterclaim and affirmative defenses that target Malibu's knowledge over IPP's flawed methods to identify and unmask defendants. [Dkt. 67 pp. 4-5]. Without these communications, Doe remains prejudiced in his ability to investigate these issues and develop his counterclaims and his defenses. And Malibu's revelation that there are (or were) hundreds of emails from IPP with lawsuit data and affidavits simply underscores the severity of the prejudice to Doe. That is why sanctions like an adverse inference on Doe's abuse of process counterclaims not only are fair, but also necessary.

In the end, not one thing justified Malibu distorting its intentions to produce its communications with IPP to Doe's prejudice. Or, for that matter, defying the Court's order to meaningfully confer about the discovery Doe asked the Court to compel. [Dkt. 34]

**IV. Doe's opposition to Malibu's motion to extend discovery does not diminish the need to sanction Malibu.**

It was clear error for the Magistrate Judge to deny Doe's sanctions motion just because he opposed Malibu's last-minute request to extend discovery. [Ex. A Tr. 25:13-15]. Above all, Doe had every reason to oppose Malibu's request after Malibu missed every expert deadline and made

little effort to develop its case. [Dkt. 53, Doe Opp. to Malibu's Mtn. to Extend Discovery]. The Magistrate Judge seemingly agreed when denying Malibu's motion. [Nov. 16, 2020 text order]. And Malibu never moved for more time to produce IPP communications. [Dkt. 49]. Instead, Malibu's request focused on COVID-19 and Doe's amended counterclaims. *Id.*

And more to the point, Doe's opposition to Malibu's request to extend discovery is not related to Malibu's representation that it would produce it communications with IPP. If Malibu promised in a Court filing signed by its attorney that it would hand over those communications, Doe had every right to rely on it regardless of Malibu's failure to conduct timely discovery. And Malibu breaking that promise warrants sanctions.

Not only did Doe's opposition not detract from Malibu's failure to meet its duty to be honest during discovery, but it also did not alter Malibu's obligation to supplement its production even after the discovery deadline. For instance, the Federal Rules require "[a] A party [] who has responded to [a] request for production" to supplement or correct the response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." That is why Malibu had to follow through and produce the promised IPP communications even after the Court denied its request to extend discovery. Or at the very least, to inform Doe immediately if it could not follow through because it failed to preserve the IPP emails.

For all these reasons, it was clear error for the Magistrate Judge to deny Doe's motion for sanctions because of Doe's opposition to Malibu's motion to extend discovery. If anything, Malibu's failure to take the scheduling order seriously—the very reason for its failed request to extend discovery [*see* Dkt. 53]—only reinforces why sanctions are needed. Something must deter

Malibu from continued misbehavior.

**V. Doe did not need to move twice to compel the IPP communications to get sanctions.**

If the Magistrate Judge's order turns on Doe not moving to compel the IPP communications a second time, it was clear error and contrary to law. [Ex. A, Tr. 24:25-25:3 ("The lack of communications produced is a concern. But there were – there was a mechanism to address that, that, you know, wasn't pursued.")] Simply put, Doe did not have to because he already moved to compel those communications. [Dkt. 31 pp. 7-10]. Even Malibu did not challenge this. [*E.g.*, Dkt. 69, Malibu Opp. to Mtn. for Sanctions].

Nor could it, because Malibu's response to Doe's motion to compel the IPP communications was representing to Doe and the Court that it would produce those documents. [Dkt. 42 p. 5]. Doe had a right to rely on this representation—one that Malibu made knowing IPP sent it emails every month with lawsuit data and affidavits. But Malibu brushed off its duties to preserve and produce those emails. And it did so against (i) Doe's warning that he would seek sanctions if Malibu did not produce those documents or if Malibu's representations were incorrect. [*Id.* p. 6] and (ii) the Court's warning that it may award expenses "against any party that is uncooperative in discovery." [Dkt. 34 p. 2]. This all shows why Doe had no duty to file another motion to compel before seeking sanctions.

So too does Federal Rule of Civil Procedure 37 show why Doe did not have to move to compel a second time to get sanctions. For instance, Rule 37 provides that after a requesting party moves to compel, if the disclosing party provides the discovery at issue, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

6

So even if Malibu had kept its word to the Court and Doe, Doe would still have enjoyed the right to seek at least his fees and other reasonable expenses.

To this end, it would make little sense to require parties to narrow the issues after a requesting party moves to compel, only to force the requesting party to file a second motion to compel after the responding party feigns its intent to produce discovery subject to the first motion. That would be unfair to parties like Doe who diligently pursue discovery under the Rules. And it would also encourage the same gamesmanship Malibu engaged in here and make a mess of the discovery process.

For these reasons, it was clear error and contrary to law to deny Doe's motion just because he did not move to compel the IPP communications a second time.

## VI. The consequences if Malibu avoids sanctions reach beyond this case.

Malibu has ignored deadlines [*E.g.*, Dkt. 32, 52]. It is stringing out an infringement claim it knows it cannot prove.[3] [*E.g.*, Dkt. 59 pp. 8-10]. And now Malibu has admitted IPP sent it monthly emails with information key to Doe's counterclaims, contradicting its earlier insistence that Doe's sanctions motion rests on assumption. [*See* Dkt. 69 pp. 1-2, Malibu Resp. ("[S]imply because [Doe] believes there should have been more communications between [Malibu] and [IPP] does not make it so.")]

Doe has the right to litigate this case on fair terms. He diligently moved to compel the IPP communications. Yet all he discovered was either that Malibu did not bother to preserve those communications or that it willfully withheld them despite its contrary representation. Not only will sanctions remedy the prejudice to Doe, but sanctions might be the only thing that deters Malibu

---

[3] And as Doe's recent notice shows, Malibu is stringing out this claim despite being under suspension in California, which prevents an LLC from maintaining a lawsuit. [Dkt. 75].

7

and protects Doe from future prejudice.

And what is more, sanctions here will deter future litigants from misleading opposing parties and Court in discovery. By contrast, allowing Malibu to escape without consequences will embolden discovery hijinks from future litigants. This is another reason to set aside the Magistrate Judge's order and grant Doe's motion for sanctions.

## VII. Conclusion.

Malibu's revelation at the sanctions hearing that IPP sent it over 100 relevant emails confirmed why sanctions are needed to cure the prejudice Doe has endured and deter Malibu from more mischief. To this end, it was clear error and contrary to law to deny Doe's motion based on his necessary opposition to Malibu's plea to extend the discovery deadline and Doe not moving a second time to compel documents Malibu promised it would produce. Because of the serious prejudice Malibu has caused Doe, Doe asks this Court to set aside the Magistrate Judge's order and grant Doe's motion for sanctions.

Dated: March 9, 2021                                              Respectfully,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 9, 2021, I electronically filed the foregoing documents with the Court using CM/ECF and served on the same day all counsel of record by the CM/ECF notification system.

/s/ JT Morris
JT Morris
