UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.5:19-cv-00834-DAE |
| v. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRETRIAL ORDER OF THE MAGISTRATE JUDGE**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, responds to Defendant's Objections to Pretrial Order of Magistrate Judge [Dkt. 76] and states:

**I. INTRODUCTION**

Defendant continues to make extreme allegations of document destruction, spoliation of evidence and a failure to preserve evidence without any evidence to support his[1] allegations. Simply put, Defendant had no foundation for his original motion for sanctions [Dkt. 67], which was confirmed by the Magistrate Judge in his Order denying Defendant's motion [73] and nothing new exists on which this Court should base a reversal or modification of that Order. The fact is, Plaintiff produced all communications with IPP International ("IPP") it had in its custody, possession and control. Indeed, Plaintiff represented to the Court and Defendant that its prior general counsel, Lomnitzer Law, was the sole party communicating with IPP over the approximately prior three years. During the pendency of this action, Plaintiff and Lomnitzer Law

---

[1] For readability, Plaintiff will refer to Defendant using the male pronoun without commenting on the actual gender of Defendant.

ended their relationship and subsequently engaged in litigation related to the return of client files and retainer amounts. As part of the settlement between Plaintiff and Lomnitzer Law, Plaintiff expected to receive all client files, including all client communications, from Lomnitzer. Plaintiff expected this to include communications with IPP. However, when the hard drive containing Lominitzer's client file was received, it contained no communications with IPP other than that which was previously produced by Plaintiff to Defendant. Simply put, Plaintiff cannot produce what it does not have. Any suggestion by Defendant that Plaintiff has intentionally withheld responsive documents is simply incorrect. Plaintiff's prior general counsel controlled all email servers, email addresses and email correspondence between itself, local counsel around the country, IPP, and other vendors. At the point that the attorney-client relationship between Plaintiff and Lomnitzer was terminated, Lomnitzer removed Plaintiff's access to these servers and communications, including case notes and related materials. At no time during the litigation with Lomonitzer and the subsequent settlement negotiations, was it ever revealed to Plaintiff that portions of client files had been destroyed, lost, or deleted. Only after receiving the client files from Lomnitzer did Plaintiff learn than only the single communication with IPP it previously produced in discovery represented everything responsive to Defendant's request.

Defendant has presented <u>no</u> evidence to the Court that Plaintiff engaged in the spoliation of evidence and seems to think that Plaintiff has possession of documents it has failed to produce. Further, Plaintiff sought to extend discovery deadlines in this matter [Dkt. 49], which would have allowed <u>both</u> parties to request additional documents or things in the normal course of discovery. At every turn, Defendant objected to the Plaintiff's extension requests [Dkt. 53]. The Court has already denied Defendant's motion for sanctions and should not set aside that Order now.

## II. SANCTIONS ARE NOT WARRANTED

### A. The Use of Sanctions

Sanctions should not be used lightly. *Doe v. Am. Airlines,* 283 Fed. Appx. 289, 291 (5th Cir. 2008). The purpose of sanctions is to make sure the parties have a fair, legal and expeditious trial. *EEOC v. General Dynamics Corp.,* 999 F.2d 113, 119 (5th Cir. 1993). Sanctions, however, should not be used to increase the cost of litigation, needlessly increase the number of filings made with the Court, or multiply the amount of litigation that must take place in order to reach a resolution. Here, Defendant attempts to convince the Court, again, that sanctions are warranted despite the fact that Plaintiff undertook a meaningful, diligent examination of its electronic documents and communications to verify whether responsive documents existed. Defendant uses of words like "misleading", "no effort to preserve evidence", "avoided", "spoliation" in hopes that using these words will relieve them of their burden of proving that Plaintiff's conduct rises to the level of bad faith, deceitful and dishonest behavior worthy of sanctions. But Defendant cannot meet that burden and the Magistrate Judge agreed. Defendant had his day in court to address his desire for this Court to sanction the Plaintiff,

