UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO. 5-19-CV-00834-DAE |

**DEFENDANT'S OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER AND LEAVE TO FILE FIRST AMENDED ANSWER, SECOND AMENDED COUNTERCLAIMS, AND TO JOIN A COUNTERDEFENDANT**

Under Fed. R. Civ. P. 15(a), 16(b)(4), 19(a)(1)(A), and 21, Defendant John Doe asks that the Court (1) modify the scheduling order as to the date for parties to ask for leave to amend pleadings and add parties and (2) grant Doe leave to (a) amend his[1] answer to include a lack of capacity to sue defense; (b) add allegations to his abuse of process counterclaims; (c) add Plaintiff Malibu Media, LLC's ("Malibu") CEO and sole member Collette Pelissier as a counterclaim defendant; and (d) add a request for injunctive relief.[2] Doe's proposed First Amended Answer and Second Amended Counterclaims is Exhibit A, and a document comparing Doe's current pleading and his proposed amendments is Exhibit B.

**I.  Introduction.**

During her October deposition, Pelissier testified that Malibu was still operating. [Dkt 66-

---

[1] For purposes of readability, this motion uses generic male pronouns to refer to Doe, without implying anything about Doe's actual gender.

[2] Doe also requests leave to correct one typographical error in Paragraph 139 of his First Amended Counterclaims, changing "Plaintiff" to "Doe" to eliminate any confusion [*Compare* Dkt. 51, ¶ 139 *with* Ex. A, ¶ 150].

1 p. 10, 10-20-20 Collette Pelissier Tr. 19:8-11]. But Doe just learned that California suspended Malibu's corporate status. [Dkt. 77, Amended Notice; *see also* Ex. C]. And under California law, this means Malibu cannot maintain or defend a lawsuit. [*Id*]. It also questions whether Malibu is preparing to transfer its intellectual property and other assets.

And that is why Doe asks the Court to grant this motion. Not only does Doe have a right to add a defense and counterclaim allegations based on his recent discovery about Malibu, but he also should have a chance to protect his request for attorney's fees and damages if Malibu goes defunct. Joining Pelissier affords this. She has always pulled the company's strings including in this dispute, making her a proper counterclaim defendant even at this stage. Without these amendments, Doe will suffer severe prejudice, And by contrast, there is no prejudice to either Malibu or Pelissier.

For these reasons, Doe asks that the Court grant his motion to modify the scheduling order to give him leave to amend his pleadings and join Pelissier.

## II. Background.

This case turns largely on Malibu suing Doe on what it knew was flawed evidence, as Doe shows in his summary judgment briefing. [Dkt. 59 pp. 2-3, 4-6; Dkt. 62 pp. 7-8]. And all along, Pelissier has run Malibu and its endless filing of copyright infringement lawsuits. [Dkt. 66-1 p. 11 Tr. 11:2-9 and p. 109. Tr. 27:17-22; Dkt. 5 Ex A, Decl. of Pelissier ¶¶ 3, 12-13, 20-24]. Pelissier created Malibu and runs it. [Dkt. 66-1 p. 11 Tr. 11:2-9 and p. 109. Tr. 27:17-22]. And she directs Malibu's copyright litigation efforts. [Dkt. 5 Ex A, Decl. of Pelissier ¶¶ 3, 12-13, 20-24].

When asked during her 30(b)(6) deposition if Malibu was still operating, Pelissier replied yes. [Dkt 66-1 p. 107, 10-20-20 Collette Pelissier Tr. 19:8-11]. Yet a few months later, Doe discovered Malibu's corporate status is suspended in California. [Dkt. 77]. According to California

law, the "corporate powers, rights and privileges" of a domestic corporate taxpayer may be suspended for failure to pay certain taxes and penalties. Cal. Rev. & Tax Code § 23301. In turn, a suspended company may not, among other things, prosecute or defend a legal action. *E.g.*, *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999).

Doe moved to extend the scheduling order deadline for amending pleadings in December, and asked to add allegations to his abuse of process claim revealed in discovery. [Dkt. 47]. The Court granted that motion. [Dkt. 50].

But there is no indication that Malibu was suspended then. Indeed, shortly after Doe filed the motion, Pelissier testified that Malibu was still operating. What it more, there is no indication as to when California suspended Malibu's corporate status. [Ex. C, March 19, 2021 screenshot of California Secretary of State business search for Malibu Media, LLC; *see also* Dkt. 77].

The current scheduling order's date for seeking leave to amend pleadings was October 13, 2020 [Dkt. 50], and its date for seeking to join parties is March 2, 2020. But as Doe shows below, good cause exists for modifying that date and granting Doe leave to amend his answer and counterclaims.

