UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE, <br><br> Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER AND LEAVE TO FILE FIRST AMENDED ANSWER, SECOND AMENDED COUNTERCLAIMS, AND TO JOIN A COUNTERDEFENDANT**

Malibu does not dispute that it is pushing its copyright infringement claim against Doe while its corporate status is suspended—even though the law strips Malibu of its rights to prosecute its claim while suspended. Nor does Malibu dispute that California suspended its corporate status at some point after its owner Collette Pelissier testified that Malibu was still operating.

These concessions confirm why Doe has good cause to amend his[1] answer and his counterclaims. Doe's amendments will not delay this case moving forward or even the parties' pending summary judgment motions. Rather, Doe is asking the Court for leave to amend his pleadings and join Pelissier as a counter defendant simply to preserve (a) the issue of Malibu's suspended status for trial and (b) his right to get complete relief after Malibu has strung out an infringement claim against Doe for which it has no evidence. That is why the Court should reject Malibu distorting Doe's abuse of process counterclaim and blaming Doe for Malibu's predicament. Instead, the Court should grant Doe's request to ensure a fair and efficient outcome.

---

[1] For purposes of readability, this motion uses generic male pronouns to refer to Doe, without implying anything about Doe's actual gender.

### I. The Court should reject Malibu distorting Doe's abuse of process counterclaim and his proposed amendments.

Malibu insists that Doe cannot amend his abuse of process counterclaim to include Malibu's suspended status because "Defendant continues to make allegations of abuse of process after the substance of those claims have already been found by this Court not to rise to the level of sanctionable conduct." [Dkt. 80 p. 1]. This misrepresents both Doe's abuse of process counterclaim and Doe's distinct sanctions motion. For starters, Doe's sanctions motion centered on Malibu's failure to produce relevant communications despite representing in this Court that it would do so. [*E.g.*, Dkt. 67 and 73-74].

By contrast, Doe's abuse of process counterclaim targets (a) Malibu misusing process to coerce a settlement from Doe while knowing it had no evidence showing even a plausible claim for copyright infringement and (b) Malibu's motive in continuing to force Doe to defend himself against an infringement claim Malibu knows is faulty. [Dkt. 51, First Am. Counterclaims ¶¶ 130-43; *see also* Dkt. 62, Doe Opp. to Malibu's Mot. for Summ. J.] That is why after Malibu neglected to develop its infringement claim in discovery, Doe asked the Court for leave to amend his counterclaim to include Malibu's litigation conduct and add exemplary damages. [Dkt. 47]. The Court granted Doe's request, seeing how "[a]buse of process is the malicious misuse or misapplication of process to accomplish an ulterior purpose." [Dkt. 50 p. 5].

To this end, Malibu continuing to press its infringement claim while knowing it cannot do so because it remains suspended shows more misuse of process. If anything, it highlights that Malibu again is flouting the rules and the law. And so the Court should refuse Malibu downplaying its current suspended status as "no harm, no foul" and "a small, technical irregularity." [Dkt. 80 p. 1]. Because even if Malibu cures its suspended status, it will not change the fact that Malibu has continued to assert a copyright claim having no legal capacity to do. That is relevant to Doe's

abuse of process claim. Thus, the Court should allow Doe to preserve his right to introduce evidence of Malibu litigating while suspended at trial by amending his counterclaim.

**II. Malibu does not dispute the key facts showing good cause.**

Malibu concedes it is litigating this case despite having a suspended corporate status. [Dkt. 80 p. 1]. Nor does it dispute that California suspended its corporate status sometime after Doe filed his first amended complaint and after Pelissier testified that Malibu was still in business, showing Doe could not have plausibly amended his pleadings to include the suspension until now. *Id.* at 3.

Instead, Malibu blames Doe, demanding that Doe should have checked Malibu's corporate status when he filed his first amended complaint. *Id.* But of course, Malibu does not state that if Doe had checked then, he would have discovered Malibu was suspended. That would mean Malibu has been pushing its infringement claim while suspended for months—and without ever informing either the Court or Doe. In any case, Doe has offered a valid reason for why amending his pleadings to include Malibu's suspended status was not feasible until now. [Dkt. 78 2-3].

