UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | CIVIL ACTION NO.  5-19-CV-00834-DAE |

**JOHN DOE'S REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY
INJUNCTION TO FREEZE ASSETS**

**I.   Introduction.**

Malibu offers nothing to challenge Doe's evidence showing that Malibu and its single member Collette Pelissier regularly conceal assets and ignore judgments and other court orders. Instead, Malibu answers Doe's showing by accusing Doe of a "character assassination" of Pelissier, ignoring Doe's evidence—including a recent contempt order against Pelissier for refusing post-judgment discovery.

In the end, Malibu fails to upend Doe's showing that he will suffer irreparable harm if the Court does not freeze Malibu's assets and preserve Doe's right to recover the attorney's fees and costs Malibu has forced him to incur defending himself from Malibu's unfounded copyright infringement claim. And because Doe is likely to succeed on the merits, the urgency of ensuring Doe this chance is vital. Thus, the Court should issue the tailored preliminary injunction freezing Malibu's assets that Doe proposes.

**II.   The Court has equitable powers to enjoin Malibu to protect Doe's claim for attorney's fees and costs.**

Malibu is wrong that a claim for attorney's fees is not one subject to the Court's equitable

powers. [Dkt. 94 at 2]. Simply put, the Fifth Circuit held awarding "counsel fees and other expenses entailed by the litigation not included in the ordinary taxable costs recognized by statute . . . in appropriate situations is part of the historic equity jurisdiction of the federal courts." *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 164 (1939). What is more, a request for attorney's fees is an affirmative claim in equity. And as Doe shows in his[1] motion, federal courts have held this includes claims for fees under the Copyright Act, the Patent Act, and the Lanham Act. [Dkt. 86 at 4-5].

True enough, a prejudgment asset freeze preserving a party's right to recover attorney's fees and costs is not an everyday remedy. But where a fee claimant shows the likely fee judgment debtor has a penchant for concealing assets and flouting judgments, a court can and should exercise its equitable powers to prevent irreparable harm to the likely fee creditor of losing the ability to recover fees. So despite Malibu's protest otherwise, it is not a remedy for litigants "in *every* copyright infringement case." [Dkt. 94 at 2] (emphasis in original). Indeed, most debtors will not have a recent history of evading judgments and hiding assets.

But Doe has shown otherwise as to Malibu and Pelissier. Their penchant for ignoring judgments and other court orders and concealing assets reveals a serious threat to Doe's right to satisfy a likely fee award. Thus, a preliminary injunction is necessary to safeguard Doe's right to recover his fees and costs.

### III. Malibu fails to counter Doe's irreparable injury evidence showing Malibu's and Pelissier's pattern of concealing assets and avoiding judgments.

Doe provided with his motion declarations, a contempt order, deposition testimony, bank statements, and other evidence over Pelisser's and Malibu's pattern of concealing assets and evading judgments. [Dkt. 86-1 and -2.] Yet Malibu offers no evidence in rebuttal. [*See generally*

---

[1] For readability, this brief refers to Doe using the male pronoun, without suggesting anything about Doe's gender or identity.

Dkt. 94.] This failure is all but Malibu conceding irreparable harm.

And rather than use facts, Malibu accuses Doe of "assassinating" Pelissier's character. [Dkt. 94 at 9]. Perhaps if Doe had simply lodged unfounded claims against Pelissier, the Court could take Malibu seriously. But he did not. Instead, Doe provides competent evidence showing Pelissier's penchant for defying court orders and rules, using Malibu as a pass-through entity, and otherwise concealing assets. [*See* Dkt. 86 at 7.]

In fact, even since Doe filed his motion, more evidence of Malibu and Pelissier playing games with judgments has surfaced. [Ex. A, July 16, 2021 Mtn. from *Malibu Media v. Mullins*, No. 18-C-6447 (N.D. Ill.)] What is more, Malibu and Pelissier defying court rules is something already at issue, as Doe shows in his pending objections to the Magistrate Judge's findings on Doe's discovery sanctions motion. [Dkt. 76.]

