IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | NO. 5:19-CV-834-DAE |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOE, infringer using IP address | § | |
| 70.121.72.191 | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |
| _____ | § | |

ORDER DENYING PRELIMINARY INJUNCTION

Before the Court is Defendant John Doe's[1] ("Defendant") Motion for a Preliminary Injunction to Freeze Assets. (Dkt. # 86.) The Court held a hearing on this matter on July 26, 2021. (Dkt. # 89.) After careful consideration of the memoranda filed in support of and against the motion and the parties' arguments made during the hearing, the Court **DENIES** Defendant's motion for a preliminary injunction (Dkt. # 86) for the reasons that follow.

---

[1] For readability, the Court will use the pronouns "he," "his," and "him" when referring to Defendant. The use of these pronouns should not be read as labeling Defendant's gender, as Defendant is proceeding anonymously in this lawsuit.

BACKGROUND

This case concerns alleged copyright infringement of Malibu Media LLC's ("Plaintiff") pornographic films through BitTorrent file sharing technology. IPP International UG ("IPP"), Plaintiff's consulting expert, utilizes infringement detection software that can identify an external IP address connected in a BitTorrent network. (See Dkt. # 1.) According to Plaintiff, Defendant downloaded, copied, and distributed Plaintiff's works without authorization. (Id.)

Plaintiff filed this lawsuit in federal court on July 15, 2019, and brings one claim of copyright infringement against Defendant. (Dkt. # 1.) On October 13, 2020, Defendant filed his Answer and First Amended Counterclaims.[2] (Dkt. # 51.) Defendant asserts fourteen affirmative defenses and brings the following counterclaims against Plaintiff: (1) declaratory judgment of noninfringement; (2) abuse of process; and (3) harmful access by computer. (Id.)

---

[2] Defendant filed his original answer and counterclaims on December 19, 2019. (Dkt. # 14.) Before Defendant filed his Answer and First Amended Counterclaims, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses (Dkt. # 16) and a Motion to Dismiss Defendant's Counterclaims (Dkt. # 17). On April 9, 2020, the Court denied without prejudice Plaintiff's motion to strike and denied Plaintiff's motion to dismiss. (Dkt. # 28.)

The parties have been involved in several discovery disputes over the course of this litigation.  On July 17, 2020, Defendant filed a Motion to Compel and for Sanctions.  (Dkt. # 31.)  In the motion, Defendant argued that the Court should impose sanctions for a variety of alleged deficiencies in Plaintiff's discovery responses.[3]  (Id.)  The motion was referred to U.S. Magistrate Judge Richard B. Farrer, who held a hearing and entered an order requiring Plaintiff to provide Defendant with the total number of settlement agreements it had entered into with respect to the copyrights at issue in the litigation.  (Dkt. # 44.)  The Court dismissed as moot Defendant's remaining requests to compel and denied Defendant's request for sanctions.  (Id.)

On January 14, 2021, Defendant filed its second motion for sanctions.  (Dkt. # 67.)  In the motion, Defendant accuses Plaintiff of spoliation of electronic evidence, withholding IPP communications, and making misrepresentations.  (Id.)  The motion was referred to Magistrate Judge Farrer, who held a hearing on February 23, 2021 and issued a written order denying the motion on February 24, 2021.  (Dkt. # 73.)

---

[3] According to an advisory that the parties submitted on August 7, 2020, the parties resolved many of the disputes before the motion hearing.  (Dkt. # 42.)  The remaining issues concerned third party claims of ownership of the copyrights in the lawsuit, settlement agreements related to this lawsuit, and total payments to IPP for its copyright infringement allegation services.  (Id.)

3

On July 21, 2021, the Court granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment as to Defendant's Counterclaims and Affirmative Defenses (Dkt. # 60), denied Defendant's Renewed Motion for Partial Summary Judgment (Dkt. # 59), and denied Defendant's Objections to the Magistrate Judge's Order Denying Defendant's Motion for Sanctions (Dkt. # 76). (See Dkt. # 97.)

