UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,  )<br>)<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>JOHN DOE, INFRINGER USING IP  )<br>ADDRESS 70.121.72.191,  )<br>)<br>    Defendant.  ) | Civil Action Case No.5:19-cv-00834-DAE |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S ORDER ON
<u>CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby submits its Response to Defendant's Motion for Partial Reconsideration of Order on Cross-Motions for Summary Judgment [DKT #103].

The Court issued and Order [Dkt #97] (1) Granting in Part and Denying in part Plaintiff's motion for Partial Summary Judgment [DKT #60] (2) Denying Defendant's Renewed Motion for Partial Summary Judgment [DKT #59] and (3) Overruling Objections to Magistrate Judge's Order [DKT #76].  The Court's Order [DKT #97], grants summary judgment to Plaintiff on Defendant's abuse of process and harmful access by computer counterclaims as well as ten (10) affirmative defenses.  The Order further held that there is a genuine dispute of material fact concerning the identity of the alleged infringer and a genuine dispute of material fact concerning substantial similarity.  *Id* at 38 & 39. The Court therefore denied Defendant's motion for summary judgment on non-infringement.  Defendant's latest motion is for Partial Reconsideration of [DKT #97] of the Court's denial of Defendant's motion for summary judgment on non-infringement and the

Court's grant of Plaintiff's motion for summary judgment on Defendant's abuse of process claim. There is no clear or manifest error of law or fact in the Court's Order. Accordingly, Defendant's motion should be denied in all respects.

## I.     Legal Standard

The Federal Rules of Civil Procedure do not formally provide for a motion for reconsideration. *Shepherd v. Intl Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Under Federal Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all of the claims." Fed. R. Civ. P. 54(b). Rule 54(b), therefore, governs requests for reconsideration of interlocutory orders. *See id*. "Because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.). While the standard for reconsideration under Rule 54(b) "would appear to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rule 59 and 60 inform the Court's analysis." *Id*. For a motion for reconsideration to be granted under Rule 59(e), a movant must show: (1) manifest errors of law or fact; or (2) newly discovered evidence previously not available. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Brown v. Miss. Co-op. Extension Serv.*, 89 F. App'x 437, 437 (5th Cir. 2004) (per curium).

Defendant does not claim there is "newly discovered evidence previously not available" and Defendant cannot show "clear or manifest error of law or fact" has occurred. Therefore, Defendant cannot meet its burden and the motion should be denied in its entirety.

The Fifth Circuit has held that the evidence offered at summary judgment does not have to be in admissible form. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, (5th Cir. 2017) (citations omitted). "On summary judgment, a court may consider any evidence . . . which would be admissible at trial, even though not presently in admissible form." *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002). The objector must show the evidence "cannot be presented in a form that would be admissible at trial." Fed. R. Civ. P. 56.

## II. ARGUMENT

### a. Tobias Fieser's Declaration is Proper Summary Judgment Proof Under Fed. R. Civ. P. 56(e)(1).

A declaration is a witness's recorded and sworn testimony and can be used as summary judgment proof. Fed. R. Civ. P. 56(e)(1). The Fieser declaration is sworn and made under the penalty of perjury. It shows Mr. Fieser is competent to testify and is based on his personal knowledge from his personal observations. Mr. Fieser's declaration states that he is employed by Plaintiff's investigator, IPP International ("IPP") and it states the steps he personally took that forms the basis of his sworn testimony. He states that IPP documented that a device using IP Address 70.121.72.191, Defendant's IP Address, distributed to IPP's servers multiple pieces of Malibu Media's copyrighted works. These records, which are business records of Plaintiff, were referenced in Exhibits A and B to Plaintiff's Complaint. In addition, Mr. Fieser declared that a full copy of the digital file identified by the Hash associated with one of the infringed movies was downloaded by IPP's software, and Mr. Fieser confirmed the file was a digital movie file. Mr. Fieser thereafter viewed the digital movie file and determined it was substantially similar to the

corresponding Malibu Media copyrighted movie. Mr. Fieser's declaration is sworn testimony, based on his personal knowledge and personal observations, is based on admissible business records, and is proper summary judgment proof. *See* Fed. R. Civ. P. 56(e)(1).

