UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | No. 5:19–CV–834–DAE |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOE, infringer using IP address 70.121.72.191, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION

The matter before the Court is John Doe's[1] ("Doe" or "Defendant") Motion for Partial Reconsideration of the Court's Order on the Parties' Cross Motions for Summary Judgment. (Dkt. # 103.) The Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and against the motion, the Court **DENIES** Defendant's Motion for Partial Reconsideration. (Id.)

---

[1] For readability, the Court will use the pronouns "he," "his," and "him" when referring to Defendant. The use of these pronouns should not be read as labeling Defendant's gender, as Defendant is proceeding anonymously in this lawsuit.

## BACKGROUND

This case concerns alleged copyright infringement of Malibu Media, LLC's ("Malibu Media" or "Plaintiff") pornographic films through BitTorrent[2] file sharing technology.  IPP International UG ("IPP"), Plaintiff's consulting expert, utilizes infringement detection software that can identify an external IP address connected in a BitTorrent network.  (See Dkt. # 1.)  According to Plaintiff, Defendant downloaded, copied, and distributed Plaintiff's works without authorization.  (Id.)

Plaintiff filed this lawsuit in federal court on July 15, 2019, alleging one claim of copyright infringement against Defendant.  (Dkt. # 1.)  On October 13, 2020, Defendant filed his Answer and First Amended Counterclaims.[3]  (Dkt. # 51.)  Defendant asserts fourteen affirmative defenses and brings the following counterclaims against Plaintiff: (1) declaratory judgment of noninfringement; (2) abuse of process; and (3) harmful access by computer.  (Id.)

---

[2] According to the Complaint, the BitTorrent file distribution network "is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files."  (Dkt. # 1.)

[3] Defendant filed his original answer and counterclaims on December 19, 2019. (Dkt. # 14.)  Before Defendant filed his Answer and First Amended Counterclaims, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses (Dkt. # 16) and a Motion to Dismiss Defendant's Counterclaims (Dkt. # 17).  On April 9, 2020, the Court denied without prejudice Plaintiff's motion to strike and denied Plaintiff's motion to dismiss.  (Dkt. # 28.)

The parties have been involved in several discovery disputes over the course of this litigation. On July 17, 2020, Defendant filed a Motion to Compel and for Sanctions. (Dkt. # 31.) In the motion, Defendant argued that the Court should impose sanctions for a variety of alleged deficiencies in Plaintiff's discovery responses.[4] (Id.) The motion was referred to U.S. Magistrate Judge Richard B. Farrer, who held a hearing and entered an order requiring Plaintiff to provide Defendant with the total number of settlement agreements it had entered into with respect to the copyrights at issue in the litigation. (Dkt. # 44.) The Court dismissed as moot Defendant's remaining requests to compel and denied Defendant's request for sanctions. (Id.)

On January 14, 2021, Defendant filed its second motion for sanctions. (Dkt. # 67.) In the motion, Defendant accuses Plaintiff of spoliation of electronic evidence, withholding IPP communications, and making misrepresentations. (Id.) The motion was referred to Magistrate Judge Farrer, who held a hearing on February 23, 2021, and issued a written order denying the motion on February 24, 2021. (Dkt. # 73.)

---

[4] According to an advisory that the parties submitted on August 7, 2020, the parties resolved many of the disputes before the motion hearing. (Dkt. # 42.) The remaining issues concerned third party claims of ownership of the copyrights in the lawsuit, settlement agreements related to this lawsuit, and total payments to IPP for its copyright infringement allegation services. (Id.)

3

Plaintiff and Defendant filed cross motions for summary judgment in December 2020. (See Dkts. ## 59, 60.) On July 21, 2021, the Court filed an order granting in part and denying in part Plaintiff's motion for partial summary judgment, denying Defendant's renewed motion for partial summary judgment, and overruling objections to Magistrate Judge Farrer's Order denying Defendant's motion for sanctions. (Dkt. # 97.)

The matter before the Court is Defendant's Motion for Partial Reconsideration of the Court's Order on the Parties' Cross Motions for Summary Judgment, filed on July 30, 2021. (Dkt. # 103.) In the motion, Defendant argues that the Court should reconsider its decision to deny Defendant's motion for summary judgment and to grant summary judgment to Plaintiff on Defendant's abuse of process counterclaim. (Id.) Plaintiff filed a response to the motion on August 6, 2021. (Dkt. # 107.) Defendant did not file a reply. The motion is thus ripe for the Court's review.

LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). However, the Fifth Circuit has held that "Rule 59(e) governs motions to alter or amend a final judgment, [whereas] Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the

district court to revise at any time any order or other decision . . . that does not end the action." Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (internal quotations omitted).  Here, the Court is not asked to reconsider a judgment—only to reconsider its Order on the parties' cross motions for summary judgment, which did not end the action.  Therefore, Rule 54(b) governs.

Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Id. (internal quotations omitted).

DISCUSSION

I. Copyright Infringement Claim

Defendant requests that the Court reconsider its denial of Defendant's motion for summary judgment on Plaintiff's copyright infringement claim.  (Dkt. # 103.)  Defendant maintains that the Court erred by considering a declaration by Tobias Fieser because Plaintiff did not designate him as an expert witness.  (Id.)  Defendant argues that Fieser's declaration is therefore inadmissible and the Court should not have considered it when analyzing the "substantial similarity" prong of Plaintiff's copyright infringement claim.  (Id.)  According to Defendant, without Fieser's declaration, there is no evidence of substantial similarity and the Court should therefore grant Defendant's motion for summary judgment.  (Id.)

