IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | § | NO. 5:19-CV-00834-DAE |
| Plaintiff, | § | |
| vs. | § | |
| JOHN DOE, | § | |
| Defendant. | § | |

NOTICE TO PARTIES

Before the Court is the status of this case. Plaintiff Malibu Media, LLC ("Malibu Media") filed an advisory with the Court on December 16, 2022, stating that it has been unable to cure the defect with its corporate status. (Dkt. # 125.) Malibu Media contends that it is continuing its efforts to do so, but that regardless, it remains legally able to proceed with the pending lawsuit because such a defect is a "mere technicality." (Id.)

Under Federal Rule of Civil Procedure 17(b)(2), a corporation's capacity to sue arises by the law under which it was organized. FED. R. CIV. P. 17(b)(2). Malibu Media was organized under California law; thus, California law applies. (Dkt. # 1 at 2:8.) The California Revenue and Tax Code states that the "corporate powers, rights, and privileges . . . may be suspended" if a corporation

fails to pay its franchise taxes.  CAL. REV. & TAX. CODE § 23301.  While suspended, a corporation may neither prosecute nor defend an action.  Reed v. Norman, 48 Cal. 2d 338, 343 (Cal. 1957); Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306 (Cal. Ct. App. 1999); see also Williams v. JP World Enter. Inc., No. 1-21-cv-00686-DAD-BAK, 2022 WL 956073, at *1 (E.D. Cal. Mar. 30, 2022).

"However, corporate powers in these instances are only temporarily suspended, not dissolved."  Helix Envtl. Planning, Inc. v. Helix Envtl. and Strategic Sols., No. 18-cv-2000-AJB-NLS, 2019 WL 4187471, at *2 (S.D. Cal. July 3, 2019).  As such, "[u]pon revival of its corporate powers, . . . the party may proceed with the prosecution."  Id. (citing Diverco Constructors, Inc. v. Wilstein, 4 Cal. App. 3d 6, 12 (Cal. Ct. App. 1970).

Thus, corporate status may be a "mere technicality," but courts in California and the Fifth Circuit only deem it so *after* the corporation has cured the defect in its corporate status.  See, e.g., Amesco Exports, Inc. v. Assoc. Aircraft Mfg. & Sales, Inc., 87 F.Supp.2d 1013, 1015 (C.D. Cal. 1997) (dismissing case for lack of corporate status, then granting motion for reconsideration after reviving status); Mather Const. Co. v. United States, 475 F.2d 1152, 1155 (Ct. Cl. 1973) (dismissing suit at trial because corporation lost capacity to sue three weeks after filing the complaint and never revived its capacity); Williams, 2022 WL 956073, at

*1 (denying motion to stay because corporation lost capacity under Rule 17(b)(2) and failed to revive capacity, but without prejudice to defendant seeking reconsideration at some future time when capacity is restored); <u>Baisden v. I'm Ready Prods., Inc.</u>, 693 F.3d 491, 507 (5th Cir. 2012) (permitting case to proceed only because the corporation was reinstated and thus retroactively revived for the period in lapse).

Therefore, if Malibu Media's corporate status is not reinstated by **Friday**, **January 20, 2023**, the case will be dismissed without prejudice to Malibu Media seeking reconsideration at some future time when its capacity to defend itself in federal court has been restored.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, December 20, 2022.

David Alan Ezra
Senior United States District Judge