### B. The Court's Inherent Power to Sanction

A court may impose sanctions for litigation misconduct under its inherent power under Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(b)(2)(A); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir.2012). Reliance on this inherent authority is appropriate when there is a "wide range of willful conduct" implicating multiple rules. *Sarco Creek Ranch v. Greeson*, 167 F. Supp. 3d 835, 845 (S.D. Tex. 2016). The court's inherent power is based on "the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123 (1991). The court must exercise this power with "restraint and discretion." *Roadway Express, Inc.*

*v. Piper,* 447 U.S. 752, 764, 100 S. Ct. 2455 (1980). This discretion, however, is limited. "[U]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest of remedies under Rule 37(b). *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). A court may assess attorney's fees only when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO* at 45-46.

Federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a party if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action. *Monroe's Estate v. Bottle Rock Power Corp.,* No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004). The burden is on the party seeking discovery to make a showing that the other party has control over the material sought. When determining the sufficiency of control of material, the nature of the relationship between the party and the non-party is the key. *Id.* at *10; *see Goh v. Baldor Electric Co.,* 1999 WL 20943 at * 2 (N.D.Tex.). In addition, "[t]he fact that a party could obtain a document if it tried hard enough...does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) (Court held that control did not exist where a party could not order a non-party to surrender documents). "Neither the Federal Rules of Civil Procedure nor the Fifth Circuit offer clear, definitive guidance as to the appropriate definition of control." *Goh v. Baldor Elec. Co.*, No. 3:98-MC-064-T, 1999 WL 20943, at *2 (N.D. Tex. Jan. 13, 1999); *Dugas v. Mercedes-Benz USA, LLC*, No. 6:12-CV-02885, 2014 WL 3848110, at *3 (W.D. La. Aug. 5, 2014) (relying on *Goh*). In *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004), the Fifth Circuit held that "access" to documents is not equivalent and is broader than "custody, control, or possession" under Rule 34.

Here, Defendant sought documents from Plaintiff related to communications with Plaintiff's expert, IPP. While IPP does provide Plaintiff with results of its investigation into the astronomical infringement of Plaintiff's copyrights online, it does not regularly or routinely communicate with Plaintiff or its counsel outside of the provision of the data supporting the infringement, such that documents responsive to Defendant's requests do not exist. This fact has been communicated to Defendant's counsel and this Court on numerous occasions. Indeed, Plaintiff had committed to supplementing its responses with any communications from IPP in the possession of Plaintiff's prior counsel, Lomnitzer Law. However, upon receipt of client files from Lomnitzer, it was determined that no documents in addition to what had already been provided to Defendant were present. [Ex. A to Plaintiff's Response to Defendant's Motion for Sanctions [Dkt. 67] Declaration of Colette Pelissier "Pelissier Dec"]. While Plaintiff did represent that it would provide any additional communications included in the client files returned from Lomnitzer, no responsive documents were contained in those client files. Plaintiff cannot produce what does not exist. As such, this Court properly found that sanctions were not warranted as Plaintiff has complied with its discovery obligations.

## III. CONCLUSION

While there are certainly situations warranting the imposition of sanctions, this is not one of them. Defendant has only highlighted discrepancies in Plaintiff's testimony and discovery responses with a heavy dose of conjecture, not lies or intentional misconduct. Moreover, Defendant has not provided any evidence that any of Plaintiff's conduct in this case rises to the level that justifies sanctions. There is no evidence of intentional deceit or dishonesty, and the evidence points more towards faulty memory, innocent mistakes in communication, and a general lack of responsive documents. Defendant will have ample opportunities at trial to attempt to use

the inconsistencies and contradictions discussed in his motion for sanctions to impeach Plaintiff's witnesses and impugn their credibility. That is the proper and appropriate recourse in this type of situation. And, Defendant's request for sanctions does nothing more than increase the amount of litigation, the number of filings, the amount of fees, and the amount of time spent distracted from the merits of this case.

For the foregoing reasons Plaintiff respectfully requests that the Court reject Defendant's Objection in its entirety.

Dated: March 16, 2021                                  Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                By: /s/ Paul S. Beik  
                                                PAUL S. BEIK