### III. Legal standards.

A court should grant leave to amend pleadings "freely [] when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). To this end, Rule 15(a) and Rule 20 both provide for joining or removing parties. *Baker v. Bowles*, Civil Action No. 3:05-CV-1118-L, 2005 U.S. Dist. LEXIS 51805, at *4 n.2 (N.D. Tex. Nov. 17, 2005) (noting that along with Rule 15(a), "[m]otions to add new defendants may also be brought pursuant to Rule 21.") But for either rule, the standard for adding a party is the same. *Vera v. Bush*, 980 F. Supp. 254, 255 (S.D.Tex. 1997) (citation omitted).

3

When a scheduling order deadline to amend pleadings or join parties has passed, Rule 16(b) governs. *Payne v. Wal-Mart Stores Tex.*, No. MO:18-CV-00224-DC, 2019 U.S. Dist. LEXIS 232151, at *5-6 (W.D. Tex. Oct. 25, 2019). For this reason, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Id.* (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining whether leave to amend should be granted, the Court considers the following factors: (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation omitted).

In turn, once the moving party shows good cause to modify the scheduling order, a court then examines the Rule 15(a) factors. "The language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, and [a] district court must possess a 'substantial reason' to deny a request." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (internal quotation omitted). Relevant factors under Rule 15(a) include (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id.*

**IV. Good cause exists for modifying the scheduling order to allow Doe to seek leave to amend his answer and counterclaim and add Pelissier as a counterclaim defendant.**

Two reasons show why there is good cause to grant Doe's motion. First, Doe's amendments were not plausible or needed until now. And second, the prejudice to Doe if the Court does not grant his motion eclipses any prejudice to Malibu or Pelissier from Doe's proposed amendments.

**A. Doe's amendments were not plausible until now.**

Doe did not learn Malibu is suspended in California until recently. And given (1) the lack

4

of a date of when Malibu was suspended and (2) Pelissier's October testimony that Malibu was still operating, it is fair to say California suspended Malibu only a short time ago. In short, Doe could not have made his proposed amendments before now.

Indeed, all of Doe's proposed amendments relate to Malibu's suspended status:

1. Doe's proposed affirmative defense of lack of capacity to sue stems from Malibu's suspended status.

2. Doe's proposed amended allegations to his abuse of process claim relate to Malibu's continuing to assert a flawed copyright claim while knowing it has no legal standing to do so.

3. Doe's proposed joinder of Pelissier as a counterclaim defendant is necessary because of Malibu's suspended status (and proper in any case, given her role in Malibu's litigation).

4. And as explained more below, Doe's proposed request for preliminary injunctive relief will permit him to protect his attorney's fees and damages claims should Malibu go defunct or transfer assets.

These all show good cause for Doe to amend his answer and counterclaims now. *See Payne*, 2019 U.S. Dist. LEXIS 232151, at *9-10 (finding good cause where plaintiff did not have all the facts to include an exemplary damages claim until after certain discovery).

**B. Doe's proposed amendments are important to a just resolution.**

Without Doe's proposed amendments, a just resolution is impossible. First, Doe's proposed amendments to add a lack of capacity defense will ensure he can raise this at trial should Malibu not fix its suspended status. And similarity, the proposed amended allegations to his abuse of process counterclaim will ensure Doe can raise Malibu's continued prosecution of its unjustified

infringement claim while being suspended as evidence of Malibu's abuse of process.

And joining Pelissier as a counterclaim defendant is also key to a just resolution. Simply put, if Malibu remains suspended, the Court "cannot accord complete relief among existing parties" without Pelissier as a counterclaim defendant. Fed. R. Civ. P. 19(a). That is because if Malibu cannot defend Doe's counterclaims because it is suspended, Doe cannot proceed prosecuting his claim and obtaining relief against abusive litigation.

But Pelissier can. She controls Malibu and its litigation conduct. [Dkt. 66-1 p. 11 Tr. 11:2-9 and p. 109. Tr. 27:17-22; Dkt. 5 Ex A, Decl. of Pelissier ¶¶ 3, 12-13, 20-24]. And joining Pelissier as a joint tortfeasor is not a novel concept. By contrast, LLC members who play a part in tortious conduct are jointly and severally liable with the LLC for that conduct. *E.g.*, *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1312 (5th Cir. 1991); *Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 706 (S.D. Tex. 2011). And so Pelissier is a proper counterclaim defendant by any measure.

Finally, Doe's amended request for injunctive relief is necessary to protect his claim for damages and attorney's fees. For instance, should Doe discover that Malibu allowed its corporate status so it can move assets to try to avoid various judgments and other debts, Doe has the right to seek injunctive relief under Fed. R. Civ. P. 64 to protect any favorable damages or attorney's fees judgments. And given the strength of Doe's non-infringement defense, these is a strong likelihood he will have the right to get his reasonable fees. [*See* Dkt. 59 and 62]. In the same way, the likelihood of recovering damages on his abuse of process and unlawful access counterclaims is very real. [*See* Dkt. 62 pp. 8-11].

In short, Doe's proposed amendments will ensure a just result. And so they are another reason Doe has good cause to amend his pleadings and join Pelissier now.