What is more, Doe has no reason to believe Malibu will cure its suspension. For instance, Doe filed a notice alerting the Court to Malibu's suspended status nine days before filing this motion. [Dkt. 79]. But nearly a month later, Malibu has still not cured its suspension. *See* Ex. A.

In fact, during the parties' Local Rule 7(i) conference on this motion, Malibu's counsel stated he did not know if Malibu had taken any steps to cure its suspended status. And Malibu painting its suspension as a "a small, technical irregularity" shows it refuses to take its suspension seriously. In sum, Malibu's dismissive attitude validates why Doe's proposed amendments are important to this case and preserving Doe's right to get complete relief.

**III. There is good cause to join Pelissier so the Court can grant complete relief.**

Above all, the uncertainty over Malibu's ongoing suspension shows why it is necessary to

join Pelissier. If the suspension is a harbinger of Malibu going defunct, then there is a real chance Doe will not get relief. And even if Malibu simply lets its suspension continue, that potential prejudice will remain. It would be a serious injustice for Malibu to force Doe to endure expense and stress defending an unjustified infringement claim, only to cut-and-run to avoid accounting for Doe's attorney's fees and counterclaim damages.

For this reason, it is appropriate to join Pelissier as a counter defendant to ensure complete relief. Fed. R. P. 19(a). As Doe has explained, she is the sole member of Malibu has called the shots over Malibu's serial filing of copyright infringement claim. [Dkt. 78 8-9]. So despite Malibu's half-hearted protest, there is little prejudice to joining Pelissier because her acts related to Doe's counterclaims are those of Malibu's and vice versa. *E.g.*, *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1312 (5th Cir. 1991) ("It is well settled law that when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable.")

What is more, the stage of the case is not dispositive to Rule 19 joinder. For instance, in a new decision from the Northern District of Texas, the court allowed a plaintiff to join parties with ownership interests in a defendant corporation ***after*** judgment, because those new parties played a part in (a) making the corporate defendant judgment proof and (b) the acts supporting an exceptional case under the patent fee-shifting statute. *SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K, 2021 U.S. Dist. LEXIS 54219, at *19-21 (N.D. Tex. Mar. 23, 2021). And underlying the court's decision was that "in the absence of joinder, [plaintiff] would be forced to take action against these parties in another manner, which would possibly subject [plaintiff] to double, multiple, or inconsistent results." *Id.*

So in the same way, Pelissier can and should be joined here. Doe should not have to file a

separate lawsuit against Pelissier to get relief if Malibu disappears or transfer its copyrights and other assets. On that basis, joining Pelissier now will also promote fair and efficient justice.

### IV. There is good cause for Doe's amendment to add an affirmative defense and a request for injunctive relief.

Malibu's opposition does not specifically address either Doe's request to amend his answer and counterclaims with (a) an affirmative defense for lack of capacity to sue and (b) a request for injunctive relief. In any case, the same reasons Doe has provided show good cause for these amendments, particularly for Doe's request to add injunctive relief. Not only is this important because of Malibu's suspended status, but also because Malibu already has several outstanding judgments against it, including one entered in February. *See* Exs. B-C. And so allowing Doe to amend to preserve injunctive relief will allow him to preserve the right to seek a prejudgment bond for attorney's fees and other necessary relief, including under Fed. R. Civ. P. 64.

### V. Conclusion.

Doe's motion is appropriate and necessary. Indeed, it seeks only to preserve (a) Doe's right to present evidence of Malibu litigating while suspended at trial and (b) his right to get complete relief after having to defend against Malibu's unjustified infringement claim that Pelissier directed. And at the same time, Doe's proposed amendments will help ensure a complete, efficient, and fair outcome. For these reasons, the Court should grant Doe's motion.

Dated: April 1, 2021                                                      Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC

5

1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 1, 2021 I electronically filed the foregoing documents with the Court using CM/ECF, and served on the same day all counsel of record by the CM/ECF notification system.

      /s/ JT Morris

      JT Morris