Finally, Malibu misses the point about irreparable harm. It argues Doe cannot show irreparable harm because a fee award is "in the form of money" and cannot be measured. [Dkt. 94 at 9]. But Doe is not moving for attorney's fees in his preliminary injunction motion. Instead, he is asking the Court to prevent irreparable harm to Doe's right to recover those fees and satisfy a fee award under the Copyright Act with an asset freeze. This is well within the Court's equitable powers, as Doe shows. And because Doe is likely to prevail on the merits, the Court should order the asset freeze.

**IV.   The Court should refuse Malibu's recycled arguments on the merits.**

Most of Malibu's response to Doe's motion is cut-and-paste from its response to Doe's renewed motion for partial summary judgment. *Compare* Dkt. 66 at 3-7 *with* Dkt. 94 at 4-8. In short, Doe's summary judgment briefing and evidence shows why Malibu has no evidence to show a material fact issue over copyright infringement and why the Court should reject Malibu's excuses

for not developing its claim. So Doe will not rehash those here, except to recap the whole of Malibu's infringement evidence:

1. An IP address and alleged pieces of films downloaded over BitTorrent that Doe's expert and recent court decisions agree cannot show copyright infringement.

2. As the source of that IP address and those pieces of films, the declaration of Tobias Fiser, who (a) works for a company Malibu distrusts; (b) Malibu never disclosed as a testifying expert; and (c) bases his statements on hearsay.

3. Doe last used BitTorrent many years before the start of the alleged infringement period.

4. Speculation about "sub-genres" of adult films, profiling infringers, and open networks.

[*See* Dkt. 59 and 68].

But to a more general point, Malibu's indifference highlights a deeper problem—Malibu holding a copyright infringement claim over Doe's head while making no effort to carry its burden or otherwise litigate seriously. Indeed, Malibu could have tried to address what Doe raises in his summary judgment reply. But it did not.

In like manner, Malibu's response to Doe's preliminary injunction motion addresses none of the *Fogerty* factors relating to Doe's attorney's fee claim. [*See generally* Dkt. 94]. Even though Doe explains in his motion why these factors show he is likely to succeed getting a significant fee award. [Dkt. 86 6-7]. The Court should consider Malibu's silence as conceding that Doe is right on the *Fogerty* factors analysis and Doe's likelihood of success on the merits.

V. **The public interest suffers if copyright defendants cannot recover fees and costs incurred defending against baseless copyright claims.**

Malibu also raises the fear factor on the public interest prong, arguing that granting an asset

freeze here would encourage other copyright litigants to seek the same. [Dkt. 94 at 8-9.] The Court should refuse this argument. For starters, most copyright defendants do not face plaintiffs who have the history of concealing assets and avoiding court orders that Malibu and Pelissier do.

And just as legitimate copyright claims may serve the public interest, so too do vigorous defenses against unjustified copyright claims. To that end, no defendant should not have to choose between (a) spending six-figures on fees and costs to defeat a baseless copyright claim and win a fee award only to spend thousands more chasing a devious judgment debtor and (b) throwing up their hands and giving into that debtor's demands. That is why the public interest favors the Court granting Doe's preliminary injunction motion.

## VI. Conclusion.

For these reasons and those in Doe's principal brief, Doe asks the Court to enjoin Malibu, and its officers, agents, attorney, servants, and employees from transferring, encumbering, or expending the following for the pendency of this case:

(a) subscription fees from x-art.com processed through CC Bill, Epoch, or PayPal, including any fees paid with cryptocurrency;

(b) any settlement proceeds from copyright cases Malibu files or has filed;

(c) the rights to any of Malibu's copyrights, including the copyrights-in-suit; and

(d) the rights to any revenue-generating domain, including x-art.com.

The Court should also (e) order Malibu to provide regular accountings to prove its compliance with the injunction and (f) give Malibu the option of posting a bond of no less than $90,000.00 to lift the asset freeze.

Dated: July 22, 2021							Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

Counsel for Defendant John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, I electronically filed these documents with the Court using CM/ECF, and served on the same day all counsel of record by the CM/ECF notification system.

/s/ JT Morris

JT Morris