The matter before the Court is Defendant's Motion for a Preliminary Injunction to Freeze Assets. (Dkt. # 86.) In the motion, Defendant requests that the Court enjoin Plaintiff and its officers, agents, servants, and employees from transferring, encumbering, or expending the following for the pendency of the case:

(1) subscription fees from x-art.com processed through CC Bill, Epoch, or PayPal, including any fees paid with cryptocurrency;

(2) any settlement proceeds from copyright cases Plaintiff files or has filed;

(3) the rights to any of Plaintiff's copyrights, including the copyrights-in-suit; and

(4) the rights to any revenue-generating domain, including x-art.com.

(Dkt. # 86.) Defendant also maintains that the Court should order Plaintiff to provide accountings to prove its compliance with the injunction and give Plaintiff the option of posting a bond of no less than $90,000.00 to lift the asset freeze. (Id.)

4

According to Defendant, he has incurred over $80,000 in attorney's fees and costs defending himself, and "the evidence shows Malibu and its single member, Colette Pelissier, have a history of obscuring assets and ignoring judgments." (Id.) Plaintiff filed a response to Defendant's motion on July 20, 2021 (Dkt. # 94) and the Court held a hearing on the matter on July 26, 2021. The matter is ripe for the Court's review.

## LEGAL STANDARD

"Rule 65 of the Federal Rules of Civil Procedure governs both preliminary injunctions and temporary restraining orders." Total Safety U.S., Inc. v. Rowland, No. 13-6109, 2014 WL 793453, at *5 (E.D. La. Feb. 26, 2014); see also Fed. R. Civ. P. 65. The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 288 (5th Cir. 2012); Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

"The prerequisites for preliminary injunctive relief are long-established in this circuit." Libertarian Party of Tex. v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984). A preliminary injunction should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm that may result

from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. Lindsay v. City of San Antonio, 821 F.2d 1103, 1107 (5th Cir. 1987); Valley, 118 F.3d at 1051.

"None of the four requirements has a fixed quantitative value." Monumental Task Comm., Inc. v. Foxx, 157 F. Supp. 3d 573, 582 (E.D. La. 2016) (citing Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975)). "Therefore, in applying the four part test, 'a sliding scale is utilized, which takes into account the intensity of each in a given calculus.'" Id. (citing Seatrain, 518 F.2d at 180). "This requires 'a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury that could possibly flow from the denial of preliminary relief.'" Id. (citing Klitzman, Klitzman & Gallagher v. Krut, 744 F.2d 955, 958 (3d Cir. 1984)). "When the other factors weigh strongly in favor of an injunction, 'a showing of some likelihood of success on the merits will justify temporary injunctive relief.'" Id. at 585 (citing Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co., 621 F.2d 683, 685 (5th Cir. 1980)). "However, no matter how severe and irreparable the threatened harm and irrespective of the hardships in which a preliminary injunction or lack of one might cause the parties, 'the injunction should never issue if there is no chance that the movant will eventually prevail on the merits.'" Id. (citing Seatrain, 518 F.2d at 180).

At the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence. Sierra Club, Lone Star Chapter v. F.D.I.C., 992 F.2d 545, 551 (5th Cir. 1993). However, even when a movant establishes each of the four requirements described above, the decision whether to grant or deny a preliminary injunction remains within the court's discretion, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

## DISCUSSION

I. Court's Jurisdiction to Freeze Assets

The first question the Court must answer is whether it has the authority to freeze Plaintiff's assets. Plaintiff argues that the Court has no authority to freeze its assets under Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). In Grupo Mexicano, the Supreme Court held that federal courts do not have equitable authority to preliminarily freeze assets in legal actions. Id. at 324–33. It reasoned that a federal court's equitable power is limited to the jurisdiction exercised "by the High Court of Chancery in England at the time of the adoption of the Constitution and the enactment of the original Judiciary Act, 1789." Id. at 318. "Traditionally, remedies of law had to

7

be exhausted before equitable remedies could be pursued." Animale Grp. Inc. v. Sunny's Perfume Inc., 256 F. App'x 707, 708 (5th Cir. 2007); see Grupo Mexicano, 527 U.S. at 319–20. A general creditor without a judgment "had no cognizable interest, either at law or in equity, in the property of his debtor, and therefore could not interfere with the debtor's use of that property." Grupo Mexicano, 527 U.S. at 320–21.