### b. Tobias Fieser is a Lay Witness, and His Sworn Testimony Based on Personal Knowledge and Observation is Admissible.

Tobias Fieser is an employee of IPP, the infringement detection company hired by Plaintiff to identify the IP addresses of individuals infringing Plaintiff's works via BitTorrent. Mr. Fieser's declaration states the information he observed and reported those observations (the results of the investigation of IPP). Accordingly, his testimony is limited to first person observations and facts derived solely from his employment with IPP. Mr. Fieser personally extracted the data emanating from the investigation, isolated the transactions and the IP address being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works, and verified that each digital media file was identical. These acts and the personal observations are not subject to specialized explanation or interpretation. It is merely reporting the facts he personally observed. The testimony is limited to his own personal observations and perceptions. There is no wealth of expertise or experience on facts or events outside the personal observations he made. There is no opinion, expert or otherwise – it is simply personally viewing the file and reporting the personal observation (*i.e.*, result).

Mr. Fieser engaged in no specialized reasoning. He only reports the facts of the infringement and the result of the investigation conducted. The fact that he uses a computer and a software program in the course of performing his job does not make his personal observations of the results "expert" testimony. To make such a conclusion, would mean anyone holding a job in the technology sector would have to be qualified as an expert before testifying about their job and

the result of their work. Mr. Fieser's declaration is based on his personal observations and is not expert testimony.

        c.      **Mr. Fieser is not Required to Provide an Expert Report.**

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), only witnesses that are "retained or specially employed to provide expert testimony" are required to provide an expert witness report. Assuming *arguendo* Mr. Fieser's testimony is expert testimony, which it is not, a report would still not have been required because he was not specifically retained to provide testimony in this case. His testimony is merely incidental to his employment with IPP. Even so, the declaration contains what is tantamount to a report except it is based on his personal observations of this case. As a lay witness, Mr. Fieser may provide a declaration, as done here, based on his personal knowledge and observations of the result of his work for IPP.

        d.      **The Purported Late Designation of Mr. Fieser is Harmless and the Testimony Should be Entirely Admitted**

Again assuming *arguendo*, if Mr. Fieser's testimony is deemed to be "expert," then the late designation here is harmless. If a party does not abide by Rule 26 and it is "justified or harmless," exclusion of the testimony is not automatic. Fed. R. Civ. P. 37; *see also JMC Constr. LP v. Modular Space Corp.*, No. 3:07-CV-1925-B, 2008 U.S. Dist. LEXIS 121618, (N.D. Tex. Oct. 28, 2008) (*quoting David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Caterpillar, Inc.*, 324 F.3d at 857. When evaluating whether a violation of Rule 26 is harmless, the Court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Here, all four factors weigh in Plaintiff's favor.

Plaintiff respectfully submits that (as shown above), Plaintiff explanation for not identifying the witness is that it has a good faith belief that Mr. Fieser's testimony is lay testimony. The Fieser declaration is sworn and made under the penalty of perjury. It shows Mr. Fieser is competent to testify and is based on his personal knowledge from his personal observations. Plaintiff respectfully submits, Defendant could have moved to strike Mr. Fieser's testimony a long time ago and did not. It is specifically noted that the dispositive motions deadline expired in 2020. DKT #25. In addition, this declaration testimony *was in fact disclosed* over two years ago. *See* DKT #5-1 (July 23, 2019). Defendant has long known of Mr. Fieser's identity and his testimony which was provided in the Declaration in support DKT #5. There is simply no question that Defendant knew about Mr. Fieser as a witness (expert or lay) and his testimony for over two years. Mr. Fieser's testimony in his declaration in support here did not change. Mr. Fieser has testified in the Bellwether Trial in Pennsylvania which was also noted in his declaration by case number. In other words, there is public record of Mr. Fieser's testimony and it is substantially identical to his testimony here. Therefore, Defendant cannot claim surprise or prejudice.