In response, Plaintiff maintains that Tobias Fieser is a lay witness, and his sworn testimony based on personal knowledge and observation is admissible. (Dkt. # 107.) Plaintiff further argues that Fieser was not required to provide an expert report and the purported late designation of Tobias Fieser is harmless. (Id.)

The Fifth Circuit has explained that the "distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." United States v. Breland, 366 F. App'x 548, 552 (5th Cir. 2010) (quoting United States v. Yanez Sosa, 513 F.3d 194, 200 (5th Cir. 2008)). Federal Rule of Evidence 701 "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." Id. (quoting Fed. R. Evid. 701 advisory committee note). Under Rule 701,

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a)   rationally based on the witness's perception;
>
> (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c)   not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

6

Fed. R. Evid. 701. "It is true that lay witnesses may sometimes give opinions that require specialized knowledge, but the witness must draw straightforward conclusions from observations informed by his own experience." United States v. El-Mezain, 664 F.3d 467, 512–14 (5th Cir. 2011) (internal quotations omitted) ("Testimony need not be excluded as improper lay opinion, even if some specialized knowledge on the part of the agents was required, if it was based on first-hand observations in a specific investigation."). "[P]ersonal knowledge is a mandatory underpinning of lay witness testimony." Breland, 366 F. App'x at 552; see also Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc., 414 F.3d 546, 552–53 (5th Cir. 2005) (holding in part that the witness was permitted to testify on matters relating to his own business experience, but the district court properly excluded his testimony on matters including "the re-sale value of used, custom-made bleachers, about which he had no first-hand knowledge or experience").

In the Court's Order, the Court relied on a declaration by Tobias Fieser, who was tasked "with effectuating, analyzing, reviewing, and attesting to the results of this investigation." (Dkt. # 66-1 at 93; see Dkt. # 97 at 39.) The Court relied on the following statements from Fieser's declaration, which support the substantial similarity prong:

7

>IPP's forensic servers connected to an electronic device using IP Address 70.121.72.191.  Consequent to this connection, the IP Address used by Defendant of 70.121.72.191 was documented distributing to IPP's servers multiple pieces of Malibu Media's copyrighted movie.
>
>A full copy of the digital file . . . was downloaded by IPP's software, and I confirmed this file is a digital movie file.

(Dkt. # 66-1 at 94; Dkt. # 97 at 39.)

These statements are based on Fieser's personal knowledge of the investigation, and does not rely on any scientific, technical, or other specialized knowledge within the scope of Rule 702.  These particular statements from Fieser's declaration are admissible under Rule 701.  Therefore, the Court overrules Defendant's objection to Fieser's declaration with respect to these statements only and reaffirms its decision to deny Defendant's motion for summary judgment.

II.  Defendant's Abuse of Process Counterclaim

Defendant argues that the Court should reconsider granting summary judgment to Plaintiff on Defendant's abuse of process counterclaim.  (Dkt. # 103.)  Defendant contends that the Court's Order on the parties' cross motions for summary judgment is at odds with its Order on Plaintiff's 12(b)(6) motion to dismiss with respect to the abuse of process counterclaim.  (Id.)  Defendant further maintains that "the evidence shows overt acts other than those incidental to the lawsuit."  (Id.)

The Court disagrees. To the extent that there is any inconsistency between the Order on the motion to dismiss and the Order on the motions for summary judgment, Rule 12(b)(6) and Rule 56 apply two different standards. It is not uncommon for a Court to deny a motion to dismiss on a claim and then, after discovery, grant a motion for summary judgment on the same claim.

As stated in the Court's prior Order, under Texas law, "there is no liability where the [party] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Blackstock v. Tatum, 396 S.W.2d 463, 468 (Tex. App. –Houston [1st Dist.] 1965, no writ); see Rodriguez v. Carroll, 510 F. Supp. 547, 553 (S.D. Tex. 1981) (dismissing abuse of process claim where the plaintiff alleged that the purpose of the suit was to pressure the plaintiff with the stigma of a professional malpractice suit, to burden him with the time and cost of litigation, and to "harass, vexate, and extort" him); Detenbeck v. Koester, 886 S.W.2d 477, 481 (Tex. App.—Houston [1st Dist.] 1994). In other words, even if Plaintiff filed this lawsuit in the hopes that it would settle quickly, Defendant cannot hold Plaintiff liable for abuse of process for merely litigating the case. See Rose v. First Am. Title Ins. Co. of Tex., 907 S.W.2d 639, 644 (Tex. App.—Corpus Christi-Edinburg 1995) (finding that the appellee could not be held liable for abuse of process under allegations that the appellee filed the complaint "with malice and in an attempt to coerce a settlement"); see also Malibu Media, LLC v. Khan, Case No. 18

C 3028, 2019 WL 1382082, at *3 (N.D. Ill. Mar. 27, 2019) ("The mere institution of a proceeding, even a proceeding that has no foundation in law or fact, and brought merely to harass, does not constitute abuse of process." (internal quotations omitted)). Although Defendant takes issue with some of Plaintiff's tactics, he cannot hold Plaintiff liable for abuse of process.

Therefore, the Court reaffirms its original decision to grant summary judgment to Plaintiff on Defendant's abuse of process counterclaim.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion for Partial Reconsideration. (Dkt. # 103.)

**IT IS SO ORDERED.**

**DATED:** August 31, 2021.

David Alan Ezra
Senior United States District Judge