### C. There is no prejudice to Malibu or Pelissier from Doe's proposed amendments.

Doe's proposed amendments do not expand the scope of this case. Nor does joining Pelissier because she runs Malibu—its acts are effectively hers. This is one reason there is no prejudice to Malibu or Pelissier. *Payne, Payne*, 2019 U.S. Dist. LEXIS 232151, at *10 (finding lack of prejudice where plaintiff's proposed exemplary damages claim was not meaningfully different from its prior negligence claim); *see also StoneEagle Servs., Inc. v. Valentine,* No. 3:12-CV-1687-P, 2013 WL 12123938, at *2 (N.D. Tex. Mar. 21, 2013*)* (observing that "courts consider whether the amendment would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was previously before the court.")

Another reason there is no prejudice to Malibu or Pelissier is that Doe's proposed amendments depend solely on matters of public record, and if anything, evidence in Malibu's possession. Put differently, there is nothing Malibu needs in discovery on any of Doe's amendments. The same holds for joining Pelissier. This lack of prejudice is another reason good cause exists for Doe's proposed amendments.

Finally, Doe's proposed amendments do not affect the pending motions for summary judgment. Both parties have submitted their evidence on Doe's abuse of process claim. Pelissier's arguments necessarily rise and fall with Malibu's. And Doe's request for injunctive relief is an equitable remedy not relevant to the summary judgment motions.

### D. Because there is no prejudice, the cure factor is unimportant.

The final good cause factor is "the availability of a continuance to cure [] prejudice." *S&W Enters.,* 315 F.3d 533, 536 (5th Cir. 2003). But because there is no prejudice, the Court need not consider any cure. And given that Doe's proposed amendments stem from Malibu's conduct, it is impossible to conjure any potential cure.

7

In sum, Doe's proposed amendments include facts that Doe could not have foreseen when he filed his original counterclaims and amended the same. And because Malibu will not suffer prejudice from the amendments, the Court should find good cause to modify the scheduling order and grant Doe leave to file amended counterclaims and join Pelissier as a counterclaim defendant.

**V.     The Rule 15(a) factors also show why the Court should grant Doe leave to amend.**

For the same reasons there is good cause to modify the scheduling order, the Court should grant Doe leave to amend under Rule 15(a) and to join Pelissier under Rules 15(a) and 21. *See SGIC*, 839 F.3d at 428 (listing the factors for determining whether to grant leave to amend, including (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.); *Vera*, 980 F. Supp. at 255 (noting the standard is the same for joining a party whether under Rule 15(a) or Rule 21).

For example, Doe did not unduly delay seeking leave because facts showing Malibu's suspension were unavailable until recently. This is also shows a lack of bad faith or dilatory motive. And against, there will be no prejudice to Malibu or Pelissier from Doe's proposed amendments.

Finally, Doe's proposed amendments are not futile. For instance, Doe's proposed allegations for abuse of process add to a claim the Court already held is plausible. [Dkt. 28]. And Doe's proposed lack of capacity defense simply accounts for Malibu's suspended corporate status.

Joining Pelissier is plausible because she is liable for the acts of Malibu. "It is well settled law that when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1312 (5th Cir. 1991). Pelissier testified that she runs Malibu. [Dkt. 66-1 p. 109. Tr. 27:17-22]. To that, she also testified how she oversees and directs

Malibu's copyright litigation. [Dkt. 5 Ex A, Decl. of Pelissier ¶¶ 12-13, 20-24]. Nothing suggests that anyone else makes decisions for Malibu about its copyright litigation.

So if Malibu is liable for abusing process because it knowingly asserted an unprovable copyright claim here and in other cases, so too is its sole controlling officer. And that person is Pelissier. What is more, Pelissier's testimony suggests she has a history of using holding companies for assets related to Malibu. [Dkt. 66-1 pp. 105-06 Tr. 11:2-14:19]. This highlights the need for Doe's amendments as a way to ensure he is not prejudiced and to ensure the Court can afford complete relief.

## VI. Conclusion.

Malibu's recent suspended status requires the amendments Doe proposes. Without these amendments, the Court cannot ensure a just outcome and Doe will be prejudiced toward pursuing his requested attorney's fees and counterclaim damages. For these reasons, the Court should grant Doe's motion and allow him leave to file the first amended answer and second amended counterclaims in Exhibit A.

Dated: March 19, 2021

Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
Ramzi Khazen
Texas State Bar No. 24040855
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
ramzi@jtmorris.law.com
jt@jtmorrislaw.com
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

## Certificate of Conference

I certify that counsel conferred in good faith by telephone with Plaintiff's counsel on March 17, 2021 in an effort to resolve the issues in this motion. Plaintiff opposes this motion.

/s/ JT Morris  
JT Morris

## CERTIFICATE OF SERVICE

     I hereby certify that on March 19, 2021 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record by the CM/ECF notification system.

/s/ JT Morris  
JT Morris