The Fifth Circuit has held that Grupo Mexicano is limited to actions at law. See Animale, 256 F. App'x at 709. In Animale, the Fifth Circuit affirmed the district court's preliminary injunction in a trademark case where the plaintiff sought an accounting of lost profits under the Lanham Act—a remedy that is "subject to the principles of equity." Id. (quoting 15 U.S.C. § 1117(a)).

It is not clear whether attorney's fees is an equitable remedy under the Copyright Act. However, in this action, Defendant also seeks a declaratory judgment of noninfringement, which is equitable relief. See S.E.C. v. ETS Payphones, Inc., 408 F.3d 727, 734 (11th Cir. 2005) (concluding that Grupo Mexicano did not apply because the SEC sought equitable relief, not just money damages); United States v. Oncology Assoc's, P.C., 198 F.3d 489, 498 (4th Cir. 1999) (holding that in cases involving equitable relief, even where money damages are also claimed, Grupo Mexicano does not apply). Because Defendant seeks an equitable remedy, the court has the authority to freeze Plaintiff's assets.

II.　Elements of Preliminary Injunction

The Court considers whether Defendant can satisfy the elements necessary for preliminary injunctive relief.

A.　Substantial Likelihood of Success

To obtain a preliminary injunction, the movant must first show a substantial likelihood of success on the merits. Lindsay, 821 F.2d at 1107. In order to do so, a "[movant] must present a prima facie case, but need not prove that he is entitled to summary judgment." Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C., 710 F.3d 579, 582 (5th Cir. 2013). Such an inquiry considers only the substantive merits of a claim, but not any potential procedural barriers. Janvey v. Alguire, 647 F.3d 585, 599 (5th Cir. 2011).

The Court denied Defendant's motion for summary judgment. However, it also denied Plaintiff's motion for summary judgment on Defendant's counterclaim for declaratory judgment of noninfringement and some of his defenses. To date, Plaintiff has some, but very little evidence that identifies Defendant as the infringer of its works. There is also conflicting evidence as to whether Defendant's infringement was *de minimis*. In light of these genuine disputes of material fact, the Court finds that this factor is neutral.

B.	Irreparable Harm

As to the second element, a plaintiff must demonstrate a substantial threat of irreparable harm if the injunction is not granted. Lindsay, 821 F.2d at 1107.

The Court finds that Defendant has not shown irreparable harm. Although the Court is concerned about Plaintiff's habit of evading judgments in other jurisdictions, Defendant seeks to freeze assets for merely an award of attorney's fees. And although Defendant complains about the amount of fees he has spent litigating this case, he is not blameless for the mountainous number of documents that have been filed in this case. The Court finds that Defendant has not shown irreparable harm.

C.	Balancing of Equities

The third element is whether the threatened injury to the movant of not granting the injunction outweighs any harm that may result to the nonmovant from granting the injunction. Lindsay, 821 F.2d at 1107. If an injunction is not granted, Defendant may not be able to recover the attorney's fees that he is at least partially responsible for racking up throughout the course of this litigation. If an injunction is granted, Plaintiff will be unable to use any of its assets. This factor weighs in favor of denying the motion for a preliminary injunction.

### D. Public Interest

On the one hand, granting these types of injunctions prevent litigants from avoiding judgments owed to others. Although the Court cannot do anything about the former litigants who have not been able to collect from Pelissier, here, granting an injunction would ensure that Defendant would be able to collect a judgment if he prevails at trial.

On the other hand, freezing the assets of a litigant is an extreme measure because it prevents a litigant from performing basic tasks. Freezing a party's assets merely to preserve the other party's ability to collect attorney's fees therefore would not be in the public interest.

Upon balancing the four factors, the Court concludes that Defendant is not entitled to a preliminary injunction.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion for a Preliminary Injunction to Freeze Assets (Dkt. # 86).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 3, 2021.

_____
David Alan Ezra
Senior United States District Judge