Defendant cannot claim prejudice in allowing the testimony. Defendant has known of the identity of Mr. Fieser for over two years. Defendant has had Mr. Fieser's declaration for that same amount of time. There are no surprises here. Nothing changed in Mr. Fieser's testimony from then to now. None of the testimony alters either party's theory of the case. At any time, Defendant could have deposed Mr. Fieser which would have cured any purported prejudice. It was Defendant's election to not depose Mr. Fieser or any other witness Defendant was entitled to depose during discovery. It is also noted that during the COVID-19 pandemic, it is customary to conduct depositions by zoom (which we did for Plaintiff and Defendant in this case), and any claim of prejudice from the location of the witness is without merit. Regardless, Defendant cannot now

claim the failure to depose Mr. Fieser on a purported failure to designate as an expert, when Defendant had Mr. Fieser's identity and his declaration for over two years and the entirety of the discovery period.

Defendant's own motion and arguments in support makes clear the importance of Mr. Fieser's testimony. Plaintiff agrees and respectfully submits that Mr. Fieser's testimony is of the highest importance and this factor weighs heavily in favor of Plaintiff.

The availability of a continuance to cure any prejudice is not necessary because Defendant cannot show any prejudice.  In addition, there is no trial date is set in this case.  Therefore, trial would not be disturbed.  In addition, the Court has already ruled on the cross motions for summary judgment and, therefore, there is no disturbance to those rulings either.  If Defendant cites any credible prejudice, as shown above, a continuance would clearly cure it.   Again, Defendant is not and cannot claim surprise or prejudice as Defendant has had Mr. Fieser's identity and declaration for over two years.  At bottom, the availability of a continuance to cure such prejudice weighs in favor of Plaintiff.

  **e.** **There is No "Clear or Manifest Error of Law or Fact" in the Court's Order Granting Plaintiff's Motion for Summary Judgment on Defendant's Abuse of Process Claim**

Defendant provides and/or references no new evidence to create a fact issue on its abuse of process claim. The Court's summary judgment order specifically states that Defendant failed to produce sufficient evidence to create a fact issue on its claim. Moreover, Defendant cannot show a clear error of law or fact in the Court's Order granting summary judgment on Defendant's abuse of process claim.  Without a clear or manifest error of law or fact, Defendant's motion for reconsideration of the grant of summary judgment fails.

The Court found that Plaintiff was entitled to summary judgment on Defendant's abuse of process counterclaim. The Court reviewed and considered the evidence presented on summary judgment, and concluded that there was not sufficient evidence to create a fact issue. The Court applied the correct rule of law both on the evidence required to sustain an abuse of process claim and applying the correct standard for summary judgment. DKT #97. Having considered all the evidence and applied the correct rule of law, the Court stated that Defendant "failed to produce sufficient evidence of an illegal, improper, or perverted use of the process" and Plaintiff was therefore entitled to summary judgment. DKT #97 Pg. 12. Defendant motion for reconsideration attaches no new evidence and does not even cite or refer to any new evidence. The reason Defendant fails to do so is because there was no evidence then and there is none now. The Court agreed and correctly ruled that Defendant failed to produce sufficient evidence to raise a fact issue on the abuse of process counterclaim. In addition, the Court held that "Defendant cannot hold Plaintiff liable for abuse of process for merely litigating the case." *Id*. As such, there is no clear or manifest error of law or fact in the Court's Order granting Plaintiff's motion for summary judgment on Defendant's counterclaim. Accordingly, Defendant's motion for reconsideration should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant has not and cannot establish a clear or manifest error of law or fact in the Court's Order [DKT #97]. Accordingly, Defendant's motion for partial reconsideration under Rule 54(b) should be denied. Plaintiff respectfully requests that the Court deny Defendant's motion for partial reconsideration of the Court's Order on the cross-motions for summary judgment.

Dated: August 6, 2021                                    Respectfully submitted,

                                                         By: /s/ Paul S. Beik
                                                         PAUL S. BEIK
                                                         Texas Bar No. 24054444
                                                         BEIK LAW FIRM, PLLC
                                                         8100 Washington Ave., Suite 1000
                                                         Houston, TX 77007
                                                         T: 713-869-6975
                                                         F: 713-868-2262
                                                         E-mail: paul@beiklaw.com
                                                         **ATTORNEY FOR PLAINTIF**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                         By: /s/ Paul S. Beik
                                                         PAUL S. BEIK